UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson
        Plaintiff,
vs.                                                             Case No.: 9:14-cv-80009-KLR

Albertelli Law Partners LLC,
A Florida LLC
        Defendant.
_____/

## MOTION TO DISMISS

James E. Albertelli, P.A., improperly named as Albertelli Law Partners, LLC ("Albertelli"), by and through undersigned counsel, moves to dismiss the Verified Complaint ("Complaint")(DE 1) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and in support thereof states as follows:

1. The Court should dismiss the Complaint because it fails to plead any claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss claims where no relief can be granted based on the facts alleged in the pleading.

2. For purposes of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), "the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Erickson v. Pardus*, 552 US 89, 93-94 (2007). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Kissinger v. Wells Fargo Bank, N.A.* 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

3. The Complaint must provide more than mere labels and conclusions and must go beyond a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  The Complaint must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555.  In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss" *Id.* at 1950.  *See also Kissinger v. Wells Fargo Bank, N.A*. 888 F.Supp.2d. 1309 (S.D. Fla. 2012).

4.     Plaintiff in this case has failed to plead the facts to support any Fair Debt Collections Practices Act ("FDCPA") or Florida Consumer Credit Protection Act ("FCCPA") claims.

5.     The Complaint is riddled with vague assertions and conclusions of law.  The Complaint routinely parrots the statute without providing any notice to Albertelli of which communications allegedly violated which statutes.  Therefore, it is impossible for Albertelli to properly investigate these vague assertions and prepare a responsive pleading.

6.     FDCPA serves to protect consumers from aggressive, abusive, and deceptive debt collection practices.  15 U.S.C. §1692 *et seq*.  FDCPA doesn't prohibit debt collection, nor does it apply to every communication between a borrower and an alleged debt collector.  Letters that are informative in nature are not subject to FDCPA.  *See Parker v. Midland Credit Management,*

*Inc*, 874 F. Supp. 2d 1353, 1356-1357 (M.D. Fla. 2012) (explaining that FDCPA may be inapplicable to an informative letter without a demand for payment).

7. Plaintiff predicates his entire argument on the fact that Albertelli allegedly attempted to collect a debt, when in fact, Albertelli merely responded to Plaintiff's inquiries. But for Plaintiff's correspondence, Albertelli would likely not have sent the correspondence attached to the Complaint. This is readily visible on the face of the correspondence attached to the Complaint.

8. The letter dated August 13, 2013, provides that Albertelli has received correspondence from Plaintiff suggesting that the letter is a response. Likewise, the letters dated December 24, 2013, provide that they "responds to [Plaintiff's] request [.]"

9. The intent of Albertelli's August 13th letter was not an attempt to collect a debt. Rather, it was meant to respond to Plaintiff's inquiry. It contains no language that could be construed as an effort to collect a debt. The letter is a good faith effort to inform Plaintiff of the forms needed to provide a proper response to his inquiry. Similarly, in this context, Albertelli's December letters were sent in good faith and in response to Plaintiff's dispute; they serve to inform the Plaintiff of the status of the debt.

10. The letters cannot be construed as an effort to collect a debt and are not subject to FDCPA. Even if this Court were to find that the letters were subject to FDCPA, the letters comply with the statute. As such, Plaintiff fails to state a claim upon which relief may be granted.

11. The Florida Consumer Credit Protection Act ("FCCPA") is the parallel statute to FDCPA. FCCPA is narrower in scope than FDCPA. *In re Cooper*, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000).

12. Under the circumstances, a finding of an FDCPA violation is a pre-requisite for a finding of an FCCPA violation, because the two-count complaint consistently intertwines facts that arguably serve as the basis for the allegations.

13. This failure to plead with specificity not only renders it impossible for Albertelli to formulate a responsive pleading, but further necessitates dismissal of Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

14. The face of Plaintiff's Complaint fails to allege sufficient amount in controversy, diversity of citizenship, or federal question necessary to invoke the jurisdiction of this Court.  Specifically Paragraph 9 of this Complaint admits that the amount in controversy does not exceed $5,000, and the Complaint makes no allegation whatsoever of any activity occurring outside of the state of Florida.  Even when construing the allegations of the Complaint most favorably to the Plaintiff, the Complaint does not clearly assert a dispute in federal law.

15. Finally, Dismissal is appropriate under the circumstances, because Albertelli Law Partners, LLC is not a proper party to this suit.  Albertelli Law Partners, LLC, does not operate as a law firm as stated in the Complaint.

WHEREFORE, Albertelli respectfully requests that this Honorable Court Dismiss the Complaint and order any further relief it deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Albertelli's Motion to Dismiss was furnished via email/ eServe and/or U.S Mail this 26 day of February, 2014 to the following.

   /s/Rubina K. Shaldjian
Rubina K. Shaldjian, ESQUIRE
Florida Bar Number: 64466
rshaldjian@albertellilaw.com
ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623
Tel: (813) 221-4743x 1508
Fax: (813) 221-9171
eService: servealaw@albertellilaw.com

## Service List

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com