# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## WEST PALM BEACH DIVISION

### CASE NO.: 9:14-cv-80009-KLR

John Pinson,

     Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

a Florida LLC; and,

**JAMES E ALBERTELLI PA,**

a Florida Professional Association,

     Defendants/

**TRIAL BY JURY DEMANDED**

### PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

     Plaintiff, John Pinson, hereby sues Defendants: Albertelli Law Partners LLC; and, James E Albertelli PA, for his Complaint and does allege:

### PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI); and for declaratory and injunctive relief.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.



3.  Plaintiff contends that the Defendants violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt and knowingly making false assertions of ownership in relation to the debt.

## JURISDICTION

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C § 1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.  Jurisdiction arises from a Federal question.

6.  All conditions precedent to the bringing of this action have been performed.

## VENUE

7.  Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

8.  Venue is proper because Plaintiff lives in Palm Beach County, Florida and Defendant's acts in that county gave rise to the cause of action asserted herein.

9.  Venue is proper in the Southern District of Florida.

10. This is an action for damages under  $15,000.00

## PARTIES

11. The Plaintiff in this lawsuit is John Pinson ("Pinson"), a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

12. Defendant Albertelli Law Partners LLC ("ALP"), upon information and belief is a Florida LLC authorized to do business in Palm Beach County in the State of Florida, and who's Registered Agent is: James E Albertelli PA, 208 N Laura Street, Suite 900, Jacksonville, Florida 3220, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6);

13. Defendant James E. Albertelli PA ("JEA"), upon information and belief is a Florida Professional Association authorized to do business in Palm Beach County in the State of Florida, and who's Registered Agent is: Smith Husley & Bulsey PA, 225 Water Street, Suite 1800, Jacksonville, FL 32202, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6);

14. Collectively "DEFENDANTS".

15. Defendant Albertelli Law Partners LLC is a law firm in the business of collecting debts.

16. Defendant James E. Albertelli PA is a law firm in the business of collecting debts.

17. DEFENDANTS regularly uses the instrumentality of mail and telephone in a business the principal purpose of which is the collection of debts, and regularly attempts to collect debts alleged to be due another.

18. DEFENDANTS regularly collects or attempts to collect debts from consumers.

19. At all times material to the allegations of this Complaint, DEFENDANTS were acting as debt collectors with respect to collection of Plaintiffs alleged debt.

20. Any alleged debt herein is defined as a consumer debt under 15 U.S.C. § 1962a(5).

## FACTUAL ALLEGATIONS

21. Any alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the DEFENDANTS in an attempts to collect an alleged debt,

violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. and the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

22. The DEFENDANTS are 3rd Party Debt Collectors located in the United States of America and as such are governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq.

23. The State of Florida abides by and adheres to Federal law. Specifically the FDCPA 1 5 U.S.C. § 1692, et sec. and also the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. 559 et sec., and as such the Defendants are governed under these laws.

24. The communications in question here are all related to the collection of a consumer debt.

25. The communications from  DEFENDANTS failed to use the true names of DEFENDANTS and by utilizing any other name was contrary to the form of 15 U.S.C. § 1692e(14).

26. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the DEFENDANTS.

27. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors". *A copy of that letter is furnished as "Appendix A"*

28. On July 22, 2013, Pinson sent DEFENDANTS a dispute and debt validation letter via US Mail Certified # 7012 1010 0001 1870 9565 Return Receipt Requested. *A copy of that letter and proof of delivery is furnished as "Appendix B"*

29. On August 13, 2013, DEFENDANTS sent a letter, on law firm letterhead, acknowledging receipt of Pinson's July 22, 2013 letter of "Request for Validation pursuant to the Fair Debt Collection Practices Act". A copy of that letter is furnished as "Appendix C"

30. The August 13, 2013, letter from DEFENDANTS failed to disclose to consumer per FDCPA 15 U.S.C. §1692e(10) "that the communication is from a debt collector" and that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose".

