UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80009-Civ-Ryskamp/Hopkins

JOHN PINSON,

            Plaintiff,

vs.

ALBERTELLI LAW PARTNERS LLC,
A Florida LLC, and
JAMES E. ALBERTELLI, P.A.,
A Florida Professional Association,

            Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (DE 22)

**THIS MATTER** has come before this Court upon an Order referring all pre-trial matters to the undersigned United States Magistrate Judge for appropriate disposition (DE 5). On April 15, 2014, Defendant filed a Motion to Dismiss (DE 22), and on May 16, 2014, Plaintiff filed a Response[1] (DE 27). Defendant did not file a reply and the time to do so has expired. For the reasons that follow, this Court **RECOMMENDS** that Defendant's Motion to Dismiss (DE 22) be **GRANTED**.

### BACKGROUND

*Pro Se* Plaintiff filed his Complaint on January 6, 2014 (DE 1). Therein, Plaintiff alleges that Defendant[2] violated several provisions of the Fair Debt Collection Practices Act (FDCPA),

---

[1] Plaintiff's first Response, filed on May 2, 2014 (DE 25), was struck for failure to comply with Local Rule 7.1(c)(2) (DE 26).

[2] Defendant James E. Albertelli, P.A., states that it was improperly named as Albertelli Law Partners, LLC (DE 22). It is unclear what relationship these two entities have but notably,

Page 1 of 11

15 U.S.C. § 1692 *et seq.* (Count I[3]), and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559 *et seq.* (Count II[4]), by improperly attempting to collect on an alleged debt and making false assertions of ownership in relation to the debt (DE 1). Defendant filed a Motion to Dismiss (DE 9), which was denied as moot following the filing of Plaintiff's Amended Complaint (DE 21).

According to Plaintiff's Amended Complaint, on June 1, 2012, Plaintiff received a letter from Chase Bank which indicated that it was sent "in response to the inquiry Chase received about [the above-referenced] loan" (DE 19, p. 15). That letter also informed Plaintiff that "his loan was sold into a public security managed by CPCC Delaware Business Trust, and may include a number of investors" (DE 19, p. 15). On July 22, 2013, Plaintiff sent Defendant a dispute and debt validation demand letter (DE 19, p. 17), to which Defendant responded on August 13, 2013 (DE 19, p. 20). On August 19, 2013, Plaintiff sent Defendant a second dispute and debt validation demand letter (DE 19, p. 22), to which Defendant again responded on December 24, 2013 (DE 19, p. 25). Rather than reproduce these letters in full here, the pertinent portions are referenced below.

Based on these communications, Plaintiff contends that Defendant violated the FDCPA because Defendant's letters were either missing statements required on all communications from debt collectors or contained false and misleading representations. Furthermore, Plaintiff contends

---

the two letters at issue in this case were sent by "Albertelli Law" (DE 19, p. 20; DE 19, p.25). Both entities are currently named as Defendants.

[3] Plaintiff has asserted multiple claims under Count I, including violations of 15 U.S.C. §1692d, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(14), 15 U.S.C. §1692f(1), 15 U.S.C. §1692g, and 15 U.S.C. §1692g(B).

[4] Plaintiff has asserted multiple claims under Count II, including violations of Fla. Stat. §559.72(2), Fla. Stat. §559.72(7), Fla. Stat. §559.72(8), Fla. Stat. §559.72(9), and Fla. Stat. §559.75(15).

that the letters constitute an attempt by Defendant to willfully engage in conduct which can be reasonably expected to abuse or harass Plaintiff, in violation of the FCCPA.

On April 15, 2014, Defendant filed a renewed Motion to Dismiss, asserting that Plaintiff's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and under Federal rule of Civil Procedure 12(b)(6) for failure to state a claim (DE 22).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle the plaintiff to relief. *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). The court may only consider the four corners of the complaint and the exhibits attached to the complaint when deciding a motion to dismiss. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

The court must accept a plaintiff's factual allegations as true and make all reasonable inferences from them, but legal conclusions are not entitled to the same presumption. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Mere conclusory allegations unsupported by facts are insufficient to survive a motion to dismiss. *See Randall v. Scott*, 610 F.3d 701, 705-10 (11th Cir. 2010). Likewise, the complaint must establish plaintiff's entitlement to relief through more than labels and conclusions or mere recitation of the elements of the cause of action. *See Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). The Supreme Court has suggested that the courts considering motions to dismiss engage in a two-pronged analysis: "1) eliminate

any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

In the instant case, the Complaint is riddled with legal conclusions which, standing alone, would be insufficient to survive a motion to dismiss. *See Randall*, 610 F.3d at 705-10. Nevertheless, the Complaint "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (citation omitted). Also, although the Complaint conflates facts and causes of action, the Complaint is sufficiently clear to allow an evaluation of the substance of Plaintiff's claims. *See Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). For the reasons stated below, the undersigned finds that even assuming Plaintiff's facts are true, they still do not plausibly give rise to an entitlement to relief.

