UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson
        Plaintiff,
vs.                                                        Case No.: 9:14-cv-80009-KLR

Albertelli Law Partners LLC, A Florida LLC
        Defendant.
_____/

## MOTION FOR SANCTIONS & ATTORNEY'S FEES
## PURSUANT TO 15 U.S.C. §1692(k)(3) AND FLA. STAT. §57.105

     COMES NOW Defendant, James E. Albertelli, P.A., improperly named as Albertelli Law Partners, LLC ("Albertelli"), by and through undersigned counsel, moves this Honorable Court for sanctions and attorney's fees pursuant to 15 U.S.C. §1692(k)(3) and Florida Statute §57.105, and in support thereof states as follows:

1. Plaintiff has alleged in their Complaint (Docket No.:1) and their Amended Complaint (Docket No.: 19) that Defendant Albertelli violated several provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. (Count I), and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559 et seq. (Count II), by improperly attempting to collect on an alleged debt and making false assertions of ownership in relation to the debt (DE 1).

2. On February 26, 2014 Defendant filed a Motion to Dismiss (DE 9), which was denied as moot following the filing of Plaintiff s Amended Complaint (DE 21) on March 25, 2014.

3. On April 15, 2014, Defendant filed a renewed Motion to Dismiss, asserting that Plaintiffs Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and under Federal rule of Civil 12(b)(6) for failure to state a claim (Docket No.: 22).

4. On June 2, 2014 the Report & Recommendation ("R&R") on Defendant's Motion to Dismiss recommending dismissal with prejudice was issued by the United States Magistrate Judge as the Plaintiff has failed to state a claim upon which relief may be granted (Docket No.: 29).

5. While the goal of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses, the FDCPA also protects "debt collectors" from frivolous and meritless litigation by allowing for attorney's fees and costs be awarded to Defendants. *See 15 U.S.C. 1692(k)(3).*

6. *T*o award sanctions, three requirements must be satisfied: (1) "an attorney must engage in 'unreasonable and vexatious' conduct; (2) such 'unreasonable and vexatious' conduct must multiply the proceedings [and] (3) the amount of the sanction cannot exceed the costs, occasioned by the objectionable conduct." *See McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001) (citing *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997)). Section 1927 requires a "touchstone" of "bad faith" on the part of the attorney. *Schwartz v. Million Air, Inc.,* 341 F.3d 1220, 1225–26 (11th Cir.2003).

7. The statute was designed to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith." *Malautea v. Suzuki Motor Co., Ltd.,* 987 F.2d 1536, 1544 (11th Cir.1993) (quoting *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991)). Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003).

8. "Bad faith" is the touchstone. Section 1927 is not about mere negligence. *See Shepherd v. Wellman,* 313 F.3d 963, 969 (6th Cir.2002); *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.,* 103 F.3d 294, 297–98 (3d Cir.1996); *Baulch v. Johns,* 70 F.3d 813, 817 (5th Cir.1995). A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Cf. Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1320 (11th Cir.2002) (defining bad faith under the courts' inherent power to award sanctions). Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225-26 (11th Cir. 2003).

9. Not only were frivolous claims pursued in the instant case, the instant case is the **sixth** (**6th**) FDCPA case filed by the Plaintiff, notwithstanding the three (3) Fair Credit Reporting Act ("FCRA") cases filed. Of the six (6) FDCPA cases, aside from one settlement, three (3) cases have resulted in a judgment for the Defendant via three (3) successful Motions for Summary Judgment.

10. The remaining two (2) FDCPA cases include the instant case and a separate action but substantially related matter involving JP Morgan Chase Bank, N.A. alleging essentially the same factual scenario as the instant case but is pending before the Honorable Judge Kenneth A. Marra (9:13-cv-80720-KAM).

11. Returning to the instant case, assuming the R&R is adopted, will make four (4) frivolous FDCPA claims brought by the Plaintiff over the last two years, all of which are found to be meritless and frivolous.

12. These six (6) cases evidence a pattern of frivolous and vexation litigation filed in bad faith and aimed to thwart the legitimate debt collection litigation against the Plaintiff, which in the instant case is a residential home foreclosure.

13. Beyond the fact both the Complaint and Amended Complaint failed to state a claim upon relief may be granted, which is more eloquently detailed in the Court's R&R, evidence that the instant case is filed in bad faith is the Plaintiff's attempt to obtain some form of declaratory relief essentially saying that his home cannot be foreclosed, notwithstanding default and non-payment.

14. In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech University,* 656 F.2d 1137, 1145 (5th Cir.1981). Cases where findings of "frivolity" have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed.R.Civ.P. 41(b) motion for involuntary dismissal. <u>Sullivan v. Sch. Bd. of Pinellas Cnty.</u>, 773 F.2d 1182, 1189 (11th Cir. 1985).

15. As with the instant case, the R&R issued by the United States Magistrate Judge the Court found that since the "animating purpose" of the letters sent were responses to the Plaintiff's own request thus the claims are without foundation and meritless.

16. The Plaintiff's pattern of frivolous litigation and the frivolous and meritless claims in the instant case are precisely what Section §1692(k)(3) of the FDCPA was designed to combat.

17. Similar to the analysis under the FDCPA, the Plaintiff's claims are frivolous and meritless under Florida law and as a result attorney's fees and costs should be awarded pursuant to Fla. Stat. §57.105.

18. The goal of Fla. Stat. §57.105 "is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorneys' fees

wards on losing parties who engage in such activities." *Turovets v. Khromov*, 943 So. 2d 246, 248 (Fla. 4th DCA 2006).

19. Fla. Stat. §57.105(1)(a) provides that a court shall award sanctions when the court finds that a party or its attorney "knew or should have known" that a claim "was not supported by the material facts necessary to establish the claim or defense." Sanctions are improper in cases where only a portion of the claim is deemed frivolous. *Huie v. Dent & Cook, P.A.*, 635 So. 2d. 111, 112-113 (Fla. 2d DCA 1994).

20. The party seeking sanctions bears the burden of showing that the claim is clearly devoid of merit both on the facts and the law as to be completely untenable and frivolous. *Pappalardo v. Richfield Hospitality Services, Inc.*, 790 So. 2d 1226, 1228 (Fla. 4th DCA 2001).

21. Sanctions against Plaintiff in the instant case are appropriate because Plaintiff failed to state a cause of action proving that Plaintiff's Complaint (Docket No.: 1), Amended Complaint (Docket No: 19) and Objection to Report & Recommendation on Defendant's Motion to Dismiss (Docket No. 29) is frivolous.

22. Plaintiff in this case has failed to plead the facts to support any Fair Debt Collections Practices Act ("FDCPA") or Florida Consumer Credit Protection Act ("FCCPA") claims.

23. Following the 21-day safe harbor provision provided by Fla. Stat. § 57.105, Plaintiff continues to pursue its baseless claims against Albertelli and has, as of yet, failed to dismiss Albertelli from the case.

WHEREFORE, Defendant, Albertelli, respectfully requests that this Honorable Court to order the Plaintiff pay the Defendant's attorney's fees and costs and order any further relief it deems just and proper.

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED
BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

By: /s/ Matthew L. Schulis
Matthew L. Schulis, Esquire

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of Albertelli's Motion for Sanctions and Attorney's Fees was furnished via email/ eServe and/or U.S. Mail this  21st  day of July, 2014 to the following.

By: /s/ Matthew L. Schulis
Matthew L. Schulis, Esquire
Florida Bar Number: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623
Tel: (813) 221-4743x 2621
Fax: (813) 221-9171
eService: servealaw@albertellilaw.com

**Service List**

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com