

FILED by _____ D.C.

AUG 07 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 9:14-cv-80009-KLR

**John Pinson,**

     Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

A Florida LLC,

     Defendant    /

_____

### PLAINTIFF PRO SE'S RESPONSE IN OPPOSITION
### TO DEFENDANTS MOTION FOR SANCTIONS & ATTORNEY'S FEES
### PURSUANT TO 15 U.S.C. §1692(k)(3) AND FLA. STAT. §57.105

**COMES NOW** the Plaintiff John Pinson, *pro se*, who hereby submits his response to the Motion for Sanctions & Fees ("MTD") pursuant to 15 U.S.C. §1692(k)(3) and FLA. STAT. §57.105 filed by the Defendants Albertelli Law Partners LLC ("ALP") and James E Albertelli PA ("JEA"),  and in support of his opposition the Plaintiff, *pro se*, states as follows:

### BACKGROUND

1.  On January 6, 2014, Plaintiff filed his Complaint (DE 1) alleging that Defendant ALP violated the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq. and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559 et seq. Defendant filed a Motion to Dismiss (DE 9), which was denied as moot following the filing of, as a matter of course, Plaintiffs Amended Complaint (DE 21) wherein Plaintiff joined additional Defendant JEA and supplemented factual statements. Defendants filed its renewed motion to dismiss (DE 22), and Plaintiff timely filed his Response in Opposition (DE 25). The U.S. Magistrate Judge entered a Report and Recommendation (DE 29) that Defendant's Motion to Dismiss (DE 22) be GRANTED. Plaintiff timely filed his Objections (DE 30).

2.  On July 21, 2014, Defendant filed its Motion for Attorney Fees (DE 31) and on July 30, 2014, the Court entered its Order (DE 32) Adopting the Report and Recommendation.

3.  Plaintiff opposes and objects Sanctions and Attorney Fees, and requests judicial notice of facts where Defendant failed to conduct a reasonable investigation in Pacer.gov.

## PROCEDURAL DISCUSSION

4. Defendants Motion for Sanctions & Attorney Fees (DE 32) is confusing, deficient, and contains multiple misrepresents of adjudicated facts. Plaintiff shall request judicial notice to simplify fact proof for judicial efficiency. It is confusing because it contains two (2) motion in one (1). Further, it is unclear what Authority for Sanctions that Defendants seek relief under: 28 U.S.C. § 1927; FLA. STAT. §57.105; or, the Courts inherent power to sanction. Moreover, the Attorney Fees motion is deficient for the following reasons:

5. First. The motion fails to identify the items required in Local Rule 7.3(a)(2-7). Therefore, because of this lacking Plaintiff cannot "describe with reasonable particularity each time entry or nontaxable expense to which [he] objects, both as to issues of entitlement and as to amount". *See* Local Rule 7.3(a).

6. Second. The attorney fees motion is "premature". Local Rule 7.3(a)(1) states in part that a Motion for Attorney Fees is to be "be filed within sixty (60) days of the entry of the final judgment or order giving rise to the claim". Here Defendant filed its attorney fee motion nine (9) days before the entry of the Order (DE 32) Adopting the Report and Recommendation, contrary to Local Rule 7.3(a)(1).

7. Third. The FLA. STAT. §57.105 motion "must be served but may not be filed with or presented to the court [], within 21 days after service of the motion" *see* FLA. STAT. §57.105(4). The attached "Exhibit A" shows Defendants letter to Plaintiff, USPS Certified #7014-0510-0002-0452-2739, dated June 30, 2014. The attached "Exhibit B" shows the USPS Certified letter received, and "served" on the *pro se* on July 2, 2014. Further, this Court Ordered (DE 18), on March 24, 2014, "Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail" (DE 18). Thus, the Defendants filed with the Court their Motion for Attorney Fees nineteen (19) days after serving Plaintiff, contrary to FLA. STAT. §57.105(4).

8. Fourth. Local Rule 7.1(a)(3)(A) states in part "Within twenty-one (21) days of service of the draft motion, the parties shall confer". No conference was held between the parties despite the signed Certification to the Court (DE 31 page 6) by Defendants Counsel that a conference occurred.

9. Plaintiff objects to these aforementioned procedural deficiencies, false representation of Defendant, and asserts sanctions and attorney fees are improper on motion of the Defendant.

