UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80009-Civ-Ryskamp/Hopkins

JOHN PINSON,

        Plaintiff,

vs.

ALBERTELLI LAW PARTNERS, LLC,
A Florida LLC,

        Defendant.
_____/



## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES (DE 31)

**THIS CAUSE** is before this Court upon an Order referring Defendant's Motion for Sanctions and Attorney's Fees (DE 31) to the undersigned United States Magistrate Judge[1] (DE 33). Presently before the Court is Defendant's Motion (DE 31) and Plaintiff's Response (DE 34). Defendant did not file a Reply and the time to do so has expired. This matter is now ripe for this Court's review.

For the reasons that follow, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Sanctions and Attorney's Fees (DE 31).

---

[1] Defendant's Motion was referred for final disposition (DE 33), but based on the case law and in an abundance of caution, the undersigned submits this Report and Recommendation. *See, e.g., Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993) (finding that the magistrate judge lacked authority to enter final judgment on post judgment motion for attorney's fees because such a motion is neither pretrial nor non-dispositive); *Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995); *United States v. Collins*, 141 F. App'x 135, 136 (4th Cir. 2005).

## BACKGROUND

*Pro se* Plaintiff brought suit against Defendant alleging violations of several provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559 *et seq.* (DE 19). Plaintiff claimed that Defendant improperly attempted to collect on an alleged debt and made false assertions of ownership in relation to that debt in two letters Plaintiff received from Defendant (DE 19). Because neither letter constituted an attempt to collect on a debt as defined by case law, the undersigned issued an eleven-page Report and Recommendation recommending that the District Court dismiss Plaintiff's Amended Complaint for failure to state a claim (DE 29). The District Court adopted the Report and Recommendation, and dismissed Plaintiff's Amended Complaint with prejudice (DE 32).

Prior to the District Court's adoption of the Report and Recommendation, Defendant filed the instant Motion for Sanctions and Attorney's Fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 57.105$^2$ (DE 31). Therein, Defendant contends that it is entitled to its attorney's fees because Plaintiff's case was frivolous, meritless, and filed in bad faith. In support of its assertion, Defendant describes several other lawsuits initiated by Plaintiff which have allegedly been similarly unsuccessful.

In response, Plaintiff raises several procedural deficiencies related to Defendant's Motion, and also disagrees with Defendant's descriptions of his other lawsuits. Because the undersigned finds, for the reasons stated below, that an attorney's fees award is not warranted on the merits, a discussion of the procedural deficiencies is unnecessary.

---

$^2$ "Attorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1478, n.11 (11th Cir. 1992).

## **DISCUSSION**

The goal of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *See* 15 U.S.C. § 1692(e). The FDCPA also serves to protect debt collectors from frivolous litigation insofar it allows courts to award reasonable attorney's fees to debt collector defendants upon a finding that a plaintiff's suit is "brought in bad faith and for the purpose of harassment." *See* 15 U.S.C. § 1692k(a)(3). Fla. Stat. § 57.105[3] is similarly designed "to discourage baseless claims, stonewall defenses, and sham pleadings in civil litigation by placing a price tag through attorneys' fees awards on losing parties who engage in such activities." *United Companies Fin. Corp. v. Hughes,* 460 So. 2d 585, 587 (Fla. Dist. Ct. App. 1984).

"The Eleventh Circuit has not interpreted the meaning of 'in bad faith and for the purposes of harassment' with respect to § 1629k(a)(3)." *See Montero-Hernandez v. Palisades Collection, LLC*, 2014 WL 505119, *5 (M.D. Fla. Feb. 7, 2014); *see also Black v. Equinox Fin. Mgmt. Solutions, Inc.,* 444 F. Supp. 2d 1271, 1275 (N.D. Ga. 2006). Nevertheless, "the hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment.'" *Black,* 444 F. Supp. 2d at 1275 (citing *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir. 1985)). Likewise, under Fla. Stat. § 57.105, the losing party's action must have been "frivolous,"

---

[3] Fla. Stat. § 57.105(1) provides that "the court shall award a reasonable attorney's fee" if the court finds that the losing party "knew or should have known that a claim or defense was either "not supported by the material facts necessary to establish the claim or defense," or "would not be supported by the application of then-existing law to those material facts."

or "so clearly devoid of merit, both on the facts and on the law, as to be completely untenable." *See Hughes*, 460 So. 2d at 587.

Despite the fact that Plaintiff ultimately lost this case, "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe,* 449 U.S. 5, 15 (1980). The subtlety of the legal issues in this case was addressed in some detail in the Report and Recommendation (DE 29), thus indicating that Plaintiff's suit was not brought "without hope of succeeding," and his arguments were not "clearly devoid of merit." *See Black*, 444 F. Supp. 2d at 1275; *Hughes*, 460 So. 2d at 587; *see also Acosta v. Campbell*, 2009 WL 4639704 (M.D. Fla. Dec. 4, 2009) (denying a request for attorney's fees pursuant to the FDCPA and FCCPA in part because the plaintiff made "at least a colorable—albeit losing argument" as evidenced by a detailed analysis of plaintiff's argument by the Eleventh Circuit Court). Furthermore, whether Plaintiff has initiated several similar yet unsuccessful lawsuits is not dispositive to a finding of bad faith in *this* case. *See Stanley v. Ideal Collection Servs., Inc.,* 2013 WL 4496501, *4 (S.D. Fla. Aug. 20, 2013) (stating that although the plaintiff may have lied about filing other similar lawsuits, the defendant "failed to establish that *this lawsuit* was brought in bad faith or for harassment").

On this record, the Court has no basis from which to conclude that Plaintiff's actions were taken in bad faith rather than under a misunderstanding of the law. Accordingly an award of attorney's fees is not warranted under either the FCDPA or Fla. Stat. § 57.105.

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion for Sanctions and Attorney's Fees (DE 31).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); *see also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and ORDERED** this 27 day of August, 2014, at West Palm Beach in the Southern District of Florida.

JAMES M. HOPKINS,
UNITED STATES MAGISTRATE JUDGE