# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT



ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Douglas J. Mincher
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 07, 2015

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  14-13900-CC
Case Style: John Pinson v. Albertelli Law Partners LLC, et al
District Court Docket No: 9:14-cv-80009-KLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

_____

No. 14-13900

_____

District Court Docket No.
9:14-cv-80009-KLR

JOHN PINSON,

Plaintiff - Appellant,

versus

ALBERTELLI LAW PARTNERS LLC,
a Florida LLC,
JAMES E. ALBERTELLI PA,
a Professiional Association,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: July 09, 2015
For the Court: Douglas J. Mincher, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE 08/07/2015

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13900
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-80009-KLR

JOHN PINSON,

Plaintiff-Appellant,

versus

ALBERTELLI LAW PARTNERS LLC,
a Florida LLC,
JAMES E. ALBERTELLI PA,
a Professional Association,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This case is stems from a series of letters sent from John Pinson to James E. Albertelli, P.A. ("Albertelli")[1] and from Albertelli and Chase Bank to Pinson concerning Pinson's delinquent mortgage loan.  Albertelli informed Pinson that the loan was in default and the amount due as of January 1, 2014, amounted to $224,061.56.  After receiving Albertelli's two December 24, 2013, letters stating that the amount required to cure the default was $43,597.36, Pinson, proceeding *pro se*, brought this lawsuit on January 6, 2014, seeking damages and other relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, 1692a–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla.Stat. §§ 559.55–.785.

The District Court, adopting the Report and Recommendation of the Magistrate Judge, dismissed Pinson's amended complaint under Federal Rule of Civil Procedure 12(b)(6) without leave to amend.  Doc. 32.  The court did so on the ground that the

> "animating purpose" of the . . . letters sent by Defendant to Plaintiff
> [on August 13 and December 24, 2013] was to respond to Plaintiff's
> own requests, not to demand payment.  Consequently, these letters
> do not constitute an attempt to collect on a debt, and therefore,

---

[1]  James E. Albertelli, P.A., has appeared for the named defendants, Albertelli Law Partners LLC and James E. Albertelli P.A., stating that the named defendants are James E. Albertelli, P.A.  We consider the named defendants as such.

> neither the FDCPA nor the FCCPA applies.  Because neither Act
> applies, Plaintiff has failed to state a cause of action, and his
> Complaint should be dismissed.

Doc. 29 at 9 (citations omitted).  Pinson now appeals the dismissal of his amended complaint.  He argues that the District Court erred in dismissing his amended complaint because it stated a claim for relief sufficient to withstand a Rule 12(b)(6) motion to dismiss; the letters of August 13 and December 24, 2013, indicate on their face that they were sent for the purpose of collecting a debt, and they failed to contain certain required disclosures.  He also argues that the district court erred by denying him leave to amend his complaint.

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  "That means in order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).  In its initial communication, a debt collector must disclose that it "is attempting to collect a debt and that any information obtained will be used for that purpose."  15 U.S.C. § 1692e(11).  In subsequent communications, it must disclose that it is a debt collector.  *Id.*  "The Act provides no definition of initial communication (i.e., the required validation notice) although it does define

3

communication: 'the conveying of information regarding a debt directly or indirectly to any person through any medium.'"  *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2013) (quoting 15 U.S.C. §1692a(2)).

In *Caceres*, we noted that, when determining whether a communication is "in connection with the collection of any debt," courts should look to the language of the letters in question, specifically to statements that demand payment, discuss additional fees if payment is not tendered, and disclose that the law firm was attempting to collect a debt and was acting as a debt collector.  *Caceres*, 755 F.3d at 1302; *see also Reese*, 678 F.3d at 1217.  A communication can have more than one purpose, for example, providing information to a debtor as well collecting a debt.  *Caceres*, 755 F.3d at 1302; *see also Reese*, 678 F.3d at 1217.  A demand for payment need not be express; there may be an implicit demand for payment where the letter states the amount of the debt, describes how the debt may be paid, provides the phone number and address to send payment, and expressly states that the letter is for the purpose of collecting a debt.  *Caceres*, 755 F.3d at 1303 & n.2.

We conclude that Albertelli's August 13 letter was not sent in connection to the collection of a debt, but its two December 24 letters were.  The August 13 letter acknowledged receipt of Pinson's "Request for Validation" of his loan, informed him that the firm was preparing payoff and reinstatement letters, and asked him to re-send an attachment that had been omitted from his first letter.  There was no

reference to the amount owed, no implicit or explicit demand for payment, and no discussion of the repercussions if payment was not tendered.  The intent of the letter was to obtain the form that Pinson forgot to attach; it was not an attempt to collect a debt.  *See Caceres*, 755 F.3d at 1303 & n.2.  Further, because the actual letter in question was attached to the complaint, an amendment would not cure this deficiency.  Accordingly, with respect to this first letter, the District Court correctly dismissed Pinson's complaint and denied him leave to amend.  *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

The December 24 letters, however, are different.  Each contained an implicit demand for payment, because they stated the amount of the debt, described how the debt could be paid, and informed Pinson how he could tender payment.  *See Caceres*, 755 F.3d at 1303 & n.2.  One letter stated that fees and costs would continue to be assessed until the loan delinquency was cured, and the other stated that the amount owed would continue to increase if Pinson failed to reinstate the loan immediately.  *See Reese*, 678 F.3d at 1217.  Both letters expressly indicated that they were written in an attempt to collect a debt.  *See id.*  Accordingly, these letters were communications sent in connection with the collection of a debt, and the District Court erred in dismissing Pinson's complaint in this respect.

In sum, we affirm the District Court's order dismissing Pinson's amended complaint with respect to the August 13 letter, but reverse the order with respect to the two December 24 letters, and remand the case for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.