UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:14-cv-80009-KLR

John Pinson,

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

A Florida LLC,

    Defendant    /



FILED BY _____ D.C.
SEP 10 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - WPB

### PLAINTIFF *PRO SE'S* MOTION TO EXTEND TIME UNDER RULE 6(B)

Plaintiff pro se, John Pinson, respectful requests the Court to extend the time to file his second amended complaint, as authorized by FRCP Rule 6(b), by two (2) days.

1. On August 7, 2015, The Eleventh Circuit issued a Mandate and remanded this case to the District Court for further proceedings. On August 25, 2015, the District Court issued a paper Order [DE 44] to open the case and for Plaintiff to file an amended complaint.

2. Plaintiff pro se was required to file an amended complaint within 14 days of the order which was dated August 25, 2015; no specific due date was listed.

3. Plaintiff filed this motion to extend time two (2) days after the deadline promptly after he became aware of the need for additional time.

4. A court may grant a motion to extend time filed after the deadline if the motion shows proof of good cause and if the failure to act timely was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); In re Cendant Corp. Prides Litig., 233 F.3d 188, 195-96 (3d Cir. 2000). In determining whether there is excusable neglect, a court should consider the following: (1) the prejudice to the nonmovant, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay and whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Yesudian v. Howard Univ., 270 F.3d 969, 971 (D.C. Cir. 2001); see Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 395 (1993).

5. The Court should grant Plaintiff's request for an extension of time to file his second amended complaint until September 10, 2015, for the following reasons:
   a. Defendants' are not prejudiced by the extension of time. Defendants have the full time under the rules to respond to the amended complaint.
   b. The delay in filing his amendment has not been unreasonable. Plaintiff pro se filed this motion promptly on realizing the need for additional time. The delay of two days should not inconvenience to the Court.
   c. Any potential impact of the delay on the judicial proceedings is not significant. At this stage, the Court should not have to rearrange its busy schedule. Plaintiff acts in good faith to minimize any inconvenience.
   d. The reason for the delay was beyond Plaintiff's control.

      Plaintiff did not have control over impending hurricane Erica that captured local attention around August 26 with threat of impact on August 30. Plaintiff diligently prepared for the storm and secured his and other immediate family members property. After this rushed exertion the Plaintiff became ill with severe flu for several days.

      Though the Order was entered on August 25, the postmark on the envelope is dated August 26 (see attached Exhibit A). Pro se parties are prohibited from participating in the CM/ECF system and as such Plaintiff relies on the US mail for receipt and notification of case filings. The letter arrived days later.

      Because of the storm preparations, his mail carelessly went into a pile and then because of inadvertently becoming ill the Plaintiff did not review his mail until he had recovered. Moreover, because the case was closed during the appeal, the Order to amend came as a sudden surprise to the pro se, and when the letter was eventually opened a considerable time had already passed.

      The pro se Plaintiff focused on drafting his amended complaint, and did not realized the deadline passed. He only opened the letter and read the Order after being distracted preparing for the storm and then suffering an illness, the pro se mistakenly believed he was in the allowed time.
   e. The Plaintiff has acted in good faith. The Plaintiff was mistaken in belief of when the amendment was due. Realizing the deadline passed Plaintiff promptly submitted this motion along with his amended complaint for review by this Court.

6. Plaintiff's two day delay in filing was the result of excusable neglect and circumstances beyond his control. No party will be prejudiced by grant of this motion and the impact on the Court should be minimal. Plaintiff acts promptly in good faith.

### CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel by telephone on September 10, 2015 but could not reach them. Based on the urgency in submitting this motion Plaintiff could not determine if Defendants opposed.

**WHEREFORE**, based on the above, Plaintiff respectfully requests this Honorable Court to issue an Order granting this motion to extend the time to file the amended complaint through and including September 10, 2015 and to review the amended complaint filed in with this motion; and any other relief as deemed equitable and just.

Dated: September 10, 2015

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 10, 2015

John Pinson

"Exhibit A"
Attached
1 page

### Service List

| | |
|---|---|
| Rubina K. Shaldjian, Esq. | Matthew L. Schulis, Esq. |
| rshaldjian@albertellilaw.com | mschulis@albertellilaw.com |
| Albertelli Law | Albertelli Law |
| P.O. Box 23028 | P.O. Box 23028 |
| Tampa, FL 33623 | Tampa, FL 33623 |
| Tel. 813-221-4743 x1508 | Tel: 813-221-4743x 2621 |
| Fax. 813-221-9171 | Fax: 813-221-9171 |
| *Attorney for Defendant:* | *Attorney for Defendant:* |
| Albertelli Law Partners LLC | James E Albertelli PA |
| | Albertelli Law Partners LLC |

ecommendation indicated that the letters did not

d the report and recommendations and granted

ce [DE 32]. However, the Eleventh Circuit

not sent in connection to the collection of a debt,

ons sent in connection with the collection of a

that this Court erred in dismissing Plaintiff's

letters.

rder in part [DE 32] adopting the report and

h respect to the December 24 letters, the case will

laint regarding such letters within fourteen (14)

ected to **OPEN** this case.

s at West Palm Beach, Florida this 25 day of

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

"EXHIBIT A"
TO MOTION TO EXTEND TIME

(1/1)