# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 9:14-cv-80009-KLR



John Pinson,

       Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

a Florida LLC; and,

**JAMES E ALBERTELLI PA,**

a Florida Professional Association,

       Defendants/

### TRIAL BY JURY DEMANDED

## PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT

Plaintiff, John Pinson, hereby sues Defendants: Albertelli Law Partners LLC; and, James E Albertelli PA, for his Complaint and does allege:

## PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI); and for declaratory and injunctive relief.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.

3. Plaintiff contends that the Defendants violated such laws by repeatedly and continued harassing of Plaintiff in attempts to collect an alleged but nonexistent debt and knowingly making false assertions of ownership in relation to the alleged debt.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, 28 U.S.C § 1337, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Jurisdiction arises from a Federal question.

6. All conditions precedent to the bringing of this action have been performed.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

8. Venue is proper because Plaintiff lives in Palm Beach County, Florida and Defendant's acts in that county gave rise to the cause of action asserted herein.

9. Venue is proper in the Southern District of Florida.

10. This is an action for damages under $15,000.00

## PARTIES

11. The Plaintiff in this lawsuit is John Pinson ("Pinson"), a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

12. Defendant Albertelli Law Partners LLC ("ALP"), upon information and belief is a Florida LLC authorized to do business in and is a citizen of the State of Florida.

13. Defendant James E. Albertelli PA ("JEA"), upon information and belief is a Florida Professional Association authorized to do business in and is a citizen of the State of Florida.

14. Collectively "DEFENDANTS".

15. Defendant ALP is a law firm in the business of collecting debts.

16. Defendant JEA is a law firm in the business of collecting debts.

17. DEFENDANTS are "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

18. DEFENDANTS are "debt collectors" as it relates to 15 U.S.C. § 1692f(6).

19. DEFENDANTS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

20. DEFENDANTS regularly collects or attempts to collect debts for other parties.

21. DEFENDANTS regularly collects or attempts to collect debts from consumers.

22. At all times material to the allegations of this Complaint, DEFENDANTS were acting as debt collectors with respect to collection of Plaintiffs alleged debt.

23. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

24. Any alleged debt herein is defined as a consumer debt under 15 U.S.C. § 1962a(5).

## FACTUAL ALLEGATIONS

25. Any alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the DEFENDANTS in an attempts to collect an alleged debt, violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. and the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

26. The DEFENDANTS are 3rd Party Debt Collectors located in the United States of America and as such are governed under the law by the FDCPA § 1692, et seq.

27. The State of Florida abides by and adheres to Federal law. Specifically the FDCPA. and also the FCCPA 559 et sec., and as such the Defendants are governed under these laws.

28. Any communications in question here are all related to the collection of a consumer debt.

29. The communications from DEFENDANTS failed to use the true names of DEFENDANTS and by utilizing any other name was contrary to the form of FDCPA § 1692e(14).

30. The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the DEFENDANTS.

31. On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust" *A copy of that letter is furnished as "Appendix A"*

32. The Chase letter unambiguously indicated Chase did not own the alleged debt.

33. Plaintiff, upon information believed that Albertelli Law intended to attempt to collect an alleged consumer debt from him.

34. On July 22, 2013, Pinson sent DEFENDANTS a dispute and debt validation letter via US Mail Certified # 7012 1010 0001 1870 9565 Return Receipt Requested. *A copy of that letter and proof of delivery is furnished as "Appendix B"*

35. On August 13, 2013, DEFENDANTS sent a letter, on law firm letterhead, acknowledging receipt of Pinson's July 22, 2013 letter and requested additional information. *A copy of that letter is furnished as "Appendix C"*

36. The August 13, 2013, letter from DEFENDANTS failed to disclose to consumer per FDCPA 15 U.S.C. §1692e(10) "that the communication is from a debt collector".

