UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JOHN PINSON**

    Plaintiff,

vs.                                                Case No.: 9:14-cv-80009-KLR

**ALBERTELLI LAW PARTNERS LLC,**
a Florida LLC; and

**JAMES E. ALBERTELLI P.A.**
A Florida Professional Association,

    Defendant.
_____/

## MOTION TO DISMISS SECOND AMENDED
## VERIFIED COMPLAINT WITH PREJUDICE

    COMES NOW James E. Albertelli, P.A., improperly named as Albertelli Law Partners, LLC ("Albertelli"), by and through undersigned counsel, moves to dismiss the Second Amended Verified Complaint ("Second Amended Complaint") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof states as follows:

### INTRODUCTION & BACKGROUND

    Plaintiff in this case has failed to plead the facts to support any Fair Debt Collections Practices Act ("FDCPA") or Florida Consumer Credit Protection Act ("FCCPA") claims. The *Pro Se* Plaintiff filed his Complaint on January 6, 2014 (DE 1). Defendant filed a Motion to Dismiss (DE 9), which was denied as moot following the filing of Plaintiff's Amended Complaint (DE 21). On April 15, 2014, Defendant filed a renewed Motion to Dismiss, asserting that Plaintiffs Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (DE 22). On June 2, 2014 the Honorable Magistrate Judge issued a Report & Recommendation (DE 29) recommending dismissal with prejudice for failure to state claim

upon relief may be granted. This Honorable Court entered an Order Adopting a Report & Recommendations of Magistrate Judge on July 20, 2014 (DE 32). The Plaintiff appealed to the 11th Circuit Court of Appeals on September 2, 2014.

On August 7, 2015 the 11th Circuit Court of Appeals issued a Mandate in Case No.: 14-13900-CC affirming the District Court's order dismissing Plaintiff's amended complaint with respect to the August 13 letter, but reversing and remanding with respect to the two December 24th letters. (DE 43). On August 25, 2015 this Honorable Court issued an Order on Remand ordering the Plaintiff to file an Amended Complaint within fourteen (14) days of that order (Docket No.: 44). The deadline for Plaintiff to file a Second Amended Complaint was September 8, 2015. No amended complaint was filed within the ordered time period. Defendant moved to dismiss this action as a result of Plaintiff's failure to comply with the Order on Remand on September 10, 2015 however the Motion to Dismiss was denied as moot on September 14, 2015 (DE 50). Plaintiff filed their Second Amended Complaint (DE 48) on September 10, 2015.

## LEGAL ARGUMENT

The Second Amended Complaint (DE 48) is nearly identical to the previously filed Amended Complaint (DE 19) which was which was dismissed with prejudice by the Order Adopting Report And Recommendations Of Magistrate Judge (DE 32). The Second Amended Complaint (DE 48) contains only minor insignificant amendments consisting of largely formatting changes. Plaintiffs' allegations are still mere recitations of the applicable statutory provisions without any supporting factual allegations as to Defendants' specific conduct and the Second Amended Complaint (DE 48) is nearly identical to the previously filed Amended Complaint (DE 19). To that end, the Second Amended Complaint (DE 48) attaches the same irrelevant sequence of exhibits as the previously dismissed Amended Complaint (DE 19), including the immaterial

letters upon which the claims have been dismissed by this court and affirmed by the 11th Circuit Court of Appeals. *See Plaintiff's Second Amended Complaint Attached Exhibits A through D*. The Second Amended Complaint, just as the First Amended Complaint, routinely parrots the statutes without alleging how the communications attached allegedly violate the statutes. As a result of this near carbon copy reproduction of the insufficient First Amended Complaint Defendant respectfully requests this Honorable Court dismiss this matter with prejudice for the continued failure to state a claim upon which relief may be granted.

### A. FAILURE TO STATE A CLAIM UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the Plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly,* 550 U.S. at 555). The Supreme Court went on to clarify that "**a formulaic recitation of the elements of a cause of action will not do.**" *Id*. at 555 (emphasis added).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the Plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When reviewing a

Rule 12(b)(6) motion, the Court must "accept all of plaintiffs factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *Id* at 679. But, courts need not accept as true allegations that are unsuppo1ied or that conflict with judicially known facts. *See Campos v. INS.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998) ("Courts ... need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party."). Furthermore, although *pro se* pleadings are to be given liberal construction, a *pro se* litigant must still follow procedural rules. *Albra v. Advan, Inc.,* 490 F .3d 826, 829 (11th Cir. 2007). Here, the Second Amended Complaint must be dismissed because it does not contain any factual allegations to support a plausible claim for relief on its face. In direct violation of *Twombly*, the allegations in the Second Amended Complaint are <u>still</u> merely a "formulaic recitations of the elements" of the causes of action. In the Second Amended Complaint, Plaintiff asserts causes of action under FDCPA and FCCPA, however Plaintiff fails to assert a single factual allegation in support of such claims. As such, this Honorable Court should dismissed this matter with prejudice for failing to satisfy the *Iqbal/Twombly* pleading standard.

