UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:14-cv-80009-KLR

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant    /



PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANTS'
ALBERTELLI LAW PARTNERS LLC AND JAMES E ALBERTELLI PA'S
**FOURTH MOTION TO DISMISS**

COMES NOW the Plaintiff John Pinson, pro se, who hereby submits his response in opposition to the Defendants' fourth Motion To Dismiss filed pursuant to FRCP Rule 12(b)(6), requesting this Honorable Court deny the motion, and does state as follows:

## INTRODUCTION AND BACKGROUND

1. Pinson states a claim upon which relief can be granted in his second amended complaint. Despite the Defendants table thumping they have not put forward even one valid argument against Pinson's SAC. Base both on the record here and the record above defendants assert nonsensical arguments devoid of any factual merit and their motion to dismiss must be denied. Defendant puts forward new arguments that should be subject to Rule 12(g)(2).

2. Pinson filed his complaint [DE 1] on January 6, 2014. Defendants filed their <u>first</u> motion to dismiss [DE 9] and Pinson amended his complaint as a matter of course [DE 21]. Defendants filed their <u>second</u> Motion to Dismiss [DE 22]. The Magistrate's report and recommendation ("R&R") [ DE 29] recommended dismissal and this court adopted the R&R [DE 32]. Pinson timely appealed to the Eleventh Circuit [DE 36] on August 28, 2014.

3. On July 9, 2015, the Eleventh Circuit entered a Judgment [DE 43] on it's opinion and issued it as a Mandate on August 7, 2015, and remanded the case in favor of Pinson for further proceedings. Notably, in the Judgment of the Eleventh Circuit, it's opinion [DE 43] states:

> "The Act [FDCPA] provides no definition of initial communication (i.e., the required validation notice) although it does define communication: 'the conveying of information regarding a debt directly or indirectly to any person through any medium.'" <u>Caceres v. McCalla Raymer, LLC</u>, 755 F.3d 1299, 1302 (11th Cir. 2013) (quoting 15 U.S.C. §1692a(2)). [DE 43 pg.3, 4]

> "A communication can have more than one purpose, for example, providing information to a debtor as well as collecting a debt." <u>Caceres</u>, 755 F.3d at 1302; see also Reese, 678 F.3d at 1217. [DE 43 pg.4]

> "A demand for payment need not be express; there may be an implicit demand for payment..." <u>Caceres</u>, 755 F.3d at 1303 & n.2. [DE 43 pg.4]

> "We conclude that Albertelli's August 13 letter was not sent in connection to the collection of a debt, but its two December 24 letters were." [DE 43 pg.4]

> "Both [December 24] letters expressly indicated that they were written in an attempt to collect a debt." "Accordingly, **these letters were communications sent in connection with the collection of a debt**, and the District Court erred in dismissing Pinson's complaint in this respect." [DE 43 pg.5] *emphasis added*.

4. Upon remand this Court issued an Order [DE 44] for Pinson to amend his complaint. Defendants filed their <u>third</u> Motion to Dismiss [DE 46] Pinson filed his Second Amended Complaint [DE 48] and in turn Defendants filed their <u>fourth</u> Motion to Dismiss [DE 51].

5. In their <u>Fourth Motion to Dismiss</u> Defendants put forward three arguments: a) Failure to state a claim; b) Failure to plead a cause of action; and, c) that the jury trial demand be stricken.

6. Pinson contends that each of Defendants' arguments are frivolous and devoid of merit; that failure to state a claim and failure to plead a cause of action are essentially both Rule 12(b)6 arguments; and that Pinson clearly states a claim upon which relief may be granted and which is supported by sufficient appended fact evidence and Factual Allegations to make a showing that is not only be plausible but probable; and that, Pinson can show, thru precedent in the Eleventh Circuit, the opinion of the Supreme Court, and the Seventh Amendment of the United States Constitution, that he has a right and is entitled to a Jury Trial under his statutory FDCPA and FCCPA claims, and Rule 12(g)(2) applies here.

7. Moreover, the arguments Defendants put forward under Failure to plead a cause of action under FDCPA and FCCPA are frivolous in that they are essentially the same arguments considered by this Court which the Eleventh Circuit, in their Judgment [DE 43], reversed and

remanded for further proceedings, and thus, in their Fourth Motion to Dismiss, the Defendants are wasting this Courts valuable time arguing matters the Eleventh has issued it's Judgment on [DE 43].

