UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JOHN PINSON**

    Plaintiff,

vs.                                                Case No.: 9:14-cv-80009-KLR

**ALBERTELLI LAW PARTNERS LLC,**
a Florida LLC; and

**JAMES E. ALBERTELLI P.A.**
A Florida Professional Association,

    Defendant.
_____/

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED VERIFIED COMPLAINT WITH PREJUDICE**

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW, and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli"), by and through undersigned counsel, hereby replies to Plaintiff's Response to Defendant's Motion to Dismiss Second Amended Complaint ("Plaintiff Response In Opposition To Defendants' Albertelli Law Partners LLC and James E Albertelli PA's Fourth Motion To Dismiss") [D.E. 54]and states as follows:

    **A.**    **DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT ADDRESSES DEFICIENCIES IN THIS NEW PLEADING.**

Defendant's instant Motion is brought in good faith and its only purpose is to protect the interests of the Defendant. First, Defendant must address that claim that the Defendant's arguments in the instant Motion are frivolous and devoid of merit. Nothing is further from the truth. Defendant's Motion meritoriously highlights the fact that the two alleged violations are in fact two *__responses__* to debt validation inquiries *__from the Plaintiff__*,

which are not "attempts to collect on a debt" as required under both the FDCPA and FCCPA. (Emphasis added). This was not addressed by the Eleventh Circuit and is a meritorious defense to the claims that these letters were "communications sent in connection with the collection of a debt" as both letters constituted the required debt validation responses under 15 U.S.C. § 1692g(2).

The FDCPA does not categorize **_all_** communications sent to a debtor as impermissible communications in connection to collection of a debt. Emphasis added. To that point, the FDCPA specifically carves out an exception for communications regarding the validation of debts in 15 U.S.C. § 1692g(b), which proscribes the method of validation of debts. This section clarifies that **_responses_** to validation requests are not only permitted by FDCPA but they are prescribed and required by statute under subsection "b". Therefore, responses to debt validation requests are not considered communications in collection of a debt. Subsection b states:

> (b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment,</u> or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, **_<u>is mailed to the consumer by the debt collector.</u>_** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

<u>15 U.S.C. § 1692g(b). Emphasis added</u>.

In the instant matter, the Plaintiff sent a written request for validation to the Defendant Albertelli on July 22, 2013. A copy of the request for validation has previously been submitted as Appendix "B" to the Plaintiff's Second Amended Complaint and is incorporated herein by reference. Defendant Albertelli then sent a ***<u>response</u>*** to the inquiry ***<u>from the Plaintiff</u>*** on August 13, 2013 as required by 15 U.S.C. § 1692g(b). Plaintiff then send a second written request for validation on August 19, 2013 against asking for validation and requesting a "…complete validation of ***<u>the amount</u>*** of the alleged debt." Emphasis added.  A copy of the request for validation has previously been submitted as Appendix "D" to the Plaintiff's Second Amended Complaint and is incorporated herein by reference. Defendant Albertelli then sent the two ***<u>responses</u>*** to the Plaintiff's inquiry on December 24, 2013, which included a payoff calculation and a reinstatement calculation, as required by 15 U.S.C. § 1692g(b). Both December 24th letters are a result of the ***<u>Plaintiff's inquiry and request</u>*** for ***<u>the amount</u>*** of the alleged debt and were a required response under 15 U.S.C. § 1692g(b).

Notwithstanding 15 U.S.C. § 1692g(b), the Plaintiff still maintains these ***<u>responses</u>*** are impermissible communications. However, permitting the Plaintiff's "gotcha" litigation strategy of submitting a debt validation request to a law firm retained to litigate a foreclosure (which requires a response and/or verification of a debt) and then proceeding with litigation upon receipt of the ***<u>required response</u>*** to the Plaintiff's very inquiry and treating the response as a violation of the FDCPA is a perversion of the FDCPA. The FDCPA not only allows these ***<u>responses</u>*** to debt validation requests but they are prescribed and required to be send to debtors by 15 U.S.C. § 1692g(b).

3

**B.     FEDERAL RULE OF CIVIL PROCEDURE RULE 12(G)(2) DOES NOT APPLY AS THE DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT ADDRESSES DEFICIENCIES IN THIS NEW PLEADING.**

Following appeal, this matter was referred back to this Honorable Court for the Plaintiff to file a second amended complaint. Plaintiff filed their Second Amended Complaint (D.E. 48) on September 10, 2015. In Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Second Amended Complaint Plaintiff has alleged that since Motions to Dismiss have been filed regarding the Plaintiff's First Amended Complaint (D.E. 19) that Federal Rule of Civil Procedure Rule 12(g) prohibits a Motion to Dismiss directed at the Plaintiff's Second Amended Complaint (D.E. 48). However, Rule 12(g) of the Federal Rules of Civil Procedure does not apply to prohibit the instant Motion to Dismiss the Second Amended Complaint as the First Amended Complaint has been superseded by the filing of the Second Amended Complaint. Under the Federal Rules, an amended complaint supersedes the original complaint. *See Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 601 (5th Cir. 1981); *Jefferson v. H. K. Porter Co.*, 485 F. Supp. 356, 359 (N.D.Ala.1980), aff'd, 648 F.2d 337 (5th Cir. 1981). Accordingly, the second amended complaint is completely replaced the first amended complaint, rendering it a nullity and therefore any motions or defenses directed at second amended complaint could not have been asserted against the first amended complaint. Therefore, as the second amended complaint is a new pleading any motions or defenses are new and therefore not barred by Rule 12(g)(2) of the Federal Rules of Civil Procedure.

4

**C.  ELEVENTH CIRCUIT COURT OF APPEALS DID NOT ENTER FINAL JUDGEMENT IN THIS MATTER; ELEVENTH CIRCUIT REMANDED THIS MATTER FOR FURTHER LITIGATION**

Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district courts. 28 U. S. C. § 1291. This Honorable Court has original jurisdiction over this action. The Eleventh Circuit Court of Appeals exercised appellate jurisdiction in this appeal and reviewed the Order of Dismissal in this matter and determined that dismissal with prejudice and without providing the Plaintiff an opportunity to amend the complaint to attempt to state a cause of action upon relief may be granted was not appropriate in this matter. Therefore, the Eleventh Circuit reversed in part and remanded the case back to allow the Plaintiff the opportunity to file an amended complaint to attempt to state a cause of action upon which relief may be granted. However, the Eleventh Circuit Court of Appeals did not replace the trier of fact or enter a Final Judgment in this matter; the Eleventh Circuit Court of Appeals only exercised their appellate jurisdiction and remanded this matter for further litigation to determine the validity of the claims.

Respectfully submitted,

ALBERTELLI LAW

Submitted: November 20, 2015     /s/ Matthew L. Schulis, Esq.
Matthew L. Schulis, Esq.
FBN: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive
Suite 300
Tampa, Florida 33609

Tel: 813-221-4743 x2621
Fax: 813-221-9171
eService1: GenLit@albertellilaw.com
eService2: servealaw@albertellilaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Motion to Dismiss Second Amended Complaint was furnished via email/ eServe and/or U.S. Mail this  20th  day of November, 2015 to the attached service list.

By: /s/ Matthew L. Schulis
Matthew L. Schulis, Esquire
Florida Bar Number: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623
Tel: (813) 221-4743x 2621
Fax: (813) 221-9171
eService1: GenLit@albertellilaw.com
eService2: servealaw@albertellilaw.com

**Service List**

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com