

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:14-cv-80009-KLR**

John Pinson,

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

      Defendant    /

## PLAINTIFF'S CORRECTED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND CASE CAPTION OR ALTERNATIVELY DEFENDANT'S MOTION TO DISMISS ALBERTELLI LAW PARTNERS LLC

**COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. Rule 12 and L.R. 7.1, who hereby respectfully requests that the Honorable Court deny Defendant's Motion to Amend Case Caption or Alternatively Defendant's Motion to Dismiss Albertelli Law Partners LLC [DE 58], and in support thereof states:

### INTRODUCTION

1. Defendants' Motion to Amend Case Caption or Alternatively Defendant's Motion to Dismiss Albertelli Law Partners LLC [DE 58], hereinafter "Defendants' Motion", is yet another dilatory attempt to avoid answering the Plaintiff, who's initial complaint was filed January 6, 2014. To the extent it is considered as such, Defendants' Motion would be the Fifth Motion to Dismiss in this matter; the Court has yet to rule on the Fourth Motion to Dismiss. Contrary to FRCP 12(g)(2), Defendants' Motion contains a new argument; Defendants should have raised **all** their defenses in their first defensive move. Moreover, Defendants have not proven that Albertelli Law Partners LLC could not be involved in the alleged violations.

2. Defendants' Motion fails to state with any particularity the grounds for the relief they seek. Defendants' Motion is devoid of any reference to which operative Federal Rule it is made; particularly Defendants' Motion fails to cite under which Federal Rule a case caption may be amended or under which Federal Rule dismissal is sought. Additionally, Defendants' Motion fails to contain a memorandum of law as required under Local Rule 7.1(a)(1). Moreover,



Defendants' counsel **did not** confer with the Plaintiff in good faith specifically as required under Local Rule 7.1(a)(3) and alone, this failure to comply, is sufficient grounds to deny Defendants' Motion, and further, by filing the disingenuous certificate of conference counsel did appear to mislead this Honorable Court.

## PROCEDURAL HISTORY

3.  Pinson filed his complaint [DE 1] on January 6, 2014. Defendants filed their first motion to dismiss [DE 9] and Pinson amended his complaint as a matter of course [DE 21]. Defendants filed their second Motion to Dismiss [DE 22]. The Magistrate's report and recommendation ("R&R") [ DE 29] recommended dismissal and this court adopted the R&R [DE 32]. Pinson timely appealed to the Eleventh Circuit [DE 36] on August 28, 2014.

4.  On July 9, 2015, the Eleventh Circuit entered a Judgment [DE 43] on its opinion and issued a Mandate on August 7, 2015, remanding the case in Pinson's favor for further proceedings. Upon remand, this Court issued an Order [DE 44] for Pinson to amend his complaint. Defendants filed their third Motion to Dismiss [DE 46] Pinson filed his Second Amended Complaint [DE 48] and in turn Defendants filed their fourth Motion to Dismiss [DE 51].

5.  On November 20, 2015, Defendants filed their Reply brief [DE 57] to Pinson's Opposition [DE 54], and contemporaneously did file the Defendants' Motion [DE 58] which Pinson responds in opposition, herein, for good cause, such that the Defendants' Motion should be denied.

## STANDARD OF REVIEW

6.  "When considering a motion to dismiss, all facts set forth in the plaintiffs complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto."' _Grossman v. Nationsbank, N.A._, 225 F.3d 1228, 1231 (11th Cir. 2000) (_quoting Lopez v. First Union Nat 'l Bank of Fla._, 129 F.3d 1186, 1189 (11th Cir. 1997)). _See Resnick v. AvMed, Inc._, 693 F.3d 1317, 1321 (11th Cir. 2012); _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 555-56 (2007).

7.  At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2) in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."

8.  If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. See

_Ashcroft v.Iqbal_, 556 U.S. 662, 678 (2009); _Twombly_, 550 U.S. at 555-56; _Brooks v. Ross_, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENTS AND AUTHORITIES

### Contrary to FRCP 12(g)(2), Defendants' Motion to Dismiss contains a new argument

9. To the extent it is considered as such, Defendants' Motion would be the <u>Fifth Motion to Dismiss</u> in this matter; the Court has <u>yet to rule</u> on the Fourth Motion to Dismiss, and contrary to FRCP 12(g)(2), Defendants' Motion contains a new argument; Defendants should have raised all their defenses in their first defensive move but instead continue to file motions to dismiss as a dilatory tactic to delay answering the complaint and frustrate Pinson.

10. The objective of FRCP 12 is to eliminate unnecessary delay at the pleading stage. _Rauch v. Day & Night Mfg._, 576 F.2d 697, 701 & n.3 (6th Cir.1978). FRCP 12 requires that a defendant who wants to raise a defense must do so when it makes its "first defensive move," whether by an FRCP 12 motion or by responsive pleading. _Rauch_, 576 F.2d at 701; _see also Trustees of Cent. Laborers' Welfare Fund v. Lowery_, 924 F.2d 731, 734 (7th Cir.1991) (discussing rationale of timeliness requirement). The defendant must present in a single pre-answer motion or responsive pleading every available FRCP 12 defense, except those listed in FRCP 12(h)(2) or 12(h)(3), which may be raised later. _See_ FRCP12(g)(2), (h)(2), (h)(3); _Albany Ins. V. Almacenadora Somex, S.A._, 5 F.3d 907, 909 (5th Cir.1993); _Marcial Ucin, S.A. v. SS GALICIA_, 723 F.2d 994, 997 (1st Cir.1983).

11. According to FRCP 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." This rule applies to situations like this where Defendants files successive motions under Rule 12 "for the sole purpose of delay. . . . Indeed, the only persons to whom Rule 12(g) presents a hazard are motion minded lawyers who, from force of habit or lack of good faith, cannot close their pleadings or come to issue without attempting to make numerous motions." _Abarca v. Franklin County Water Dist._, No. 1:07-CV-0388, 2009 WL 1393508, at *2 (E.D. Cal. May 18, 2009) (internal quotation marks omitted).

