UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80009-Civ-Ryskamp/Hopkins

JOHN PINSON,

                Plaintiff,
vs.

ALBERTELLI LAW PARTNERS LLC,
A Florida LLC, and
JAMES E. ALBERTELLI, P.A.,
A Florida Professional Association,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (DE 51)

**THIS MATTER** has come before this Court upon an Order referring all pre-trial matters to the undersigned United States Magistrate Judge for appropriate disposition (DE 5). On October 1, 2015, Defendants filed a renewed Motion to Dismiss (DE 51). *Pro Se* Plaintiff filed a Response on November 2, 2015 (DE 54) and Defendants filed their Reply on November 20, 2015 (DE 57). This Motion is ripe for the Court's review. For the reasons that follow, this Court **RECOMMENDS** that Defendants' Motion to Dismiss (DE 51) be **DENIED**.

## BACKGROUND

*Pro Se* Plaintiff filed his initial Complaint on January 6, 2014, alleging that Defendants violated the Fair Debt Collection Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA) by improperly attempting to collect on an alleged debt and making false assertions of ownership over the debt. (DE 1). Defendants responded with a Motion to Dismiss (DE 9), which was denied as moot (DE 21) following the filing of Plaintiff's First Amended

Complaint (DE 19). Thereafter, Defendants filed a Renewed Motion to Dismiss Plaintiff's Amended Complaint (DE 22). On June 2, 2014, the undersigned submitted a Report and Recommendation finding that none of the letters the Defendants sent to Plaintiff constituted an attempt to collect on a debt because they were merely responses to Plaintiff's inquiries.  (DE 29). Thus, this Court recommended dismissal of the Amended Complaint based on Plaintiff's failure to state a cause of action.  *Id.* The District Court adopted the Report and Recommendation and granted the Defendants' Motion to Dismiss with prejudice on July 30, 2015 (DE 32).

On appeal, the Eleventh Circuit affirmed the District Court's ruling that Defendants' letter dated August 13, 2013 was not sent for purposes of collecting on the debt. However, the Eleventh Circuit reversed the District Court's conclusion as to the two letters dated December 24, 2013, finding that "these letters were communications sent in connection with the collection of a debt." (DE 43). The Circuit Court concluded that the District Court erred in dismissing Plaintiff's First Amended Complaint and remanded the case for further proceedings (DE 43). Pursuant to this remand, on August 25, 2015, the District Court vacated in part its Order dismissing the case, and instructed Plaintiff to file another amended complaint regarding the December 24th letters (DE 44).

On September 10, 2015, Plaintiff filed his Second Amended Complaint, which is essentially identical to the First Amended Complaint (DE 48). Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has failed to state a claim upon which relief can be granted (DE 51). Defendants also argue that Plaintiff's demand for a jury trial should be stricken because of a jury trial waiver provision in Plaintiff's mortgage. These arguments will be discussed in turn.

## DISCUSSION

Plaintiff's Second Amended Complaint ("SAC") alleges the same facts and purported violations under the FDCPA and the FCCPA as his previous two pleadings. Likewise, Defendants' current motion for dismissal does not raise any new arguments.

First, Defendants reiterate their argument that "Plaintiff fails to assert a single factual allegation" in support of his claims. This contention utterly ignores the Court's previous conclusion that Plaintiff's Complaint "is sufficiently clear to allow an evaluation of the substance of Plaintiff's claims" and that it "gives the defendant fair notice of what the claim is and the grounds upon which is rests." (DE 29 at p. 4)(citations omitted). There is no reason for the Court to reconsider its prior ruling.

Similarly, Defendants' attempt to rehash the same arguments that were rejected by the Eleventh Circuit is inexplicable. In the current motion to dismiss, defense counsel parrots the exact language from this Court's previous Report and Recommendation (without properly attributing the statements to this Court), which the appellate court overruled. Noting that a communication from a debt collector "can have more than one purpose," the Eleventh Circuit specifically found that although Defendants' December 24th letters may have provided information in response to Plaintiff's inquiries, they were also sent for the purpose of collecting on a debt, as "expressly indicated" on the letters themselves. (DE 43 at pages 6-7). Indeed, as the Court found, "[e]ach [letter] contained an implicit demand for payment, because they stated the amount of the debt, described how the debt could be paid, and informed [Plaintiff] how he could tender payment." *Id.* at p.7. Moreover, the letters stated that fees and costs would continue to be assessed and that the amount owed would continue to increase. *Id.* Because these letters contained all the indicia of a communication intended to collect on a debt as set forth in

*Caceres v. McCalla Raymer LLC,* 755 F.3d 1299, 1302 (11th Cir. 2013), the Eleventh Circuit concluded that the letters qualified as "debt collection activities" under the FDCPA and that, therefore, dismissal on this basis was improper. Defendants' current motion merely reargues that the "animating purpose" of their December 24th letters was to respond to Plaintiff's requests and not to collect on a debt, an argument that has been unequivocally rejected by the Eleventh Circuit.

Because the factual allegations in Plaintiff's pleading have already been deemed sufficient to satisfy the requirements of *Twombley* and *Iqbal*, and given Defendants' failure to raise any arguments aside from those already rejected on appeal, this Court recommends that Defendants' Motion to Dismiss the Second Amended Complaint be **DENIED.** (DE 51).

The Court notes that Defendants also seek to strike Plaintiff's demand for a jury trial based on a jury trial waiver provision contained in the underlying mortgage. Given the factual questions regarding Defendants' standing to enforce the provision and also whether the waiver was voluntary and knowing, the Court finds that this request for relief is improper in the context of a motion to dismiss. *See Ginsberg v. Silversea Cruises Ltd. (Inc.),* 2004 WL 3656827, at *1, n. 2 (S.D. Fla. Mar. 18, 2004)(where defendant sought to strike plaintiff's request for a jury trial via a motion to dismiss, court denied the motion noting that the issue of whether plaintiff knowingly and intentionally waived his right to a jury trial raised questions of fact that could not be decided on a motion to dismiss).

### RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss (DE 51).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2010) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b)(2) (2010) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 28th day of January, 2016, at West Palm Beach in the Southern District of Florida.

_____
JAMES M. HOPKINS
United States Magistrate Judge

Copies to:

Counsel of Record

John Pinson, *Pro Se* Plaintiff
526 Westwood Road
West Palm Beach, FL 33401