UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80009-Civ-Ryskamp/Hopkins

JOHN PINSON,

                Plaintiff,

vs.

ALBERTELLI LAW PARTNERS LLC,
A Florida LLC, and
JAMES E. ALBERTELLI, P.A.,
A Florida Professional Association,

                Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO AMEND CASE CAPTION OR ALTERNATIVELY DISMISS ALBERTELLI LAW PARTNERS LLC (DE 58)

**THIS MATTER** is before this Court upon an Order referring all pre-trial matters to the undersigned United States Magistrate Judge for appropriate disposition (DE 5). Defendants' Motion requests the removal of Defendant Albertelli Law Partners LLC from the case caption (DE 58). *Pro Se* Plaintiff filed a Corrected Response (DE 60) and Defendants filed a Reply (DE 61). The Motion is ripe for the Court's review. For the reasons that follow, this Court **RECOMMENDS** that Defendants' Motion to Amend (DE 58) be **DENIED**.

## BACKGROUND

*Pro Se* Plaintiff claims Defendants violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act by improperly attempting to collect on an alleged debt and making false assertions of ownership over the debt (DE 1). The Court granted Defendants' earlier Motion to Dismiss based on its conclusion that Plaintiff's Complaint failed to state a cause of action because none of the three letters sent to Plaintiff by Defendants constituted an attempt to collect on a debt (DE 32). On appeal, the Eleventh Circuit disagreed, finding that

Page 1 of 6

the two letters sent December 24, 2013 "were communications sent in connection with the collection of a debt" and remanding the case for further proceedings (DE 43). In accordance with the District Court's Order partially vacating its Order dismissing the case (DE 44), Plaintiff filed his Second Amended Complaint (DE 48).

Before the Court is Defendants' Motion to Amend Case Caption or Alternatively Dismiss Albertelli Law Partners LLC, asking the Court to remove Defendant Albertelli Law Partners LLC from the case caption because it merged into Defendant James E. Albertelli P.A. (DE 58).

## DISCUSSION

Defendants fail to provide any legal authority for the relief requested,[1] noting only that Defendant Albertelli Law Partners LLC ("ALP"), a limited liability company, no longer exists because it was merged into Defendant James E. Albertelli P.A. ("JEA"), a professional association, and providing documentation evidencing the merger from the Florida Department of State Division of Corporations website (DE 58).

Capacity to be Sued

As ALP is a Florida entity (DE 58-1) and this Court sits in Florida, the Court looks to Florida law to determine ALP's capacity to be sued regardless of whether it is considered a corporation or other party for purposes of Rule 17(b). *See* FED. R. CIV. P. 17(b)(2) (for a corporation the court looks to the law of the state under which it is organized); FED. R. CIV. P. 17(b)(3) (for all other parties the court looks to the law of the state in which the court is located). *See also Barner v. Thompson/Ctr. Arms Co. Inc.*, 796 F.3d 897, 903 (8th Cir. 2015) (Rule 17(b)(2) instructed the use of New Hampshire law to determine the capacity of a corporation to

---

[1] Defendants' failure to include a memorandum of law is a violation of Local Rule 7.1(a)(1). Although a grounds for denial, the Court will proceed to determine the Motion on the merits. However, the Court strongly advises all parties to strictly adhere to the requirements imposed by the Local Rules moving forward.

be sued following a merger).

Plaintiff's action, initiated in January of 2014 (DE 1), was pending at the time of the merger in April of 2014 (DE 58-3 at 2), making ALP a proper party to this action. *See* FLA. STAT. § 607.11101(4) (any claim that existed or action that was pending at the time of merger of corporation and other business entity "may be continued as if the merger did not occur . . . ."); FLA. STAT. § 607.1108(1) ("other business entity" includes limited liability company); FLA. STAT. § 607.01401 ("corporation" includes corporation *subject to* the provisions of Chapter 607 of the Florida Statutes); FLA. STAT. § 621.12(2)(b)(1) ("professional association" is a professional corporation); FLA. STAT. § 621.13(1) (professional corporation is subject to provisions of Chapter 607).

