UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JOHN PINSON**

  Plaintiff,

vs.                   Case No.: 9:14-cv-80009-KLR

**ALBERTELLI LAW PARTNERS LLC,**
a Florida LLC; and

**JAMES E. ALBERTELLI P.A.**
A Florida Professional Association,

  Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli Law") by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, hereby files this Motion for Summary Judgment, and state as follows:

I. Summary

  Plaintiff sued for alleged violations of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") stemming from two ***responses*** to the Plaintiff's requests for debt validation pursuant to 15 U.S.C. § 1692g. Defendant has moved to dismiss each largely identical version of the Plaintiff's complaint.[1] Plaintiff's Second Amended Complaint contains the identical alleged violations of the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") as the two prior

---

[1] On March 25, 2015 this Court denied Defendant's Motion to Dismiss as moot in light of Plaintiff's Amended Complaint (DE 19) filed the same day.

1

complaints filed and as a result this case was previously dismissed.[2] The Plaintiff took an Interlocutory Appeal of the Order Adopting Report & Recommendations of Magistrate Judge dismissing the case.[3] The Eleventh Circuit Court of Appeals affirmed in part and reversed in part finding that the "December 24, 2013 letters" potentially communications sent in connection with the collection of a debt and remanded to the matter back to this Court. However, Defendant is entitled to summary judgment as a matter of law because Defendant did not violate the FDCPA and FCCPA by pursuing foreclosure as the "December 24, 2013 letters" were required responses to debt validation requests the Plaintiff sent pursuant to 15 U.S.C. § 1692g(b) and furthermore, the "December 24, 2013 letters" were sent in connection with and in anticipation for litigation and therefore are protected by the litigation privilege.

II.   Procedural History

Plaintiff, John D. Pinson executed and delivered a Promissory Note ("Note") dated December 23, 2005 and John D. Pinson executed and delivered a Mortgage ("Mortgage") dated December 23, 2005 securing the payment of the Note. The Mortgage was recorded on January 10, 2006 in Official Records Book 19781 at Page 360 of the Public Records of Palm Beach County, Florida and mortgaged the real property located at 526 Westwood Road, West Palm Beach, Florida 33401 ("Property"). Plaintiff defaulted under the terms of the Note and Mortgage in that the payment of the amounts due under the Note and Mortgage due were not made. As a result of the default, the Plaintiff's mortgage lender JPMorgan Chase Bank, N.A. brought suit for mortgage foreclosure on April 30, 2009 in the Fifteenth Judicial Circuit of Florida, In and For Palm Beach County, in Case Number 2009-CA-015823. That foreclosure action was voluntarily dismissed by

---

[2] On July 30, 2014 this Court granted Defendant's Renewed Motion to Dismiss and dismissed this case with prejudice (DE 32).
[3] *See* Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015)

the Plaintiff, JPMorgan Chase Bank, N.A. on July 2, 2009. A Notice of Voluntary Dismissal was recorded on July 2, 2009 in Official Records Book 023347 at Page 0600 of the Public Records of Palm Beach County, Florida. Subsequent to the July 2, 2009 dismissal of the prior foreclosure, the Plaintiff defaulted under the terms of the Note and Mortgage in that the payment of the amounts due under the Note and Mortgage due for January 1, 2012, and all subsequent payments have not been made. As a result of the January 2012 default the Plaintiff's loan was referred to the Defendant as foreclosure counsel for JPMorgan Chase Bank, N.A. on August 6, 2013.

On July 22, 2013, Plaintiff sent Defendant a letter requesting verification of the debt regarding Chase Loan Number 00496490010759 pursuant to 15 U.S.C. § 1692g(b) via certified mail (Tracking No.: 7012 1010 0001 1870 9565). A response to the July 22, 2013 was required pursuant to 15 U.S.C. § 1692g(b). On August 13, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation response pursuant to 15 U.S.C. § 1692g(b).[4] The August 13 letter was sent on letterhead from "Albertelli Law". Then on August 19, 2013, Plaintiff sent Defendant a second letter requesting verification of the debt, including the amount of the debt, regarding Chase Loan Number 00496490010759 pursuant to 15 U.S.C. § 1692g(b) via certified mail (Tracking No.: 7012 1010 0001 1870 9572). A response to the August 19, 2013 was required pursuant to 15 U.S.C. § 1692g(b). Defendant then contacted their client, JPMorgan Chase Bank, N.A. to obtain the required debt validation information including loan reinstatement figures and loan payoff figures. On December 24, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation responses pursuant to 15 U.S.C. § 1692g(b).[5]

---

[4] The August 13 letter was previously included by the Plaintiff as an alleged violation of the FDCPA & FCCPA but was dismissed pursuant to this Court's Order Adopting Report & Recommendation of Magistrate Judge (DE 32). The 11th Circuit Court of Appeal later affirmed that dismissal in Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015).

