UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant    /

*FILED BY ___ D.C. JUL 14 2016 STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - WPB*

## PLAINTIFF JOHN PINSON'S UNOPPOSED MOTION
## TO MODIFY TRIAL DATE AND DISCOVERY DEADLINES

    **COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. Rule 16(b) and L.R. 7.6 & 16.1, who respectfully requests that the Honorable Court grant his Unopposed Motion to Modify Trial Date and Discovery Deadlines in the Court's Amended Order Resetting Trial Date & Discovery Deadlines, Referring Case To Mediation & Referring Discovery To United States Magistrate Judge [DE 81], and states as follows:

### Introduction

1. This action commenced on January 6, 2014. Plaintiff sues defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

2. Over two and a half years Plaintiff has faced FIVE successive motions to dismiss (MTD) entered by the Defendants: the *first* MTD [DE 09] was denied as moot [DE 21]; the *second* MTD [DE 22] upon report and recommendation (R&R) [DE 29] was adopted [DE 32], appealed by Plaintiff [DE 36] and by Mandate of 11th Circuit reversed and remanded [DE 43]; the *third* MTD [DE 46] was denied as moot [DE 50]; the *fourth* MTD [DE 51] upon R&R [DE 66] was denied [DE 67]; and, the *fifth* MTD [DE 58] upon R&R [DE 68] was denied [DE 82] on June 13, 2016.

3. As the Court is aware, the Magistrate's R&R [DE 66], on the *fourth* MTD, states:



> Defendants' current motion for dismissal does not raise any new arguments.
> *See* DE 66 pg.3 ¶1.
> Defendants reiterate their argument that "Plaintiff fails to assert a single factual allegation" in support of his claims. **This contention utterly ignores the Court's previous conclusion** ... There is no reason for the Court to reconsider its prior ruling. (emphasis added)
> *Id* ¶2.
> **Defendants' attempt to rehash the same arguments that were rejected by the Eleventh Circuit is inexplicable.** In the current motion to dismiss, defense counsel parrots the exact language from this Court's previous Report and Recommendation (without properly attributing the statements to this Court), which the appellate court overruled. (emphasis added)
> *Id* ¶3.
> Defendants' current motion merely reargues ... an argument that has been unequivocally rejected by the Eleventh Circuit.
> *Id* pg.4.
> given Defendants' failure to raise any arguments aside from those already rejected on appeal, this Court recommends that Defendants' Motion to Dismiss ... be DENIED.
> *Id* ¶1.
> Defendants also seek to strike Plaintiff's demand for a jury trial ... **the Court finds that this request for relief is improper** (emphasis added)
> *Id* ¶2.

Moreover, the Magistrate's R&R [DE 68], on the *fifth* MTD, states:

> "Defendants fail to provide any legal authority for the relief requested"
> *See* DE 68 pg.2 ¶2.
> **"Defendants' failure to include a memorandum of law is a violation of Local Rule** 7e .1(a)(1)" (emphasis added)
> *id* fn.1.

4. Since the June 13, 2016, denial [DE 82] of Defendants' *fifth* MTD, no answer to the complaint by defendants appears on the docket within the fourteen day time requirement under FRCP 12(a)(4)(A).

5. Since the June 8, 2016, Order [DE 81] setting discovery deadlines the Plaintiff has not received in the mail the Defendant's Rule 26(a)(1) Initial Disclosures; Plaintiff provided his Initial Disclosures by Certified mail # 7015 3430 0000 3449 1446 and received by Defendants on July 5.

6. On March 24, 2014, Plaintiff was forced to Motion [DE 15] and the Court Granted [DE 18] that **"Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail"** because of Defendant's pattern of failure to properly serve Plaintiff with copies of its filings. (emphasis added)



## Argument

7. The *pro se* Plaintiff asks the court to modify the scheduling of the Trial Date and Discovery Deadlines as proposed in attached "Exhibit A".

8. On June 9, 2016, the court entered it's Order [DE 81] *sua sponte* setting the Trial Date and Discovery Deadlines, attached as "Exhibit B".

9. The court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b); Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002); Huval v. Offshore Pipelines, Inc., 86 F.3d 454, 458 (5th Cir. 1996).

