FILED BY _____ D.C.

JUL 25 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant_____/

## PLAINTIFF'S RULE 56(d) MOTION
## AND ALTERNATIVELY
## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Plaintiff John Pinson, pursuant to Rule 56(d), and respectfully requests that the Court defer ruling on Defendant's motion for summary judgment [DE 85] and permit time for discovery of facts Plaintiff needs to substantively oppose Defendant's motion for summary judgment. Plaintiff submits the accompanying Rule 56(d) Affidavit ("Exhibit A") in support of his motion. Alternatively, Plaintiff requests an enlargement of time to respond in opposition to the motion for summary judgment up to and including twenty-one (21) days after the Court has ruled on the instant Motion. As grounds, Plaintiff submits the following in support:

### BACKGROUND

1. This action commenced on January 6, 2014. Plaintiff sues defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

2. Over two and a half years Plaintiff had a successfully appeal and has faced FIVE successive motions to dismiss (MTD) entered by the Defendants: the *first* MTD [DE 09] was denied as moot [DE 21]; the *second* MTD [DE 22] upon report and recommendation (R&R) [DE 29] was adopted [DE 32], appealed by Plaintiff [DE 36] and by Mandate of 11th Circuit reversed and remanded [DE 43]; the *third* MTD [DE 46] was denied as moot [DE 50]; the *fourth*

MTD [DE 51] upon R&R [DE 66] was denied [DE 67]; and, the *fifth* MTD [DE 58] upon R&R [DE 68] was denied [DE 82] on June 13, 2016.

3. Since the June 13, 2016, denial [DE 82] of Defendants' *fifth* MTD, no answer to the complaint by defendants appears on the docket within the fourteen day time requirement under FRCP 12(a)(4)(A).

4. Since the June 8, 2016, Order [DE 81] setting discovery deadlines the Plaintiff has not received in the mail the Defendant's Rule 26(a)(1) Initial Disclosures; Plaintiff did provide his Initial Disclosures by Certified mail # 7015 3430 0000 3449 1446 and received by Defendants on July 5.

5. Early in this matter, on March 24, 2014, Plaintiff was forced to Motion [DE 15] for, and the Court granted an Order [DE 18] that "**Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail**", because of Defendant's pattern of failure to properly serve Plaintiff with its filings. (emphasis added)

6. On July 16, 2016, Plaintiff did receive via U.S. Mail Defendants' MSJ. The MSJ's certificate of service certifies it was mailed on July 8, 2016, yet the envelopes postage meter indicia[1], or meter stamp impression, indisputably shows postage was affixed three days later on July 11, 2016. *See* attached "Exhibit B". How could the motion be mailed three days before the postage was affixed, and why did it take eight (8) days to arrive? Was this delay, arguendo, a zealous[2] effort to gain an unfair tactical advantage over the Plaintiff?

7. Additionally, the MSJ indicates Defendants sent discovery to Plaintiff on July 7, 2016, yet as of this date Plaintiff has received no such discovery requests from Defendants. Defendants failed to mail documents multiple times. See *supra*.

8. As noted *supra*, Defendants have not filed any answer to the complaint, nor any affirmative defenses, and Plaintiff has not received any initial disclosures from Defendants.

9. Because no answer to the complaint or affirmative defenses are on file and because Plaintiff has not received any initial disclosures or discovery requests from Defendants, it was only when Plaintiff received the MSJ on July 16, 2016, that he was first able to determine what

---

[1] Carlton, R. Scott. The International Encyclopaedic Dictionary of Philately. Iola WI: Krause Publications, 1997, p.158. ISBN 0-87341-448-9

[2] "Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is "zealous" to the point of false or misleading statements." *Branch v. CEMEX, INCORPORATED*, No. 12-20472, Summary Calendar (5th Cir. Mar. 26, 2013). "We remind counsel that "zealous" is derived from "Zealots," the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle." *Id.* at fn.1

facts Defendants did or did not challenge, and from this able to tailor his discovery requests accordingly to challenge Defendants MSJ. Plaintiff sent his first discovery requests (interrogatories, production requests, admissions) on July 21, 2016, five (5) days after receiving the MSJ, and today Defendants received the same by FedEx 7768-1733-0458 and 7768-2660-1991. Thus, Plaintiff made a diligent effort in propounding discovery into Defendants fact assertions and by sending his initial disclosures as noted *supra*.

10. Plaintiff asserts that relief under Rule 56(d) is appropriate as to the Motion for Summary Judgment ("MSJ"). Specifically, the Defendants' MSJ was filed without any attached documents, without supporting affidavits, and without Defendants having filed any pleadings. Further, the Motion was filed prior to the Defendants taking part in any aspect of discovery. For example, no depositions have been taken, Defendants have not served any discovery on Plaintiff, nor has the Plaintiff received responses to his discovery requests into Defendants' fact position.

11. The Plaintiff cannot reasonably be expected to say what facts are and are not genuinely disputed in good faith without the benefit of discovery, or even an Answer to the Complaint. For this reason, Plaintiff respectfully requests that the Court defer ruling on Defendant's motion for summary judgment [DE 85] and permit time for discovery of facts Plaintiff needs to substantively oppose Defendant's motion for summary judgment.

