UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**John Pinson**

  **Plaintiff,**

vs.               Case No.: 9:14-cv-80009-KLR

**Albertelli Law Partners LLC,**
**A Florida LLC; and**

**JAMES E. ALBERTELLI PA,**
**A Florida Professional Association,**

  **Defendant.**
_____/

### DEFENDANT, JAMES E. ALBERTELLI, P.A.'S ANSWER TO PLAINTIFF'S SECOND AMENDED VERIFIED COMPLAINT & AFFIRMATIVE DEFENSES

  COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli Law") by and through the undersigned counsel, hereby files its Answer & Affirmative Defenses to the Plaintiff's Second Amended Complaint as follows:

### PRELIMINARY STATEMENTS

1. Admitted for jurisdictional purposes only and denies the balance of the paragraph that it violated the FDCPA or FCCPA or that Plaintiff is entitled to declaratory relief or injunctive relief.

2. Denied as to the allegations in paragraph 2 and demands strict proof thereof.

3. Denied as to the allegations in paragraph 3 and demands strict proof thereof.

### JURISDICTION

4. Admitted for jurisdictional purposes only; denied as to all other purposes.

5. Admitted for jurisdictional purposes only; denied as to all other purposes.

6. Defendant is without knowledge or information as to the truth of the allegations in paragraph 6 and therefore denies the allegations stated therein.

## VENUE

7. Admitted for venue purposes only. For all else the Defendant denies.

8. Admitted for venue purposes only. For all else the Defendant denies.

9. Admitted for venue purposes only. For all else the Defendant denies.

10. Defendant is without knowledge or information as to the truth of the allegations in paragraph 10 and therefore denies the allegations stated therein.

## PARTIES

11. Admitted in so far as it is reflected in the record; for all else Defendant is without knowledge or information as to the truth of the allegations in paragraph 11 and therefore denies the allegations stated therein.

12. Denied; Albertelli Law Partners LLC became an inactive corporation as a result of a merger into James E. Albertelli P.A. which is reported on the Florida Department of State- Division of Corporations' website (Sunbiz.org) under both Albertelli Law Partners LLC and James E. Albertelli P.A. and thereafter Albertelli Law Partners LLC ceased to exist and was merged into the surviving entity, James E. Albertelli P.A..

13. Defendant admits the allegations in paragraph 13.

14. Defendant is without knowledge or information as to the truth of any allegations in paragraph 14 (if any are made) and therefore denies any allegations stated therein.

15. Denied; Albertelli Law Partners LLC became an inactive corporation as a result of a merger into James E. Albertelli P.A. which is reported on the Florida Department of State- Division of Corporations' website (Sunbiz.org) under both Albertelli Law Partners LLC and James E. Albertelli P.A. and thereafter Albertelli Law Partners LLC ceased to exist and was merged into the surviving entity, James E. Albertelli P.A..

16. Defendant admits that it is a Florida law firm; Defendant is a law firm with varied practice areas and therefore denies the balance of the allegations of paragraph 16.

17. Defendant is without knowledge or information as to the truth of the allegations in paragraph 17 and therefore denies the allegations stated therein.

18. Defendant is without knowledge or information as to the truth of the allegations in paragraph 18 and therefore denies the allegations stated therein.

19. Defendant admits that it uses the mail and telephones in the operation of its business; Defendant is a law firm with varied practice areas and therefore denies the balance of the allegations of paragraph 19.

20. Denied; Defendant is a law firm with varied practice areas and therefore denies the balance of the allegations of paragraph 20.

21. Denied; Defendant is a law firm with varied practice areas and therefore denies the balance of the allegations of paragraph 21.

22. Defendant is without knowledge or information as to the truth of the allegations in paragraph 22 and therefore denies the allegations stated therein.

23. Defendant is without knowledge or information as to the truth of the allegations in paragraph 23 and therefore denies the allegations stated therein.

24. Defendant is without knowledge or information as to the truth of the allegations in paragraph 24 and therefore denies the allegations stated therein.

## FACTUAL ALLEGATIONS

25. Defendant admits that the debt owed by the Plaintiff is not in question; Defendant denies the balance of the allegations of paragraph 25.

26. Defendant is without knowledge or information as to the truth of the allegations in paragraph 26 and therefore denies the allegations stated therein.

27. Admitted in so far as the State of Florida is subject to federal law; Defendant is without knowledge or information as to the truth of any further allegations in paragraph 27 (if any are made) and therefore denies any allegations stated therein.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant neither admits nor denies the statements in paragraph 30 as no allegations against the Defendant are made.

