# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS



John Pinson,

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant   /

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant's Affirmative Defenses numbered 1 thru 8 on the grounds that they are insufficient as they fail to state legal or factual defenses.

### MEMORANDUM

Plaintiff filed this lawsuit on January 6, 2014, and after appeal, on September 10, 2015 filed his second amended complaint [DE 48]. On August 5, 2016 Defendants filed an Answer and Affirmative Defenses to Plaintiff's Second Amended Verified Complaint.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although a court has broad discretion when considering a motion to strike, *see Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005), striking a defense from a pleading is a drastic remedy generally disfavored by courts. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015).

The pleading requirements of Federal Rule of Civil Procedure 8 requires that a defendant "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A); *see also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Adams*, 294 F.R.D. at 671 (citation omitted).[1] Thus when a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense. *Id.* (citation omitted).

## ANALYSIS AND ARGUMENT

**First Defense**. Plaintiff's damages were caused by Plaintiff or "unknown third parties. This is not a defense and regardless is clearly insufficient and devoid of facts. Defendants have not identified any actions of Plaintiff. Defendants has not identified any third parties, or any of their employees, agents or principals that may have engaged in any actions related to the violations alleged in Plaintiff's Complaint. Plaintiff has made no claims against any other parties other than the Defendants. Defendants have failed to give fair notice of any alleged factual basis for this defense and it should therefore be stricken.

As explained by Judge Ryskamp:

> By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga.1986) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiffs case is not an affirmative defense. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988).

*Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). Affirmative defenses must contain more than bald assertions and therefore Defendant's first defense should be stricken

**Second Defense**. Plaintiff's claim is barred by the doctrine of unclean hands. Defendant further alleges "failure to make payment on monies owed to Defendant" and "manufactured a claim in order to secure attorney's fees" yet the docket shows no attorney represents the Plaintiff where fees would be incurred [or manufactured] and the complaint [DE 48] does not reference

any debt, alleged or otherwise, payable to the Defendants. Defendants fail to plead with specificity exactly what they are alleging and further fail to pled all of the necessary elements for this unclean hands defense and therefore Defendant's second defense should be stricken.

**Third Defense.** Plaintiff failed to mitigate his damages. Failure to mitigate is not a defense to an award of statutory damages. This is not an affirmative defense and should be stricken because it is unintelligible and has no basis in law or in any recognized legal theory. Plaintiff in any case clearly articulated his efforts to mitigate damages in his Complaint. [DE 48] Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statutes allow and this affirmative defense is a waste of toner. Defendant's third defense should be stricken.

**Forth Defense.** Plaintiff's claims are barred because the statues Plaintiff bases his claims on are inapplicable to the conduct alleged. This is nothing more than yet another boilerplate affirmative defense with no basis in fact. Defendant has not identified any statute that might be inapplicable or how it would be inapplicable to the facts alleged in the complaint. Because Defendants fail to plead any facts in support or provide any specifics Defendants fourth defense should be stricken.

**Fifth Defense.** Plaintiff's claims are barred for failure to meet conditions precedent. Again the Defendants fail to identify specifics and facts in this thread bare assertion of defense. Defendants fail to identify what condition precedent they reference or where if can be found. Because Defendants fail to plead any facts in support or provide any specifics Defendants fifth defense should be stricken.

**Sixth Defense.** Defendant makes a bare bones assertion of "bona fide error" defense and as such fail to plead with particularity. Federal courts have required defendants to plead the FDCPA bona fide error defense with particularity. *See, e.g., Walters v. Performant Recovery, Inc.*, ___ F. Supp.3d ___, 2015 WL 4999796, *4 (D. Conn. Aug. 21, 2015) ("[B]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity. . . . [T]o satisfy Rule 9(b), the defense must articulate 'who, what, when, where, and how' the bona fide error occurred."). *See also Youssofi v. Allied Interstate LLC*, 2016 WL 29625, *3 (S.D. Cal. Jan. 4, 2016) ("District courts have held that the affirmative defense of bona fide error must be stated with particularity under Rule 9(b)."); *Wiebe v. Zakheim & Lavrar, P.A.*, 2012 WL 5382181, *2 (M.D. Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount

to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."). Defendants fail to satisfy the Rule 9(b) particularity requirement in pleading the bona fide error defense and therefore Defendant's sixth defense should be stricken.

**Seventh Defense**. Plaintiff fails to state a cause of action because communications were not made in connection with the collection of a debt. This is the same tired argument Defendants put forward in numerous 12(b)6 motions and which the 11th circuit shattered during Plaintiff's appeal. Defendants simply attempt to rehash the same conclusory argument and this is not an affirmative defense. Further, no where in the letters at issue do they discuss "loan workout options" and the defendants fail to point out where it the letters this might be again lacking specificity. The 11th circuit found the letters to be sent in connection with the collection of an [alleged] debt. This is not a defense and Defendants fail to plead with any specificity therefore Defendants seventh defense should be stricken.

**Eighth Defense**. Here Defendants makes several denials without any specificity as to what part of Plaintiff's claim they address. This is not a defense and is not pled with any specificity therefore Defendants eighth defense should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

**WHEREFORE**, for the reasons stated above, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order striking the Defendants' Affirmative Defenses numbers 1 thru 8 and any other relief this Court deems just and proper.

Dated: August 29, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed August 29, 2016

*/s/ John Pinson*

John Pinson

**Service List**

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA