FILED BY _____ D.C.

SEP 16 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant_____/

## PLAINTIFF'S MOTION TO WITHDRAW OR AMEND DEEMED ADMISSIONS

Plaintiff asks the Court to permit him to withdraw or amend deemed admissions under Rule 26(b).

### INTRODUCTION

This action commenced on January 6, 2014. Plaintiff sues defendants for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI). Defendants allege they served a request for admissions on Plaintiff on July 7, 2016 [DE 103]. Defendants assert those admissions were deemed admitted against Plaintiff because he failed to respond.

Plaintiff states he never received any discovery requests in the mail or otherwise, including requests for admissions, from the Defendants and therefore was never served with any documents he could respond to. This fact is on the record [DE 94] Plaintiff's motion and Declaration in support dated July 25, 2016, and further in Plaintiff's Affidavit in support attached as Exhibit A. Plaintiff also states he did not receive any notice of discovery [DE 84] in the mail, or otherwise, from the Defendants.

Plaintiff argues Defendants show a pattern and practice of failing to serve documents and filings on Plaintiff as Ordered [DE 18] by this Court.

A final pretrial order has not been issued in this matter. The deemed admissions entirely preclude a resolution of the case on its merits. Defendant's case would not be prejudiced by withdrawal or amendment.



## BACKGROUND

Early on in this case, because Defendants failed to serve filings upon Plaintiff including a motion to dismiss [DE 9], Plaintiff was forced to motion the Court to order Defendants to serve all filings by US Mail [DE 15], and stating:

> 3. As of today the Plaintiff *pro se* has received NONE of defendants filings in the mail.
> 4. On March 8, 2014, the Plaintiff pro se did notify the Defendant's counsel in writing of the lack of service of all of its various filings under FRCP Rule 5.2(b).
> 5. Moreover, the *pro se* did notify counsel: "I have not waived receipt of service by US Mail …, and I do not intend to do so." (*see* attached Exhibit A)
> 6. The Plaintiff *pro se*, in writing and in conversation, did request counsel serve all filings on him by US Mail and he has not agreed to any other means of service in writing, or otherwise.
> 7. In this District Court *pro se* parties are prohibited from participating in CM/ECF and therefore do not and cannot receive e-Service or e-Serve.

The Court Granted Plaintiff's unopposed motion [DE 18].

| 03/24/2014 | 18 | ORDER granting 15 Plaintiff's Motion requesting Defendant to Serve Notice to Plaintiff by U.S. Mail. Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail. Signed by Magistrate Judge James M Hopkins on 3/24/2014. (sjk) (Entered: 03/24/2014) |

Plaintiff first became aware of Defendants' alleged discovery requests when he received Defendants a Motion for summary Judgment [DE 85] in the mail on July 16, 2014. There are material inconsistencies with the envelope's postmark date and counsel's certificate of service. Counsel certified mailing on July 8 yet the envelopes postmark states July 11.

> I HEREBY CERTIFY that a true and correct copy of Defendant's Motion for Summary Judgment was furnished via email, eServe and/or U.S. Mail this __8th__ day of July, 2016 to the attached service list.
>
>                                         By: s/ Matthew L. Schulis
>                                         Matthew L. Schulis, Esquire



ALBERTELLI LAW
P.O. Box 23028
Tampa, FL 33623



In response to the summary judgment motion, on July 25, 2016, Plaintiff motioned under Rule 56d [DE 94], stating:

> 5. Early in this matter, on March 24, 2014, Plaintiff was forced to Motion [DE 15] for, and the Court granted an Order [DE 18] that "**Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail**", because of Defendant's pattern of failure to properly serve Plaintiff with its filings. (emphasis added)
>
> 6. On July 16, 2016, Plaintiff did receive via U.S. Mail Defendants' MSJ. The MSJ's certificate of service certifies it was mailed on July 8, 2016, yet the envelopes postage meter indicia[1], or meter stamp impression, indisputably shows postage was affixed three days later on July 11, 2016. *See* attached "Exhibit B". How could the motion be mailed three days before the postage was affixed, and why did it take eight (8) days to arrive? Was this delay, arguendo, a zealous[2] effort to gain an unfair tactical advantage over the Plaintiff?
>
> 7. Additionally, the MSJ indicates Defendants sent discovery to Plaintiff on July 7, 2016, yet as of this date Plaintiff has received no such discovery requests from Defendants. Defendants failed to mail documents multiple times. See *supra*.

