UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ D.C.

SEP 19 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

       Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

       Defendant    /

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND
## TO PLAINTIFF'S CORRECTED FIRST SET OF INTERROGATORIES

**COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. Rules 33 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to answer fully and completely each of the questions contained in: Plaintiff's Corrected first set of Interrogatories to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC., and states in support:

### Introduction

On July 25, 2016, Plaintiff served "Plaintiff's Corrected first set of Interrogatories" (attached as "Exhibit A") to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" on Defendants.

Plaintiff served discovery via FedEx #7768-2660-1991 and a copy of proof of receipt with signature on July 25, 2016, is attached as "Exhibit B".

Although Defendants' responses were due on August 27, 2016, they did not serve any responses. Because Defendant did not respond to the discovery request, the Court should compel Defendants to comply.

Plaintiff attempted to call counsel on August 29, 2016, to no avail and on August 30, 2016 sent the attached e-mail inquiry attached as "Exhibit C". Receipt of e-mail is attached as "Exhibit D". A conference call was scheduled for September 1, 2016, which opposing counsel

cancelled a half hour before the scheduled time. Counsel indicated he would FedEx the responses to be received September 6, 2016. The discovery conference call was rescheduled for September 6, 2016 at 2 PM. On the discovery conference call counsel indicated the responses would be in the FedEx that he sent. Plaintiff sent a follow-up email attached as "Exhibit E". When Plaintiff received counsel's FedEx it did not include the Interrogatory responses Plaintiff now motions to compel. Plaintiff sent a final e-mail in an attempt to get Interrogatory responses on September 7, 2016, (attached as "Exhibit F") in which Plaintiff indicated he would seek relief from the court if he did not receive interrogatory responses. An e-mail return receipt shows counsel received this message attached as "Exhibit G".

Plaintiff has offered every opportunity for Defendants to provide interrogatory responses, but Defendants have failed or refused to provide the required responses. Because Defendant did not or refused to respond to the discovery request, the Court should compel Defendants to comply.

As shown *supra*, Plaintiff conferred with Defendants in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(1) and as shown in the incorporated certificate of conference.

## Argument

A court may compel responses to discovery if a party did not answer an interrogatory submitted under Rule 33.

This Court should grant Plaintiff's motion to compel for the following reasons: Defendants failed to answer Plaintiff's interrogatory requests. Fed. R. Civ. P. 37(a)(3)(B)(iii); Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case [DE 94]. This Court has Ordered for discovery [DE 81].

Plaintiff did not, and has not, received any answers to the interrogatories.

Plaintiff did, on several occasions, attempt in good faith to contact counsel for the Defendant in an attempt to obtain answers to the interrogatories; however, the said opposing counsel has failed and refused to act in good faith or cooperate (See attached "Exhibits B-G").

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

## Conclusion

Because Plaintiff's interrogatory requests are proper and because Defendants have refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he conferred with opposing counsel, Matthew L. Schulis, Esq., via e-mail and conference call as detailed *supra*, and evidenced in attached "Exhibits B-G", and was unable to resolve the issue directly.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel defendants to respond to plaintiff's corrected first set of interrogatories and requiring Defendants to answer fully and completely each of the questions contained in; and any other relief as deemed equitable and just.

Dated: September 19, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 19, 2016

John Pinson

## Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

Documents attached:

Exhibit A - 14 Pages ✓

Exhibit B - 1 Page ✓

Exhibit C - 1 Page ✓

Exhibit D -1 Page ✓

Exhibit E - 1 Page ✓

Exhibit F - 9 Pages ✓

Exhibit G - 2 Pages ✓

**Total 29 Pages attached**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS



John Pinson,

     Plaintiff

"EXHIBIT A"

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

     Defendant    /

---

### PLAINTIFF'S CORRECTED FIRST SET OF INTERROGATORIES TO DEFENDANT JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:   Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609.

### Via FedEx #7768-2660-1991

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.*, of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### GENERAL INSTRUCTIONS

1. In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

2. If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

3. Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able

to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

4. You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

1. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

2. **"Identify"** when used in connection with documents shall mean the identification    in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

3. **"Representatives"** include attorneys, employees, agents or other persons acting on your behalf.

4. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

5. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

6. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. "You" includes James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. You may also be referenced herein simply as "ALBERTELLI" or "DEFENDANT".

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and

without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meeting or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

3. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a.) The nature of the document (e.g., letter, memorandum, contract, etc.); (b.) The author or sender of the document; (c.) The recipient of the document; (d.) The date the document was authored, sent, and/or received; and (e.) The reason such document is allegedly privileged.