31. Pinson did not receive from DEFENDANTS the required FDCPA 15 U.S.C. §1692g(a) validation rights notice within five day of Defendant's first contact with Consumer, or at any time thereafter.

32. On August 19, 2013, Pinson sent DEFENDANTS a second dispute and debt validation demand letter via US Mail Certified # 7012 1010 0001 1870 9572 Return Receipt Requested. *A copy of that letter and proof of delivery is furnished as "Appendix D"*

33. On December 24, 2013, DEFENDANTS sent two letter, on law firm letterhead, asserting CHASE owned the debt and had authorized DEFENDANTS to collect on their behalf. *A copy of the two letters is furnished as "Appendix E"*

34. This assertion was false, in that CHASE did not own the debt and therefore could not authorize DEFENDANTS to collect.

35. The assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew the assertion was false, contrary to the form of Fla. Stat. § 559.72(9);

36. By continuing to communicate and failing to validate, after consumer's written dispute and demand for validation, DEFENDANTS willfully engage in such conduct which can reasonably be expected to abuse or harass, contrary to the form of Fla. Stat. § 559.72(7);

37. Further, the letter was sent on Christmas eve, and received the day after Christmas; such conduct the natural consequence of which is to harass, oppress, or abuse any person, and contrary to 15 U.S.C. §1692d.

38. The December 24, 2013 DEFENDANTS communication's representation was false and misleading regarding the character, amount, and/or legal status of the alleged debt, and contrary to 15 U.S.C. §1692e(2), in that the alleged debt was not validated;

39. Threatening nonpayment the of alleged debt will result in the seizure or sale of property, and contrary to 15 U.S.C. §1692e(4), in that no action had been taken or could be legally taken;

40. Threatening to take any action that cannot legally be taken, and contrary to 15 U.S.C. §1692e(5), in that CHASE did not own the debt and therefore could not authorize DEFENDANTS to collect or take any action;

41. Failing to state clearly DEFENDANTS was a debt collector, and contrary to 15 U.S.C. §1692e(11), in that DEFENDANTS stated in a blatantly misleading manner "WE MAY BE CONSIDERED A DEBT COLLECTOR" creating confusion and misleading consumer with vague and obfuscating reference as to when they are or are not a debt collector;

42. Using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and contrary to 15 U.S.C. §1692e(10), in a written communication sent by DEFENDANTS, after repeated demands for validation by consumer, that attempted to collect a non-existent and un-validated alleged debt from consumer by use of deceptive means, and containing false representations in written communications sent by US mail.

43. After consumers written demands for validation, DEFENDANTS used unfair or unconscionable means to collect or attempt to collect an alleged debt, and contrary to 15

U.S.C. §1692f(1), by attempting to collect an unauthorized amount on a non-existent and un-validated alleged debt from consumer by use of deceptive means, and containing false representations in written communications sent by US mail.

44. The Defendant failed to cease collection efforts after receipt of Pinson's two written demands for validation, and contrary to 15 U.S.C. §1692g(B), DEFENDANTS continued attempts to collect on a disputed and non-existent alleged debt from consumer without any validation or verification of the alleged debt.

45. The Defendant continues to attempt to enforce and collect a non-existent debt.

46. Plaintiff has not received Validation from DEFENDANTS.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: ALBERTELLI LAW PARTNERS LLC; AND, JAMES E ALBERTELLI PA.

47. Plaintiff alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein.

48. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

49. Defendants are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

50. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

51. Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

52. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt;

53. Defendants violated 15 U.S.C. §1692e(4) by threatening nonpayment the of alleged debt will result in the seizure or sale of property;

54. Defendants violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken;

55. Defendants violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

56. Defendants violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector;

57. Defendants violated 15 U.S.C. §1692e(14) by utilizing any name other than the true name of the debt collector's business.

58. Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

59. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

and a copy of such verification or judgment will be mailed to the consumer by the debt

collector; and a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and address of the original

creditor, if different from the current creditor.