## DISCUSSION

Defendant argues that Plaintiff's Amended Complaint should be dismissed because Plaintiff failed to show that jurisdiction in this Court is proper, in violation of Rule 12(b)(1) and because Plaintiff failed to plead any claim upon which relief can be granted, in violation of Rule 12(b)(6) (DE 22). Contrary to Defendant's assertion, this Court has federal question jurisdiction, under 28 U.S.C. § 1331, over the FDCPA claims and supplemental jurisdiction, under 28 U.S.C. § 1367, over the FCCPA claims. Thus, the Court will examine whether Plaintiff has adequately stated a claim under either the FDCPA or the FCCPA.

**FAILURE TO STATE A CLAIM**

The FDCPA prohibits debt collectors from using unfair practices or making deceptive representations in connection with the collection of a debt. *See* 15 U.S.C. § 1692e. Whether language used by a debt collector is deceptive or misleading is analyzed using the objective least sophisticated debtor standard. *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1356 (M.D. Fla. 2012). But "the FDCPA does not apply to every communication between a debt collector and debtor." *Id.* at 1357. Instead, "[f]or the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a 'debt collector'; and (2) the communication must have been made in connection with the collection of any debt." *Lara v. Specialized Loan Servicing, LLC,* 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013) (citing *Parker*, 874 F. Supp. 2d at 1355).

The FCCPA is Florida's counterpart to the FDCPA. "The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). Notably, although the FDCPA applies only to debt collectors, the FCCPA prohibits acts of "persons" and is not limited to debt collectors. *See id.* Furthermore, many provisions of the FCCPA require an allegation of knowledge or intent by the defendant to state a cause of action. *See id.* But regardless of these differences, a claim under either the FDCPA or the FCCPA must include a communication made in connection with the collection of a debt. *See id.* (stating that to assert an FCCPA claim, like an FDCPA claim, the defendant must be able to show that he "has been the object of collection activity arising from consumer debt"); *see also* Fla. Stat. § 559.72 ("In collecting consumer debts, no person shall . . . .").

Here, Defendant does not dispute that it is a debt collector, but does dispute that in responding to Plaintiff's inquiries, it was attempting to collect on a debt (DE 22). What it means for a debt collector to "attempt to collect on a debt" has not been succinctly defined. *See Parker*, 874 F. Supp. 2d at 1356 ("Neither the Eleventh Circuit nor any other circuit has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt."). Nevertheless, several cases both within and outside of the Eleventh Circuit support the undersigned's conclusion that Defendant's communications in this case were not made in connection with a debt.

First, in *Goodson v. Bank of Am., N.A.*, 2014 WL 940492 (M.D. Tenn. Mar. 10, 2014), the court was presented with the question of whether two letters sent from a debt collector to a consumer were sent "in connection with the collection of a debt." The first letter in *Goodson* was similar to the June 1 notification letter in the instant case insofar as both letters sought to inform the alleged debtor about the servicing of the loan. *Id.* at *6-7. At the bottom of the letter in the case, the defendant included a statement that the "communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose." *Id.* at *6. Nevertheless, the court in *Goodson* recognized that "'the inclusion of the FDCPA notice is legally irrelevant' to the determination of whether a communication is a debt collection activity, *Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010), and '[t]he mere fact that the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment' *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399 (6th Cir. 1998)." *Id.* Instead, to determine whether a letter is an attempt to collect a debt, courts should look at factors such as whether an explicit demand for payment is made, whether a due date for past or future payment is specified, or whether the debt collector references any negative

consequences that could befall the consumer if he were to fail to make payment. *See id.* After applying these factors to the first letter, the *Goodson* court found that the first letter did not constitute an attempt to collect on a debt. *See id.* at *7.

Notably, Plaintiff does not seem to contend that the June 1 letter in the instant case violated the FDCPA or the FCCPA because unlike the first letter in *Goodson*, the June 1 letter did not contain the FDCPA notice. Even if it had, the June 1 letter was sent by a non-party and states that it was sent "in response to the inquiry Chase received about the loan referenced above" (DE 19, p.15). For the reasons discussed infra, this type of responsive language, without more, indicates that the letter is not "an attempt to collect on a debt," and thus the FDCPA does not apply. In any event, the *Goodson* court's handling of the first letter is instructive in the instant case because the FDCPA notice appears on the December 24 letter.