## MEMORANDUM OF LAW

### I. This Court should deny Defendant's motion for sanctions for the following reasons:

10. Plaintiff did not multiply the proceedings unreasonably and vexatiously. 28 U.S.C. §1927; *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). The Defendant motion fails to show any vexatious act or how Plaintiff might have multiplied the proceedings. Initial pleadings should not considered because proceedings cannot be multiplied until the case is ongoing. "As the plain statutory language makes clear, § 1927 is not a "catch-all" provision for sanctioning objectionable conduct by counsel." *Peterson v. BMI Refractories*, 124 F. 3d 1386 (11th Cir. 1997).

11. The record fails to support that Plaintiff's conduct in this case was tantamount to bad faith to warrant sanctions under 28 U.S.C. § 1927. The Report and Recommendation did not find plaintiff multiplied proceedings or acted vexatiously. "Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case." *McMahan v. Toto*, 256 F. 3d 1120 (11th Cir. 2001)

12. Plaintiff's complaint (DE 1) was amended (DE 19) as a matter of course in response to defendant's motion to dismiss (DE 9) alleging ALP was an improper party. Additionally, because Defendant failed to serve filings upon Plaintiff by mail, the pro se moved (DE 15) and an Order (DE 18) was granted that Defendant serve Plaintiff by mail. Plaintiff properly objected to the Report and Recommendation (DE 29) because "Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein." (DE 29, page 10) Plaintiff may take issue with the Courts fact determination of "animating purpose" on appeal. "In order for § 1927 to be applicable, there must be a causal connection between the objectionable conduct of counsel and multiplication of the proceedings. Under the plain statutory language, objectionable conduct — even "unreasonable and vexatious" conduct — is not sanctionable unless it results in proceedings that would not have been conducted otherwise." *See Peterson v. BMI Refractories*, 124 F. 3d 1386 (11th Cir. 1997).

13. Plaintiff's conduct was not in bad faith, for willful disobedience of a court order, or for fraud on the court; therefore, the use of the Court's inherent power to sanction is unwarranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1131-32 (9th Cir. 2008).

14. A court may appropriately sanction a party or attorney who "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n. 14, 98 S.Ct. 2565, 2573 n. 14, 57 L.Ed.2d 522 (1978). However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion. *Chambers v. Nasco, Inc.*, 501 US 32 – S.C. (1991) at 2132.

15. Plaintiff did not negatively affect the Court's docket, decrease judicial efficiency, or file frivolous filings. *See Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007).

16. Under FLA. STAT. § 57.105, in order to award attorney's fees against a losing party, there must be a showing that the claim was so clearly devoid of merit both on the facts and the law as to be completely untenable and frivolous. *See Berman & Feldman v. Winn Dixie, Inc.*, 684 So.2d 320, 322-23 (Fla. 4th DCA 1996); *See also Strothman v. Henderson Mental Health Ctr., Inc.*, 425 So.2d 1185 (Fla. 4th DCA 1983). This is a heavy burden. *See Brockway v. Town of Golfview*, 675 So.2d 699 (Fla. 4th DCA 1996).

17. For Fla. Stat. § 57.105 "the touchstone is whether the lawyer acted in "good faith." And a good faith standard is not a simple negligence standard; good faith focuses on honesty, sincerity, and a lack of recklessness." *Schwartz v. Millon Air, Inc.*, 341 F. 3d 1220 (11th Cir. 2003). Plaintiff's complaint was not found to be frivolous or reckless in the Report and Recommendation. (DE 29). Recklessness "mean[s] a gross deviation from conduct that might be reasonable in the circumstances. *Schwartz v. Millon Air, Inc.*, 341 F. 3d 1220 (11th Cir. 2003)

18. As a general rule, an award of fees against a plaintiff under section 57.105, Florida Statutes (1991), is not authorized unless the plaintiff's action was frivolous at its inception. *See State, Department of Health & Rehabilitative Servs. v. Thompson*, 552 So.2d 318 (Fla. 2d DCA 1989).