37. On August 19, 2013, Pinson sent DEFENDANTS a second dispute and debt validation demand letter via US Mail Certified # 7012 1010 0001 1870 9572 Return Receipt Requested. *A copy of that letter and proof of delivery is furnished as "Appendix D"*

38. On December 24, 2013, DEFENDANTS sent two letters, on law firm letterhead, asserting CHASE owned the alleged debt and had authorized DEFENDANTS to collect on their behalf. *A copy of the two letters is furnished as "Appendix E"*

39. This assertion of ownership was false, in that CHASE did not own the alleged debt. *See "Appendix A"*

40. Chase did not own the alleged debt and could not authorize DEFENDANTS to collect. *See "Appendix A"*

41. DEFENDANTS' assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew or should have known the assertion was false before sending the letter, and contrary to the form of FCCPA § 559.72(9);

42. DEFENDANTS' assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew or should have known the assertion was false before sending the letters, and contrary to the form of FDCPA § 1692;

43. By continuing to communicate after consumer's written dispute and demand for validation, DEFENDANTS willfully engage in such conduct which can reasonably be expected to abuse or harass, contrary to the form of FDCPA § 1692 et sec and FCCPA Fla. Stat. § 559 et sec;

44. By failing to validate, after consumer's written dispute and demand for validation, DEFENDANTS willfully engage in such conduct contrary to the form of FDCPA § 1692 et sec and FCCPA Fla. Stat. § 559 et sec;

45. The letters were sent on Christmas eve, and received the day after Christmas; such conduct the natural consequence of which is to harass, oppress, or abuse any person, and contrary to FDCPA §1692d.

46. DEFENDANTS December 24, 2013, communication's representations were false and misleading regarding the legal status of any alleged debt, and contrary to FDCPA §1692e(2);

47. DEFENDANTS December 24, 2013, communication's representations were false and misleading regarding the amount of any alleged debt, including any interest, fee, charge, or expense incidental to the principal obligation, and contrary to FDCPA §1692e(2);

48. DEFENDANTS December 24, 2013, communication's representations were false and misleading regarding the character of any alleged debt, and contrary to FDCPA §1692e(2);

49. DEFENDANTS Threatened that nonpayment the of alleged debt would result in the seizure or sale of property, and contrary to FDCPA §1692e(4), in that no action had been taken or could be legally taken;

50. DEFENDANTS communications threatened that nonpayment any of alleged debt would result in the enforcement of alleged security instrument in property. *See FDCPA 1692f(6)*

51. DEFENDANTS threat was contrary to FDCPA §1692e(4) and1692f(6) , in that no action had been taken or could be legally taken;

52. DEFENDANTS' threat to take any action that cannot legally be taken, in that CHASE did not own the debt and therefore could not authorize DEFENDANTS to collect or take any action, is contrary to the form of FDCPA §1692e(5);

53. Failing to state clearly DEFENDANTS were acting as "debt collectors", and contrary to the form of FDCPA §1692e(11), DEFENDANTS stated in a misleading and indefinite manner "WE MAY BE CONSIDERED A DEBT COLLECTOR" creating confusion and misleading Plaintiff with a vague and obfuscating reference;

54. Using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and contrary to 15 U.S.C. §1692e(10), in a written communication sent by DEFENDANTS, after repeated demands for validation by consumer, that attempted to collect a non-existent and un-validated alleged debt from consumer by use of deceptive means, and containing false representations in written communications sent by US mail.

55. DEFENDANTS used false representations or deceptive means to collect obtain information from consumer Plaintiff, and contrary to FDCPA §1692e(10), in that the communication asked Plaintiff to call DEFENDANTS to induce Plaintiff to discuss the alleged debt.

56. After consumers written demands for validation, DEFENDANTS used unfair or unconscionable means to collect or attempt to collect an alleged debt, and contrary to 15 U.S.C. §1692f(1), by attempting to collect an unauthorized amount on an alleged debt from Plaintiff by use of deceptive means, and containing false representations in communications sent by US mail.