### B. PLAINTIFFS FAILS TO PLEAD A CAUSE OF ACTION UNDER THE FDCPA AND FCCPA AGAINST DEFENDANT ALBERTELLI.

Plaintiffs alleges that Defendant violated 15 U.S.C. § 1692c(a)(2), § 1692d(5), § 1692e(2)(A), § 1692e(4), § 1692e(5), § 1692e(10), § 1692e(11), § 1692e(14), § 1692f, § 1692g, § 1692g(B), F.S. §559.72(2), F.S. §559.72(7), F.S. §559.72(8), F.S. §559.72(9) and F.S. §559.72(15). Plaintiffs fails to state a claim under either the FDCPA or FCCPA as stated above, as the complaint's allegations of "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Id. (*citing Twombly,* 550 U.S. at 555). Furthermore, as the *Twombly* Court clarified "**a formulaic recitation of the elements of a cause of action will not do.**" *Id*. at 555 (emphasis added). Here the Plaintiff's obvious attempt to disguise the threadbare recitation of elements by inserting a general statement that, "Defendant violated FDCPA §_____ by" or "Defendant violated FCCPA §_____ by…" and then simply regurgitating the statute with no further allegations is readily transparent. As a result, we respectfully submit that this Honorable Court should dismiss the Second Amended Complaint in its entirety under FED. R. CIV. P. 12(b)(6) as Plaintiff has failed to make any allegations, even assuming Plaintiff's facts are true, that would plausibly give rise to an entitlement to relief.

Plaintiff's Second Amended Complaint alleges the same two alleged violations as the Amended Complaint (DE 19), namely alleged violations consisting of two ***responses*** to inquiries ***from the Plaintiff***, which are not "attempts to collect on a debt" as required under both the FDCPA and FCCPA. (Emphasis added). As the Court stated in *Parker v. Midland Credit Mgmt., Inc*., 874 F. Supp. 2d 1353, 1357 (M.D. Fla. 2012) "the FDCPA does not apply to every communication between a debt collector and debtor." Instead, "[f]or the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a debt collector'; and (2) the communication must have been made in connection with the collection of any debt." *Lara v. Specialized Loan Servicing*, LL C, 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013) (*citing Parker*, 874 F. Supp. 2d at 1355).

To determine if the communications are made in connection with the collection of any debt you must determine the animating purpose of each communication.  In *Goodson v. Bank of Am., NA*., 2014 WL 940492 (M.D. Tenn. Mar. 10, 2014), the court was presented with the question of whether two letters sent from a debt collector to a consumer were sent in connection with the collection of a debt." In *Goodsen* at the bottom of the first letter in that case, the defendant included

5

a statement that the "communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose." *Id* at *6. Nevertheless, the court in *Goodson* recognized that ""the inclusion of the FDCPA notice is legally irrelevant' to the determination of whether a communication is a debt collection activity, *Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010), and '[t]he mere fact that the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter into an unlawful demand for payment' *Lewis v. ACB Bus. Servs., Inc*., 135 F.3d 389, 399 (6th Cir. 1998).95 *Id.*

The second letter in *Goodson* is analogous to the two allegedly improper letters sent December 24, 2013 in this case. In *Goodson*, the second letter was sent in response to a letter the debt collector received from the plaintiff. *Id*. After analyzing the second letter, the court stated that:

> Viewed objectively, the animating purpose of [the] letter was not to induce payment, but to respond directly to Plaintiffs own requests. A "merely ministerial response to a debtor inquiry, rather than part of a strategy to make a payment more likely," *Grden*, 643 F.3d at 173, does not an FDCPA claim make. *See Gburek*, 614 F.3d at 384 (letter that is "merely a description of the current status of the debtor's account" did not violate FDCPA); *Duby v. Ahermata, Adam & Von Allmen, P.C.*, 2012 W L 6705413, at *8 (E.D. Mich. Dec. 26, 2012) (law firm's response to plaintiff's letter disputing the validity of a debt was not "in connection with the collection of a debt, but was instead simply a ministerial act meant to verify the debt).

*Id*. at *8. Thus, the court held that the second letter also did not constitute an attempt to collect a debt. *See id.* Because neither letter constituted an attempt to collect a debt, the FDCPA did not apply. *See id*. Accordingly, the court granted the defendant debt collector's summary judgment motion and dismissed the plaintiff s claims. *See id*.