8. Pinson will address each of these matters in turn *infra*.

## STANDARD OF REVIEW

9. "When considering a motion to dismiss, all facts set forth in the plaintiffs complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting* Lopez v. First Union Nat'l Bank of Fla., 129 F.3d 1186, 1189 (11th Cir. 1997)). *See* Resnick v. AvMed, Inc., 693 F.3d 1317, 1321 (11th Cir. 2012); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

10. At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2) in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. 544, 555 (2007), *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957).

11. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Twombly, 550 U.S. 555 (2007)*, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

12. All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. 544, 547 (2007). A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbal, 129 W.Ct, 1950 (2009).

13. If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See* Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENTS AND AUTHORITIES

### Defendants' arguments are frivolous and devoid of merit

14. In Defendants fourth motion to dismiss, the central argument advanced is that the December 24 letters in Appendix E is that in this Court's "conclusion that Defendant's communications

in this case were not made in connection with a debt" [DE 29 pg.6] despite the fact that the Eleventh Circuit found "**these letters were communications sent in connection with the collection of a debt**, and the District Court erred in dismissing Pinson's complaint in this respect." [DE 43 pg.5] emphasis added.

15. In fact, Defendants have merely cut and paste, into their motion to dismiss, much of the language verbatim from this Court's R&R [DE 29] and without attribution to that document. A simple review of the motion to dismiss starting with the middle of page 5 through the middle of page 7 is a carbon copy of the Magistrate's writing. Considering the ruling on central argument noted *supra* was reversed by the Eleventh, Defendants appear to ask this Court to go against the Judgment [DE 43] of the Court of Appeals.

16. Moreover, the argument contains a this or that choice; either the letters are informative or an attempt to collect a debt. Again the Eleventh clarified this issue stating: "**A communication can have more than one purpose**, for example, providing information to a debtor as well as collecting a debt." Caceres, 755 F.3d at 1302 emphasis added; *see also* Reese, 678 F.3d at 1217. [DE 43 pg.4] Therefore whether a letter was at all informative is irrelevant if it was sent "sent in connection with the collection of a debt" [DE 43 pg.5].

## Failure to state a claim and failure to plead a cause of action are both under Rule 12(b)6

17. To meet the Rule 12(b)6 requirement a plaintiff must both address all required elements for a cause of action and state a claim by pleading sufficient facts to support the cause of action. As will be shown infra, Pinson has pled all elements of both FDCPA and FCCPA and supported his claim by pleading both sufficient Factual Allegations and Appended Fact Evidence which must be accepted as true. *See* Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). Thus, by Pinson meeting his pleadings burden, the Defendants' motion to dismiss must be denied.

## In his cause of action Pinson has stated a claim upon which relief may be granted

18. As detailed *infra* Pinson has stated all required elements of both an FDCPA and an FCCPA claim in his complaint and backed them with 40 Factual Allegations and 6 appended documents as factual evidence. All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. 544, 547 (2007). A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Iqbal, 129 W.Ct, 1937, 1950 (2009). If the complaint

provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Ross, 578 F.3d 574, 581 (7th Cir. 2009). Thus, by Pinson meeting his pleadings burden, the Defendants' motion to dismiss must be denied.

### Pro se parties have a right to access the court

19. "... the right to file a lawsuit *pro se* is one of the most important rights under the constitution and laws." Elmore v. McCammon 640 F. Supp. 905 (1986). Pinson is not an attorney and has not received any formal legal training but recognizes that "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

### The FDCPA is primarily self enforcing by consumers through the private attorneys general mechanism

20. "The FDCPA ... is 'primarily self-enforcing' ... through private causes of action." West v. Costen, 558 F.Supp. 564 (W.D.Va. 1983). "The committee views this legislation as primarily self-enforcing; consumers who have been subjected to collection abuses will be enforcing compliance" - Senate Report No. 95-382, at 5 (Aug. 2, 1977), reprinted in 1977 U.S.C.C. & A.N. 1695, 1699.

21. Because Congress chose a 'private attorney general' approach to enforcement, the award of fees is mandatory in an FDCPA case. Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir. 1995); Tolentino v. Friedman, 46 F.3d 645 (7th Cir.), cert. denied 515 U.S. 160 (1995).

### Pleading is not a game of skill

22. Pleadings are to settle disputes and accomplish substantial justice. The Supreme Court stated: "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Gibson, 355 U.S. 41 at 48 (1957). "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." Maty v. Grasselli

Chemical Co., 303 U.S. 197 (1938). "Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 (1972).