12. Because Defendants' Motion creates "unnecessary delay" by presenting another "untimely" defense that should have been presented in its "first defensive move," and because FRCP 12(g)(2) states "a party that makes a motion under this rule must not make another motion

under this rule raising a defense or objection that was available to the party but omitted from its earlier motion", Defendants practice of successive motions is dilatory and contrary to Federal Rules, and Defendants' Motion should be denied.

**Defendants' Motion fails to state with any particularity the grounds for the relief they seek.**

13. Defendants' Motion is devoid of any reference to which operative Federal Rule it is made; particularly Defendants' Motion fails to cite under which Federal Rule a case caption may be amended or under which specific Federal Rule dismissal is sought.

14. A motion must state the relief sought and the grounds for the relief. FRCP 7(b)(1)(B), (b)(1)(C); *St. Mary's*, 753 F.2d at 1365. The grounds for relief must be stated with "particularity." FRCP 7(b)(1)(B). The "purpose of a particularity requirement is to afford notice and opportunity to respond". (*Registration Control Sys. V. Compusystems, Inc.*, 922 F.2d 805, 807-08 (Fed.Cir.1990)).

15. Because Defendants' Motion fails to identify the Federal Rule(s) under which it is made the Defendants have failed to state with particularity the grounds for the relief they seek, and having failed to afford adequate notice to Pinson curtail his opportunity to respond properly, thus the motion should be denied.

**Defendants' Motion fails to a contain memorandum of law as required under L.R. 7.1(a)(1)**

16. A memorandum of law is required under Local Rule 7.1(a)(1) which states that "Every motion when filed shall incorporate a memorandum of law citing supporting authorities" and continues in LR 7.1(a)(1)(A-L) with a list of motions not requiring a memorandum of law. Defendants' Motion fails to contain any memorandum of law or even one case citation in support of the motion. Defendants' Motion does not fall in the category of motions exclusions found in LR 7.1(a)(1)(A-L). Because Defendants' Motion fails to contain the required memorandum of law, the motion should be denied.

**Plaintiff's complaint is based on information and belief**

17. Plaintiff's complaint is based in part on information and belief: "Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants." [DE 48 ¶2]; "Defendant Albertelli Law Partners LLC ("ALP"), upon information and belief is a Florida LLC authorized to do business in and is a citizen of the State of Florida." [DE 48 ¶12]; "Defendant James E. Albertelli PA ("JEA"), upon information and belief is a Florida Professional Association authorized to do business in and

is a citizen of the State of Florida." [DE 48 ¶13]; "Plaintiff, upon information believed that Albertelli Law intended to attempt to collect an alleged consumer debt from him." [DE 48 ¶33].

18. Factual allegations can be based on information and belief. FRCP 11(b); *see Arista Records LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir.2010)*. A complaint containing these types of allegations is appropriate when (1) the information is within the knowledge of the defendant but not the plaintiff or (2) the belief is based on factual information that makes the inference of culpability possible. Arista Records, 604 F.3d at 120; see Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 443 (7th Cir.2011); Kowal v. MCI Comms., 16 F.3d 1271, 1279 n.3 (D.C.Cir.1994); Tuchman v. DSC Comms., 14 3.Fd 1061, 1068 (5th Cir.1994).

19. Pinson's belief is based on factual information that makes the inference of culpability possible. Plaintiff received letters from "Albertelli Law": "The communications from DEFENDANTS failed to use the true names of DEFENDANTS" [DE 48 ¶29]; "On August 13, 2013, DEFENDANTS sent a letter" [DE 48 ¶35]; "On December 24, 2013, DEFENDANTS sent two letters] DE 48 ¶38]. Googling "Albertelli Law" pinson arrived at a page entitled "ALAW" *a copy of which is attached as "Exhibit A"* with an article entitled "Albertelli Unveils New ALAW Image". The page footer lists "© 2014 James E. Albertelli, P.A., Albertelli Law Partners California, P.A., Albertelli Law". Pinson then looked up "ALAW" on sunbiz.org which showed on the application for fictitious name Registration# G13000100985, that the owner of "ALAW" was "Albertelli Law Partners, LLC", *a copy of which is attached as "Exhibit B"*. Mr. James Albertelli's Florida Bar listing says his firm is "Albertelli Law" *a copy of which is attached as "Exhibit C"*, as does Rubina Shaldjian's *a copy of which is attached as "Exhibit D"*, and Mr. Schulis *a copy of which is attached as "Exhibit E"*. Searching "Albertelli Law" in the sunbiz.org fictitious names showed "Albertelli Law" was registered May 17, 2005 with the owners "Albertelli Title, Inc." and "Albertelli Realty Resources of Boca Raton, LLC" *a copy of which is attached as "Exhibit F"* and the owners cancelled the name on February 12, 2010 *a copy of which is attached as "Exhibit G"*, yet "Albertelli Law" was also registered by James E Albertelli, PA on August 8, 2007 *a copy of which is attached as "Exhibit H"*, a time at which the fictitious name was already owned. Pinson contacted the Department of State which indicated the first

registration was valid and the second registration should not have been allowed at that time as it was already registered and would be an invalid registration. Finally, a sunbiz.org filing for "Albertelli Law Partners LLC" *a copy of which is attached as "Exhibit I"* shows "Authorized person(s)" "Albertelli, James E.", Bowen, Robert", and "Sawyer, Jonathan" which are the same names listed on the "Albertelli Law / ALAW" website *a copy of which is attached as "Exhibit J"*.

20. Because the names are the same on the website and the ALP filing and because "ALAW" was registered to ALP and because the letters are headed "Albertelli Law", the Bar listings show "Albertelli Law", and googling brings you to the "Albertelli Law / ALAW" webpage, and because of the interrelation and overlap of the parties it is plausible for both Defendants to be listed on the complaint and in the caption. Any other information would be unavailable to Pinson and could only be brought to light through discovery.