<u>Whether Defendant Albertelli Law Partners LLC Should Be Removed from Case Caption</u>

Rule 25(c) reads: "Transfer of Interest. If an interest is transferred, the action *may be continued by or against the original party* unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)."[2] FED. R. CIV. P. 25(c) (emphasis added). *See also Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) (stating, in deciding motion substitute, that "where the transfer of interest takes place during the action, Rule 25(c) applies."); *Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc.*, No. 06 CIV. 2083(RWS), 2007 WL 2230082, at *6 (S.D.N.Y. Aug. 2, 2007) (noting, in applying Rule 25(c) in request to remove party following corporate merger, that the Court may dismiss the transferor where both the transferor and transferee are already parties to the action). "The disposition of a motion under

---

[2] Rule 25(a)(3) requires that the motion be served on parties as provided in Rule 5, which includes service by mail as an option. FED. R. CIV. P. 5(b)(2)(C). As Defendants' certificate of service indicates that the Motion was mailed to Plaintiff, they have satisfied this requirement.

Rule 25(c) is committed to the sound discretion of the trial court." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 366 (N.D. Fla. 1995).

In deciding a Rule 25(c) motion, the Court should consider whether the substitution "will expedite and simplify the action." *Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D. 355, 359 (S.D.N.Y. 2010). Defendants stated reasons for seeking this amendment are a desire to fix the "inaccurate" caption (DE 58 at 3) and avoid a waste of judicial resources (DE 61 at 2). The Court is unable to agree with either assertion. Further, the Court is cognizant that considerations beyond those addressed may be affected by such a change. *See Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 22012673, at *2 (N.D. Ill. Aug. 25, 2003) ("Defendant has not explained to the [c]ourt why it makes a difference what it is called in the caption. Conceivably it may affect insurance coverage or how a judgment is paid.").

The Court does not find that removing Defendant ALP will either expedite or simplify the action. An important factor is that the surviving entity, JEA, is already a named Defendant. *See Sun Micro Med. Techs. Corp. v. Passport Health Commc'ns, Inc.*, No. 06 CIV. 2083(RWS), 2007 WL 2230082, at *6 (S.D.N.Y. Aug. 2, 2007) (court exercised its discretion to deny Rule 25(c) motion to remove one defendant, which had merged into the other defendant, because both the merged and the surviving entities were already named defendants). Further, any substitution has no effect on the liabilities or obligations of the parties, as confirmed by Defendants' articles of merger[3] and the Florida Statutes.[4] *See Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) ("Substitution under Rule 25(c) is purely a matter of convenience, and

---

[3] The articles of merger state that JEA, as the surviving entity, is "responsible and liable for all liabilities and obligations of ALP, if any . . . ." (DE 58-3 at 5).

[4] Section 607.11101(3) states that "[t]he surviving entity shall thereafter be responsible and liable for all the liabilities and obligations of each domestic corporation and other business entity that is a party to the merger . . . ." FLA. STAT. § 607.11101(3).

regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected."). As Defendants have failed to provide any reason that convinces this Court to exercise its discretion to remove Defendant ALP, this Court recommends the District Court decline to do so.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Amend Case Caption or Alternatively Dismiss Albertelli Law Partners LLC (DE 58).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kenneth L. Ryskamp, Senior United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (2010) (providing that "within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* FED. R. CIV. P. 72(b)(2) (2010) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this ___ day of April, 2016, at West Palm Beach in the Southern District of Florida.

/s/ James M. Hopkins
JAMES M. HOPKINS
United States Magistrate Judge

Copies to:

Counsel of Record

John Pinson, *Pro Se* Plaintiff
526 Westwood Road
West Palm Beach, FL 33401