[5] The alleged violations of the FDCPA & FCCPA referred to as "The December 24th letters" were previously dismissed pursuant to this Court's Order Adopting Report & Recommendation of Magistrate Judge (DE 32). The

Thereafter on January 6, 2014, Plaintiff filed their two count Complaint against Albertelli Law Partners LLC alleging violations of the FDCPA & FCCPA (DE 1). On February 26, 2014, Defendant moved to dismiss the Complaint (DE 9). Prior to this Court's ruling on the Defendant's Motion to Dismiss the Plaintiff filed their First Amended Complaint (DE 19) on March 25, 2014. On March 25, 2014, the Court issued an Order denying the Defendant's Motion to Dismiss as moot in light of the Plaintiff's First Amended Complaint (DE 21). On April 15, 2014 the Defendant filed a Renewed Motion to Dismiss (DE 22). On June 2, 2014 the Magistrate Judge issued a Report and Recommendation Order that the Defendant's Renewed Motion to Dismiss be granted (DE 29). On July 30, 2014, the Court issued an Order Adopting Report & Recommendation and Granting the Defendant's Renewed Motion to Dismiss (DE 32).

Plaintiff filed a Notice of Interlocutory Appeal on August 28, 2014 regarding this Court's Order Adopting Report & Recommendation and Granting the Defendant's Renewed Motion to Dismiss (DE 36). The Eleventh Circuit Court of Appeals heard the interlocutory appeal in Case Number 14-13900 and entered an Opinion affirming in part and reversing and remanding in part on July 9, 2015.[6] The Eleventh Circuit's Opinion affirmed this Court's dismissal regarding the "the August 13 letter" however reversed this Court's dismissal of the two "December 24th letters" indicating that a communication can have more than one purpose and that the two "December 24th letters" could be communications sent in connection with the collection of a debt and remanded the case back to this court to make the requisite findings of fact.[7]

On August 25, 2015 this Court issued an Order on Remand (DE 44) ordering the Plaintiff to file an amended complaint within fourteen (14) days of that order. Plaintiff failed to comply

---

11th Circuit Court of Appeal later reversed this Court's order of dismissal and remanded the case for further proceedings. *See* Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015).
[6] *See* Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015).
[7] *Id.*

4

with this Court's Order on Remand which required an amended complaint be filed on or before September 8, 2015 as no amended complaint was filed timely. On September 9, 2015, Defendant filed a Renewed Motion to Dismiss (DE 45) requesting dismissal as a result of the Plaintiff's failure to comply with this Court's Order on Remand (DE 44). Plaintiff then filed a Second Amended Complaint on September 10, 2015 (DE48). In light of the fact that the Second Amended Complaint was nearly identical to the prior Amended Complaint on October 1, 2015, Defendant filed a Motion to Dismiss Second Amended Complaint (DE 51). On November 20, 2015, Defendant filed a Motion to Amend Case Caption or Alternatively Defendant's Motion to Dismiss Albertelli Law Partners, LLC (DE 58) requesting that the Court amend the case caption to reflect that there is but one Defendant, James E. Albertelli, P.A. d/b/a Albertelli Law. (DE 58). The Motion to Amend Caption was effort to attempt to clarity that there is but one Defendant, James E. Albertelli, P.A. d/b/a Albertelli Law.

On January 28, 2016 the Magistrate Judge issued a Report and Recommendation Order that the Defendant's Motion to Dismiss Amended Complaint be denied (DE 66). On March 8, 2016, the Court issued an Order Adopting Report & Recommendation and Denying the Defendant's Motion to Dismiss Amended Complaint (DE 67). On April 1, 2016 the Magistrate Judge issued a Report and Recommendation Order that the Defendant's Motion to Amend Case Caption or Alternatively Defendant's Motion to Dismiss Albertelli Law Partners, LLC be denied (DE 68). On March 8, 2016, the Court issued an Order Adopting Report & Recommendation and Denying the Defendant's Motion to Dismiss Amended Complaint (DE 67).

On July 7, 2016 Defendants served upon the Plaintiff their First Set of Interrogatories, First Request for Admissions, and First Request for Production (DE 84). Responses are due on August 6, 2016 and to date Plaintiff has not responded.

III. Statement of Material Facts

1. On July 22, 2013, Plaintiff sent Defendant a letter requesting verification of the debt regarding Chase Loan Number 00496490010759 pursuant to 15 U.S.C. § 1692g(b) via certified mail (Tracking No.: 7012 1010 0001 1870 9565).