10. There is good cause to modify the current scheduling order because Plaintiff has diligently attempted to comply with the order but cannot reasonably meet the schedule. See Inge, 281 F.3d at 625; Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

11. The FRCP is clear, various discovery tools are offered to parties, but numeric and reasonable limits that are imposed on interrogatories, production requests, and admissions. Thus a party must utilize these discovery tools judiciously.

12. Rule 26(a)(1) Initial Disclosures enable parties to better tailor their discovery requests. Rule 26(a)(1)(E) indicates that any excuses for not providing them are "Unacceptable Excuses". Rule 26 (a)(1) states "a party must, without awaiting a discovery request, provide to the other parties" initial disclosures.

13. As noted *supra*, Plaintiff has served initial disclosures.

14. The Plaintiff has not received initial disclosures from Defendants.

15. Defendants have not objected to providing initial disclosures; this is not a proceeding exempt from initial disclosures as listed in Rule 26(a)(1)(B); the parties have not stipulated to waive initial disclosures; the Court has not ordered initial disclosures as unnecessary. Plaintiff has sent e-mails and a letter requesting initial disclosures to no avail.

16. As noted *supra*, Defendants *fifth* MTD was denied [DE 82] on June 13, 2016, and no answer to the complaint has been received as required under FRCP 12(a)(4)(A). Missing the FRCP 12(a)(4)(A) deadline places Defendants in default. An answer and affirmative defenses would better able Plaintiff to tailor his discovery requests to the issues.

17. The Courts Order [DE 81] infers that discovery deadlines and trial date was already set prior to the Order, yet the record clearly shows no other discovery deadlines or trial date set.


3/15

18. The deadlines found in the Order [DE 81] are too short and Plaintiff needs more time.
19. The Order [DE 81] does state the dates may be "amended by subsequent order".
20. Further, due to pre-set personal and business schedule demands Plaintiff needs more time. Plaintiff did file Notices' of Unavailability.
21. Additionally, as Defendants are aware Plaintiff's network and computer were hacked and hard drive affected; he had to replace network equipment; he was able to get hard drive data recovery but it took time and the data scrubbed for malware, therefore considerable time was lost because of inadvertent matters beyond his control.
22. Plaintiff is pro se and does not have a support staff to assist him in typing and research.
23. The *sua sponte* Order [DE 81] appears to be based on the L.R. 16.1(a)(2)(A) the expedited track, but the *pro se* Plaintiff argues the L.R. 16.1(a)(2)(B) Normal track would be more appropriate.
24. The Normal track would better able Plaintiff to work out any discovery disputes directly with Defendants rather than wasting the court's valuable time and limited resources on the added burden of filings that might otherwise be worked out directly between the parties given sufficient time to address the issues.
25. Settlement discussions between the parties are ongoing.
26. Because the discovery deadlines are based on the Trial Calendar Call date, modifying the calendar call date and trial calendar will reset the discovery schedule. Accordingly, Plaintiff requests modifying the Order [DE 81] with a March 2017 Trial Calendar and a Calendar Call the morning of Thursday, March 9, 2017, or such suitable date thereafter.
27. Because Plaintiff has diligently attempted to comply with the court's scheduling Order [DE 81] but cannot reasonably meet the schedule, and due to his business and personal commitments and inadvertent computer issues, there is good cause for the court to modify the Order. Moreover, because the Order [DE 81] states the dates may be "amended by subsequent order", Plaintiff asks the court to enter an Order modifying the trial date and discovery deadlines listed in the attached "Exhibit A".
28. This request to modify trial date and discovery deadlines is made in good faith, not for the purpose of undue delay, burden or prejudice. No party to the action will be prejudiced by the relief requested.
29. Plaintiff's affidavit in support showing good cause is attached per L.R. 7.6.



30. A proposed order is attached in compliance with the Court's Order DE 81 ¶8.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff John Pinson certifies that he did confer with opposing counsel, Matthew L. Schulis, Esq., who via e-mail on July 12, 2016 did state that Defendants "will not be filing an opposition" to the relief requested. See attached "Exhibit C"

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: modifying the Order [DE 81] with a March 2017 Trial Calendar and a Calendar Call the morning of Thursday, March 9, 2017, or such suitable date thereafter; and any other relief as deemed equitable and just.