## MEMORANDUM OF LAW

11. Plaintiff's request to stay consideration of Defendant's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure, which provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). A party seeking to use Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843-44 (11th Cir. 1989) (internal citation and quotation marks omitted) (addressing substantially similar provision in Rule 56, previously included in Rule 56(f)).

12. Rule 56(d) prevents Defendant from "railroading" Plaintiff into a premature motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).[3] A party faced with a premature summary judgment motion is required to file an affidavit "outlin[ing] the particular facts [it] intends to discover and describe why those facts are necessary to the litigation." Id. (citing Byrd v. U.S. Envtl. Prot. Agency, 174 F.3d 239, 248 (D.C. Cir. 1999)). Plaintiff has attached such an affidavit to this motion. See Rule 56(d) affidavit.

13. While Rule 56(b) allows a party to move for summary judgment "at any time until 30 days after the close of all discovery," in general, "[s]ummary judgment should not . . . ordinarily be granted before discovery has been completed." See Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Ins. Co., 606 F.2d 602, 609 (5th Cir. 1979);[4] Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); WSB_TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988)(it was error for the trial court to consider defendant's motion for summary judgment where the plaintiff "had been afforded no opportunity for discovery."); Metropolitan Life Ins. Co. v. Bancorp Services, LLC, 527 F.3d 1330, 1336-37, and fn1 (Fed. Cir. 2008)(noting that it is "the prevailing rule in all circuits" that "the parties must be afforded adequate time for general discovery before being required to respond to a motion for summary judgment"); and Thomas v. Maui Tacos/Tiki Takiz, LLC, 2005 WL 2002079 (M.D. Ala. 2005)(granting 56(f) [56(d)] relief where no discovery had been conducted).

14. Although it is ordinarily the burden of the non-moving party to show that specific discovery is needed and that such discovery would or could show a disputed issue of material fact, Snook, 859 F.2d at 870 (noting that where "documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials"), "[w]hen, as here, there has been no adequate initial opportunity for discovery, a strict showing of necessity and diligence that is otherwise required for a Rule 56(f) request for additional discovery does not apply." See Metropolitan Life Ins. Co., 527

---

[3] Rule 56(f), which applies in Celotex Corp., is the equivalent of the current Rule 56(d). This applies to several cases cited herein.
[4] The decisions of the former Fifth Circuit entered before October 1, 1981 are binding precedent in this Circuit. See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981).

F.3d at 1337 (internal citations omitted). Thus, the Plaintiff need not show what specific discovery he would require in order to be able to respond to the Motion for Summary Judgment.

15. In any event, Plaintiff needs specific discovery to counter defendants arguments and fact positions, and Plaintiff has already propounded discovery on Defendants on these matters. For example, Defendants contend that Plaintiff's FCCPA count should be denied because of litigation privilege, yet Defendants fail to identify any litigation that they make their argument upon. Plaintiff knows of no litigation, but he makes discovery to identify if any exists, or not, including the court in which it was filed and the case identifiers. If Plaintiff shows no litigation exists to support Defendants litigation privilege argument, then Defendants argument will fail. Plaintiff needs this to properly oppose the MSJ.

16. Another example is, Defendants argue that certain letters sent were permissible because they show charges, but plaintiff needs discovery into the basis of any alleged charges where they may have been merely estimates of future expenses that have not been assessed so a demand for the payment on such estimates not assessed would be an attempt to collect an amount they are not legally entitled to and in violation of FDCPA, and Defendants argument would fail. Plaintiff needs this to properly oppose the MSJ.

17. Another is, Defendants assert their letters comply with the FDCPA, yet Plaintiff inquires through discovery where in the communications they state the name and address of any original creditor as Plaintiff requested in his letters. If Defendants cannot show this their argument would fail. Plaintiff needs this to properly oppose the MSJ.

18. Another is, Defendant argues its communications as being correct, yet fail to address how the alleged party they were collecting for had a right to collect, where as Plaintiff alleged there client had sent correspondence they had previously sold the alleged debt. Plaintiff makes discovery inquiry into how Defendants allege authority to collect for a entity that indicated they sold off the debt and did not own it. If Defendants cannot show their clients ownership of alleged debt then they could not be authorized to collect alleged dent in the name of their client. Defendants argument would then fail. Plaintiff needs this to properly oppose the MSJ.

19. Another is, Defendants argue their communications comport with § 1692g(b) yet fail to show how the communications comport with the requirement to provide debtor rights in the communications. Plaintiff makes inquiry into how Defendant supports its argument that the

letters comport with § 1692g(2) and whether or not they contain the required debtors rights notice. If Defendants cannot show this then their argument will fail. Plaintiff needs this to properly oppose the MSJ.

20. Additionally, Defendants in making their arguments interpose the terms validation and verification, and wrongly attribute the terms to documents. Plaintiff makes discovery inquiry into the use of these terms and whether or not the communications contain these terms as alleged. By making discovery into the facts as presented by Defendants, Plaintiff can show the facts as presented are incorrect and by doing so Defendants argument will fail. Plaintiff needs this to properly oppose the MSJ.