31. Defendant is without knowledge or information as to the truth of the allegations in paragraph 31 and therefore denies the allegations stated therein.

32. Defendant is without knowledge or information as to the truth of the allegations in paragraph 32 and therefore denies the allegations stated therein.

33. Defendant neither admits nor denies the statements in paragraph 33 as no allegations against the Defendant are made.

34. The document referred to in paragraph 34 speaks for itself and Defendant denies any allegation inconsistent therewith.

35. The document referred to in paragraph 35 speaks for itself and Defendant denies any allegation inconsistent therewith.

36. Defendant denies the allegation in paragraph 36 except that the documents referred to in paragraph 35 speaks for itself.

37. The document referred to in paragraph 37 speaks for itself and Defendant denies any allegation inconsistent therewith.

38. Denied; the documents referred to in paragraph 38 were required responses to Plaintiff's debt validation requests pursuant to 15 U.S.C. § 1692g(b) and therefore were not attempts to collect a debt.

39. Defendant is without knowledge or information as to the truth of the allegations in paragraph 39 and therefore denies the allegations stated therein.

40. Defendant is without knowledge or information as to the truth of the allegations in paragraph 40 and therefore denies the allegations stated therein.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegation in paragraph 63 except that the documents referred to in paragraph 63 speaks for themselves in that a Mandate was issued by the Eleventh Circuit Court of Appeals

64. Defendant is without knowledge or information as to the truth of the allegations in paragraph 64 and therefore denies the allegations stated therein.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: ALBERTELLI LAW PARTNERS LLC; AND, JAMES E. ALBERTELLI PA.

65. Defendant restates and reavers all prior answers as if fully restated herein.

66. Admitted for jurisdictional purposes only.

67. Defendant is without knowledge or information as to the truth of the allegations in paragraph 67 and therefore denies the allegations stated therein.

68. Defendant is without knowledge or information as to the truth of the allegations in paragraph 68 and therefore denies the allegations stated therein.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

## COUNT II
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (PART VI) BY DEFENDANTS: ALBERTELLI LAW PARTNERS LLC; AND, JAMES E ALBERTELLI PA.

83. Defendant restates and reavers all prior answers as if fully restated herein.

84. Admitted for jurisdictional purposes only.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

**All allegations not specifically admitted are hereby denied by Defendant, and Defendant demand strict proof thereof.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because plaintiff's damages or losses, if any, were proximately caused by Plaintiff's own conduct or conduct by other unknown third parties.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred by the doctrine of unclean hands because their claims are related to their own wrongdoing, i.e., the failure to make payment on monies owed to Defendant, and has manufactured a claim in order to secure attorney's fees and costs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred because it failed to mitigate damages, if any, in this case.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are barred because some or all of the statutes upon which Plaintiff bases her claims are not applicable to the conduct alleged.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to meet condition precedent.

## SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action as Defendant's communications with the Plaintiffs were not made in connection with the collection of a debt but were responses to debt validation requests pursuant to 15 U.S.C. § 1692g(b). Defendant's letters and communications are permissible, and were sent for information purposes. Letters offering loan workout options are not "in connection with the collection" of the debt. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x 476, 480 (9th Cir. 2001); *Bailey v. Sec. Nat'l Servicing Corp.,* 154 F.3d 384, 388 (7th Cir. 1998). "Communications that do not seek to collect debts cannot be considered as debt collection activities." *Marshall v. Deutsche Bank Nat'l Trust Co*., 2011 WL 345988, *3 (E.D. Ark. Feb. 1, 2011).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that its actions were not made at a time or place known or which should be known as inconvenient to Plaintiff nor were its actions willful, harassing, or abusive. Furthermore, Defendant did not use or threaten to use violence, obscene or profane language, or cause a telephone to ring with the intent to annoy, abuse, or harass.

## RESERVATION

Defendant reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses when, and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant respectfully requests that this Court enter judgment against Plaintiff and in favor of Defendant, dismiss this action with prejudice and on the merits, award Defendant its attorney's fees and costs for defending this action, and for such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by eServe this  5th  day of August, 2016, to all parties listed on the attached service list.

> By: /s/ Matthew L. Schulis, Esq.
> Matthew L. Schulis, Esq.
> FLORIDA BAR #: 57116
> mschulis@albertellilaw.com
> ALBERTELLI LAW
> 5404 Cypress Center Drive, Suite 300
> TAMPA, FL 33609
> Eservice1: GenLit@albertellilaw.com
> Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| |  |
|---|---|
| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com | |

ALAW 14-128384