Plaintiff's July 25, 2016, Declaration is support of 56d motion stated:

> 6. I have not received discovery requests from defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25 day of July, 2016, in Palm Beach County, Florida.

Despite this Courts unambiguous Order [DE 18] that "Defendant is ordered to serve all of its filings on Plaintiff at his address as listed in CM/ECF by U.S. Mail", Plaintiff states he never received any discovery requests in the mail or otherwise, including requests for admissions, from the Defendants and therefore was never served with any documents he could respond to. This fact is on the record [DE 94] Plaintiff's motion and Declaration in support dated July 25, 2016, and further in Plaintiff's Affidavit in support attached as Exhibit A. Plaintiff also states he did not receive any notice of discovery in the mail, or otherwise, from the Defendants.

Before filing this motion Plaintiff discussed this matter on the telephone with Defendant and Counsel on August 6, 2016, at 2:00 PM, where he requested Defendants to withdraw their Notice of Admissions Deemed Admitted [DE 103], and sent a follow-up e-



mail attached as Exhibit B, which stated:

> This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

On September 8, 2016, Defendants e-mailed Plaintiff two copies of Defendants' Notice Of Discovery [DE 84], and with this matter unresolved, Plaintiff began preparing this motion.

As further background, Plaintiff had noticed the court of his unavailability [DE 88 & 89]. While away, the *pro se* Plaintiff suffered a traumatic accident resulting in a damaged knee and ankle and broken leg. After five doctors, sixteen x-rays, and two MRI's, Plaintiff is limited in movement and driving, taking medications, continuing to undergo exams, and yet to start any physio-therapy. Pain or medication makes it difficult for Plaintiff to concentrate. Because of his restrictionsm he can no longer just go down to the law library for research. Plaintiff does not have a staff to conduct research for him, nor household servants to aid in his daily routine. He relies on the voluntary aid others. Though Plaintiff attempted to draft and file this motion, under the circumstances it took longer than he desired. He focused on completing the motion rather than requesting a continuance. Continuance may still be necessary for Plaintiff.

## ARGUMENT

### A

The deemed admissions should be withdrawn because Plaintiff never received the request for admissions, and thus service was not made and to deem the admissions would be a denial of due process. Because the request for admissions was not received, Plaintiff was not afforded an opportunity to answer the admissions, thus to deem the admissions under these circumstances would deny Plaintiff the presentation of the merits of the action and is contrary to public policy favoring disposition of cases on the merits, and a denial of due process. Because Plaintiff did

not receive admissions, the deemed admissions are facially void *ab initio*.

Defendants were on notice on July 25, 2016, that Plaintiff had not received any discovery requests as stated on Plaintiff's 56d Motion and declaration [DE 94]. Defendants never attempted to re-send discovery even though they were on notice Plaintiff had not received any discovery requests. Defendants never attempted to compel answers to interrogatories or requests for production, they simply deemed admissions admitted despite being on notice Plaintiff had not received discovery requests. Because Defendants were notified Plaintiff had not received discovery requests early on in the discovery period, they would not be prejudiced by the withdrawal of admissions. Defendants could have re-served discovery but did not.

The docket shows Defendants filed their motion for summary judgment [DE 85] the day after they filed their Notice of discovery [DE 84] so defendants have not expended any effort making arguments based on discovery responses. *Arguendo*, because Defendants failed to resend discovery that they were on notice was not received and because they did not attempt to compel interrogatories or productions or even confer on the subject, and simply deemed admissions admitted, combined with Defendants pattern of practice of not serving filings, defendants may have attempted to employ the rules as a tactical weapon against the *pro se* Plaintiff.

Rule 36 is designed "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2252 (2d ed.1994)

"When a party [] uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements [], the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." Perez v. Miami-Dade County, 297 F.3d 1255 (11th Cir. 2002).

"Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits." In re


5/16

Savage, 303 B.R. 766, 773 (Bankr.D.Md.2003)

Despite Defendants' counsel's certificate of service, Plaintiff has shown in the record *supra* a pattern and practice of not mailing filings despite counsel's certification. The Court previously agreed with this contention and issued an order on the same [DE 18]. To continue this practice in the face of the Order [DE 18] the court may view as contemptuous.