4. "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

5. "And" as well as "for" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

6. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

7. "Concerning" as used herein, shall include, but not be limited to:" referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

8. The term "ACCOUNT" refers to any alleged account(s) referenced in this action.

## **INTERROGATORY INSTRUCTIONS**

1. Interrogatories shall be answered in writing under oath (form provided) by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

2. Within 30 days, each question shall be answered separately, fully, and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

3.  If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

4.  The party who is served with the interrogatories shall serve his answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

5.  The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

6.  If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

7.  If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objection party to notify the Clerk and request a hearing on such objections as remain unsettled.

8.  Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

9.  It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

10. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which is any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

11. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1.  Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2.  If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving

copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5. You are reasonably to supplement your responses as required by Rule 26(e).

6. Legible copies are requested to be produced in all instances.

7. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8. When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## **INTERROGATORIES**

### **Interrogatory No. 1**

Please state the full name, present address, employer, title, and occupation of all persons providing information and documents responsive to these requests.

ANSWER:

### **Interrogatory No. 2**

Please provide the following information: Your Full Name; Your Full Business Name; Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.); Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.).

ANSWER:

### **Interrogatory No. 3**

Please identify all individuals known to you or your attorney who are witnesses to the events described in Plaintiff's complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each such person, please provide a brief summary of facts to which each might or could testify. Also for each such person, please state the following:

a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

c) Please explain and describe your understanding of their knowledge of such facts.

ANSWER:


**Interrogatory No. 4**

Please identify each employee or non-employee expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

ANSWER:


**Interrogatory No. 5**

Please identify all individuals known to you or your attorney who are not witnesses, but who you have reason to believe have knowledge pertinent to the events at issues as alleged in the complaint, and provide a brief summary of the facts to which each such person could testify. For each person, please state the following:

a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

c) Please explain and describe your understanding of their knowledge of such facts.

ANSWER:

**Interrogatory No. 6**

Please state whether any of the individuals listed in the answers to the preceding interrogatories have given any statement(s) to you and, if so, please identify the individual giving the statement, identify the individual to whom the statement was given, the date of the statement, and whether or not the statement was written or recorded and, if it was written or recorded, identify the individual presently in possession of it.

ANSWER:


**Interrogatory No. 7**

Please list, explain, and describe documents known to you or believed by you to exist concerning the communications and events described in Plaintiffs complaint or concerning any event which is the subject of any defense you have raised or may raise in this lawsuit.

ANSWER:


**Interrogatory No. 8**

Please list each exhibit which you may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by any expert witness on your behalf.

ANSWER:


**Interrogatory No. 9**

For each paragraph of Plaintiff's complaint which you deny the allegations, please explain and describe any facts which you believe may support each denial.

ANSWER:

**Interrogatory No. 10**

Have you ever been involved in any other legal action, either as a Defendant or a Plaintiff where allegations were raised concerning violations of the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of any attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action, whether there was an appeal and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

ANSWER:


**Interrogatory No. 11**

Please explain and describe any complaints or reprimands you have had about any individual who engaged in any communication with Plaintiff, regardless of the nature of the complaint(s) or reprimand(s).

ANSWER:



**Interrogatory No. 12**

Please list, describe, and explain in detail each item imposed upon any alleged account of the Plaintiff on which you were attempting to collect, the amount of each charge imposed, the date of each charge imposed, the nature of each charge imposed, and the legal basis for each charge imposed which in any way added to the amount allegedly due by Plaintiff.

ANSWER:

**Interrogatory No. 13**

Please list, describe, and explain the legal basis you believe you had for the attempted collection of any alleged debt from the Plaintiff.

ANSWER:

**Interrogatory No. 14**

Please list, describe, and explain the terms of any agreement or contract you had with any alleged original creditor, successor creditor and/or any other debt collector and identify any creditor or collector.

ANSWER:

**Interrogatory No. 15**

Please identify any alleged creditor and describe the timing and chain of events leading to alleged creditor's acquiring any alleged dent of Plaintiff starting from starting from the origination of alleged debt, and identify the documents evidencing the chain of events from origination to acquisition.

ANSWER:

**Interrogatory No. 16**

Please list, describe, and explain your policies and procedures to comply with the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act.

ANSWER:

**Interrogatory No. 17**

Please list, describe, and explain each and every instance in which you violated any portion of the

Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act with

regards to Plaintiff from January 2013 to the present.

ANSWER:


**Interrogatory No. 18**

Please provide the training program ALBERTELLI provides its employees in regards to

circumventing the FDCPA and the FCCPA.

ANSWER:


**Interrogatory No. 19**

Please show how ALBERTELLI complied with FL. Stat. 559.715.