60. Defendants violated 15 U.S.C. §1692g(B) by failing to cease collection efforts after receiving

consumers dispute and demand for validation, and failing to validate or verify the alleged

debt and while continuing collection efforts.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment

against defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA

for:

> (a) Declaratory judgment that defendant's conduct violated the FDCPA;
>
> (b) statutory damages of $1000.00 per defendant payable by Defendants pursuant to 15
>
> U.S.C. §1692k;
>
> (c) fees and costs pursuant to 15 U.S.C. §1692k;
>
> (d) for such other and further relief as may be just and proper;
>
> (e) attorney's fees, if any, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
## (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS:
## ALBERTELLI LAW PARTNERS LLC; AND, JAMES E ALBERTELLI PA.

61. Plaintiff alleges, restates, and incorporates by reference the information in all of the

paragraphs of this complaint as though fully stated herein.

62. Plaintiff John Pinson is a consumer within the meaning of §559.55(2).

63. Defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA, are debt collector within the meaning of §559.55(6).

64. Defendants violated the FCCPA. Defendant's violations include, but are not limited to, the following:

65. Defendants violated §559.72 (2) by threat of force.

66. Defendants violated §559.72 (7) by willfully engage in such conduct which can reasonably be expected to abuse or harass;

67. Defendants violated §559.72 (8) by using willfully abusive language in communicating with the debtor or any member of her or his family.

68. Defendants violated §559.72(9) by claiming, attempting, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist;

69. Defendants violated §559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA for:

   (a) Declaratory judgment that defendant's conduct violated the FCCPA, and injunctive relief;

   (b) actual damages, and statutory damages of $1000.00 per defendant payable by Defendants pursuant to Fla. Stat. § 559.77(2);

   (c) fees and costs pursuant to Fla. Stat. § 559.77(2);

(d) for such other and further relief as may be just and proper;

(e) attorney's fees, if any, pursuant to Fla. Stat. § 559.77(2).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated March 24, 2014

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

Service to Defendants:

**ALBERTELLI LAW PARTNERS LLC**
208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL 32202

**JAMES E ALBERTELLI PA**
208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL 32202

## VERIFICATION

I, John Pinson, have read the foregoing complaint and examined any appendices

referenced therein. The facts stated in the complaint are true. The appendices are true and fair

copies of the recited instruments.

_____        MArch 24, 2014
John Pinson                                                     date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under

oath this 24ᵗʰ day of March, 2014.

_____
Notary

DEBORAH S. GAMBARROTTI
Notary Public - State of Florida
My Comm. Expires Aug 6, 2017
Commission # FF 038814

My commission expires: 8/6/2017

## Table of APPENDICES

| Title | Document | Page Nos. |
|---|---|---|
| "Appendix A" - | June 1, 2012 letter from CHASE to Pinson | 2-3 |
| "Appendix B" - | July 22, 2013 letter from Pinson to DEFENDANTS | 4-6 |
| "Appendix C" - | August 13, 2013 letter from DEFENDANTS to Pinson | 7-8 |
| "Appendix D" - | August 19, 2013 letter from Pinson to DEFENDANTS | 9-11 |
| "Appendix E" - | December 24, 2013 letters from DEFENDANTS to Pinson | 12-18 |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 9:14-cv-80009-KLR

**John Pinson,**

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

A Florida LLC; and,

**JAMES E ALBERTELLI PA,**

a Florida Professional Association,

      Defendant/

---

### APPENDIX TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

## Table of APPENDICES

| Title | Document | Page Nos. |
|-------|----------|-----------|
| "Appendix A" - | June 1, 2012 letter from CHASE to Pinson | 2-3 |
| "Appendix B" - | July 22, 2013 letter from Pinson to DEFENDANTS | 4-6 |
| "Appendix C" - | August 13, 2013 letter from DEFENDANTS to Pinson | 7-8 |
| "Appendix D" - | August 19, 2013 letter from Pinson to DEFENDANTS | 9-11 |
| "Appendix E" - | December 24, 2013 letter from DEFENDANTS to Pinson | 12-18 |



CASE NO.: 9:14-cv-80009-KLR

# "Exhibit A"

John Pinson v. Albertelli Law Partners LLC, et. al.