The second letter in *Goodson* is more similar to the allegedly improper August 13 and December 24 letters in the instant case. In *Goodson*, the second letter was sent in response to a letter the debt collector received from the plaintiff. *Id.* After analyzing the second letter, the court stated that:

> Viewed objectively, the animating purpose of [the] letter was not to induce payment, but to respond directly to Plaintiff's own requests. A "merely ministerial response to a debtor inquiry, rather than part of a strategy to make a payment more likely," *Grden*, 643 F.3d at 173, does not an FDCPA claim make. *See Gburek*, 614 F.3d at 384 (letter that is "merely a description of the current status of the debtor's account" did not violate FDCPA); *Duby v. Ahermata, Adam & Von Allmen, P.C.*, 2012 WL 6705413, at *8 (E.D. Mich. Dec. 26, 2012) (law firm's response to plaintiff's letter disputing the validity of a debt was not "in connection with the collection of a debt, but was instead simply a ministerial act meant to verify the debt").

*Id.* at *8. Thus, the court held that the second letter also did not constitute an attempt to collect a debt. *See id.* Because neither letter constituted an attempt to collect a debt, the FDCPA did not

apply. *See id.* Accordingly, the court granted the defendant debt collector's summary judgment motion and dismissed the plaintiff's claims. *See id.*

The analysis in *Goodson* is supported by several other cases. *See e.g., Parker*, 874 F. Supp. 2d at 1358 (granting a defendant's motion to dismiss after finding that a letter which did not demand payment or discuss specifics of the underlying debt and was clearly informational was not sent in connection with collection of a debt) (citing *Bailey v. Security Nat'l Servicing Corp*, 154 F.3d 384 (7th Cir. 1998) (finding that a letter that "did not demand payment and did not otherwise attempt to collect the debt, despite its warning that delinquent payment could trigger an obligation to pay the entirety of the loan immediately" did not constitute a communication in connection with debt collection); *Gillespie v. Chase Home Finance, LLC*, 2009 WL 4061428, *5 (N.D. Ind. Nov. 20, 2009) (holding "that the letter at issue was not in violation of the FDCPA because it did not 'provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form.'")).

A comparison of the two allegedly improper letters in the instant case to the facts and analysis in *Goodson* reveals that that neither letter sent by Defendant should be considered an attempt to collect on a debt. The August 13 letter opens by stating: "Our office is in receipt of your Request for Validation pursuant to the Fair Debt Collection Practices Act . . . ." (DE 19, p. 20). At no point in this letter does Defendant demand payment either explicitly or implicitly, discuss the specifics of the underlying debt, provide a due date for any payment, or discuss any potential negative consequences to Plaintiff should he chose not to pay the alleged debt. *See Goodson*, 2014 WL 940492 at *7. Instead, the letter is a notification to Plaintiff that he inadvertently failed to include the disclosure request form which Defendant was apparently eager to complete (DE 19, p. 20).

The December 24 letter similarly states: "This letter responds to your request for a payoff of the above delinquent loan" (DE 19, p. 25), thus suggesting that the letter is informative in nature and not part of a strategy designed to make payment more likely. *See Goodson*, 2014 WL 940492 at *8. And although the December 24 letter includes the FDCPA notice, this language is "legally irrelevant to the determination of whether a communication is a debt collection activity" and "does not transform the letter into an unlawful demand for payment" *Id.* at *6 (citations omitted). To the contrary, an examination of the December 24 letter shows that, like the August 13 letter, none of the *Goodson* factors are present; although the letter states the total amount required to cure the loan deficiency, the letter does not demand or request payment, provide a due date, or suggest negative consequences that could befall Plaintiff should he chose not to pay. *See Goodson*, 2014 WL 940492 at *7; *Parker*, 874 F. Supp. 2d at 1258.

In sum, the "animating purpose" of the two letters sent by Defendant to Plaintiff was to respond to Plaintiff's own requests, not to demand payment. *See Goodson*, 2014 WL 940492 at *8. Consequently, these letters do not constitute an attempt to collect on a debt, and therefore, neither the FDCPA nor the FCCPA applies. *See Lara, LLC,* 2013 WL 4768004 at *3. Because neither Act applies, Plaintiff has failed to state a cause of action, and his Complaint should be dismissed.

**Leave to Amend the Complaint**

Federal Rule of Civil Procedure 15 states that the court should freely give leave to amend the complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Therefore, where claims are due to be dismissed but a more carefully drafted complaint might state a claim, the district court should not generally dismiss without granting leave to amend. *See Rance v. Winn*, 287 F. App'x

840, 841 (11th Cir. 2008). "However, district courts need not permit amendment where it would be futile to do so." *Id.*

In this case, Plaintiff has already amended his Complaint once after being faced with nearly identical issues in Defendant's first Motion to Dismiss (DE 9). Yet Plaintiff failed to recognize or correct any of the problems in his original Complaint. For this reason and the foregoing discussion, any additional opportunity to amend would be futile. *See Rance*, 287 F. App'x at 841.

## RECOMMENDATION TO THE DISTRICT COURT

This Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (DE 22) and dismiss Plaintiff's Amended Complaint (DE 19) with prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2010) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b)(2) (2010) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings

contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 2 day of June, 2014, at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

———————————————
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Kenneth L. Ryskamp, Senior United States District Court Judge

Counsel of Record