19. The plaintiffs presented arguments in his complaint, amended complaint, Opposition to dismissal and objection to R&R that were not frivolous. The plaintiff did not prevail, but he made his arguments in good faith. In other words, he presented a justiciable issue of law. "Merely losing, either on the pleading or by summary judgment, is not enough to invoke the operation of the statute." *Whitten v. Progressive Casualty Ins. Co.*, 410 So.2d 501, 506 (Fla. 1982), disapproved on other grounds, *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

20. Because the Plaintiff possessed competent evidence prior to filing this lawsuit, then this complaint was well grounded. Plaintiff appended the evidence to his complaint (DE 1). Thus, because there was evidence in the record to support the Plaintiffs theory, their claim cannot be said to be so completely and clearly lacking in merit as to be untenable.

**II. This Court should deny Defendant's motion for attorney fees for the following reasons:**

21. FDCPA 15 U.S.C. §1692(k)(3) states in part "a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Here the Plaintiff did not bring suit in bad faith or to harass the Defendant.

22. Fla. Stat. § 559.77(2) states in part "If the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant." Here, Plaintiff appended fact evidence to his complaint, and the Report and Recommendation (DE 29) states "the Complaint is sufficiently clear to allow an evaluation of the substance of Plaintiffs claims".

23. In light of Florida's strong policies favoring access to the courts, [Courts] have interpreted section 57.105 to provide a remedy only in cases in which the plaintiff's complaint is completely untenable. *See Barber v. Oakhills Estates Partnership*, 583 So.2d 1114 (Fla. 2d DCA 1991). Even if a portion of a lawsuit is frivolous, an award of attorneys' fees is not appropriate against a plaintiff so long as the complaint alleges some justiciable issue. *Muckenfuss v. Deltona Corp.,* 508 So.2d 340 (Fla. 1987). *See Huie v. DENT & COOK, PA*, 635 So. 2d 111 (Fla 2nd D.C.A. 1994)

24. Because there was evidence in the record to support the Plaintiffs theory, their claim cannot be said to be so completely and clearly lacking in merit as to be untenable, and the record fails to show bad faith or harassment as the pro se has complied with all rules and order issued by the court.

25. Even if the Court determines that sanctions are appropriate, the sanctions of Attorney Fees are not justified. There is no direct relationship between Plaintiff's conduct and the sanctions sought. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be

construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

26. Even if the Court determines that sanctions are appropriate, Plaintiff is likely unable to pay the sanctions. Sanctions will create an undue burden for consumer Plaintiff. "[I]n *Hughes v. Roe*, 449 U.S. 5, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), the Supreme Court reaffirmed the principle that " [t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *See Jones v. Texas Tech University*, 656 F. 2d 1137 (5th Cir. 1981).

**III. This Court should take Judicial Notice of Adjudicated facts found on pacer:**

27. Plaintiff takes issue with propositions put forward in ¶9-16 of the instant motion.

28. In its Motion for Sanctions & Attorney Fees (DE 31) the Defendant puts forward as fact decisions that can easily be found on pacer.gov to be contrary to Defendants assertions. It can be construed that counsel for the Defendants failed to conduct a reasonable investigation into these facts before drafting and affixing his signature to the motion (DE 31), and thus casting False Light on plaintiff.

29. Defendant asserts Plaintiff has filed six (6) FDCPA lawsuits (DE 31 ¶9, 12), whereas the record will show Plaintiff has filed five (5).

30. Defendant asserts three (3) of Plaintiff's FDCPA cases have resulted in summary Judgment (DE 31 ¶ 9), whereas the record will show NONE of Plaintiff's FDCAP suits resulted in Summary Judgment.

31. Defendant asserts one (1) of Plaintiff's FDCPA cases was settled, whereas the record will show two (2) were settled, and further one (1) active case was partially settled.

32. Defendant asserts four (4) of Plaintiffs FDCPA cases were "found to be meritless and frivolous" (DE 31 ¶11), whereas the record shows NONE found to be meritless and frivolous.

33. Defendant asserts Case no.: 9:13-cv-80720-KAM, *Pinson v. JPMorgan Chase Bank N.A. et al.* is similar, but fails to note that Plaintiff has settled with Defendant *Law Offices of Marshall C. Watson, P.A.*, a known foreclosure mill shut down by the attorney general of Florida and its head attorney having his law license suspended by Florida's Supreme Court.

34. To provide judicial efficiency in proving facts Plaintiff requests Judicial Notice.

## REQUEST FOR JUDICIAL NOTICE

35. A court has the authority to take judicial notice of adjudicative facts. The court can take judicial notice of facts that are not subject to reasonable dispute if the facts either (1) are generally known within the court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995); *see Dippin' Dots, Inc. v. Frosty Bites Distrib.*, 369 F.3d 1197, 1204-05 (11th Cir. 2004).