57. The Defendant failed to cease collection efforts after receipt of Pinson's two written demands for validation, and contrary to 15 U.S.C. §1692g(B), DEFENDANTS continued attempts to collect on a disputed and non-existent alleged debt from consumer without any validation or verification of the alleged debt.

58. Defendants did not send Plaintiff the FDCPA § 1692g validation rights notice

59. Defendants did not send Plaintiff the FDCPA § 1692g validation rights notice within FIVE days of the initial communication related to a debt.

60. The Defendant continues to attempt to collect an alleged debt.

61. The Defendant continues to attempt to enforce a security instrument.

62. At no time has Plaintiff received Validation per FDCPA from DEFENDANTS.

63. The Eleventh Circuit issued a Mandate that the December 24, 2013, letters, sent by DEFENDANTS, were communications related to an (alleged) debt.

64. Plaintiff seeks damages and, declaratory and injunctive relief.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA),
## 15 U.S.C. §1692 BY DEFENDANTS:
## ALBERTELLI LAW PARTNERS LLC; AND, JAMES E ALBERTELLI PA.

65. Plaintiff alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein.

66. Plaintiff is a consumer within the meaning of the FDCPA §1692a(3).

67. Defendants are debt collectors within the meaning of the FDCPA §1692a(6).

68. Defendants are considered debt collectors in relation to FDCPA § 1692f(6).

69. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

70. Defendants violated FDCPA §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

71. Defendants violated FDCPA §1692e(2) by falsely representing the character, amount, or legal status of an alleged debt;

72. Defendants violated FDCPA §1692e(4) by threatening Plaintiff that the nonpayment the of alleged debt would result in the seizure or sale of his property;

73. Defendants violated FDCPA §1692e(5) by threatening to take any action against the Plaintiff that cannot legally be taken;

74. Defendants violated FDCPA §1692e(10) by the using of any false representations and deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning the Plaintiff who is a consumer;

75. Defendants violated FDCPA §1692e(11) by their failure to disclose in the initial written communication to collect a debt, with Plaintiff, that the DEFENDANTS are debt collectors and are attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communications that the communication is from a debt collector;

76. Defendants violated FDCPA §1692e(14) by utilizing a name other than the true name of the debt collector's business, which was confusing to the Plaintiff.

77. Defendants violated FDCPA §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) that was not expressly authorized by an agreement with Plaintiff creating a debt or permitted by law;

78. Defendants violated FDCPA §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

79. Defendants violated FDCPA §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

80. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

81. Defendants violated 15 U.S.C. §1692g(B) by failing to cease collection efforts after receiving Plaintiff's two dispute and demand for validation letters; and,

82. Defendants violated 15 U.S.C. §1692g(B) by and failing to validate or verify the alleged debt and while continuing collection efforts.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA for:

(a) Declaratory judgment that defendant's conduct violated the FDCPA;

(b) statutory damages of $1000.00 per defendant payable by Defendants pursuant to 15 U.S.C. §1692k;

(c) fees and costs pursuant to 15 U.S.C. §1692k;

(d) for such other and further relief as may be just and proper;

(e) attorney's fees, if any, pursuant to 15 U.S.C. §1692k.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANTS: ALBERTELLI LAW PARTNERS LLC; AND, JAMES E ALBERTELLI PA.

83. Plaintiff alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein.

84. Plaintiff John Pinson is a consumer within the meaning of §559.55(2).

85. Defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA, are debt collector within the meaning of §559.55(6).

86. Defendants violated the FCCPA. Defendant's violations include, but are not limited to, the following:

87. Defendants violated FCCPA §559.72 (2) by threat of force in taking Plaintiff's property.

88. Defendants violated FCCPA §559.72 (7) by willfully engage in such conduct which can reasonably be expected to abuse or harass the Plaintiff;

89. Defendants violated FCCPA §559.72 (8) by willfully using abusive language in communicating with the Plaintiff in an attempt to collect an alleged debt.