In this case, Plaintiff's first alleged violation letter dated December 24, 2013 (DE 48 Exhibit "E") clearly states, "This letter responds to ***your request for a payoff*** of the above

delinquent loan" (emphasis added) and therefore the letter is informative in nature and is not an attempt to collect a debt governed by the FDCPA or FCCPA. Similarly, Plaintiff's second alleged violation letter dated December 24, 2013 (DE 48 Exhibit "F") clearly states, "This letter responds to ***your request for a reinstatement amount*** for the above delinquent loan" (emphasis added) and therefore that letter is also informative in nature is not an attempt to collect a debt governed by the FDCPA or FCCPA. Additionally, the fact that both letters includes the FDCPA notice is "legally irrelevant to the determination of whether a communication is a debt collection activity" and "does not transform the letter into an unlawful demand for payment" *Id* at *6 (citations omitted).

In sum, none of the *Goodson* factors are present in regards to either letter in this case as the "animating purpose" of both letters sent by Defendant to Plaintiff were to respond to the ***Plaintiff s own requests***; not to demand payment. Consequently, these letters are not attempts to collect on a debt, and therefore, neither the FDCPA nor the FCCPA applies. Therefore, since neither Act applies, the Plaintiff has failed to satisfy the second threshold criteria under *Lara* and therefore, even assuming Plaintiff's facts are true, the Plaintiff fails to state a claim upon which relief may be granted the Plaintiff has failed to state a cause of action, and this Second Amended Complaint should be dismissed with prejudice.

### C. PLAINTIFF'S DEMAND FOR A JURY TRIAL SHOULD BE STRICKEN.

As part of his Complaint, Plaintiff demands a trial by jury. The mortgage executed by Plaintiff contains the following provision:

> 25. Jury Trial Waiver. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contractor tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.
> *See* Defendant's Composite Exhibit "A" Page 14 ¶ 25.

Plaintiff's FDCPA and FCCPA claims are made in connection with the loan secured by the mortgage. Plaintiffs' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage. *See Foley* v. *Wells Fargo Bank, N.A.* 849 F. Supp. 2d 1345, 1352 (S.D. Fla. 2012). Defendant is entitled to enforce the jury trial waiver provision. *See Fahey v. Am. Home Mortg. Servicing,* Case No. 11-62544, 3 (S.D. Fla. Dec. 11, 2012) (permitting loan owner and servicer to enforce jury trial waiver in mortgage); *but see Omega v. Deutsche Bank Trust Co. Americas,* 2013 WL 425836 (S.D. Fla. 2013) (permitting only loan owner to enforce jury trial waiver in mortgage); and *Williams v. Wells Fargo Bank. N.A.,* 2011 WL 4901346 (S.D. Fla. 2011) (same). Therefore, Plaintiff's demand for a jury trial that has been revived in this near carbon copy reproduction of the insufficient First Amended Complaint should be stricken.

### III.   CONCLUSION

The Court should dismiss Plaintiff's Second Amended Complaint because it fails to present a facially plausible claim for relief against Defendant for violations of FDCPA and FCCPA. The Second Amended Complaint (DE 48) is nearly identical to the Amended Complaint (DE 19) which was which was previously dismissed with prejudice. The Second Amended Complaint (DE 48) contains only minor and insignificant amendments consisting of largely formatting changes. The purported FDCPA and FCCPA claims fail because Plaintiffs simply lists several provisions of the FDCPA and FCCPA and fails to plead with any factual specificity how the Defendants actually violated those provisions. The Second Amended Complaint, just as the First Amended Complaint, parrots the statutes without alleging how the communications attached allegedly violate the statutes. Moreover, both letters Defendant sent to Plaintiff letter were ***responses to inquiries made by the Plaintiff*** and were informative in nature and not an attempt to collect a debt governed by the FDCPA or FCCPA. As a result of this near carbon copy reproduction of the insufficient First

Amended Complaint this Honorable Court should dismiss this matter with prejudice for the continued failure to state a claim upon which relief may be granted.

For the above-stated reasons, the Complaint against Defendants should be dismissed with prejudice.

WHEREFORE Defendant, ALBERTELLI LAW, respectfully requests the Court to dismiss the Second Amended Complaint with prejudice, award Defendant reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), and grant any such other and further relief that the Court deems just and proper.

Respectfully submitted,

ALBERTELLI LAW

Submitted: October 1, 2015      /s/ Matthew L. Schulis, Esq.
Matthew L. Schulis, Esq.
FBN: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive
Suite 300
Tampa, Florida 33609
Telephone: 813-221-4743 x2621
Facsimile: 813-221-9171

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Motion to Dismiss Second Amended Complaint was furnished via email/ eServe and/or U.S. Mail this  1st  day of October, 2015 to the attached service list.

By:  /s/  Matthew L. Schulis
Matthew L. Schulis, Esquire
Florida Bar Number: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623
Tel: (813) 221-4743x 2621
Fax: (813) 221-9171
eService: servealaw@albertellilaw.com

**Service List**

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com