### The FDCPA 15 U.S.C § 1692 et. sec.

23. Congress enacted the Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f. The FDCPA applies to "debt collectors," as defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Title 15 U.S.C. 1692e generally prohibits the use of any false, deceptive, or misleading representations or means to collect a debt. 15 U.S.C. § 1692e. See Acosta v. Campbell, No. 07-10373 (11th Cir. 2009).

### The FDCPA Imposes a Strict Liability Standard

24. "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax, 74 F. 3d 30, 33-34 (2' Cir. 1996).

### The FDCPA Must be Liberally Construed in Favor of the Consumer

25. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et. seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (10th Cir. 2002).

### The FDCPA is Interpreted with the Least Sophisticated Consumer standard

24. The Eleventh Circuit has adopted a "least sophisticated consumer" standard with regard to § 1692e violations. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172, 1175 (11th Cir. 1985) (noting that it would "discuss the legal standard applicable generally to claims of false, deceptive, or misleading representations under 15 U.S.C. § 1692(e)[,]" and then adopting the

"least sophisticated consumer" standard); *see also* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 (11th Cir. 2010) ("We employ the 'least-sophisticated consumer' standard to evaluate whether a debt collector's communication violates § 1692e of the FDCPA.").

**The FDCPA Protects Consumers from Debt Collector Misconduct**

26. The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it." Frey v. Gangwish, 970 F.2d 1516 (6th Cir. 1992). The FDCPA should be construed to accomplish the regulatory goals intended by Congress. Ayala v. Dial Adjustment Bureau, Inc., 1986 U.S. Dist. LEXIS 30983 (D. Conn.1986). "The Sixth Circuit has described the statute as 'extraordinarily broad' and its terms must be literally enforced." Deere v. Jvitch, Block & Rathbone L.L.P., 413 F. Supp. 2d 886 (S.D. Ohio 2006).

27. "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir.1982). "[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." Keele v. Wexler, 149 F/3d 589. 594 (7th Cir.1998).

**What are the Elements of an FDCPA Claim?**

26. To establish a prima facie case for a violation of the FDCPA, plaintiffs like Pinson must prove four essential elements:

   1. the plaintiff is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692(d) for purposes of a cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11)[;]
   2. the [alleged] "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5)[;]
   3. the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and
   4. the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A § 1692a-1692o; 15 U.S.C.A § 1692a; 15 U.S.C.A § 1692k.

Whittiker v. Deutsche Bank Nat. Trust Co., 605 F. Supp.2d 914, 938 -939 (N.D. Ohio 2009). The absence of any one of the four essential elements is fatal to a FDCPA lawsuit. *Id.*

**All four FDCPA Elements are contained in Pinson's second amended complaint.**

28. Element #1: "The Plaintiff in this lawsuit is John Pinson ("Pinson"), a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7)." [DE 48 ¶11].

29. Element #2: "Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes." [DE 48 ¶23]. "Any alleged debt herein is defined as a consumer debt under 15 U.S.C. § 1962a(5)." [DE 48 ¶24].

30. Element #3: "DEFENDANTS: are "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6)" [DE 48 ¶17]; "are "debt collectors" as it relates to 15 U.S.C. § 1692f(6)" [DE 48 ¶18]; "regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts" [DE 48 ¶19]; "regularly collects or attempts to collect debts for other parties" [DE 48 ¶20]; "regularly collects or attempts to collect debts from consumers" [DE 48 ¶21]; and, "At all times material to the allegations of this Complaint, DEFENDANTS were acting as debt collectors with respect to collection of Plaintiffs alleged debt." [DE 48 ¶22].

31. Element #4: the complaint states that the "Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:" [DE 48 ¶69] and in paragraphs 70 to 82 of the complaint Pinson lists 13 violations of FDCPA §1692d; § 1692e; § 1692f; and, § 1692g. Pinson "alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein" [DE 48 ¶65] his FDCPA count. This includes all the Factual Allegations Pinson detailed in ¶¶25-64 of his SAC as well as the documents in appendix A – E; the Parties detailed in ¶¶ 11-24; Venue detailed in ¶¶ 7-10; Jurisdiction in ¶¶ 4-6; the Preliminary Statement in ¶¶ 1-3; and count II for FCCPA violations in ¶¶ 83-91.

32. As detailed *supra* ¶¶26-29 Pinson has stated all four elements of an FDCPA claim in his complaint and backed them with 40 Factual Allegations and 6 appended documents as factual evidence.