**Dismissing Albertelli Law Partners LLC at this juncture would be improper**

21. Though counsel makes the statement "the two alleged communication that are the subject of the Plaintiff's Second Amended Complaint (D.E. 48) were both sent by Defendant, James E. Albertelli P.A. d/b/a "Albertelli Law"" [DE 58 ¶9].

22. It is clear that ""Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Penn v. Ogg*, (SD OH 2014) *quoting Trinsey v. Pagliaro*, 229 F. Supp. 647 (ED PA 1964) further "—attorneys may not 'put evidence into a court without having a signed verified affidavit, from the executive [] officers of the entity they are representing,' and saying nothing else of substance." *Anderson v. DEUTSCHE BANK NATIONAL TRUST CO., NA*, (N.D. IL 2014) *quoting Pagliaro* 229 F. Supp. 647.

23. Because statements of counsel are insufficient to grant a motion to dismiss and because no affidavit is on record, Defendants' Motion should be denied.

**Dismissing Albertelli Law Partners LLC at this juncture would prejudice Plaintiff**

24. Because the interrelation of the various Albertelli entities is unknown including common ownership or parent subordinate relationships, and because one entity owning a fictitious name could license its be used by another entity, it would prejudice Plaintiff to dismiss any party with prejudice at this pleadings stage.

**Defendants fail to cite any Rule or Authority to amend case caption**

25. As noted supra, the grounds for relief must be stated with "particularity" and Defendants fail to cite any Rule or Authority to amend case caption, and having failed to afford adequate notice to Pinson curtail his opportunity to respond properly to the argument. Pinson contends Defendants argument is frivolous because "courts should determine true nature of pleading by its substance, not its label" (*Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir.2005)).

26. Every pleading must contain a caption. FRCP 10(a) The caption must include the court's name, a title with all the parties' names, a file number, and an FRCP 7(a) designation. FRCP 10(a); *see* FRCP 7(a).

27. The caption of every pleading must contain a title with the names of the parties. FRCP 10(a); *see Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir.2011). The original complaint must list all the parties by their full names. See FRCP 10(a). If the suit involves multiple parties on either side, the list may be shortened in later pleadings by using the name of the first party and "et al." *See id*; *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 730 (5th Cir.1987).

28. Because FRCP 10(a) requires all the parties' names and later pleadings may use the name of the first party and "et al." and because Defendants fail to cite any Rule or Authority to amend case caption and because courts should determine true nature of pleading by its substance, not its label, there is no cognizable reason to change the case caption and Defendants' Motion should be denied.

**Defendants' Motion misrepresents merger date**

29. The "Articles of Merger" filed with the Florida Secretary of State show the "effective date" of the merger was "April 1, 2014".[1]

30. In four paragraphs, Defendants Motion misrepresents to the Court that: "ALBERTELLI LAW PARTNERS LLC, no longer exists and was merged into JAMES E. ALBERTELLI P.A. on April 1, 2004" [DE 58 pg.1] "On or about April 1, 2004, Albertelli Law Partners LLC became an inactive corporation as a result of a merger" [DE 58 ¶3]; "clearing indicate that as of April 1, 2004" [DE 58 ¶4]; "as a result of the merger executed April 1, 2004" [DE 58 ¶7].

---

[1] See:
http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2014%5C0408%5C0
0076915.Tif&documentNumber=P07000089088

31. The merger date appears central to Defendants argument, but in no instance does Defendants' Motion recite the correct merger date; yet in four instances the merger date is misrepresented. Defendants' Motion should be denied.

**Plaintiff's complaint was filed against Albertelli Law Partners LLC before the merger**

32. Pinson filed his original complaint against Albertelli Law Partners LLC [DE 1] on January 6, 2014 and amended his complaint as a matter of course on March 24, 2014 [DE 19]; the "effective date" of the merger was April 1, 2014, thus Albertelli Law Partners LLC was an active entity, alive and operating at the time Pinson named them in his action, and not a "non-entity" as Defendants allege *See* DE 58 ¶8, 10, and wherefore statement. Because Albertelli Law Partners LLC was an active entity when Pinson filed his complaint against them Defendants' Motion should be denied.

**Albertelli Law Partners LLC liabilities survive the merger separately**

33. In "the Agreement and Plan of Merger"[2], which is "Exhibit A" to the "Articles of Merger", "Article III" states in part that: "The Surviving Entity shall then be responsible and liable for all Liabilities and obligations of ALP, if any, and neither the rights of creditors nor any liens on the property of the absorbed entity shall be impaired by the Merger." The letters at issue came from Albertelli Law without designation or reference of another entity.

34. Defendants argue "Albertelli Law Partners LLC ... was wholly absorbed and merged into Defendant, James E. Albertelli P.A., with all potential claims and alleged liabilities merging into the surviving entity as well, the inclusion of the non-entity is duplicative, meritless and waste of judicial resources " [DE 58 ¶8] yet "the Agreement and Plan of Merger" indicates "neither the rights of creditors nor any liens on the property of the absorbed entity shall be impaired by the Merger".

35. Because "neither the rights of creditors nor any liens on ... the absorbed entity shall be impaired by the Merger" the inclusion of Albertelli Law Partners LLC is not "duplicative, meritless and waste of judicial resources", and further, based on the merger agreement, James E. Albertelli P.A. is "responsible and liable for all Liabilities and obligations of ALP" as well as any liabilities of its own. This matter is merely a failed attempt to dismiss a party and reduce liability, and Defendants' Motion should be denied.