2. On August 13, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation response pursuant to 15 U.S.C. § 1692g(b).[8]

3. The August 13 letter was sent on letterhead from "Albertelli Law".

4. On August 19, 2013, Plaintiff sent Defendant a second letter requesting verification of the debt regarding Chase Loan Number 00496490010759 pursuant to 15 U.S.C. § 1692g(b) via certified mail (Tracking No.: 7012 1010 0001 1870 9572).

5. On December 24, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation responses pursuant to 15 U.S.C. § 1692g(b).[9]

6. The December 24th letters were sent on letterhead from "Albertelli Law".

7. Defendant, JAMES E. ALBERTELLI, P.A. d/b/a Albertelli Law, is representing themselves in this instant action and reasonable attorney's fees.

IV. Standard of Review

Pursuant to Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "The court's focus in reviewing a motion for summary judgment is whether the evidence

---

[8] The August 13 letter was previously included by the Plaintiff as an alleged violation of the FDCPA & FCCPA but was dismissed pursuant to this Court's Order Adopting Report & Recommendation of Magistrate Judge (DE 32). The 11th Circuit Court of Appeal later affirmed that dismissal in Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015).

[9] The alleged violations of the FDCPA & FCCPA referred to as "The December 24th letters" were previously dismissed pursuant to this Court's Order Adopting Report & Recommendation of Magistrate Judge (DE 32). The 11th Circuit Court of Appeal later reversed this Court's order of dismissal and remanded the case for further proceedings. See Pinson v. Albertelli Law Partners LLC, 618 F. App'x 551 (11th Cir. 2015).

[10] Fed. R. Civ. P. 56 (emphasis added).

6

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[11]

"[A] movant for summary judgment bears the initial responsibility of informing the court of the basis for [the] motion, and identifying those portions of the record, including pleadings, discovery material, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."[12] If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence.[13]

V. <u>Argument</u>

   A. ***Defendant is entitled to summary judgment on the FDCPA claim.***

Plaintiff alleges that Defendant violated section 15 U.S.C. §1692 by asserting no less than thirteen (13) threadbare allegations doing nothing more than reciting the statue sections. To that end, Plaintiff makes no specific allegations as <u>*how*</u> the Defendant allegedly violated the regurgitated statute sections. Plaintiff merely asserts, "Defendant violated 15 U.S.C. §1692[ ] by…" then repeats the statutory language. In sum, Plaintiff asserts that the Defendant allegedly violates 15 U.S.C. §1692 subsections (d); (e)(2); (e)(4); (e)(5); (e)(10); (e)(11); (e)(14); (f)(I); (g); and (g)(B). Despite a rather lengthy Complaint, to say that the allegations are lean is an understatement. Plaintiff fails to state any specific facts upon which this claim is made. Instead, Plaintiff merely states that "Plaintiff alleges, restates, and incorporates by reference the

---

[11] *Faye L. Roth Revocable Trust v. UBS Painewebber Inc.*, 323 F. Supp. 2d 1279, 1284 (S.D. Fla. 2004) (internal quotations omitted).
[12] *Mobley v. Bradshaw*, 2013 U.S. Dist. LEXIS 189585, *9-10 (S.D. Fla. Aug. 13, 2013) citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[13] *Bradshaw*, 2013 U.S. Dist. LEXIS 189585 at *11 citing *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.), c*ert. denied*, 502 U.S. 1048 (1992).

information in all of the paragraphs of this complaint as though fully stated herein."[14] Plaintiff's purported FDCPA claim fails for several reasons. To begin, Plaintiff initiated and sent to the Defendant a debt validation request under 15 U.S.C. § 1692g(2). Therefore, pursuant to 15 U.S.C. § 1692g(b) Defendant was ***required*** to respond. While the Eleventh Circuit determined that the "December 24th" letters were "communications sent in connection with the collection of a debt" the Honorable Court neglected to consider if the letters also constituted the required debt validation responses under 15 U.S.C. § 1692g(b).

The Fair Debt Collection Practices Act does not categorize ***all*** communications sent to a debtor as impermissible communications in connection to collection of a debt. Emphasis added. To that point, the FDCPA specifically carves out an exception for communications regarding the validation of debts in 15 U.S.C. § 1692g(b), which proscribes the method of validation of debts. This section clarifies that ***responses*** to validation requests are not only permitted by FDCPA but they are prescribed and required by statute under subsection "b". Subsection b states:

> (b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment,</u> or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, ***is mailed to the consumer by the debt collector.*** Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

---

[14] *Id* at ¶65.