Dated: July 13, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed July 13, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

*[Handwritten annotations:]*
Attached:
Affidavit   6/15
Proposed order   7/15
"Exhibit A"   8-9/15
"Exhibit B"   10-13/15
"Exhibit C"   14-15/15

## AFFIDAVIT OF PLAINTIFF JOHN PINSON SUBMITTED IN SUPPORT
## OF HIS MOTION FOR ORDER TO MODIFY SCHEDULING ORDER

I, John Pinson, declare:

1. I am the Plaintiff in the Case No.: 14-80009-CIV-HURLEY/HOPKINS.
2. This affidavit is in support of my motion to modify trial date and discovery deadlines.
3. I have made diligent effort to comply with Order DE 81.
4. I have not received any Rule 26(a)(1) initial disclosures from defendants.
5. I served my Initial Disclosures by Cert. mail #70153430000034491446 to Defendants.
6. I have not received any answer to my complaint as of today.
7. I had no opportunity to request a discovery track or request a trial date.
8. I need more time for discovery due to pre-set personal and business schedule demands.
9. Inadvertently my network and computer were hacked; I had to replace network equipment; I had to get my hard drive recovered and scrubbed for malware to recover my litigation files; this caused an extended loss of time beyond my control.
10. I do not have a support staff to assist me in in typing and research.
11. Settlement discussions between the parties are ongoing.
12. I request a March 2017 Trial Calendar and a Calendar Call the morning of Thursday, March 9, 2017.
13. I conferred with opposing counsel Matthew Schulis before filing my motion and Schulis stated in e-mail Defendants "will not be filing an opposition" to my motion.
14. I make my motion in good faith, not for the purpose of undue delay, burden or prejudice.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of July, 2016, in Palm Beach County, Florida.

John Pinson

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 14th day of July 2016, by JOHN PINSON, who is personally known to me or who has produced FL DRIVERS License, as identification and did take an oath.

NOTARY PUBLIC
SIGN: Deborah S. Gambarrotti
PRINT: Deborah S. Gambarrotti

DEBORAH S. GAMBARROTTI
Notary Public - State of Florida
My Comm. Expires Aug 6, 2017
Commission # FF 038814

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

### [PROPOSED] ORDER ON PLAINTIFF'S MOTION
### TO MODIFY TRIAL DATE AND DISCOVERY DEADLINES

Upon consideration of Plaintiff *pro se* John Pinson's *Unopposed Motion to modify trial date and discovery deadlines* (the **Motion**), dated July 13, 2016, the Court, having reviewed the Motion, and having been advised that the Motion is unopposed, hereby orders and adjudges as follows:

The Motion is **GRANTED**. The Court Orders the Clerk to enter the attached Order Modifying Trial Date and Discovery Deadlines.

DONE and ORDERED this _____ day of July, 2016.

                                                         Hon. DANIEL T.K. HURLEY
                                                         United States District Judge

**Service List**

| | |
|---|---|
| John Pinson | Matthew L. Schulis, Esq. |
| 526 Westwood Road | Albertelli Law |
| West Palm Beach, FL 33401 | P.O. Box 23028 |
| | Tampa, FL 33623 |



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

### [PROPOSED] ORDER MODIFYING TRIAL DATE & DISCOVERY DEADLINES

THIS CAUSE is before the Court upon Plaintiff's Unopposed Motion to Modify Trial Date and Discovery Deadlines. It is thereupon, ORDERED and ADJUDGED:

#### Trial Date & Location

1. This case is set for trial on the March **2017 Trial Calendar** (4 week docket) which commences on **Tuesday, March 14, 2017**, in courtroom 5 at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida. Plaintiff and Counsel for Defendants shall appear at a calendar call commencing at 8:30 am on **Thursday, March 9, 2017**.

#### Pretrial Discovery Schedule

2. Pretrial discovery shall be conducted in accordance with Local Rule 16.1 and Rule 26(a) of the Federal Rules of Civil Procedure. Unless amended by subsequent order, the following deadlines shall apply.

| | |
|---|---|
| Rule 14 and Rule 19 Motions | 100 days before calendar call |
| Rule 26(a)(2) Expert Testimony Disclosures | 90 days before calendar call |

    **[\*\*This includes the Rule 26(a)(2)(B) requirement for the disclosure of written expert reports which conform to the prescriptions of this Rule. This requirement will be strictly enforced.]**



| | |
|---|---|
| Summary Judgment Motions | 90 days before calendar call |

[**This deadline will be strictly enforced. Motions for extension of time to file the motion or response will not be granted absent exceptions cause.]