21. Putting aside the fact that it is the Defendants' burden to produce evidence in support of their own Motion for Summary Judgment, Plaintiff's investigation is ongoing, and Plaintiff's discovery has commenced. Plaintiff must be given an opportunity to conduct discovery to respond to Defendants' Motion for Summary Judgment. Plaintiff cannot be expected to make a substantive response as required by Rule 56(e) to the claims in Defendants' Motion for Summary Judgment without an opportunity to conduct discovery into the factual issues Defendants present in their MTD. Postponement of a ruling on the motion will enable Plaintiff, by discovery or other means, to rebut Defendants' claimed showing of the absence of a genuine issue of material fact. *Wingster v. Head*, 318 Fed.Appx. 809, 813-14 (11th Cir. 2009).

22. Given the posture of this case, namely:
    - Defendants have not filed an Answer to the Complaint;
    - Defendants have not filed any Affirmative Defenses;
    - Defendants have not provided any initial disclosures;
    - Defendants have not responded to Plaintiff's discovery requests;
    - Plaintiff has not received any discovery requests from Defendants;
    - No depositions have been taken;

    the Plaintiff is not yet in a position to present facts (supported by testimony and documents in an admissible form) sufficient to justify an opposition to Defendants' Motion for Summary Judgment. Furthermore, given that discovery is ongoing in the action and that no substantive discovery has been responded to so far, the instant Motion should be granted without need

for the Plaintiff to show what specific discovery is required. See *Metropolitan Life Ins. Co.*, 527 F.3d at 1337.

### MOTION FOR ENLARGEMENT OF TIME

23. In the event that the Court does not grant the Plaintiff's Rule 56(d) Motion above, Plaintiff requests an enlargement of time to respond in opposition to the Defendants' Motion for Summary Judgment up to and including twenty-one (21) days after the Court has ruled on the Rule 56(d) Motion.

24. The instant request, made in good faith, is not merely for delay or burden, and the relief requested will prejudice no party. Rather, Plaintiff asserts that good cause exists pursuant to Rule 6(b)(1)(a) for the requested extension of time. Plaintiff intends to oppose the Defendants' Motion for Summary Judgment. However, Plaintiff does not believe that there is sufficient information or evidence available to reasonably respond to the Defendants' Motion for Summary Judgment at this time.

**WHEREFORE**, Plaintiff, John Pinson, respectfully requests that the Court defer ruling on Defendant's motion for summary judgment [DE 85] and permit time for discovery of facts Plaintiff needs to substantively oppose Defendant's motion for summary judgment. Plaintiff submits the accompanying Rule 56(d) Affidavit in support of his motion. Alternatively, Plaintiff requests an enlargement of time to respond in opposition to the motion for summary judgment up to and including twenty-one (21) days after the Court has ruled on the instant Motion.

Dated: July 25, 2016         Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed July 25, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

# "EXHIBIT A"

## DECLARATION OF JOHN PINSON
## SUBMITTED IN SUPPORT OF HIS RULE 56(d) MOTION

I, John Pinson, declare:

1. I am the Plaintiff in the Case No.: 14-80009-CIV-HURLEY/HOPKINS.
2. This affidavit is in support of my Rule 56(d) motion.
3. I have not received an answer to my complaint
4. I have not received defendants affirmative defenses.
5. I have not received defendants initial disclosures.
6. I have not received discovery requests from defendants.
7. I received defendants motion for summary judgment in the mail on July 16, 2016.
8. I have attached a true and correct copy of the envelope the motion for summary judgment was delivered in, showing the Pitney Bowes mark date of July 11, 2016, which I marked "Exhibit B".
9. I have made diligent effort in discovery.
10. I have not received any Rule 26(a)(1) initial disclosures from defendants.
11. I served my Initial Disclosures by Cert. mail #70153430000034491446 to Defendants.
12. I make discovery inquiry into upon what legal action defendants assert litigation privilege.
13. I make discovery inquiry into the computation validity of charges in defendants communication.
14. I make discovery inquiry into the facts of creditor status of any alleged creditor defendants assert as their client.
15. I make discovery inquiry into the fact as to where defendants disclosed the name and address of any alleged creditor.
16. I make discovery inquiry into how defendants alleged client had authority to hire defendants to collect in its name.
17. I make discovery inquiry into hoe defendants assert their communications comport with § 1692g(b).

18. I make discovery inquiry into where defendants assert their communications contain the § 1692g(b) debtors rights notice.

19. I make discovery inquiry into how defendants use the terms validation and verification in communications.

20. This s not a complete list of my lines of discovery.

21. Defendants have not filed any affidavits.

22. Plaintiff seeks sufficient information to make proper factual representations to the Court.

23. I make my motion in good faith, not for the purpose of undue delay, burden or prejudice.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25 day of July, 2016, in Palm Beach County, Florida.

_____
John Pinson

ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623

"Exhibit B"

John Pinson
526 Westwood Road
West Palm Beach, FL 33401

PRESORTED
FIRST CLASS

$ 000.45²