Plaintiff has in fact rebutted the presumption of the common law mailbox rule where his stated on July 25, 2016, that Plaintiff had not received any discovery requests as stated on Plaintiff's 56d Motion and declaration [DE 94].

A party sought to obtain presumption under "mailbox rule" that a properly stamped, addressed and mailed letter was received, on the facts of the case the presumption was rebutted and did not apply, in *Laborers' International Union Of North America, Local 578 v. NLRB*, 594 F.3d 732 (10th Cir. Feb. 2, 2010) (Nos. 08-9564, 08-9569).

FRE 301 recognizes the operation of presumptions in civil cases where a statute or rule does not otherwise apply. In general the rule provides that "a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or moot the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast." The "mailbox rule" is a civil presumption. More than one hundred years ago, the Supreme Court explained the rule:

> "The rule is well settled that if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed. As was said by Gray, J., 'the presumption so arising is not a conclusive presumption of law, but a mere inference of fact founded on the probability that the officers of the government will do their duty and the usual course of business, and when it is opposed by evidence that the letters never were received, must be weighed with all the other circumstances of the case, by the jury in determining the question whether the letters were actually received or not.' The presumption that a letter was received is based on such considerations that it is perfectly clear that it applies without regard to the contents of the letter."



Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884) (citations omitted).

"Because the common law mailbox rule operates as a rebuttable presumption, the factfinder must determine whether [Defendant] has presented sufficient evidence of mailing to invoke the presumption of receipt and, if so, whether [Plaintiff] has presented sufficient evidence of non-receipt to rebut the presumption." Schikore v. Bankamerica Supplemental Retirement, 269 F.3d 956 (9th Cir. 2001).

Here, where defendants have a pattern of not mailing filings to Plaintiff as recognized by this Court in Order DE 18, and where plaintiff has merely indicated "furnished via email / eServe and/or U.S. Mail" on the certificate of service shown at DE 103-1 pg.3 and not specified delivery method, and Plaintiff has noticed the Court and Defendant that he did not receive any discovery requests in his 56d motion and affidavit [DE 94], and attached his affidavit to this motion as Exhibit A, the Plaintiff has shown material evidence that he did not receive the admissions requests. Because Plaintiff did not receive admissions, the deemed admissions are facially void ab initio and his motion to withdraw or amend admissions should be granted.

**B**

If the final pretrial order has not been issued, a court should permit deemed admissions to be withdrawn or amended when (1) the movant shows that the presentation of the merits of the action will be promoted and (2) the nonmovant does not show that it will be prejudiced in maintaining or defending the action on the merits. Fed. R. Civ. P. 36(b); *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997); *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995).

The Court should permit Plaintiff to withdraw or amend the deemed admissions to Defendants' request for admissions numbers 1-17 for the following reasons:

1.

The public policy favoring disposition of cases on the merits will be promoted if the Court permits Plaintiff to withdraw or amend the deemed admissions. *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).

Defendants litigation strategy appears to be based on using Rule 36 as a technical weapon to gain deemed admissions, because Plaintiff has a prima facie case against them - This is the only way for Defendants' to overcome Plaintiffs' verified complaint with appended exhibits.

Defendants merely attempt to overcome Plaintiff's complaint by gaining deemed admissions that run opposite to Plaintiff's contentions in his complaint and use in a summary judgment motion or a motion for directed verdict.

An example of the materiality is as follows. In his complaint plaintiff alleged defendants' communications were sent in violation of the FDCPA:

> 78. Defendants violated FDCPA §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> 79. Defendants violated FDCPA §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;
>
> 80. Defendants violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff, related to the collection of any debt, failing to send Plaintiff a written notice that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> 81. Defendants violated 15 U.S.C. §1692g(B) by failing to cease collection efforts after receiving Plaintiff's two dispute and demand for validation letters; and,
>
> 82. Defendants violated 15 U.S.C. §1692g(B) by and failing to validate or verify the alleged debt and while continuing collection efforts.

Some of Defendants admissions attempt to gain that the communications Plaintiff has complained about in his complaint are "required" by FDCPA. (Plaintiff contends a clear



reading of the statute shows they are not). Examples of requests for admissions [DE 103-1 pg2] are:

> 6. Responses to Debt Validation Requests are required to be sent by 15 U.S.C. § 1692g(b).
>
> 8. Defendant sent a response to the July 22, 2013 inquiry from the Plaintiff on August 13, 2013 as required by 15 U.S.C. § 1692g(b).
>
> 11. Defendant sent a response to the August 19, 2013 inquiry from the Plaintiff on December 24, 2013 as required by 15 U.S.C. § 1692g(b).