ANSWER:


**Interrogatory No. 20**

Describe ALBERTELLI's procedure and policy with respect to the maintenance, preservation, and

destruction of documents, stating in your Answer whether any documents or things relating to any

information Requested in these interrogatories, or related any way to this lawsuit, have ever been

destroyed or are no longer in your custody.  For each such document, please identify the document,

how, when and why each document was destroyed or otherwise left your control, the identity of any

person who participated in any way in the destruction and/or action for destroying the document or

to transfer it out of your control or custody; and if the document still exists, identify the person now

having control or custody of the document.

ANSWER:

**Interrogatory No. 21**

ALBERTELLI or Attorney. Please Identify each person who has had any contact or communication

on your behalf or with you regarding Plaintiff, state where, how, when, and with whom said contact

or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

**Interrogatory No. 22**

If you answered any of the Plaintiff's Requests for Admission with anything other than an

unqualified admission, list every individual reason why you did so, describe each factual position

and identify all documents which support your answer.

ANSWER:

**Interrogatory No. 23**

Please describe in detail your exact procedures of reviewing information contained in your files

before signing or sending a communication to a consumer or before taking any legal action against a

consumer, and identify the supervisor or responsible party for compliance with your procedures and

applicable consumer protections laws.

ANSWER:

**Interrogatory No. 24**

Please set forth in detail why you assert Albertelli Law Partners LLC was not a debt collector toward Plaintiff.

ANSWER:

## **OATH**

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this _____ day of _____, 2016.

_____
Signature

_____
**Print Full Name and Title**

STATE OF: _____

COUNTY OF: _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2016, by _____, who is personally known to me or who produced _____, as identification and did take an oath.

NOTARY PUBLIC

SIGN: _____

(Seal):

PRINT: _____

My Commission Expires:

Dated: July 22, 2016                    Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7768-2660-1991, a true original copy of Plaintiff's First Set of Interrogatories to the defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed July 22, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via FedEx 7768-2660-1991*

July 22, 2016

Matthew Schulis Esq.
Albertelli Law
5404 Cypress Center Dr., Ste. 300
Tampa, FL 33609

> **Re:**   Pinson v. Albertelli Law Partners LLC, et. al.
> Case No.: 9:14-civ-80009

### *Enclosed - Corrected Discovery Requests dated July 22, 2016*

Mr. Schulis:

Yesterday, I sent you my first set of discovery. After sending it, I realized I made a formatting error on the document titles, therefore, to avoid any questions or misunderstandings I have corrected the first set of discovery.

### **Please disregard the erroneous discovery dated July 21, 2016.**

Per the above captioned, enclosed you will find the following corrected items pertaining thereto:

1. Plaintiff's  Corrected First Set of Interrogatories dated July 22, 2016;
2. Plaintiff's  Corrected First Requests For Production dated July 22, 2016;
3. Plaintiff's  Corrected First Requests for Admission dated July 22, 2016.

Thanking you for your kind understanding and timely attention here, I am

Yours Sincerely,

John Pinson

JP.
Enc.  3
Via:      FedEx 7768-2660-1991



"EXHIBIT B"

September 19, 2016

Dear Customer:

The following is the proof-of-delivery for tracking number **776826601991**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | L.GUEST | Delivery location: | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| Service type: | FedEx Standard Overnight | Delivery date: | Jul 25, 2016 08:51 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 776826601991 | Ship date: | Jul 22, 2016 |

Recipient:
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US
**Reference**

Shipper:
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR1 rev

Thank you for choosing FedEx.

**John D Pinson**

**From:**       John D Pinson <john@pinson.com>
**Sent:**       Tuesday, August 30, 2016 4:31 PM
**To:**         Matthew Schulis
**Subject:**    Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

**Importance:**     High                                    <u>"EXHIBIT C"</u>

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.


Cordially,

John Pinson
561-833-4816
<u>john@pinson.com</u>

**John D Pinson**

**From:**     Matthew Schulis <mschulis@albertellilaw.com>
**To:**        John D Pinson
**Sent:**      Tuesday, August 30, 2016 4:33 PM
**Subject:**   Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

*"EXHIBIT D"*

Your message

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
Sent: Tuesday, August 30, 2016 4:30:52 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Tuesday, August 30, 2016 4:32:31 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 06, 2016 2:45 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery conversation follow-up. |
| **Importance:** | High |

# "EXHIBIT E"

Mr. Schulis,

This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12949 - Release Date: 09/05/16

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, September 07, 2016 3:29 PM |
| **To:** | Matthew Schulis |
| **Subject:** | FW: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |
| **Attachments:** | Pinson- Response to 1st Set Admissions.pdf; Pinson- Response to 2nd Set Admissions.pdf; Pinson- Response to 1st RFP.pdf |
| **Importance:** | High |

"EXHIBIT F"

Mr. Schulis,

Your responses to my first set of corrected discovery requests were due to be received by me by August 27, 2016. As you know from my August 30, 2016, e-mail, they were never received by me by mail. On September 1, 2016, you e-mailed me copies of your responses to my first corrected production requests and first corrected admission requests but you did not e-mail me your responses to my first corrected Interrogatory requests.