**Chase (OH4-7304)**
3415 Vision Drive
Columbus, OH 43219-6009



June 01, 2012

00833-01 IF1A 153-000000000000
John D. Pinson
Po Box 3386
Palm Beach, FL 33480



Re:  Account Number: *********0759
     John D. Pinson

**Loan Investor**

Dear John D. Pinson:

I am writing in response to the inquiry Chase received about the loan referenced above.

Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors.  As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf.  Your investor contact information is:

> 270 Park Avenue
> New York, NY 10017

We appreciate your business. If you have questions, please call us at the telephone number below.

Sincerely,

Chase
(800) 836-5656
(800) 582-0542 TDD / Text Telephone
www.chase.com

CC278



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

**_Via US Certified Mail # 7012 1010 0001 1870 9565 – Return Receipt Requested_**

July 22, 2013

Albertelli Law
208 North Laura Street
Suite 900
Jacksonville, Florida 32202

     **Re: Chase Loan Number: 00496490010759**

Greetings,

     Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

     This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

     Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

     You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

     Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney's fees.

                Sincerely,

                John D Pinson

JP:dt





| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Theresa Jones_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Albertelli Law<br>208 North Laura Street<br>Suite 900<br>Jacksonville, Florida 32202 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No<br><br>JUL 29 2013<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7012 1010 0001 1870 9565 | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

7012 1010 0001 1870 9565

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

Postage   $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees   $

Sent To
Albertelli Law
Street, Apt. No.; or PO Box No.
208 North Laura Street
Suite 900
City, State, ZIP+4
Jacksonville, Florida 32202

PS Form 3800, August 2006   See Reverse for Instructions

(6/18)

CASE NO.: 9:14-cv-80009-KLR

# "Appendix C"

John Pinson v. Albertelli Law Partners LLC, et. al.



# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
### PO Box 23028
### Tampa, Florida 33623

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

August 13, 2013

John D. Pinson
526 Westwood Rd.
West Palm Beach, FL 33401

> Re:   Chase loan number: 0049640010759
>         Our File Number: 13-115767

Dear John D. Pinson:

Our office is in receipt of your Request for Validation pursuant to the Fair Debt Collection Practices Act and we are working to respond to same as quickly as possible. In your letter, you state that there is an attached disclosure request form. I regret to inform you that our office did not receive the attachment. As such, it cannot be completed until it is received. Please provide us with the disclosure request form for completion.

At this time, our office is preparing payoff and reinstatement letters which will include the amounts due to reinstate your loan along with the total amounts due.

Please forward the disclosure request form for completion, per your request. Our main address is our Tampa address, which is listed above. You can also fax the sheet over to (813) 221-9171 or e-mail it to me at ahearn@albertellilaw.com.

Please understand that this is not an attempt to avoid or delay the response. I look forward to receiving the form in order for me to escalate and ensure completion. Thank you. If you have any questions, please feel free to contact me toll free at (877) 221-4743 at extension 1610.

Respectfully Submitted,

*Andrea Hearn*

Andrea Hearn, Litigation Legal Assistant to
Joseph Dillon Esq.
For the Firm

cc: All parties



CASE NO.: 9:14-cv-80009-KLR

# "Appendix D"

John Pinson v. Albertelli Law Partners LLC, et. al.



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

<u>*Via US Certified Mail # 7012 1010 0001 1870 9572 – Return Receipt Requested*</u>

August 19, 2013

Albertelli Law
PO Box 23028
Tampa, Florida 33623

   Re:  **Chase Loan Number:  00496490010759**

Greetings,

   I am in receipt of your communication attempting to collect a debt and have found it to be incomplete and inconclusive.

   I dispute the alleged debt in its entirety. I demand that you provide me with the name and address of the original creditor, the name and address of the current creditor, and complete validation of the amount of the alleged debt.

   Per your communication received August 17, 2013, I have attached an additional copy of the disclosure request form / creditor disclosure statement.