36. A court must take judicial notice of a fact if a party properly requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). What follows is the necessary information for this Court to take judicial notice of the requested facts which are quickly and easily found on pacer.gov:

37. Plaintiff asks the Court to take judicial notice of facts, as authorized by Federal Rule of Evidence 201.

38. Case no.: 9:13-cv-80267-JIC, *Pinson v. Zwicker & Associates, P.C.*: Notice of Settlement (DE 9); Stipulation of dismissal (DE 10); Order Closing Case (DE 11).

39. Case no.: 9-12-cv-80675-WJZ, *Pinson v. Midland Funding LLC et. al.,*: as to Midland Defendants only, Notice of Settlement (DE 53); Joint Stipulation of Dismissal (DE 54); Final Order of Dismissal as to *Defendants Midland Funding LLC, Midland Credit Management Inc, and Encore Capital Group Inc.* (DE 69); and as to Sprechman Defendants, Notice of Settlement (DE 75); Joint Stipulation of Dismissal (DE 76); Final Order of Dismissal as to *Defendants Sprechman & Associates, P.A., Steven B. Sprechman, Scott E. Modlin, and Linda E. Singer.* (DE 77).

40. Case no.: 9:13-cv-80720-KAM, *Pinson v. JPMorgan Chase Bank N.A. et al.*, as to Defendant Law Offices of Marshall C. Watson, P.A., Notice of Settlement (DE 35); Notice of Dismissal (DE 46); Order dismissing *Law Offices of Marshall C. Watson, P.A.*(DE 47); as to other defendants, ORDER denying without prejudice Motion to Dismiss (DE 49).

41. Case no.: 9-12-cv-81158-KAM, *Pinson v. Wagner & Hunt P.A. et. al.*, OPINION AND ORDER denying Motion to Dismiss (DE 18). This case in in discovery phase.

42. Case no.: 9:14-CV-80009-KLR, *Pinson v. Albertelli, et al.*, the instant matter.

43. The fact references in ¶36-40 and found on pacer.gov should be taken into consideration by this Court as they unquestionably controvert the assertions of Defendant in the Motion for sanctions & Attorney Fees ¶9-16 (DE 29).

44. Though Sanctions are available against an Attorney who fails to make a reasonable investigation into the facts, the Bar Rules of Professional Conduct are clear: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person" (RULE 4-4.1) "a lawyer shall not use means that have no substantial purpose other than to embarrass" (RULE 4-4.4(a)).

45. Plaintiff notes "There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated." *Peterson v. BMI Refractories*, 124 F. 3d 1386 (11th Cir. 1997).

46. The party seeking sanctions bears the burden of showing that the claim is clearly devoid of merit both on the facts and the law as to be completely untenable and frivolous. *Pappalardo v. Richfield Hospitality Services, Inc.*, 790 So. 2d 1226, 1228 (Fla. 4th DCA 2001). As Court records will show by Judicial Notice, none of plaintiff's other lawsuits have been dismissed or found frivolous, untenable, meritless, in bad faith, or to harass. If this case is finally dismissed, it will ultimately be the first, and Plaintiff may appeal the decision.

## CONCLUSION

47. The Motion for Sanctions & Attorney Fees (DE 29) is procedurally defective. Defendant asserted clearly false facts. Plaintiff has requested Judicial Notice of facts on pacer.gov to unquestionably controvert Defendants false assertions. Because the premature motion filed contained false facts and cast false light on Plaintiff, Plaintiff was prejudiced by this motion prior to final disposition, thus the motion should be denied.

48. None of plaintiff's lawsuits have been found frivolous, reckless, meritless, in bad faith, or to harass. Defendant has failed to show how Sanctions or Attorney Fees are appropriate, thus the motion should be denied.

49. Because the Plaintiff possessed competent evidence prior to filing this lawsuit, then this complaint was well grounded. Plaintiff appended the evidence to his complaint (DE 1). Thus, because there was evidence in the record to support the Plaintiffs theory, his claim cannot be said to be so completely and clearly lacking in merit as to be untenable, therefore the motion should be denied.