90. Defendants violated FCCPA §559.72(9) by claiming, attempting, or threatening to enforce a debt when DEFENDANTS knew that any alleged debt in question was not legitimate and DEFENDANTS asserted the existence of other legal rights such as security instrument enforcement when DEFENDANTS knew that the right did not exist;

91. Defendants violated FCCPA §559.72 (15) by failing to provide adequate identification of DEFENDANTS true identity and whom they represent where Plaintiff requested in writing to identify for whom DEFENDANTS are attempting to collect a consumer debt from Plaintiff.

**WHEREFORE**, based on facts set forth in the above counts, Plaintiff demands judgment against defendants: ALBERTELLI LAW PARTNERS LLC; and, JAMES E ALBERTELLI PA for:

  (a) Declaratory judgment that defendant's conduct violated the FCCPA, and injunctive relief;

  (b) actual damages, and statutory damages of $1000.00 per defendant payable by Defendants pursuant to Fla. Stat. § 559.77(2);

  (c) fees and costs pursuant to Fla. Stat. § 559.77(2);

  (d) for such other and further relief as may be just and proper;

  (e) attorney's fees, if any, pursuant to Fla. Stat. § 559.77(2).


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.


Dated September 10, 2015                    Respectfully Submitted,


John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## Table of APPENDICES

| Title | Document | Page Nos. |
|-------|----------|-----------|
| "Appendix A" - | June 1, 2012 letter from CHASE to Pinson | 2-3 |
| "Appendix B" - | July 22, 2013 letter from Pinson to DEFENDANTS | 4-6 |
| "Appendix C" - | August 13, 2013 letter from DEFENDANTS to Pinson | 7-8 |
| "Appendix D" - | August 19, 2013 letter from Pinson to DEFENDANTS | 9-11 |
| "Appendix E" - | December 24, 2013 letters from DEFENDANTS to Pinson | 12-18 |

## VERIFICATION

I, John Pinson, have read the foregoing complaint and examined any appendices referenced therein. The facts stated in the complaint are true. The appendices are true and fair copies of the recited instruments.

_____        September 10, 2015
John Pinson                                      date signed

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this _10_ day of September, 2015.

_____
Notary

My commission expires: _AUG 6 2017_





# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.

John Pinson,

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC,**

A Florida LLC,

      Defendant/

## APPENDIX TO PLAINTIFF'S COMPLAINT

## Table of APPENDICES

| Title | Document | Page Nos. |
|---|---|---|
| "Appendix A" - | June 1, 2012 letter from CHASE to Pinson | 2-3 |
| "Appendix B" - | July 22, 2013 letter from Pinson to ALBERTELLI | 4-6 |
| "Appendix C" - | August 13, 2013 letter from ALBERTELLI to Pinson | 7-8 |
| "Appendix D" - | August 19, 2013 letter from Pinson to ALBERTELLI | 9-11 |
| "Appendix E" - | December 24, 2013 letter from ALBERTELLI to Pinson | 12-18 |



# "Exhibit A"



John Pinson v. Albertelli Law Partners LLC

**Chase (OH4-7304)**
3415 Vision Drive
Columbus, OH 43219-6009



June 01, 2012

00833-01 IF1A 153-000000000000
John D. Pinson
Po Box 3386
Palm Beach, FL 33480



Re:   Account Number: **********0759
      John D. Pinson

**Loan Investor**

Dear John D. Pinson:

I am writing in response to the inquiry Chase received about the loan referenced above.

Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf. Your investor contact information is:

> 270 Park Avenue
> New York, NY 10017

We appreciate your business. If you have questions, please call us at the telephone number below.

Sincerely,

Chase
(800) 836-5656
(800) 582-0542 TDD / Text Telephone
www.chase.com

CC278



# "Appendix B"



John Pinson v. Albertelli Law Partners LLC

**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

<u>*Via US Certified Mail # 7012 1010 0001 1870 9565 – Return Receipt Requested*</u>

July 22, 2013

Albertelli Law
208 North Laura Street
Suite 900
Jacksonville, Florida 32202

      **Re: Chase Loan Number: 00496490010759**

Greetings,

      Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your claim is disputed.