**<u>All</u> required FCCPA Elements are contained in Pinson's second amended complaint.**

33. The FCCPA is Florida's counterpart to the FDCPA . "The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1 106, 1 1 14 (M.D. Fla. 2013). Many provisions of the FCCPA require an allegation of knowledge or intent by the defendant to state a cause of action. See *id.*

34. As detailed *supra* ¶¶26-28, Pinson has stated the first three FCCPA elements in his SAC.

35. As to Element #4, the complaint states that the "Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:" [DE 48 ¶86] and in paragraphs 87 to 91 of the complaint Pinson lists 5 violations of FCCPA §559.72(2); §559.72(7); §559.72(8); §559.72(9); §559.72(15). Pinson "alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein" [DE 48 ¶83] his FCCPA count. This includes all the Factual Allegations Pinson detailed in ¶¶25-64 of his SAC as well as the documents in appendix A – E; the Parties detailed in ¶¶ 11-24; Venue detailed in ¶¶ 7-10; Jurisdiction in ¶¶ 4-6; the Preliminary Statement in ¶¶ 1-3; and count I for FDCPA violations in ¶¶ 65-82.

36. In his complaint, Pinson has alleged Defendants knowledge and intent as follows: DEFENDANTS' assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew or should have known the assertion was false before sending the letter, and contrary to the form of FCCPA § 559.72(9) [DE 48 ¶41]; By failing to validate, after consumer's written dispute and demand for validation, DEFENDANTS willfully engage in such conduct contrary to the form of FDCPA § 1692 et sec and FCCPA Fla. Stat. § 559 et sec [DE 48 ¶44]; The Defendant continues to attempt to collect an alleged debt [DE 48 ¶60]; The Defendant continues to attempt to enforce a security instrument [DE 48 ¶61].

37. As detailed supra Pinson has stated all required elements of an FCCPA claim in his complaint and backed them with 40 Factual Allegations and 6 appended documents as factual evidence.

**Pinson has in-fact plead a sufficient claim under FDCPA and FCCPA**

38. After a lengthy discussion on claims standards as discussed *supra*… defendants simply argue, stating "Plaintiff asserts causes of action under FDCPA and FCCPA, however Plaintiff fails to assert a single factual allegation in support of such claims." [DE 51 pg.4 ¶1]. Defendants argument is laughable, in that, despite factual evidence demonstrating his claim being appended to Plaintiff's second amended verified complaint, defendants fail to either rebut or even address the appended documents in this argument characterizing them as "irrelevant" [DE 51 pg.2]. Additionally, Defendants ignore the 40 Factual Allegations Pinson detailed in ¶¶25-64 of his SAC. Moreover, Defendants completely disregard the Judgment

[DE 43] issued on Plaintiff's appeal to the Eleventh Circuit and the contents of it's Opinion [DE 43] as noted *supra* ¶3, 14-16.

### December 24 letters <u>were</u> communications sent in connection with the collection of a debt

39. Defendants contend that Plaintiff's SAC [DE 48] and Amended Complaint [DE 19] are: "nearly identical"[DE 51 pg.2]; a "near carbon copy reproduction"[DE 51 pg.3]; with "only minor insignificant amendments"[DE 51 ps.2]. Plaintiff contends this is not true, but, *arguendo*, if one examines the Magistrate's R&R [DE 29] with the Eleventh Circuits Opinion [DE 43] the sufficiency of Plaintiff's claim is clear.

40. First, The R&R acknowledges "the Complaint 'gives the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"[DE 29 pg.4] And further states: "the Complaint is sufficiently clear to allow an evaluation of the substance of Plaintiff's claims"[DE 29 pg.4] the Magistrate noting that "pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[DE 29 pg.4] Quoting *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998).

41. Second, as stated in the R&R [DE 29 pg.5] and quoted in Defendants fourth motion to dismiss:

> "[f]or the FDCPA to apply, two threshold criteria must be met: (1) the defendant must qualify as a debt collector'; and (2) the communication must have been made in connection with the collection of any debt." Lara v. Specialized Loan Servicing, LLC, 2013 WL 4768004, *3 (S.D. Fla. Sept. 6, 2013) (citing Parker, 874 F. Supp. 2d at 1355).

Quoting R&R [DE 29 pg.5] and motion to dismiss [DE 51 pg.5].