---

[2] See:
http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2014%5C0408%5C0076915.Tif&documentNumber=P07000089088

**Defendants' counsel did not confer with the Plaintiff in good faith prior to filing motion**

36. In its certificate of conference, Defendants Counsel represented to the Court:

> The undersigned has conferred with the Pro Se Plaintiff via telephone and email regarding the basis of this Motion. The Pro Se Plaintiff has indicated that he does not consent to the undersigned's requested relief.
> [DE 58 certificate of conference]

37. Pinson states no telephone conversation between John Pinson and Matthew Schulis has occurred since at least January 13, 2015 when Layla McDonald appeared for defendants in the Appeal. Pinson further states Matthew Schulis never sent pinson an e-mail indicating his intention to file Defendants' Motion or any motion and because no indication of intention was made he did not confer in good faith with Pinson.

38. LR 7.1(a)(3) states in part:

> Pre-filing Conferences Required of Counsel. **Prior to filing any motion in a civil case … counsel for the movant shall confer** (orally or in writing), or make reasonable effort to confer (orally or in writing), **with all parties** or non-parties **who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.**

39. Mr. Schulis indicates he conferred "regarding the basis of this Motion" but he does not state he discussed any intended motion and he does not state he attempted to resolve the issue before filing the motion. The substance of any conversations were made during the guise of settlement discussions, in written e-mails initiated by Schulis. A careful review of the e-mail chain shows Schulis never indicated an intention to file a motion and never made the good faith effort this court requires and contrary to LR 7.1(a)(3).   *A copy of the e-mail chain is attached as "Exhibit K" for reference.*

40. Had Schulis properly conferred with Pinson, Pinson would have attempted to resolve the issue as required in LR 7.1(a)(3): Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute.

41. LR 7.1(a)(3) also states:

> At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that **counsel for the movant has conferred with all parties** or non-parties **who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion** and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in

the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.

42. By not stating his intention to file Defendants' Motion, Schulis failed to abide by LR 7.1(a)(3).

43. Finally, LR 7.1(a)(3) states

> **Failure to comply** with the requirements of this Local Rule **may be cause for the Court to** grant or **deny the motion and impose on counsel an appropriate sanction**, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

44. This failure to comply with the local rule, wastes the Courts valuable time and limited resources, and is unfair to Pinson. Because of the failure to comply the Court should deny Defendants' Motion. Because Pinson is pro se and is not entitled to obtain any monetary sanction, the sanction Pinson requests is denial of Defendants' Motion or payment of an appropriate sum into the Court's treasury.

## CONCLUSION

45. Defendants' Motion fails to cite any Federal Rule it is made under and is not made with particularity; does not contain a memorandum of law; and, counsel failed to confer with Plaintiff prior to filing the motion. Defendants have failed to show any reason to amend the case caption. Defendants have failed to show any reason to dismiss a party and have not offered any affidavit, only statements of counsel. Plaintiff has shown it is plausible all defendants being involved in violations and dismissal at this juncture would prejudice Plaintiff.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully requests this Honorable Court to issue an Order: denying Defendant's Motion to Amend Case Caption or Alternatively Defendant's Motion to Dismiss Albertelli Law Partners LLC; and any other relief as deemed equitable and just.

Dated: December 7, 2015                    Respectfully Submitted,


John Pinson

526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the

Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the

mandatory CM/ECF system, on the Service List below.

Signed December 7, 2015

John Pinson

### Service List

Rubina K. Shaldjian, Esq.
rshaldjian@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel. 813-221-4743 x1508
Fax. 813-221-9171
Attorney for Defendant:
Albertelli Law Partners LLC

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
Attorney for Defendant:
James E Albertelli PA

Attached please find:
"Exhibits A-K"
Total 31 pages

# "Exhibit A"

LOGIN ::    Directions



**A | LAW**

Home    About ALAW    Practice Areas    Technology    News & Resources    Contact

---

## ALAW Blog
Clearing the lines of communication.

ALAW - Albertelli Law / Florida / Albertelli Unveils New ALAW Image



### Search ALAW

To search type and hit enter

**Get the news you need sent directly to your inbox**

Enter your email address:

**Subscribe**

## Albertelli Unveils New ALAW Image

November 22, 2013          Fitch, Adam          Florida, Georgia, News

"Our Firm, often referred to as ALAW, has undergone a tremendous evolution in the past year with significant investments in technology and communications across the organization" said Scott Barnes, Chief Operating Officer.  "The ALAW identity exemplifies our strategic foundation of people and technology to produce top quality results at maximum value for our clients."

The new brand and logo depict ALAW's commitment to innovation while maintaining the stability and industry leadership for which it became known. The company's new tagline, "A Firm Foundation for the Future," underscores the firm's client-centric operating philosophy, whereby the firm's focus matches the clients' goals to ensure stellar legal services for years to come.

"Our new brand identity pays homage to our 72 attorneys, 34 managers, 350+ paralegals and support staff, dedicated to providing 'A' service to our clients each and every day," said Jim Albertelli, President and Founding Partner. "What has not changed is our steadfast commitment to investing back into the industry and giving back to our community; through the development of law, engagement in pro-bono endeavors, service efforts, development of political action and the introduction of new legislation. In this regard, we take a proactive approach to providing a more favorable legal environment for the ALAW's clients and community."

The new ALAW website (www.alaw.us) also reflects the firm's commitment to clear communication and connection. The dynamic new redesign makes the site easier to navigate and provides easy access to the information and connections they need — Industry news, legislative updates & information, technology resources, social media integration and onsite training opportunities.



3/19/2014                    ALAW – Albertelli Law Albertelli Unveils New ALAW Image - ALAW - Albertelli Law



Share this Story

   About the Author

## Related Posts

ALAW Expands West with Aquisition of JPMorgan Chase Trustee Subsidiary   (December 16, 2013)

© 2014 JAMES E. ALBERTELLI, P.A., Albertelli Law Partners California,
P.A., Albertelli Law. All Rights Reserved.
LEGAL DISCLAIMER & PRIVACY POLICY



3/31

# "Appendix B"

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

REGISTRATION# G13000100985

**Fictitious Name to be Registered:** ALAW



**Mailing Address of Business:**    208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL  32202

**Florida County of Principal Place of Business:** MULTIPLE

**FEI Number:**

**Owner(s) of Fictitious Name:**

**FILED**
**Oct 11, 2013**
**Secretary of State**

ALBERTELLI LAW PARTNERS, LLC
208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL  32202
Florida Document Number: L10000004603
FEI Number: 27-1660320



I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in Chapter 50, Florida Statutes, in the county where the principal place of business is located.  I understand that the electronic signature below shall have the same legal effect as if made under oath and I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s. 817.155, Florida Statutes.