15 U.S.C. § 1692g(b). Emphasis added.

Consequently, a two- step analysis is required to before determining whether or not the "December 24th letters" are ultimately considered communications in collection of a debt or not. As the Eleventh Circuit concluded, the letters include the amount of the debt, how the debt could be paid and indicated that the letters were an attempt to collect a debt. Additionally, one letter indicates that until the loan delinquency is cured that the amount owed would continue to increase. As a result, the Eleventh Circuit concluded that the letters were communications sent in connection with the collection of a debt. However, under 15 U.S.C. § 1692g(b) the analysis should not stop there. The next step in the analysis should be whether or not the statutory carve-out contained within subsection "b" applies or not.

Subsection "b" requires the debt collector to send further communications to the consumer to verify the debt including specific details regarding the debt. To that end, within the debt collector's duty to send a communication to consumer is the implication that the debt collector inform the consumer of the details regarding the debt beyond merely a total amount due and to inform the consumer how the balance was generated by including a breakdown of all charges, interest and penalties as well as informing the consumer as to how the they may satisfy the debt by providing loan reinstatement figures (which included a breakdown of all charges, interest and penalties on the account ) and pay-off figures. Accordingly, to penalize debt collectors for complying with 15 U.S.C. § 1692g(b) would produce results at odds with logic and common sense. The Ninth Circuit addressed this issue in *In re Been* and held that [the Court is] not bound by the plain meaning of a statute where its literal application will produce a result "demonstrably at odds

9

with the intention of its drafters."[15] The legislative history indicates that Congress enacted the FDCPA to protect consumers from "improper conduct" and illegitimate collection practices "without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696, 1698-99. Certainly, there is nothing inherently abusive, harassing, deceptive or unfair about providing a required response to a debt validation request.

In the instant matter, the Plaintiff sent a second written request for validation on August 19, 2013 asking for validation of the debt and requesting a "…complete validation of ***the amount*** of the alleged debt." Emphasis added. A copy of the request for validation has previously been submitted as Appendix "D" to the Plaintiff's Second Amended Complaint and is incorporated herein by reference. Defendant Albertelli then sent the two ***responses*** to the Plaintiff's inquiry on December 24, 2013, which included a payoff calculation and a reinstatement calculation to verify the amount of the alleged debt as requested by the Plaintiff. Both December 24th letters are a result of the Plaintiff's inquiry and were required responses under 15 U.S.C. § 1692g(b). Accordingly, assuming *arguendo* that the "December 24th letters" were communications sent in connection with the collection of a debt, the second step of the analysis should determine these were response required by 15 U.S.C. § 1692g(b) and therefore are not violations of the FDCPA.

Moreover, Plaintiff as failed to assert any material facts to support any of the Plaintiff's claims. Plaintiff asserts that the Defendant allegedly violated 15 U.S.C. §1692(d), (e)(2), (e)(4), (e)(5), (e)(10), (e)(11), (e)(14), (f)(1), (g) and (g)(B) by merely making a threadbare claim that the

---

[15] *In re Been*, 153 F.3d 1034, 1036 (9th Cir. 1998) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989)); see *also United States v. Combs*, 379 F.3d 564, 569 (9th Cir. 2004) ("[W]e are not required to interpret a statute in a formalistic manner when such an interpretation would produce a result contrary to the statute's purpose or lead to unreasonable results.") (citing *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S. Ct. 1162, 14 L. Ed. 2d 75 (1965)).

Defendant violated each section and then regurgitating the statute language. Plaintiff has failed to assert any material facts to support the claims that Defendant violated 15 U.S.C. §1692(d), (e)(2), (e)(4), (e)(5), (e)(10), (e)(11), (e)(14), (f)(1), (g) and (g)(B) beyond these mere allegations. Therefore, this Court must enter summary judgment in favor of Defendants for Plaintiff's failure to prove that there is a genuine issue of material fact.