| | |
|---|---|
| Mediation Conference | 60 days before calendar call |
| Rule 26(a)(3) Witness and Exhibit List Exchange | 30 days before calendar call |
| Discovery Cutoff | 10 days before calendar call |
| Motions in Limine | 5 days before calendar call |
| Pretrial Stipulation | 5 days before calendar call |
| Exhibit Inspection | 5 days before calendar call |

[**All exhibits listed on each party's Rule 26(a)(3) disclosures must be made available for inspection and/or copying by the opposing party(s) by this date.]

| | |
|---|---|
| Voir Dire Questions | First day of jury trial |
| Jury Instructions | First day of jury trial |
| Proposed Findings of Fact & Conclusions of Law | First day of non-jury trial |

Failure to comply with these deadlines may result in exclusion of testimony or exhibits. See Fed R. Civ. P. 37(c)(1); Klonoski v. Mahlab, 156F.3d255 (1st Cir. 1998).

DONE and SIGNED in Chambers at West Palm Beach, Florida, this ___ day of July, 2016.

Hon. DANIEL T.K. HURLEY
United States District Judge

**Service List**

John Pinson
526 Westwood Road
West Palm Beach, FL 33401

Matthew L. Schulis, Esq.
Albertelli Law
P.O. Box 23028
Tampa, FL 33623



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"Exhibit B"

Case No. 9:14-cv-80009-CIV-HURLEY/HOPKINS

JOHN PINSON,

     Plaintiff,

vs.

ALBERTELLI LAW PARTNERS, LLC,
A Florida LLC, and

JAMES E ALBERTELLI, P.A.,
A Florida Professional Association

     Defendant.
_____/

### AMENDED ORDER RESETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY TO UNITED STATES MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon its own motion following the Clerk's reassignment of the case. It is thereupon, **ORDERED** and **ADJUDGED**:

**Trial Date & Location**

1. This case is set for trial on the October **2016 Trial Calendar** (4 week docket) which commences on **Tuesday, October 11, 2016,** in courtroom 5 at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida. Plaintiff an dCounsel for Defendants shall appear at a calendar call commencing at 8:30 am on **Thursday, October 6, 2016.**

**No Joint Scheduling Report**

2. This order supersedes the requirements listed in Rule 16.1(B) of the Local Rules of the Southern District of Florida. The parties in this case are not required to file any joint scheduling reports or proposed scheduling orders with the court as prescribed by that rule.



### Discovery Referred to Magistrate Judge

3. In accordance with the Magistrate Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72 of the Federal Rules of Civil Procedure, all pretrial discovery motions filed in this case and all motions that relate directly to these motions, (e.g., extension of time, reconsideration, sanctions, and mental or physical examinations, etc.) are **REFERRED** to the Honorable James M. Hopkins, United States Magistrate Judge, for final disposition.

In light of this referral, copies of discovery motions and responsive pleadings shall be sent only to Judge Hopkins and not to the undersigned. Counsel are reminded of Local Rule 5.1(A)(5)(b) which requires that the Magistrate Judge's name appear on all pleadings (e.g., 03-99999-CIV-HURLEY/HOPKINS).

4. This referral shall expire on the date of commencement of trial.

### Pretrial Discovery Schedule

5. Pretrial discovery shall be conducted in accordance with Local Rule 16.1 and Rule 26(a) of the Federal Rules of Civil Procedure. Unless amended by subsequent order, the following deadlines shall apply.

| | |
|---|---|
| Rule 14 and Rule 19 Motions | 100 days before calendar call |
| Rule 26(a)(2) Expert Testimony Disclosures | 90 days before calendar call |
| [**This includes the Rule 26(a)(2)(B) requirement for the disclosure of written expert reports which conform to the prescriptions of this Rule. This requirement will be strictly enforced.] | |
| Summary Judgment Motions | 90 days before calendar call |
| [**This deadline will be strictly enforced. Motions for extension of time to file the motion or response will not be granted absent exceptions cause.] | |
| Mediation Conference | 60 days before calendar call |
| Rule 26(a)(3) Witness and Exhibit List Exchange | 30 days before calendar call |