Examples of Defendants' use of the admissions in its summary judgment motion [DE 85] are:

> "were required responses to debt validation requests" [DE 85 pg.2]
>
> "was required pursuant to 15 U.S.C. § 1692g(b)" [DE 85 pg.3]
>
> "required debt validation responses pursuant to 15 U.S.C. § 1692g(b)." [DE 85 pg.3]
>
> "Statement of Material Facts" [DE 85 pg.6]:
>
> "2. On August 13, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation response pursuant to 15 U.S.C. § 1692g(b)" [DE 85 pg.6]
>
> "5. On December 24, 2013, Defendant responded to the Plaintiff's inquiry and sent Plaintiff the required debt validation responses pursuant to 15 U.S.C. § 1692g(b)." [DE 85 pg.6]
>
> "pursuant to 15 U.S.C. § 1692g(b) Defendant was required to respond." [DE 85 pg.8]
>
> "required debt validation responses under 15 U.S.C. § 1692g(b)." [DE 85 pg.8]
>
> "Certainly, there is nothing inherently abusive, harassing, deceptive or unfair about providing a required response to a debt validation request. [DE 85 pg.10]
>
> "were required responses under 15 U.S.C. § 1692g(b)." [DE 85 pg.10]

It is evident that without the deemed admissions, Defendants lack an argument, and thus the admissions are material to the case. Plaintiff's complaint the letters sent were not "required" and were sent in violation of FDCPA. This is a factual dispute that survives

summary judgment. Withdrawal or amendment of admissions will allow that the presentation of the merits of the action will be promoted.

Defendants litigation strategy appears to be based on using Rule 36 as a technical weapon to gain deemed admissions, because Plaintiff has a prima facie case against them - This is the only way for Defendants' to overcome Plaintiffs' verified complaint with appended exhibits.

2.

The withdrawal or amendment of the deemed admissions will not prejudice Defendants' case. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001); *Sonoda*, 255 F.3d at 1039-40.

Plaintiff contends his need to file the instant motion stems from Defendants' litigation strategy of deeming admissions that were in fact never received by the Plaintiff, nor were they ever served. This conclusion may be drawn from the fact defendant filed a notice of serving discovery (including admissions) and the next day filing for summary judgment with statement of material facts predicated upon deemed admissions, and deemed admissions that run opposite to Plaintiff's allegations in his complaint.

This argument is bolstered by the fact that despite the fact Defendants were placed on notice, on the record, on July 25, 2016, that Plaintiff had not received any discovery requests as stated on Plaintiff's 56d Motion and declaration [DE 94], the Defendants never: attempted to confer with Plaintiff over the non-receipt, never attempted to re-send the discovery to the Plaintiff, or never moved to compel interrogatories or productions from Plaintiff. Defendants were on notice Plaintiff had not received discovery requests and did nothing but lay in wait, out in the weeds, waiting to pounce with their notice to deem admissions admitted. When Plaintiff confronted them on their filing, requesting Defendants withdraw their notice to deem, Defendants refused.

"When a party [] uses the rule to harass the other side or, as in this case, with the wild-eyed hope that the other side will fail to answer and therefore admit essential elements [], the rule's time-saving function ceases; the rule instead becomes a weapon, dragging out the



litigation and wasting valuable resources." Perez v. Miami-Dade County, 297 F.3d 1255 (11th Cir. 2002).

"Federal Rule of Civil Procedure 36 was not intended to be used as a technical weapon to defeat the rights of pro se litigants to have their cases fairly judged on the merits." In re Savage, 303 B.R. 766, 773 (Bankr.D.Md.2003).

Plaintiff contends withdrawal or amendment of the deemed admissions will not prejudice Defendants'. Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial. See 999, 776 F.2d at 869; American Auto. Assoc. v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir.1991); Brook Village, 686 F.2d at 71.

In Hadley v. US, 45 F.3d 1345 (9th Cir. 1995):

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted. Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982). The party who obtained the admission has the burden of proving that withdrawal of the admission would prejudice the party's case. See FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir.1994).