In review of the contents of the FedEx # 7771 3322 3192 that I received from you after our conversation yesterday, the FedEx envelope did not contain your responses to my first corrected Interrogatory requests which were due to be received by me by August 27, 2016, thus you have not provided me with nor served me a copy of your responses to my first corrected Interrogatory requests.

Because I have not received your responses to my first corrected Interrogatory requests, please e-mail me them today and serve them on me properly or I will consider your lack of response and lack of cooperation in resolving this discovery dispute directly between us to be an obstructive discovery tactic on your part, and I will be forced to seek the relief from the Court that I am entitled to.

Your timely response is requested.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, September 01, 2016 5:04 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Attached please find electronic copies of the Discovery Responses of which duplicate hard copies were sent FedEx today.

Additionally, I have confirmed 2PM tomorrow with my client.

I look forward to hopefully resolving this matter tomorrow afternoon.

Please feel free to contact me with any questions or concerns.

1

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** (813) 221-4743 ext. 2621 | **F:** (813) 221-9171

**E:** mschulis@Albertellilaw.com

2

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.
NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 01, 2016 4:37 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Please email them now or I will consider that you did not have the.

We can reschedule for 2 PM Tuesday.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, September 01, 2016 4:11 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Mr. Pinson,

I sincerely apologize but due to the inclement weather on the west coast of Florida due to Hurricane Hermione and the resulting interruptions to cell service/utilities my client is unable to make the call this afternoon.

Are you amendable to rescheduling our call to tomorrow? Do you have any availability after 2PM tomorrow?

On a side note- I resent the discovery docs via FedEx to ensure delivery and you should receive them no later than Tuesday given the Labor Day holiday.

3

Please advise as to your availability tomorrow.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** (813) 221-4743 ext. 2621 | **F:** (813) 221-9171

**E:** mschulis@Albertellilaw.com

4

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.
NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE The email address from which this email was sent is for correspondence only. It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity. The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** Matthew Schulis
**Sent:** Thursday, September 01, 2016 9:43 AM
**To:** 'John D Pinson' <john@pinson.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Mr. Pinson,

Let's schedule today's call for 4:45PM if that works for your schedule. Please call in to our conference line at: # 401-283-5123  PIN # 92436.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

O: (813) 221-4743 ext. 2621  | F:  (813) 221-9171

E: mschulis@Albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT** and **is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only. It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity. The designated email address for service to Albertelli Law is as follows: serveialaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, August 31, 2016 4:11 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Mr. Schulis,

I may be available between 1-2:30 or after 4:30 tomorrow September 1st to call you.

We can discuss any new proposals your client has to offer since they would not move off certain positions in the past. We can also discuss the status of your discovery responses. They failed to arrive in today's August 31 mail delivery and are overdue. Yesterday I asked you if you sent them or not and you failed to address the question - your response to that question would be appreciated.

Please advise times I can call you tomorrow. Please provide your direct dial number.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Tuesday, August 30, 2016 4:55 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

*The following confidential communication is intended only for settlement purposes and as an expression of a willingness to consider a compromise. It may not be used for any other purposes. The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.*

6

Mr. Pinson,

Do you have any availability for a phone call on Thursday afternoon September 1, 2016 to discuss the potential for settlement?

I know following the settlement conference there was discussions regarding the proposed settlement agreements but progress seems to have halted.

Please let me know your availability for a call on Thursday to hopefully resolve this matter.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** <u>(813) 221-4743</u> ext. 2621  | **F:**  <u>(813) 221-9171</u>

**E:** <u>mschulis@Albertellilaw.com</u>

7

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, August 30, 2016 4:31 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12933 - Release Date: 09/02/16

8

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12963 - Release Date: 09/07/16

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Wednesday, September 07, 2016 3:30 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |

# "EXHIBIT G"

I will be out of the office the remainder of the day Wednesday September 7, 2016 and will be returning to the office on Thursday September 8, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertellilaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

*Please note:  Albertelli Law will be closed on Monday, September 5, 2016.  We will resume normal business hours at 8:30 A.M. EST on Tuesday, September 6, 2016.*

Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621  | F:  (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12963 - Release Date: 09/07/16

2