        Sincerely,

        John D Pinson

JP:dt
Enc. Creditor disclosure form
   August 13, 2013 communication from Albertelli

10/10



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Albertelli Law
PO Box 23028
Tampa, Florida 33623

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

AUG 2 2 2013

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 1010 0001 1870 9572

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7012 1010 0001 1870 9572

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ $0.46 |
| Certified Fee | $3.10 |
| Return Receipt Fee (Endorsement Required) | $2.55 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $6.11 |

Sent To
Albertelli Law
Street, Apt No.; or PO Box No.
PO Box 23028
City, State, ZIP+4
Tampa, Florida 33623

PS Form 3800, August 2006    See Reverse for Instructions

CASE NO.: 9:14-cv-80009-KLR

# "Appendix E"



John Pinson v. Albertelli Law Partners LLC, et. al.

# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
### 5404 CYPRESS CENTER DRIVE SUITE 300
Tampa, Florida 33609

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

December 24, 2013

**Property Address:**
*Per Borrower request mail to Prop. Add.:*

John D. Pinson
526 Westwood Road
West Palm Beach, FL 33401

**Mailing Address:**

John D. Pinson
P.O. Box 3386
Palm Beach, FL 33480

**WE MAY BE CONSIDERED A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Re:     **Payoff Statement**
        **JPMorgan Chase Bank, National Association vs. John D. Pinson**
        **Loan Number: 00049649001 0759**
        **Property Address: 526 Westwood Road, West Palm Beach, FL  33401**
        **Our File: 13-115767**
        **Date Last Payment Due: January 1, 2012**

Dear John D. Pinson:

      This letter responds to your request for a payoff of the above delinquent loan.  The Loan Payoff Statement shows the total amount you owe.  However, some amounts may not have to be paid for the lien to be released. Please call Albertelli Law at 813-221-4743 (ext 1973) for details.

      As of the date of this letter, the amount required to cure your loan delinquency is **$224,061.56,   good through 01/10/2014**.  However, if you are not prepared to tender the full payoff amount today, then the amount owed may increase between the date of this letter and the date you payoff the loan.

### PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

*Please be advised that we may not be able to cancel the foreclosure sale or other pending hearing due to time constraints, county specific requirements, or other factors.  We do not warrant or guarantee our ability to cancel the aforementioned even though we receive funds.  In the event we are unable to cancel an event for any reason, the tendered funds will be refunded to you in the most expedient manner possible.*




Re:     **Full Payoff**
        **JPMorgan Chase Bank, National Association vs. John D. Pinson**
        **Loan Number: 000496490010759**
        **Property Address: 526 Westwood Road, West Palm Beach, FL 33401**
        **Our File: 13-115767**
        **Date Last Payment Due: January 1, 2012**

| | |
|---|---:|
| Unpaid Principal Balance | $186,730.18 |
| Interest good through | $26,161.92 |
| Recording Fees | $10.60 |
| Property Taxes | $6,166.86 |
| Property Inspections | $42.00 |
| Preservation | $28.00 |
| Evaluation Fees | $312.00 |
| Suspense/Credit | (-$30.00) |
| Prior Servicer | $615.00 |
| Title Search and Exam | $225.00 |
| **Outstanding Attorney Fees and Costs:** | |
| Attorney Fees – Estimate | $820.00 |
| Attorney Fees / Co. Dismissal Hearing – Estimate | $250.00 |
| Complaint Filing Fee – Estimate | $1,000.00 |
| Mediation – Estimate | $750.00 |
| Service of Process - Estimate | $600.00 |
| Skip Trace - Estimate | $180.00 |
| Co. Clerk LP Release Recording - Estimate | $25.00 |
| Co. Clerk NOF Dismiss - Estimate | $50.00 |
| Dismissal Prep Fee - Estimate | $125.00 |
| **Amount Due thru December 24, 2013     $220,261.56** | |
| **TOTAL DUE Good Through January 10, 2014** | $224,061.56 |
| **Per diem** | $34.02070 |

        ***There is important information at the end of this letter regarding estimates of escrow advances,**
**fees, and costs. Please read carefully.**

        WE SUGGEST THAT YOU CONTACT **ALBERTELLI LAW** AT THE ADDRESS OR TELEPHONE
NUMBER ON THIS LETTER TO VERIFY THE EXACT AMOUNT NECESSARY TO PAYOFF YOUR LOAN
NO MORE THAN 24 HOURS BEFORE YOU MAKE ANY PAYMENT.