**WHEREFORE**, Plaintiff *pro se* respectfully requests that this honorable Court enter an order denying the Defendants Albertelli Law Partners LLC and James E Albertelli PA's Motion for Sanctions & Fees pursuant to 15 U.S.C. §1692(k)(3) and FLA. STAT. §57.105, and for any other relief deemed equitable and just.

Dated: August 7, 2014                          Respectfully Submitted,

John Pinson, *pro se*
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed August 7, 2014

John Pinson

## Service List

Rubina K. Shaldjian, Esq.
rshaldjian@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel. 813-221-4743 x1508
Fax. 813-221-9171
*Attorney for Defendant:*
Albertelli Law Partners LLC

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendant:*
James E Albertelli PA

5 pages attached "Exhibit A + B"

CASE NO.: 9:14-cv-80009-KLR

# "Exhibit A"

John Pinson vs. Albertelli Law Partners LLC



# ALBERTELLI LAW
## ATTORNEYS AND COUNSELORS AT LAW
### PO Box 23028
### TAMPA, FLORIDA 33623

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
ANDREW L. FIVECOAT, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171

www.AlbertelliLaw.com

June 30, 2014

<u>**VIA CERTIFIED MAIL (#70140510000204522739)**
**& EMAIL (JOHN@PINSON.COM)**</u>

Mr. John Pinson
526 Westwood Road
West Palm Beach, FL 33401

Re: **FORMAL STATUTORY DEMAND TO WITHDRAW FRIVOLOUS OBJECTION OR ALTERNATIVELY FOR PAYMENT OF ATTORNEY'S FEES AND COSTS**
Pinson v. Albertelli Law Partners LLC
Case No.: 9:14-cv-80009-KLR
Our File Number: 14-128384

Dear Mr. Pinson:

Please find enclosed a copy of Albertelli Law Partners, LLC's ("Albertelli") Motion for Sanctions. The Motion addresses your factually and legally meritless claims set forth in the Complaint. This letter shall serve as formal notice pursuant to 15 U.S.C. §1692(k), and Fla. Stat. §57.105 of the Defendant, Albertelli Law's demand that you immediately withdraw your Objection to Magistrate Judge's Report & Recommendation or alternatively for payment of attorney's fees and costs.

If the Objection to Magistrate Judge's Report & Recommendation is withdrawn within the next 21 days (before July 21, 2014 at 5:00PM), Albertelli will not file the attached motion and will not seek attorney's fees or damages. If the Objection is not withdraw before July 21, 2014 at 5:00PM the attached motion will be promptly filed.

Should you continue to pursue these meritless and baseless claims, Albertelli will seek to recover damages to the fullest extent allowable under the law.

**TAMPA**
*Licensed in Florida and Georgia

JACKSONVILLE

ATLANTA



Please feel free to contact my office with any questions or concerns.

Sincerely,

Matthew L. Schulis, Esq.
For the Firm

Enclosure(s)

MLS – 14-128384



CASE NO.: 9:14-cv-80009-KLR

# "Exhibit B"



John Pinson vs. Albertelli Law Partners LLC

USPS.com® - USPS Tracking™ 

English          Customer Service          USPS Mobile                                              Register / Sign In

**≋USPS.COM®**

Search USPS.com or Track Packages     Subr

Quick Tools              Ship a Package        Send Mail        Manage Your Mail      Shop         Business Solutions

## USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

Tracking Number: 70140510000204522739

## Product & Tracking Information

**Postal Product:**          **Features:**
                             Certified Mail™

### Available Actions

**Text Updates**

**Email Updates**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **July 2, 2014 , 2:23 pm** | Delivered | **WEST PALM BEACH, FL 33401** |

Your item was delivered at 2:23 pm on July 2, 2014 in WEST PALM BEACH, FL 33401.

| | | |
|---|---|---|
| July 2, 2014 , 12:20 am | Departed USPS Facility | WEST PALM BEACH, FL 33416 |
| July 1, 2014 , 3:35 pm | Arrived at USPS Facility | WEST PALM BEACH, FL 33416 |
| July 1, 2014 , 1:44 am | Departed USPS Facility | TAMPA, FL 33630 |
| June 30, 2014 , 9:43 pm | Arrived at USPS Facility | TAMPA, FL 33630 |

## Track Another Package

**What's your tracking (or receipt) number?**

Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

≋USPS.COM®    Copyright© 2014 USPS. All Rights Reserved.

5/5