      This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please complete and return the attached disclosure request form.

      Please be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation:" that is, competent evidence that I have some contractual obligation to pay you.

      You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

      Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney's fees.

            Sincerely,

            John D Pinson

JP:dt





**SENDER : COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Albertelli Law
208 North Laura Street
Suite 900
Jacksonville, Florida 32202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Theresa Jones   ☐ Agent ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

JUL 29 2013

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7012 1010 0001 1870 9565

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7012 1010 0001 1870 9565

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To
Albertelli Law
Street, Apt. No.;
or PO Box No.
208 North Laura Street
Suite 900
City, State, ZIP+4
Jacksonville, Florida 32202

PS Form 3800, August 2006    See Reverse for Instructions

6/18

# "Appendix C"



John Pinson v. Albertelli Law Partners LLC

# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
PO Box 23028
Tampa, Florida 33623

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

August 13, 2013

John D. Pinson
526 Westwood Rd.
West Palm Beach, FL 33401

> Re:   Chase loan number: 0049640010759
>       Our File Number: 13-115767

Dear John D. Pinson:

Our office is in receipt of your Request for Validation pursuant to the Fair Debt Collection Practices Act and we are working to respond to same as quickly as possible. In your letter, you state that there is an attached disclosure request form. I regret to inform you that our office did not receive the attachment. As such, it cannot be completed until it is received. Please provide us with the disclosure request form for completion.

At this time, our office is preparing payoff and reinstatement letters which will include the amounts due to reinstate your loan along with the total amounts due.

Please forward the disclosure request form for completion, per your request. Our main address is our Tampa address, which is listed above. You can also fax the sheet over to (813) 221-9171 or e-mail it to me at ahearn@albertellilaw.com.

Please understand that this is not an attempt to avoid or delay the response. I look forward to receiving the form in order for me to escalate and ensure completion. Thank you. If you have any questions, please feel free to contact me toll free at (877) 221-4743 at extension 1610.

Respectfully Submitted,

Andrea Hearn

Andrea Hearn, Litigation Legal Assistant to
Joseph Dillon Esq.
For the Firm

cc: All parties



ATLANTA                    TAMPA            *Licensed in Florida and Georgia

# "Appendix D"



**John D Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

_**Via US Certified Mail # 7012 1010 0001 1870 9572 – Return Receipt Requested**_

August 19, 2013

Albertelli Law
PO Box 23028
Tampa, Florida 33623

Re:  Chase Loan Number:  00496490010759

Greetings,

I am in receipt of your communication attempting to collect a debt and have found it to be incomplete and inconclusive.

I dispute the alleged debt in its entirety. I demand that you provide me with the name and address of the original creditor, the name and address of the current creditor, and complete validation of the amount of the alleged debt.

Per your communication received August 17, 2013, I have attached an additional copy of the disclosure request form / creditor disclosure statement.

Sincerely,

John D Pinson

JP:dt
Enc.    Creditor disclosure form
         August 13, 2013 communication from Albertelli

10/18

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Albertelli Law
    PO Box 23028
    Tampa, Florida 33623

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

AUG 2 2 2013

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7012 1010 0001 1870 9572

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

7012 1010 0001 1870 9572

**U.S. Postal Service**
**CERTIFIED MAIL₊ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

Postage    $    $0.46

Certified Fee    $2.10

Return Receipt Fee
(Endorsement Required)    $2.55

Restricted Delivery Fee
(Endorsement Required)    $0.00

Total Postage & Fees    $    $4.11

AUG 20 2013

Sent To
    Albertelli Law
Street, Apt. No.;
or PO Box No.    PO Box 23028
City, State, ZIP+4    Tampa, Florida 33623

PS Form 3800, August 2006    See Reverse for Instructions


11/18

# "Appendix E"



# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
### 5404 CYPRESS CENTER DRIVE SUITE 300
Tampa, Florida 33609