42. Though this court Ordered [DE 32] dismissal on the R&R's single "conclusion that Defendant's communications in this case were not made in connection with a debt." [DE 29 pg.6], whereas on Pinson's successful appeal, the Eleventh Circuit's Opinion and Judgment [DE 43] stated in regard to the two December 24 letters contained in Appendix E, that "Both letters expressly indicated that they were written in an attempt to collect a debt." "Accordingly, **these letters were communications sent in connection with the collection of a debt**, and the District Court erred in dismissing Pinson's complaint in this respect." [DE 43 pg.5] emphasis added.

43. Thus, based upon: 1) the fact that Pinson has identified Defendants as debt collectors and Defendants do not deny they are debt collectors [*supra* ¶28]; and, 2) the Judgment and

Opinion [DE 43] of the Eleventh Circuit that the December 24 letters "were communications sent in connection with the collection of a debt", it is therefore evident Pinson has met the "two threshold criteria" the Court identified in Lara v. Specialized Loan Servicing, LLC.

44. Because the December 24 letters "were communications sent in connection with the collection of a debt", and because Pinson has sufficiently alleged all other elements of a FDCPA and a FCCPA claim as detailed *supra*, and because both acts apply Pinson has stated a cause of action upon which relief can be granted and the Defendants fourth motion to dismiss [DE 51] fails and must be denied.

**Violations stem from the communications sent in connection with the collection of a debt**

45. As discussed *supra*, in the Eleventh Circuits Opinion [DE 43] the December 24 letters "these letters were communications sent in connection with the collection of a debt", and Pinson has pled all the elements of both an FDCPA and an FCCPA claim.

46. The 13 FDCPA violations in count 1 and the 5 FCCPA violations in count 2 of the complaint stem from the "communications sent in connection with the collection of a debt" [DE 43]. As stated in Pinson's SAC "Any communications in question here are all related to the collection of a consumer debt." [DE 48 ¶28].

**Only one FDCPA violation necessary to prove a claim**

47. One action can violate multiple sections of the FDCPA. Clark v. Capital Credit & Collection Serv., 460 F.3d 1162, 1177 (9th Cir. 2006). Strict liability – no need to show intent. Pollock v. Bay Area Credit Serv., LLC, 2009 WL 2475167 (S.D. Fla. 2009).

48. Pinson will discuss two examples infra.

**Defendants violated 15 U.S.C. §1692g by not sending Pinson the statutorily required §1692g(a) notice within five days of initial communication**

49. Here Pinson examines the alleged violation of 1692g by Defendants.

50. "Section 1692g of the FDCPA requires that a debt collector send a validation notice to the debtor, informing the debtor that he or she has thirty days to dispute the debt and to request the name and address of the original creditor." Elliot v. GC Servs., LP, No. 8:10-cv- 1976-T-24TBM, 2011 WL 5975671, at *4 (M.D. Fla. 2011).

51. Section 1692g is a strict liability provision: an Unintentional violation of the verification requirements violates the Act. *See* Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135(2d

Cir.2011); Savino v. Computer Credit, Inc., 164 F.3d 81,86 (2d Cir.1998); Booth v. Collection Experts, Inc., 969 F. Supp. 1161 (E.D. Wis.1997).

52. The Verification Rights Notice - 15 U.S.C. §1692g states as follows:

> (a) **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall**, unless the following information is contained in the initial communication or the consumer has paid the debt, **send the consumer a written notice containing** –
> 
> > (1) the amount of the debt;
> > 
> > (2) the name of the creditor to whom the debt is owed;
> > 
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> > 
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> > 
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
> 
> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.
> 
> (c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.
> 
> See 15 U.S.C. §1692g (emphasis added)

53. This provision specifies the contents of the written debt verification notice collectors are required to send consumers. **The courts have determined that the notice must be provided in a manner that effectively communicates its contents to the least sophisticated of consumers.** See Ellis v. Solomon & Solomon, PC., 591 F.3d 130 (2d Cir. 2010). ("To recover damages under the FDCPA, **a consumer does not need to show intentional conduct on the part of the debt collector.**"); Sims v. GC Servs. L.P., 445 F.3d 959 (7th Cir. 2006). (The unsophisticated consumer standard applied. **Since the FDCPA is a strict liability law, the good or bad intent of the debt collector is immaterial.**); Thomas v. Law Firm of Simpson & Cybak, 354 F. 3d 696, 2004 WL 51733 (7th Cir. Jan. 13, 2004 ), vacated, 2004 WL 242950 (7th Cir. Feb. 10, 2004). (Courts should give effect to the plain meaning of the FDCPA.); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003). (**The validation provision is aimed at preventing collection efforts based on mistaken information.**); Chaudhry v. Gallerizzo, 174 F.3d 394 (4th Cir. 1999). (The collector is only required to verify that **the creditor** is demanding the amount claimed and is not required to keep detailed files of the debt.); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996). (Applies least sophisticated consumer standard. The "least sophisticated consumer" lacks the astuteness of an attorney and even the sophistication of the average consumer.); Baker v. G. C. Servs. Corp., 677 F.2d 775 (9th Cir. 1982). (Applies unsophisticated consumer standard. Also, a consumer need not dispute the validity of a debt to recover for a failure to provide a proper notice of validation rights provided by § 1692g.).