JAMES E ALBERTELLI                                          10/11/2013
Electronic Signature(s)                                      Date

**Certificate of Status Requested ( )**      **Certified Copy Requested ( )**



# "Appendix C"



3/19/2014
Member Search

**The Florida Bar**
www.floridabar.org

# James Edward Albertelli

**Member in Good Standing**

**Eligible to practice in Florida**

| | |
|---|---|
| ID Number: | ‐ 50059 |
| Address: | James E Albertelli |
| | 4391 Lake Forrest Dr NE |
| | Atlanta, Georgia 303423232 |
| | United States |
| Phone: | 904.356.4755 1201 |
| Fax: | 904.356.4754 |
| E-Mail: | jim@albertellilaw.com |
| vCard: | ? |
| Admitted: | 05/05/1995 |
| Sections: | Business Law |
| | Environmental and Land Use Law |
| | Real Property Probate and Trust Law |
| **10-Year Discipline History** | **None** |
| Law School: | Emory University School of Law |
| Graduation Year: | 1994 |
| Degree: | Doctor of Jurisprudence/Juris Doctor |
| Firm: | ALBERTELLI LAW |
| Website: | WWW.ALBERTELLILAW.COM |
| Firm Size: | 6 to 10 |
| Occupation: | Partner / Shareholder |
| Practice Areas: | Banking |
| | Real Estate |
| | Real Estate/Land Development |
| | Real Property, Probate and Trust Law |
| | Trial |
| Federal Courts: | U.S. Supreme Court |
| | U.S. District Court, Middle District of Florida |
| | U.S. District Court, Northern District of Florida |
| | U.S. District Court, Southern District of Florida |
| | U.S. District Court, Northern District of Georgia |

**The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about attorneys licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, through this directory The Florida Bar allows individual attorneys the opportunity to provide for public information certain expanded personal and professional data. It is the attorney's responsibility to routinely review and update those expanded listings. The information contained in those expanded listings is presented by the Bar "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for the accuracy of that additional data. Publication of attorneys' contact information within this listing should not be construed as their consent to receive unsolicited communications in any form. Certain unauthorized uses of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.**

3/19/2014                                    Member Search

*[Revised: 03-09-2014]*

© 2014 The Florida Bar | Disclaimer | Top of page | Get Adobe Acrobat



# "Appendix D"



3/19/2014                                     Member Search

# The Florida Bar
www.floridabar.org

# Rubina K Shaldjian

**Member in Good Standing**                    **Eligible to practice in Florida**

| | |
|---|---|
| ID Number: | - 64466 |
| Address: | Albertelli Law |
| | PO Box 23028 |
| | Tampa, Florida 336232028 |
| | United States |
| Phone: | 813.221.4743 1508 |
| Fax: | 813.221.9171 |
| E-Mail: | rshaldjian@albertellilaw.com |
| vCard: | |
| County: | Hillsborough |
| Circuit: | 13 |
| Admitted: | 04/17/2009 |
| Sections: | Real Property Probate and Trust Law |
| | Young Lawyers Division |
| **10-Year Discipline History** | **None** |
| Law School: | The Florida State University College of Law |
| Degree: | Doctor of Jurisprudence/Juris Doctor |
| Website: | www.AlbertelliLaw.com |
| Firm Size: | 21 to 50 |
| Occupation: | Associate |

**The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about attorneys licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, through this directory The Florida Bar allows individual attorneys the opportunity to provide for public information certain expanded personal and professional data. It is the attorney's responsibility to routinely review and update those expanded listings. The information contained in those expanded listings is presented by the Bar "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for the accuracy of that additional data. Publication of attorneys' contact information within this listing should not be construed as their consent to receive unsolicited communications in any form. Certain unauthorized uses of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.**

*[Revised: 03-09-2014]*

© 2014 The Florida Bar | Disclaimer | Top of page | Get Adobe Acrobat

# "Appendix E"



Ethics     Rules     Professionalism     Log In     Follow Us

# THE FLORIDA BAR

ABOUT THE BAR        NEWS & EVENTS        FOR THE PUBLIC        MEMBER SERVICES        LOG IN        FIND A LAWYER

Search The Florida Bar

THE FLORIDA BAR  /  Find A Lawyer  /  Profile

## Matthew Lee Schulis

**Member in Good Standing**                                                              **Eligible to Practice Law in Florida**
**Bar Number:**              57116

**Mail Address:**            Albertelli Law
                             5404 Cypress Center Dr Ste 300
                             Tampa, FL 33609-1023
                             United States
                             Office: 813-221-4743

**Email:**                   mschulis@albertellilaw.com

**Personal Bar URL:**        www.floridabar.org/mybarprofile/57116

**vCard:**

**County:**                  Hillsborough

**Circuit:**                 13

**Admitted:**                10/02/2008

**Young Lawyers             Member
Division:**

**10-Year Discipline        None
History:**

**Law School:**              Barry University Dwayne O. Andreas School of Law, 2008

**Sections:**                Young Lawyers

                             Real Property, Probate Law

**Federal Courts:**          Florida Middle District Bankruptcy Court

                             Florida Northern District Bankruptcy Court

                             Florida Southern District Bankruptcy Court

                             U.S. Court of Appeals for the Eleventh Circuit

                             U.S. District Court, Middle District of Florida

                             U.S. District Court, Northern District of Florida

                             U.S. District Court, Southern District of Florida

**State Courts:**            Florida

**Firm:**                    Albertelli Law

**Firm Size:**               Over 100

**Firm Position:**           Associate

**Firm Website:**            www.alaw.net

12/31

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about attorneys licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, through this directory The Florida Bar allows individual attorneys the opportunity to provide for public information certain expanded personal and professional data. It is the attorney's responsibility to routinely review and update those expanded listings. The information contained in those expanded listings is presented by the Bar "as is" with no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents thereof are not responsible for

# "Appendix F"



## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

Note: Acknowledgements/certificates will be sent to the address in Section 1 only.