### B. *Defendant is entitled to summary judgment on the FCCPA claim.*

Plaintiff alleges that Defendant violated Chapter 559 of the Florida Statutes by asserting no less than five (5) threadbare allegations doing nothing more than reciting the statue section. To that end, Plaintiff makes no specific allegations as to *how* the Defendant allegedly violated the regurgitated statute section. Plaintiff merely asserts, "Defendant violated FCCPA §559.72[  ] by…" then repeats the statutory language. In sum, Plaintiff asserts that the Defendant allegedly violates FCCPA §559.72 subsections 2; 7; 8; 9; and 15. Despite a rather lengthy Complaint, to say that the allegations are lean is an understatement. Plaintiff fails to state any specific facts upon which this claim is made. Instead, Plaintiff merely states that "Plaintiff alleges, restates, and incorporates by reference the information in all of the paragraphs of this complaint as though fully stated herein."[16]

Plaintiff's purported FCCPA claim fails as a matter of law. First, Plaintiff has not presented any evidence that Defendants engaged in any unlawful debt collection practices. Plaintiff relies solely on threadbare allegations devoid of any specific instances of an FCCPA violation. Plaintiff has failed to assert any material facts to support the claims that Defendant violated FCCPA §559.72 subsections 2; 7; 8; 9; and 15 beyond the mere allegations. Plaintiff fails to describe any material facts that could constitute a violation under the FCCPA. Therefore, this Court must enter summary

---

[16] *Id at ¶83.*

judgment in favor of Defendants for Plaintiff's failure to prove that there is a genuine issue of material fact.

Lastly, the litigation privilege precludes all causes of action based on the conduct of a party or attorney during the course of litigation.[17] The privilege applies to state-law claims adjudicated in federal court."[18] Further, the Middle District court in *Dyer v. Choice Legal Group, P.A.*,[19] specifically addressed the application of the litigation privilege to an FCCPA claim. In *Dyer*, the plaintiff alleged that the defendants violated the FCCPA by filing and maintaining a foreclosure action.[20] The court dismissed the FCCPA claim because the "filing and maintenance of a legal action, such as an action in foreclosure, is precisely the kind of activity protected by Florida's litigation privilege. . ." In the instant case, the alleged communications were prepared in anticipation of foreclosure litigation and were sent on the eve of commencing foreclosure litigation. Since Plaintiff's FCCPA claim arises from letters prepared in anticipation of litigation and at sent in the furtherance of the initiation of a foreclosure suit, the litigation privilege bars the claim.

In sum, there is no genuine issue of material fact and Defendant are entitled to summary judgment as a matter of law on the FCCPA claim because (1) Defendant did not violate the FCCPA by responding to a debt validation request and (2) claims based upon Defendant's communications prepared in anticipation and preparation for litigation are barred by the litigation privilege.

---

[17] *See, e.g., Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 383 (Fla. 2007); *Levin, Middlebrooks, Mabie, Thomas, Mayes, Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *Yeiser v. Thompson*, No. 3:09-CV-274/RV/MD, 2009 WL 2342446, at *2 (N.D. Fla. July 29, 2009).
[18] *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1274-75 (11th Cir. 2004) (citing *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1302-03 (11th Cir. 2003); *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 135 F. Supp. 2d 1271, 1280 (S.D. Fla. 2001)).
[19] 2015 U.S. Dist. LEXIS 75783 (M.D.F.L 2015).
[20] *Id.* at *4.

VI.     Conclusion

Plaintiff filed a meritless Complaint in an attempt to prevent and/or hinder the commencement of foreclosure litigation resulting from the Plaintiff's default on his mortgage loan. Plaintiff has failed to take part in the discovery process and has failed to undertake any action to prove his case. There is no genuine issue of material fact precluding the entry of summary judgment.

WHEREFORE the Defendant, Albertelli Law respectfully request that this Court grant summary judgment in favor of Defendants on Plaintiff's FDCPA & FCCPA claims and grant such other and further relief this Honorable Court deems just and proper.

Respectfully submitted,


ALBERTELLI LAW

Submitted: July 8, 2016              /s/ Matthew L. Schulis, Esq.
                                     Matthew L. Schulis, Esq.
                                     FBN: 57116
                                     mschulis@albertellilaw.com
                                     ALBERTELLI LAW
                                     5404 Cypress Center Drive
                                     Suite 300
                                     Tampa, Florida 33609
                                     Telephone: 813-221-4743 x2621
                                     Facsimile: 813-221-9171

## CERTIFICATE OF CONFERENCE WITH OPPOSING PRO SE PARTY

The undersigned has conferred with the *Pro Se* Plaintiff via telephone and email attempting to resolve this matter without the necessity of this Motion to no avail.

By: /s/ Matthew L. Schulis, Esq.
Matthew L. Schulis, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Defendant's Motion for Summary Judgment was furnished via email/ eServe and/or U.S. Mail this  8th  day of July, 2016 to the attached service list.

By: /s/ Matthew L. Schulis
Matthew L. Schulis, Esquire
Florida Bar Number: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623
Tel: (813) 221-4743x 2621
Fax: (813) 221-9171
eService: servealaw@albertellilaw.com

**Service List**

John Pinson
526 Westwood Road
West Palm Beach, FL 33401
john@pinson.com