11/15

| | |
|---|---|
| Discovery Cutoff | 10 days before calendar call |
| Motions in Limine | 5 days before calendar call |
| Pretrial Stipulation | 5 days before calendar call |
| Exhibit Inspection | 5 days before calendar call |

[**All exhibits listed on each party's Rule 26(a)(3) disclosures must be made available for inspection and/or copying by the opposing party(s) by this date.]

| | |
|---|---|
| Voir Dire Questions | First day of jury trial |
| Jury Instructions | First day of jury trial |
| Proposed Findings of Fact & Conclusions of Law | First day of non-jury trial |

Failure to comply with these deadlines may result in exclusion of testimony or exhibits. See Fed R. Civ. P. 37(c)(1); Klonoski v. Mahlab, 156F.3d255 (1st Cir. 1998).

## Requirements for Trial

6. On the first day of trial, each party shall hand to the court reporter **two complete copies of its exhibit list.** The list, set out on Form AO 187, shall indicate the pre-marked number, a brief descriptions of the exhibit and shall contain a space or a line for the court's ruling on the admissibility of each exhibit.

7. On the first day of trial, each party shall hand to the court reporter **two complete copies of its witness list.** The witness list shall include the names of all person intended to present expert testimony, and shall clearly mark their intended designation as "expert" witnesses.

## Motion Practice

8. Every motion filed in this case shall be accompanied by **one proposed order** (*in PDF format*) granting the motion. The order shall contain an **up-to-date service list** (names and addresses) of all attorneys in the case. All motions shall be efiled or filed with the Clerk's office. The court will not accept any motions mailed directly to chambers.

### Telephonic Conferencing

9. When practical, counsel are urged to utilize telephonic conferencing for pretrial appearances, including calendar call. It is imperative, however, that the telephonic conferencing be done only with *operator assisted* conferencing. For technical reason related to the court's conferencing equipment, your office equipment is not an acceptable means of telephonic conferencing. Counsel wishing to appear in this manner for any proceeding must notify the Court at 561-803-3450 at least 24 hours prior to the proceeding. **Counsel wishing to appear for the calendar call by telephone must make arrangements with chambers by noon of the Tuesday preceding the date of the calendar call.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 8 day of June, 2016.

Daniel T.K. Hurley
United States District Judge

*Copy provided counsel*

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Tuesday, July 12, 2016 3:37 PM |
| **To:** | 'John D Pinson' |
| **Subject:** | RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - schedule modification |

"Exhibit C"

Mr. Pinson,

In regards to your proposed Motion to Modify the trial order- my client has informed me that we cannot consent or agree to the modification however we will not be filing an opposition.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankrup**

O: (813) 221-4743 ext. 2621  | F: (813) 221-9171

E: mschulis@Albertellilaw.com

1



# John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Monday, July 11, 2016 1:10 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - schedule modification |
| **Importance:** | High |

Mr. Schulis,

I intend to file a motion to modify the trial date and discovery deadlines found in DE 81 - AMENDED ORDER RESETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY TO UNITED STATES MAGISTRATE JUDGE. This is my good faith attempt to confer with you on this matter.

The court can modify a scheduling order on a showing of good cause. Fed. R. Civ. P. 16(b). The courts order infers that discovery deadlines and trial date was already set prior to the Order DE 81 where the record clearly shows none set. The deadlines found in DE 81 are too short and I will need more time and the Order [DE 81] does state that the dates may be "amended by subsequent order". Further, due to pre-set personal and business schedule demands I will need more time. Additionally, as you are aware my network and computer were hacked and harddrive affected; I Had to replace network equipment; I was able to get harddrive data recovery but it took time and the data scrubbed for malware, therefore considerable time was lost because of inadvertent matters beyond my control.

To date, I have not received your clients Rule 26(a)(1) disclosures. You have not answered the complaint within the time allowed in Rule 12(a)(4)(A) after the Court's, June 13, 2016, Order [DE 82] denied your motion to dismiss [DE 58].

The Order [DE 81] does state that the dates may be "amended by subsequent order". Likewise, amending the Pretrial Discovery Schedule will require the that the trial date and calendar call be reset.

Please respond with your concurrence or objection by 4 PM Tuesday, July 12, 2016, so I may properly draft my request for relief from the court.

Kindly,

John Pinson
561-833-4816
john@pinson.com

1