Hadley v. US, 45 F.3d 1345 (9th Cir. 1995).

When Plaintiff filed his 56d motion and declaration in response to Defendants summary judgment motion, Defendants were in fact placed on notice 18 days after they filed their notice of propounding discovery of Plaintiffs non receipt of the discovery requests. This was early on in the discovery period and as discussed *supra* Defendants did nothing to address the non receipt. Defendants had every opportunity to re-send discovery requests and did not, and therefore could not be prejudiced.

Defendants cannot show their "trial preparation was materially prejudiced" *In Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652 (1st Cir.1980), cert. denied, 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981) or that Plaintiff "lured the [defendants] into a false sense that the [] issue was settled" *id*. On the contrary, their summary judgment motion was filed the day after their notice of propounding discovery and the same arguments, albeit



unfounded, in summary judgment could be used for a directed verdict motion at trial. Defendants litigation strategy appears to be based on using Rule 36 as a technical weapon to gain deemed admissions, because Plaintiff has a *prima facie* case against them - This is the only way for Defendants' to overcome Plaintiffs' verified complaint with appended exhibits.

"[T]he inconvenience [a party] may have suffered by the withdrawal of the admissions did not rise to a level of prejudice that justified a denial of the withdrawal motion. Hadley v. US, 45 F.3d 1345 (9th Cir. 1995). ("Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions.").

### C. CONCLUSION

Because Plaintiff did not receive the request for admissions, and because the record shows Plaintiff rebutted the presumption of the mailbox rule in his 56d filing and declaration, and the attached affidavit of Plaintiff, the Plaintiff's motion to withdraw or amend admissions should be granted as the deemed admissions are facially void *ab initio*.

Because no final pretrial order has been issued, and because the denial of Plaintiff's motion to withdraw the admissions entirely precludes a resolution of the case on its merits, and because the Defendant's case would not be prejudiced, the Plaintiff's motion to withdraw or amend admissions should be granted.

For these reasons, Plaintiff asks the Court to issue an Order to permit him to withdraw or amend deemed admissions, and for any further relief deemed just by the Court.

**WHEREFORE**, Plaintiff, John Pinson, respectfully requests that the Court issue an Order granting his motion to withdraw or amend admissions, and any further relief the Court deems just. Plaintiff submits the accompanying affidavit in support of his motion.

Dated: September 16, 2016         Respectfully Submitted,

*The Certificate of Conference is included in Affidavit attached as Exhibit A*
*Exhibit B also attached -*

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 16, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

**"EXHIBIT A"**

## AFFIDAVIT OF JOHN PINSON SUBMITTED IN SUPPORT OF HIS MOTION TO WITHDRAW OR AMEND ADMISSIONS

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21 years, competent to testify and has not been convicted of a felony or misdemeanor of moral turpitude or any felony criminal offense and declares as follows under penalty of perjury regarding Case No.: 14-80009-CIV-HURLEY/HOPKINS

1. I have not receive any discovery requests from Defendants by any method.

2. Upon receipt of Defendants' summary judgment motion I made a diligent effort to search all my records for discovery requests.

3. The search of records did not reveal any discovery requests.

4. US Mail is delivered to a mailbox at my address.

5. I collect, sort and open my mail diligently as it arrives.

6. I have again searched my records before filing this motion.

7. This additional search did not reveal any discovery requests.

8. I conferred by telephone with opposing counsel before filing this motion on September 6, 2016 at 2 PM.

9. On the conference call I requested Defendants withdraw the notice of deemed admissions.

10. I sent a follow-up email after the call which is attached as Exhibit B.

[Verification follows]


14/16

## NOTARY'S VERIFICATION

STATE OF FLORIDA              §

COUNTY OF PALM BEACH     §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence.

### AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct, and the basis of these beliefs is my own direct personal knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Palm Beach County, Florida

September 16, 2016

John Pinson

Name of Notary  Latona Dwyer

Signature of Notary  Latona Dwyer

LATONA DWYER
Notary Public - State of Florida
Commission # FF 976306
My Comm. Expires Mar 28, 2020


15/16



*Case 14-cv-80009*

# John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 06, 2016 2:45 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery conversation follow-up. |
| **Importance:** | High |

*"Exhibit B"*

Mr. Schulis,

This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12949 - Release Date: 09/05/16

1

*(16/16)*