        The payoff figures listed above include items that have been paid by the lender or servicer or incurred by
**ALBERTELLI LAW** that are currently due or will become due by the Good through Date.  In constructing this
payoff, we have included anticipated additional fees and costs in order to provide you with an estimated payoff after
the date of this letter.  These anticipated fees and costs represent an estimate as to what our actual fees and costs will
be if you pay off your loan no later than the Good through Date.  Please understand that the above figures are subject
to final verification upon receipt by the lender or servicer.  All fees and costs incurred after the issuance of this
payoff letter will continue to be assessed until the loan delinquency is cured. Quote does not change or extend the
foreclosure sale date.

        * **IMPORTANT:** Some of the fees and costs listed above may not actually be incurred, if you payoff on
the date of this letter or if events we anticipate will happen do not occur.  We only require that you pay the fees and
costs actually incurred as of the date of your payment.  If for whatever reason your payment includes any anticipated
fee or cost or other item but the actual amount due on the date of payment is less, excess funds will be returned as a
refund to borrower.  If your payoff amount tendered is less than the total amount due on the date of your payment,
the lender or servicer reserves the right to reject your payment and continue with the legal process.



**Albertelli Law does not have a cashiering department, do not bring funds directly to our office, funds are only accepted via wire, certified mail, Fed Ex or UPS. PAYMENT INSTRUCTIONS. Payment must be submitted in the form of a certified cashier's check(s) and must be made payable to "JP Morgan Chase Bank, National Association". Funds must be sent to the attorney/trustee's office listed on this letter. The payoff funds will be returned if any portion of the funds is in the form of a personal check.** Please be advised that the action will continue until the total payoff amount is received, in compliance with the terms in this letter. After payoff, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure. If you are wiring funds, **please add an additional $12.00 (estimate)** to the above quote. Send the wire to: Albertelli Law, c/o Wells Fargo Bank, 420 Montgomery, San Francisco, CA 94104; Routing/ABA#121000248; Account#2000025807079. **Please reference the File No., Case No., and Borrower's Last Name.**

       You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct. Should you have any questions regarding the above, please do not hesitate to contact our office.



# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
### 5404 CYPRESS CENTER DRIVE SUITE 300
### Tampa, Florida 33609

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

December 24, 2013

**Property Address:**
*Per Borrower request mail to Prop. Add.:*

John D. Pinson
526 Westwood Road
West Palm Beach, FL 33401

**Mailing Address:**

John D. Pinson
P.O. Box 3386
Palm Beach, FL 33480

**WE MAY BE CONSIDERED A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Re:     **Full Reinstatement**
        **JPMorgan Chase Bank, National Association vs. John D. Pinson**
        **Loan Number: 000496490010759**
        **Property Address: 526 Westwood Road, West Palm Beach, FL 33401**
        **Our File: 13-115767**
        **Date Last Payment Due: January 1, 2012**

Dear John D. Pinson:

This letter responds to your request for a reinstatement amount of the above delinquent loan.

As of the date of this letter, the amount required to cure your loan delinquency is $43,597.36. However, if you are not prepared to tender the full reinstatement amount today, then the amount owed may increase between the date of this letter and the date you reinstate the loan.

**This reinstatement quote is good through January 10, 2014.** If you reinstate this loan in full by the Good through Date, we estimate the reinstatement amount to be itemized as listed on the next page.

### PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

*Please be advised that we may not be able to cancel the foreclosure sale or other pending hearing due to time constraints, county specific requirements, or other factors. We do not warrant or guarantee our ability to cancel the aforementioned even though we receive funds. In the event we are unable to cancel an event for any reason, the tendered funds will be refunded to you in the most expedient manner possible.*

PLEASE NOTE: If there is a foreclosure date scheduled for the property, this letter DOES NOT extend or change that foreclosure sale date. Therefore, if the Good through Date for the payment stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law. The right of redemption shall expire upon the issuance of the certificate of sale in accordance with Florida Statues.