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

December 24, 2013

**Property Address:**
*Per Borrower request mail to Prop. Add.:*

John D. Pinson
526 Westwood Road
West Palm Beach, FL 33401

**Mailing Address:**

John D. Pinson
P.O. Box 3386
Palm Beach, FL 33480

**WE MAY BE CONSIDERED A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Re:     **Payoff Statement**
         **JPMorgan Chase Bank, National Association vs. John D. Pinson**
         **Loan Number: 000496490010759**
         **Property Address: 526 Westwood Road, West Palm Beach, FL 33401**
         **Our File: 13-115767**
         **Date Last Payment Due: January 1, 2012**

Dear John D. Pinson:

      This letter responds to your request for a payoff of the above delinquent loan.  The Loan Payoff Statement shows the total amount you owe.  However, some amounts may not have to be paid for the lien to be released.  Please call Albertelli Law at 813-221-4743 (ext 1973) for details.

      As of the date of this letter, the amount required to cure your loan delinquency is **$224,061.56,  good through 01/10/2014**.  However, if you are not prepared to tender the full payoff amount today, then the amount owed may increase between the date of this letter and the date you payoff the loan.

### PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

*Please be advised that we may not be able to cancel the foreclosure sale or other pending hearing due to time constraints, county specific requirements, or other factors.  We do not warrant or guarantee our ability to cancel the aforementioned even though we receive funds. In the event we are unable to cancel an event for any reason, the tendered funds will be refunded to you in the most expedient manner possible.*





Re:    **Full Payoff**
        JPMorgan Chase Bank, National Association vs. John D. Pinson
        Loan Number: 000496490010759
        Property Address: 526 Westwood Road, West Palm Beach, FL  33401
        Our File: 13-115767
        Date Last Payment Due: January 1, 2012

| | |
|---|---:|
| Unpaid Principal Balance | $186,730.18 |
| Interest good through | $26,161.92 |
| Recording Fees | $10.60 |
| Property Taxes | $6,166.86 |
| Property Inspections | $42.00 |
| Preservation | $28.00 |
| Evaluation Fees | $312.00 |
| Suspense/Credit | (-$30.00) |
| Prior Servicer | $615.00 |
| Title Search and Exam | $225.00 |
| **Outstanding Attorney Fees and Costs:** | |
| Attorney Fees – Estimate | $820.00 |
| Attorney Fees / Co. Dismissal Hearing – Estimate | $250.00 |
| Complaint Filing Fee – Estimate | $1,000.00 |
| Mediation – Estimate | $750.00 |
| Service of Process - Estimate | $600.00 |
| Skip Trace - Estimate | $180.00 |
| Co. Clerk LP Release Recording - Estimate | $25.00 |
| Co. Clerk NOF Dismiss - Estimate | $50.00 |
| Dismissal Prep Fee - Estimate | $125.00 |
| **Amount Due thru December 24, 2013**   $220,261.56 | |
| **TOTAL DUE Good Through January 10, 2014** | $224,061.56 |
| Per diem | $34.02070 |

**\*There is important information at the end of this letter regarding estimates of escrow advances, fees, and costs.  Please read carefully.**

    WE SUGGEST THAT YOU CONTACT **ALBERTELLI LAW** AT THE ADDRESS OR TELEPHONE NUMBER ON THIS LETTER TO VERIFY THE EXACT AMOUNT NECESSARY TO PAYOFF YOUR LOAN NO MORE THAN 24 HOURS BEFORE YOU MAKE ANY PAYMENT.

    The payoff figures listed above include items that have been paid by the lender or servicer or incurred by **ALBERTELLI LAW** that are currently due or will become due by the Good through Date.  In constructing this payoff, we have included anticipated additional fees and costs in order to provide you with an estimated payoff after the date of this letter.  These anticipated fees and costs represent an estimate as to what our actual fees and costs will be if you pay off your loan no later than the Good through Date.  Please understand that the above figures are subject to final verification upon receipt by the lender or servicer.  All fees and costs incurred after the issuance of this payoff letter will continue to be assessed until the loan delinquency is cured. Quote does not change or extend the foreclosure sale date.