54. The only letters Pinson received from Defendants were:

    "On August 13, 2013, DEFENDANTS sent a letter, on law firm letterhead, acknowledging receipt of Pinson's July 22, 2013 letter and requested additional information. *A copy of that letter is furnished as "Appendix C".*" [De 48 ¶35]; and,
    "On December 24, 2013, DEFENDANTS sent two letters, on law firm letterhead, asserting CHASE owned the alleged debt and had authorized DEFENDANTS to collect on their behalf. A copy of the two letters is furnished as "Appendix E"." [DE 48 ¶38].

55. Pinson <u>does not</u> argue that the August 13 letter was communications sent in connection with the collection of a debt, since the Eleventh Circuit said it was not. The reason Pinson included the August 13 letter was to show <u>all</u> the early communications received from Defendants and leave it to the Court to determine which was an "Initial Communication"

requiring the "validation rights notice" to be sent to Pinson, which Pinson contends Defendants failed to comply with the statute.

56. Pinson's second amended complaint states:

"Defendants did not send Plaintiff the FDCPA § 1692g validation rights notice." [DE 48 ¶58]

"Defendants did not send Plaintiff the FDCPA § 1692g validation rights notice within FIVE days of the initial communication related to a debt." [DE 48 ¶59]  D

"Defendants violated FDCPA §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;" [DE 48 ¶79]

"Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." [DE 48 ¶80]

57. Thus, Pinson has sufficiently alleged Defendants failed to send him the statutorily required § 1692g notice per statute and clearly identified the alleged violation as plausible.

**Defendants violated 15 U.S.C. §1692e by false and misleading representations**

58. Here Pinson examines the alleged violation of 1692e by Defendants.

59. Under 15 U.S.C. § 1692e A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. One action can violate multiple sections of the FDCPA. Clark v. Capital Credit & Collection Serv., 460 F.3d 1162, 1177 (9th Cir.2006), such as "Threatening to take or taking any action that cannot legally be taken or is not intended to be taken" - 15 U.S.C. Section 1692e(5); Withers v. Eveland, 988 F. Supp. 942 (E.D. Va.1997); Morgan v. Credit Adjustment Board, 999 F.Supp. 803 (E.D. Va.1998). Francis v. Snyder, 389 F. Supp. 2d 1034 (N.D. Ill.2005). Gonzales v. Arrow Financial Services, LLC., 660 F.3d 1055 (9th Cir.2011)

61. The December 24 letters, which the Eleventh Circuit determined were "communications sent in connection with the collection of a debt" [DE 43 pg.5], were false and misleading as they:
    1) falsely represented "Chase" as a creditor in both of the December 24 letters, as evidenced by Pinson's "Appendix A" to his SAC wherein on June 1, 2012, Chase stated the "loan was sold into a public security managed by CPCC Delaware Business Trust" [DE 48 Appx. A ¶2]. Pinson included the Appx. A letter to show Chase was not the Creditor.
    2) Falsly representing in the two December 24 letters that a lawsuit had been filed where "Chase" was the plaintiff, when no such lawsuit had been filed as evidenced in the Palm Beach County court records.
    3) As lawyers, Defendants knew or should have known that Chase did not own the loan and thus Chase could not be the Plaintiff because of lack of standing.
62. Pinson's second amended complaint states:

> On June 1, 2012 CHASE sent a letter to Pinson stating "Your loan was sold into a public security managed by CPCC Delaware Business Trust" A copy of that letter is furnished as "Appendix A"." [DE 48 ¶31]

> The Chase letter unambiguously indicated Chase did not own the alleged debt." [DE 48 ¶32]

> On December 24, 2013, DEFENDANTS sent two letters, on law firm letterhead, asserting CHASE owned the alleged debt and had authorized DEFENDANTS to collect on their behalf. A copy of the two letters is furnished as "Appendix E"." [DE 48 ¶38]