**FILED**

**05 MAY 17  AM 9:38**

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

**Section 1**

1. Albertelli Law

Fictitious Name to be Registered  (see instructions if name includes "Corp" or "Inc")

5200 Belfort Road STE 250

Mailing Address of Business
Jacksonville, Florida     32256

City     State     Zip Code

3. Florida County of principal place of business:  Multiple

(see instructions if more than one county)

This space for office use only

**Section 2**

A. Owner(s) of Fictitious Name if Individual(s): (Use an attachment if necessary):

1.

Last     First     M.I.

Address

City     State     Zip Code

2.

Last     First     M.I.

G05137900011

05/17/05--01058--007  **5000

Address

City     State     Zip Code

B. Owner(s) of Fictitious Name if other than an Individual: (Use attachment if necessary):

1. Albertelli Title, Inc.

Entity Name
5200 Belfort Road STE 250

Address
Jacksonville, Florida 32256

City     State     Zip Code

Florida Registration Number  P03000024684

FEI Number:  113674912

☐ Applied for     ☐ Not Applicable

2. Albertelli Realty Resources of Boca Raton, LLC

Entity Name
5200 Belfort Road STE 250

Address
Jacksonville, Florida 32256

City     State     Zip Code

Florida Registration Number  L04000028570

FEI Number:  680581296

☐ Applied for     ☐ Not Applicable

**Section 3**

I (we) the undersigned, being the sole (all the) party(ies) owning interest in the above fictitious name, certify that the information indicated on this form is true and accurate. In accordance with Section 865.09, F.S., I (we) understand that the signature(s) below shall have the same legal effect as if made under oath. (At Least One Signature Required)

Signature of Owner     Date  5-11-05

Phone Number:  904-296-4755

Signature of Owner     Date  5/11/05

Phone Number:  561-391-3277

**Section 4**

FOR CANCELLATION COMPLETE SECTION 4 ONLY:
FOR FICTITIOUS NAME OR OWNERSHIP CHANGE COMPLETE SECTIONS 1 THROUGH 4:

I (we) the undersigned, hereby cancel the fictitious name _____

_____, which was registered on _____ and was assigned

registration number _____

Signature of Owner     Date

Signature of Owner     Date

Mark the applicable boxes     ☐ Certificate of Status — $10     ☐ Certified Copy — $30

**NON-REFUNDABLE PROCESSING FEE: $50**

14/31

CR4E001 (11/03)

# "Appendix G"

15/31

# APPLICATION FOR REGISTRATION OF FICTITIOUS NAME
Note: Acknowledgements/certificates will be sent to the address in Section 1 only.

**Section 1**

1.

Fictitious Name to be Registered  (see instructions if name includes "Corp" or "Inc")

Mailing Address of Business

City                          State                          Zip Code

3. Florida County of principal place of business: _____

(see instructions if more than one county)

FEI Number: _____

F I L E D

10 FEB 12  PH 2: 32  

SECRETARY OF STATE
TALLAHASSEE, FLORIDA

G10000013924
02/12/10--01026--002  **$50.00

This space for office use only

---

**Section 2**

## A. Owner(s) of Fictitious Name if Individual(s): (Use an attachment if necessary):

1.
Last           First          M.I.

Address

City           State          Zip Code

2.
Last           First          M.I.

Address

City           State          Zip Code

## B. Owner(s) of Fictitious Name if other than an individual: (Use an attachment if necessary):

1.
Entity Name

Address

City           State          Zip Code

Florida Document Number _____

FEI Number: _____
☐ Applied for   ☐ Not Applicable

2.
Entity Name

Address

City           State          Zip Code

Florida Document Number _____

FEI Number: _____
☐ Applied for   ☐ Not Applicable

---

**Section 3**

I the undersigned, being an owner in the above fictitious name, certify that the information indicated on this form is true and accurate. In accordance with Section 865.09, F.S., I further certify that the fictitious name to be registered has been advertised at least once in a newspaper as defined in chapter 50, Florida Statutes, in the county where the principal place of business is located. I understand that the signature below shall have the same legal effect as if made under oath.

_____         _____
Signature of Owner         Date

_____
E-mail address: (to be used for future renewal notification)

Phone Number: _____

---

**Section 4**

## FOR CANCELLATION COMPLETE SECTION 4 ONLY:
## FOR FICTITIOUS NAME OR OWNERSHIP CHANGE COMPLETE SECTIONS 1 THROUGH 4:

I (we) the undersigned, hereby cancel the fictitious name  Albertelli Law

_____, which was registered on  5/17/05  and was assigned

registration number  G05137900011

M. MILLIGAN
EXAMINER

_____    2/9/10    _____
Signature of Owner    Date    Signature of Owner    Date

FEB 1 2 2010

Mark the applicable boxes   ☐ Certificate of Status — $10    ☐ Certified Copy — $30

**NON-REFUNDABLE PROCESSING FEE: $50**    (16/31)    Single    CR4E001 (11/09)

# "Appendix H"

17/31

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

DOCUMENT# G07220900176

**Fictitious Name to be Registered:**   ALBERTELLI LAW

**Mailing Address of Business:**   7806 MOUNT RANIER DRIVE
JACKSONVILLE, FL  32256

**Florida County of principal place of business:**   DUVAL

**FEI Number:** 26-0659686

**Owner(s) of Fictitious Name:**

JAMES E. ALBERTELLI, P.A.
7806 MOUNT RANIER DRIVE
JACKSONVILLE, FL  32256
Florida Registration Number: P07000089088
FEI Number: 26-0659686

**FILED**
**Aug 08, 2007**
**Secretary of State**

I (we) the undersigned, being the sole (all the) party(ies) owning interest in the above fictitious name, certify that the information indicated on this form is true and accurate.  I (we) understand that the electronic signature(s) below shall have the same legal effect as if made under oath.