16/18

Re:   **Full Reinstatement**
**JPMorgan Chase Bank, National Association vs. John D. Pinson**
**Loan Number: 000496490010759**
**Property Address: 526 Westwood Road, West Palm Beach, FL 33401**
**Our File: 13-115767**
**Date Last Payment Due: January 1, 2012**

| | |
|---|---|
| Total Payments | $32,438.50 |
| Property Taxes | $6,166.86 |
| Property Inspections | $42.00 |
| Preservation | $28.00 |
| Evaluation Fees | $312.00 |
| Suspense/Credit | (-$30.00) |
| Prior Servicer | $615.00 |
| Title Search and Exam | $225.00 |
| **Outstanding Attorney Fees and Costs:** | |
| Attorney Fees – Estimate | $820.00 |
| Attorney Fees / Co. Dismissal Hearing – Estimate | $250.00 |
| Complaint Filing Fee – Estimate | $1,000.00 |
| Mediation – Estimate | $750.00 |
| Service of Process - Estimate | $600.00 |
| Skip Trace - Estimate | $180.00 |
| Co. Clerk LP Release Recording - Estimate | $25.00 |
| Co. Clerk NOF Dismiss - Estimate | $50.00 |
| Dismissal Prep Fee - Estimate | $125.00 |
| **TOTAL Due thru December 24, 2013**     **$39,797.36** | |
| **TOTAL DUE thru January 10, 2014** | **$43,597.36** |

    ***There is important information at the end of this letter regarding estimates of escrow advances, fees, and costs. Please read carefully.**

        If you purchased any optional product(s) that are billed with your mortgage, the amount quoted above does not include such product(s). Optional products include but are not limited to items such as Mortgage Life Insurance, Accidental Death Insurance or Disability Insurance. If you have not made payments towards such product(s), this could result in cancellation of your coverage or service. Please contact the provider(s) of your optional product(s) for information on the status of your account and any amounts that they may require you to maintain coverage or service

        The reinstatement figures listed above include items that have been paid by the lender or servicer or incurred by **ALBERTELLI LAW** that are currently due or will become due by the Good through Date. In constructing this reinstatement, we have included anticipated additional fees and costs in order to provide you with an estimate as to what our actual fees and costs will be if you reinstate your loan no later than the Good through Date. Please understand that the above figures are subject to final verification upon receipt by the lender or servicer. All fees and costs incurred after the issuance of this reinstatement letter will continue to be assessed until the loan delinquency is cured.

        * **IMPORTANT:** Some of the fees and costs listed above may not actually be incurred, if you reinstate on the date of this letter or if events we anticipate will happen do not occur. We only require that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee or cost or other item but the actual amount due on the date of payment is less, excess funds will be returned as a refund or credit to borrower's account. If your reinstatement amount tendered is less than the total amount due on the date of your payment, the lender or servicer reserves the right to reject your payment and continue with the legal process.

**PAYMENT INSTRUCTIONS:** Payment must be submitted in the form of a certified cashier's check(s) and must be made payable to "**JP Morgan Chase Bank, National Association**". Funds must be sent to the attorney/trustee's office listed on this letter. The reinstatement funds will be returned if any portion of the funds is in the form of a personal check. Please be advised that the action will continue until the total reinstatement amount is received, in compliance with the terms in this letter. After reinstatement amount, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure. If you are wiring funds, **please add an additional $12.00 (estimate)** to the above quote. Send the wire to: Albertelli Law, c/o Wells Fargo Bank, 420 Montgomery, San Francisco, CA 94104; Routing/ABA#121000248; Account#2000025807079. **Please reference the File No., Case No., and Borrower's Last Name.**

 

You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct.  Should you have any questions regarding the above, please do not hesitate to contact our office.