    **\* IMPORTANT:** Some of the fees and costs listed above may not actually be incurred, if you payoff on the date of this letter or if events we anticipate will happen do not occur.  We only require that you pay the fees and costs actually incurred as of the date of your payment.  If for whatever reason your payment includes any anticipated fee or cost or other item but the actual amount due on the date of payment is less, excess funds will be returned as a refund to borrower.  If your payoff amount tendered is less than the total amount due on the date of your payment, the lender or servicer reserves the right to reject your payment and continue with the legal process.



Albertelli Law does not have a cashiering department, do not bring funds directly to our office, funds are only accepted via wire, certified mail, Fed Ex or UPS. **PAYMENT INSTRUCTIONS. Payment must be submitted in the form of a certified cashier's check(s) and must be made payable to "JP Morgan Chase Bank, National Association". Funds must be sent to the attorney/trustee's office listed on this letter. The payoff funds will be returned if any portion of the funds is in the form of a personal check.** Please be advised that the action will continue until the total payoff amount is received, in compliance with the terms in this letter. After payoff, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure. If you are wiring funds, **please add an additional $12.00 (estimate)** to the above quote. Send the wire to: Albertelli Law, c/o Wells Fargo Bank, 420 Montgomery, San Francisco, CA 94104; Routing/ABA#121000248; Account#2000025807079. **Please reference the File No., Case No., and Borrower's Last Name.**

You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct. Should you have any questions regarding the above, please do not hesitate to contact our office.



# ALBERTELLI LAW

### ATTORNEYS AND COUNSELORS AT LAW
### 5404 CYPRESS CENTER DRIVE SUITE 300
### Tampa, Florida 33609

JAMES ALBERTELLI, ESQ.*
ROBERT K. BOWEN, ESQ.
JONATHAN D. SAWYER, ESQ.

TELEPHONE: (813) 221-4743
FACSIMILE: (813) 221-9171
www.AlbertelliLaw.com

December 24, 2013

**Property Address:**
*Per Borrower request mail to Prop. Add.:*

**John D. Pinson**
**526 Westwood Road**
**West Palm Beach, FL 33401**

**Mailing Address:**

**John D. Pinson**
**P.O. Box 3386**
**Palm Beach, FL 33480**

**WE MAY BE CONSIDERED A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Re:     **Full Reinstatement**
        **JPMorgan Chase Bank, National Association vs. John D. Pinson**
        **Loan Number: 000496490010759**
        **Property Address: 526 Westwood Road, West Palm Beach, FL  33401**
        **Our File: 13-115767**
        **Date Last Payment Due: January 1, 2012**

Dear John D. Pinson:

This letter responds to your request for a reinstatement amount of the above delinquent loan.

As of the date of this letter, the amount required to cure your loan delinquency is **$43,597.36**.  However, if you are not prepared to tender the full reinstatement amount today, then the amount owed may increase between the date of this letter and the date you reinstate the loan.

**This reinstatement quote is good through January 10, 2014.**  If you reinstate this loan in full by the Good through Date, we estimate the reinstatement amount to be itemized as listed on the next page.

**PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.**

*Please be advised that we may not be able to cancel the foreclosure sale or other pending hearing due to time constraints, county specific requirements, or other factors. We do not warrant or guarantee our ability to cancel the aforementioned even though we receive funds. In the event we are unable to cancel an event for any reason, the tendered funds will be refunded to you in the most expedient manner possible.*

PLEASE NOTE: If there is a foreclosure date scheduled for the property, this letter DOES NOT extend or change that foreclosure sale date.  Therefore, if the Good through Date for the payment stated in this letter continues past the scheduled foreclosure sale date, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off PRIOR TO the foreclosure sale as required by applicable law.  The right of redemption shall expire upon the issuance of the certificate of sale in accordance with Florida Statues.