> This assertion of ownership was false, in that CHASE did not own the alleged debt. See "Appendix A"." [DE 48 ¶39]

> Chase did not own the alleged debt and could not authorize DEFENDANTS to collect. See "Appendix A"." [DE 48 ¶40]

> DEFENDANTS' assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew or should have known the assertion was false before sending the letter, and contrary to the form of FCCPA § 559.72(9);" [DE 48 ¶41]

> DEFENDANTS' assertion of ownership and authority was a false assertion of a legal right to collect, where DEFENDANTS knew or should have known the assertion was false before sending the letters, and contrary to the form of FDCPA § 1692;" [DE 48 ¶42]

63. Any representation which is objectively false constitutes a per se violation of Section 1692e - Creighton v. Emporia Credit Service, Inc., 981 F.Supp. 411 (E.D.Va.1997). Even if not objectively false, any statement which is capable of deceiving or misleading violates Section 1692e - Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir.1985).

64. Thus, Pinson has sufficiently alleged Defendants made false and misleading representations: of ownership of alleged debt; authority to authorize collection; of a legal right to collect; that a lawsuit had been filed against Pinson; and a threat to take a legal action that can not be legally taken.

65. For example: Demanding payment of illegal or unauthorized amounts - West v. Costen, 558 F.Supp. 564 (W.D.Va.1983); Misrepresenting the "debt" [as defined by the FDCPA] as including court costs, and attorney's fees, before there has been a judgment by a court - Veach v. Sheeks, 316 F.3d 690 (7th Cir. 2003); Implying future judicial remedies are a virtual certainty - Schimmel v. Slaughter, 975 F.Supp. 1357 (M.D.Ga.1997)

66. Moreover, A jury could easily find that Defendants' alleged false misrepresentations were in fact deceptive tactics are unfair practices under 15 U.S.C. § 1692f and Abusive of Pinson under 15 U.S.C. § 1692d.

67. Pinson has sufficiently alleged multiple violations of 15 U.S.C. § 1692e.

**Pinson has a constitutional right to a Jury Trial in his statutory FDCPA action**

68. Defendants assert that: " Plaintiff's demand for a jury trial... should be stricken" [DE 51 pg.8]. Pinson contends the seventh amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved....".

69. The FDCPA confers statutory rights on Consumers. The Supreme Court's treatment of the seventh amendment's application to statutory rights was unequivocal: "Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." Curtis v. Loether, 415 US 194, 94 S. Ct. at 1008, 39 L.Ed.2d 260 (1974).

70. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et. seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (10th Cir. 2002).

71. *In* Kobs v. Arrow Service Bureau, Inc., 134 F. 3d 893, 897 (7th Cir.1998)

> The Eleventh Circuit has been the only federal court of appeals to address the issue of whether § 1692k(a) provides for trial by jury in an action for damages under the FDCPA. In Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982), the court held that a party upon timely demand is entitled to a jury trial in an action for damages under the FDCPA. *Id.* at 832. The court noted that there are two possible sources of a right of trial by jury for a statutory cause of action. Id. Congress may provide for trial by jury in the statute that creates the claim regardless of whether the claim involves rights and remedies of the type traditionally enforced in a court of law before a jury. Id. Alternatively, if the claim involves rights and remedies of the type traditionally enforced in an action at law, the Seventh Amendment requires that the right of jury trial be preserved. *Id.*

> The Sibley court found that because the rights under the FDCPA most resemble tort actions for collection abuses which traditionally have been viewed as being resolved at law and because the relief sought is monetary damages which is the traditional form of relief offered in the courts of law, the § 1692k(a)(2) reference to an allowance of damages by the court must be construed to embody the right of trial by jury.

   *Quoting* Kobs v. Arrow Service Bureau, Inc., 134 F. 3d 893, 897 (7th Cir.1998)

72. Defendants essentially argue "Plaintiffs' claims are, therefore, "related to" the mortgage loan, and the jury trial demand should be stricken pursuant to the mortgage." [DE 51 pg.8] Here Defendants refer to facts not in evidence, mere hearsay which must be disregarded as "the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.2000) (quoting Lopez v. First Union Nat'l Bank of Fla., 129 F.3d 1186, 1189 (11th Cir.1997)).

73. Moreover, any alleged mortgage is <u>not</u> central to Pinson's complaint and is irrelevant. Pinson stated:

   "Any alleged debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the DEFENDANTS in an attempts to collect an alleged debt, violated rights of the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq. and the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec." [DE 48 ¶25].