JAMES E. ALBERTELLI                                        08/08/2007
Electronic Signature(s)                                          Date

**Certificate of Status Requested ( )**      **Certified Copy Requested ( )**



# "Appendix I"



## 2014 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# L10000004603

**FILED**
**Jan 09, 2014**
**Secretary of State**
**CC2039145777**

**Entity Name:** ALBERTELLI LAW PARTNERS, LLC

**Current Principal Place of Business:**

208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL 32202

**Current Mailing Address:**

208 NORTH LAURA STREET, SUITE 900
JACKSONVILLE, FL 32202

**FEI Number:** 27-1660320                          **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

JAMES E ALBERTELLI PA
208 N LAURA STREET
SUITE 900
JACKSONVILLE, FL 32202 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

Electronic Signature of Registered Agent                                                   Date

**Authorized Person(s) Detail :**

| | | | | |
|---|---|---|---|---|
| Title | MGRM | | Title | MGR |
| Name | ALBERTELLI, JAMES E | | Name | BOWEN, ROBERT |
| Address | 208 N LAURA STREET SUITE 900 | | Address | 208 N LAURA STREET SUITE 900 |
| City-State-Zip: | JACKSONVILLE FL 32202 | | City-State-Zip: | JACKSONVILLE FL 32202 |

| | |
|---|---|
| Title | MGR |
| Name | SAWYER, JONATHAN |
| Address | 208 N LAURA STREET SUITE 900 |
| City-State-Zip: | JACKSONVILLE FL 32202 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: JAMES E ALBERTELLI                    MANAGING MEMBER          01/09/2014

Electronic Signature of Signing Authorized Person(s) Detail                              Date



# "Appendix J"

21/31

LOGIN ::    Directions

# A | LAW

Home    About ALAW    Practice Areas    Technology    News & Resources    Contact

## About ALAW

A Firm Foundation for the Future.

The legal experts of Albertelli Law have represented institutional and private clients for over 17 years in a full range of legal matters associated with residential and commercial real estate including foreclosure, bankruptcy, litigation, title, evictions, closing, and REO. The company has since grown to include more than 450 dedicated employees, all while maintaining the high principles and stellar services for which Albertelli Law has become known.

The promise of Albertelli Law is to employ its entire intellectual and professional capacity to zealously and efficiently represent the best interests of its clients within the bounds of the law—an ethical duty that guides everything the firm does. This promise translates into a client-centric philosophy where the firm's focus matches the clients' goal: efficient and effective resolution of mortgage and real estate matters.

## Client-Centric Leadership

Our firm's structure has been redesigned with dedicated legal teams matched to our client's functional teams. The result has been a client-centric operating philosophy where our firm's focus matches our clients' goals.

Learn More

Proudly serving Florida, Georgia, California and Arizona.

## ALAW Leadership



### JAMES E. ALBERTELLI, ESQ.
President and Founding Partner

James Albertelli is a graduate of the University of Florida (B.S., Finance) and Emory University College of Law (Juris Doctor). Jim founded the Firm in 1997 after practicing as an Assistant District Attorney assigned to the Chief Judge of the Cobb Judicial Court.



### ROBERT K. BOWEN, ESQ.
Managing Partner, Litigation

Robert leads the firm's foreclosure, bankruptcy and litigation practices with a focus on legal process quality and judicial relationships. Prior to joining ALAW, Robert practiced as a creditors' rights attorney for six years with a focus on litigation of disputes relating to foreclosure, commercial and consumer contracts, title issues,



### JONATHAN SAWYER, ESQ.
Managing Partner, Title and Closing Division

Jonathan provides executive oversight for the Firm's title and closing division which offers residential and commercial real estate title, closing, and eviction services to mortgage servicers, originators, and real estate buyers, sellers, brokers, and developers... Jonathan has established a strong

22/31

and judgment execution.

reputation as an industry expert regarding lender-driven transactions, the disposition of troubled assets, and post-acquisition services.



### JASON M. TAROKH, ESQ.
Partner, Litigation

Jason is a former prosecutor and has extensive experience in the civil litigation process, including trial advocacy. His primary practice areas include real estate, foreclosure and commercial litigation. Jason is an experienced attorney licensed to practice law in both Florida and South Carolina.



### NATHAN P. GRYGLEWICZ, ESQ.
Partner, Foreclosure

Nate came to ALAW after gaining tremendous experience in the areas of insurance defense, subrogation law, personal injury law and criminal law. However, the vast majority of past experience was advocating creditors' sights in various county and circuit courts around the state of Florida.



### SCOTT BARNES
Chief Operating Officer

More than 20 years of nationally recognized experience in default mortgage servicing, specifically in foreclosure, bankruptcy, and special asset services. Scott provides first-hand experience building top performing servicing operations and tremendous industry insight.

© 2014 JAMES E. ALBERTELLI, P.A., Albertelli Law Partners California, P.A., Albertelli Law. All Rights Reserved.
LEGAL DISCLAIMER & PRIVACY POLICY





23/31

# "Appendix K"

24/31

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Friday, November 20, 2015 12:32 PM |
| **To:** | 'Matthew Schulis' |
| **Subject:** | RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR  (ALAW 14-128384) |
| **Importance:** | High |

Mr. Schulis,

Thank you for your reply. The terms of the settlement agreement are unacceptable for a list of reasons to long to detail herein and the scope of the agreement is overreaching.