Re:    **Full Reinstatement**
**JPMorgan Chase Bank, National Association vs. John D. Pinson**
**Loan Number: 000496490010759**
**Property Address: 526 Westwood Road, West Palm Beach, FL  33401**
**Our File: 13-115767**
**Date Last Payment Due: January 1, 2012**

| | | |
|---|---|---|
| Total Payments | | $32,438.50 |
| Property Taxes | | $6,166.86 |
| Property Inspections | | $42.00 |
| Preservation | | $28.00 |
| Evaluation Fees | | $312.00 |
| Suspense/Credit | | (-$30.00) |
| Prior Servicer | | $615.00 |
| Title Search and Exam | | $225.00 |
| **Outstanding Attorney Fees and Costs:** | | |
| Attorney Fees – Estimate | | $820.00 |
| Attorney Fees – Co. Dismissal Hearing – Estimate | | $250.00 |
| Complaint Filing Fee – Estimate | | $1,000.00 |
| Mediation – Estimate | | $750.00 |
| Service of Process - Estimate | | $600.00 |
| Skip Trace - Estimate | | $180.00 |
| Co. Clerk LP Release Recording - Estimate | | $25.00 |
| Co. Clerk NOF Dismiss - Estimate | | $50.00 |
| Dismissal Prep Fee - Estimate | | $125.00 |
| **TOTAL Due thru December 24, 2013** | $39,797.36 | |
| **TOTAL DUE thru January 10, 2014** | | $43,597.36 |

**\*There is important information at the end of this letter regarding estimates of escrow advances, fees, and costs.
Please read carefully.**

      If you purchased any optional product(s) that are billed with your mortgage, the amount quoted above does not include such product(s). Optional products include but are not limited to items such as Mortgage Life Insurance, Accidental Death Insurance or Disability Insurance. If you have not made payments towards such product(s), this could result in cancellation of your coverage or service. Please contact the provider(s) of your optional product(s) for information on the status of your account and any amounts that they may require you to maintain coverage or service

      The reinstatement figures listed above include items that have been paid by the lender or servicer or incurred by **ALBERTELLI LAW** that are currently due or will become due by the Good through Date. In constructing this reinstatement, we have included anticipated additional fees and costs in order to provide you with an estimate as to what our actual fees and costs will be if you reinstate your loan no later than the Good through Date. Please understand that the above figures are subject to final verification upon receipt by the lender or servicer. All fees and costs incurred after the issuance of this reinstatement letter will continue to be assessed until the loan delinquency is cured.

      **\* IMPORTANT:** Some of the fees and costs listed above may not actually be incurred, if you reinstate on the date of this letter or if events we anticipate will happen do not occur. We only require that you pay the fees and costs actually incurred as of the date of your payment. If for whatever reason your payment includes any anticipated fee or cost or other item but the actual amount due on the date of payment is less, excess funds will be returned as a refund or credit to borrower's account. If your reinstatement amount tendered is less than the total amount due on the date of your payment, the lender or servicer reserves the right to reject your payment and continue with the legal process.

**PAYMENT INSTRUCTIONS: Payment must be submitted in the form of a certified cashier's check(s) and must be made payable to "JP Morgan Chase Bank, National Association". Funds must be sent to the attorney/trustee's office listed on this letter. The reinstatement funds will be returned if any portion of the funds is in the form of a personal check.** Please be advised that the action will continue until the total reinstatement amount is received, in compliance with the terms in this letter. After reinstatement amount, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure. If you are wiring funds, **please add an additional $12.00 (estimate)** to the above quote. Send the wire to: Albertelli Law, c/o Wells Fargo Bank, 420 Montgomery, San Francisco, CA  94104; Routing/ABA#121000248; Account#2000025807079. **Please reference the File No., Case No., and Borrower's Last Name.**




You should verify the loan number, the name(s) of the Mortgagor(s), the property address and the amounts due and owing to ensure that these items are correct.  Should you have any questions regarding the above, please do not hesitate to contact our office.