74. "The DEFENDANTS are 3rd Party Debt Collectors located in the United States of America and as such are governed under the law by the FDCPA § 1692, et seq."[DE 48 ¶26] The

Defendants do not assert that they are the owner of any loan of Pinson or the servicer of any loan of Pinson.

75. The three cases defendants cite are not analogous here, but in fact make it unambiguous and clear that <u>only</u> a loan owner or a loan servicer has the right to enforce a jury trial waiver contained in mortgages, and Defendants have not argued they are either an owner or servicer. See DE 51 pg.8 ¶1:

> <u>Fahey v. Am. Home Mortg. Servicing</u>, Case No. 11-62544, 3 (S.D. Fla. Dec. 11, 2012) (permitting **loan owner and servicer** to enforce jury trial waiver in mortgage); but see <u>Omega v. Deutsche Bank Trust Co. Americas</u>, 2013 WL 425836 (S.D. Fla. 2013) (permitting **only loan owner** to enforce jury trial waiver in mortgage); and <u>Williams v. Wells Fargo Bank</u>. N.A., 2011 WL 4901346 (S. D. Fla. 2011) **(same)**.

Quoting defendants fourth Motion to Dismiss [DE 51 pg.8]. emphasis added.

76. Thus, because defendants have not asserted they own the alleged loan or are the servicer of the alleged loan, then defendants are unable to enforce any jury trial waiver provision, and therefore the argument must fail as a matter of law and Pinson's Jury Demand must survive.

## **Rule 12(g)(2) is applicable here**

77. Pinson notes supra at ¶¶ Defendants have argued to matters already decided by the Eleventh Circuit. See [DE 43].Pinson argues that Rule 12(g)(2) prohibits Defendants from moving to dismiss the Jury Demand, as defendant is not allowed to present new arguments to the Court that were available to defendant from the outset of this case.

78. According to Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." This rule applies to situations like this where Defendants files successive motions under Rule 12 "for the sole purpose of delay. . . . Indeed, the only persons to whom Rule 12(g) presents a hazard are motion minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." Abarca v. Franklin County Water Dist., No. 1:07-CV-0388, 2009 WL 1393508, at *2 (E.D. Cal. May 18, 2009) (internal quotation marks omitted).

79. Thus, Rule 12(g) applies here. Defendants' have filed four motions to dismiss. The fourth motion to dismiss attempts to re-argue matters already settled on appeal to the Eleventh Circuit, and as such Defendants argument is frivolous and causes a delay in proceedings.

Moreover, the fourth motion to dismiss adds a new argument, on Jury Demand, which was available to them from the outset and which Rule 12(g)(2) specifically addresses. Thus under Rule 12(g)(2) Defendants motion to strike the Jury Demand should be denied.

## CONCLUSION

80. In this opposition to Defendants' fourth Motion to Dismiss, Pinson has adequately addressed the issues Defendants have put forward. Pinson has shown his Second Amended Complaint sufficiently states a claim, addresses all necessary elements and he has sufficiently pled factual allegations and appended fact evidence to support a cause of action under both FDCPA and FCCPA which is plausible.

81. All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. 544, 547 (2007). A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Iqbal, 129 W.Ct, 1937, 1950 (2009). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56; Ross, 578 F.3d 574, 581 (7th Cir. 2009).

82. Pinson has also cited to his entitlement to a Jury Demand Trial in this matter. In Kobs v. Arrow Service Bureau, Inc., 134 F. 3d 893, 897 (7th Cir.1998):

> "**The Eleventh Circuit** has been the only federal court of appeals to address the issue of whether § 1692k(a) provides for trial by jury in an action for damages under the FDCPA *In* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982), the court **held that a party upon timely demand is entitled to a jury trial in an action for damages under the FDCPA.** Id. at 832."
> Kobs v. Arrow Service Bureau, Inc., 134 F. 3d 893, 897 (7th Cir.1998) emphasis added.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: denying Defendants fourth motion to dismiss [DE 51]; and any other relief as deemed equitable and just. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff respectfully asks the Court to grant him leave and sufficient time to amend his complaint.

Dated: November 2, 2015            Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed November 2, 2015

John Pinson

### Service List

Rubina K. Shaldjian, Esq.
rshaldjian@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel. 813-221-4743 x1508
Fax. 813-221-9171
Attorney for Defendant:
Albertelli Law Partners LLC

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
Attorney for Defendant:
James E Albertelli PA