As to your first issue. At the time of the alleged violations both entities were in existence. The merger you reference only took place after filing of the amended complaint. The merger document "The Surviving Entity shall then be responsible and liable for all Liabilities and obligations of ALP, if any, and neither the rights of creditors nor any liens on the property of the absorbed entity shall be impaired by the Merger." The letters at issue came from Albertelli Law without designation or reference of another entity. Also, there are issues with the dba name evidenced in the public record.

Nevertheless, at present, a settlement could be reach on the terms I have previously indicated. At any rate, if my settlement demand is not acceptable you may still withdraw your fourth motion to dismiss, to avoid possible sanctions; I would entertain a reasonable motion for enlargement of time to file answers to the complaint and we could schedule a discovery and 26f conference, and exchange Rule 7.1 and 26(a)1 disclosures. During the enlargement we could attempt to resolve settlement issues.

Thanking you for your consideration.

Sincerely,

John Pinson
john@pinson.com

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, November 19, 2015 7:05 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR (ALAW 14-128384)
**Importance:** High

> *The following confidential communication is intended only for settlement purposes and as an expression of a willingness to consider a compromise. It may not be used for any other purposes. The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.*

Mr. Pinson,

Thank you for your reply. While I have no problem restarting potential settlement negotiations there is a fundamental misunderstanding that must be resolved first- namely that the Defendant is not two entities (James



E. Albertelli PA and from Albertelli Law Partners LLC)- there is only one entity, James E. Albertelli PA d/b/a Albertelli Law.

To that end, the Florida Department of State Division of Corporations reflects that Albertelli Law Partners LLC went inactive as of 4-01-2014 as a result of the merger into James E. Albertelli PA d/b/a Albertelli Law which is reported and recorded on Sunbiz.org under James E. Albertelli PA. Copies of the documents evidencing as much are attached.

Moreover, the two alleged December 24th communications did not come from both James E. Albertelli PA and from Albertelli Law Partners LLC- they came from one entity- James E. Albertelli PA d/b/a Albertelli Law, hence both letters bear the same header and simply read, "ALBERTELLI LAW". Accordingly, there is only one Defendant, James E. Albertelli PA d/b/a Albertelli Law, and therefore only one potential settlement.



If we can resolve that matter then we can move on to an actual settlement negotiation.

Conditioned on the fact that this is a global settlement of any and all claims against James E. Albertelli PA successor by merger to Albertelli Law Partners LLC and based upon the above agreement there is only one Defendant- I am willing to offer a total sum of three thousand seven hundred fifty dollars and no cents ($3,750.00) as a total global settlement to settle any and all claims and to dismiss this case with prejudice.

If we have an agreement in principal please acknowledge as much via email and we can submit a joint motion to stay this matter pending settlement. Additionally attached please find a proposed settlement agreement for your review.

Please advise.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** (813) 221-4743 ext. 2621  **| F:** (813) 221-9171

**E:** mschulis@Albertellilaw.com



2

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, November 19, 2015 5:10 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR (ALAW 14-128384)
**Importance:** High

Mr. Schulis,

Thank you for your voice mail. Unfortunately, it was inconvenient to answer my cell phone at that time. Moreover, as I have previously indicated, to avoid any misunderstandings it is better to limit settlement discussions to writing. ⇐

Obviously you have not received my correspondence, therefore, for your convenience, I have attached scanned copies of updated settlement demand letters for each of you clients reflecting the incurred additional appellate fees and incidental costs of printing, binding and express shipping to the Eleventh Circuit in Atlanta. The settlement terms are expressed clearly in each letter.

As previously indicated, and demonstrated in my successful appeal, I am willing to carry the case forward as far as necessary up to and including trial, but I am willing to entertain a settlement upon acceptable terms to conserve time and resources. The judgment of the Eleventh finds the necessary elements to support my claims.


Again, please limit any settlement discussions to writing to avoid any misunderstandings.

Sincerely,

John Pinson
john@pinson.com

---

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, November 12, 2015 3:04 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR (ALAW 14-128384)

27/31

*The following confidential communication is intended only for settlement purposes and as an expression of a willingness to consider a compromise. It may not be used for any other purposes. The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.*

Mr. Pinson,

I was hoping to schedule a telephone call to discuss this matter with you at your convenience. To ensure this matter has my undivided attention, I was hoping to schedule a call at your convenience.

Would Tuesday November 17, 2015 at 10:00AM be a convenient time for you?

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**
**O:** (813) 221-4743 ext. 2621  | **F:**  (813) 221-9171
**E:** mschulis@Albertellilaw.com



This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, November 12, 2015 12:58 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR (ALAW 14-128384)

Mr. Schulis,

I am unopposed to your request for extension through November 20, 2015.

Sincerely,

John

John Pinson
561-329-2524
john@pinson.com

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Wednesday, November 11, 2015 3:40 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009-KLR (ALAW 14-128384)
**Importance:** High

*The following confidential communication is intended only for settlement purposes and as an expression of a willingness to consider a compromise. It may not be used for any other purposes. The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.*

Mr. Pinson,

I wanted to reach out to consult with you regarding an extension of time regarding the time period to Reply to your Response to our Motion to Dismiss. Presently, the deadline requires a response on or by 11-12-2015.

5

(29/31)

Due to staffing fluctuation, getting a response out in that time period will be difficult. I am requesting an extension of that deadline through end of business 11-20-2015. Accordingly, please advise if you have any objection to such an extension.

Additionally, while I have no doubt the Motion to Dismiss Second Amended Complaint will be successful, before the court rules I wanted to reach out to you again and inquire if there has been any change in your position regarding a potential settlement on this matter.

Health permitting, I was hoping to schedule a telephone call to discuss this matter with you at your convenience. To ensure this matter has my undivided attention, I was hoping to schedule a call at your convenience. How is your availability for the week of 11-16-2015?

Please advise as to the request for an extension of time.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**
**O:** (813) 221-4743 ext. 2621  | **F:** (813) 221-9171
**E:** mschulis@Albertellilaw.com

6



This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only. It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity. The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

