UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**John Pinson**

    **Plaintiff,**

**vs.**

**Albertelli Law Partners LLC,**
**A Florida LLC; and**

**JAMES E. ALBERTELLI PA,**     Case No.: 9:14-cv-80009-KLR

**A Florida Professional Association,**

    **Defendant.**

_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AGAINST FURTHER PRODUCTION OF DOCUMENTS AND ORAL DEPOSITION AND DEFENDANTS' REQUEST FOR A HEARING**

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli Law"), by and through the undersigned counsel, pursuant Federal Rules of Civil Procedure Rule 26(c) and Rule 30(d) hereby files this Motion for Protective Order against Further Production of Documents and Oral Deposition and states as follows:

**PROCEDURAL HISTORY**

1. On April 10, 2014 Plaintiff filed his Motion for Summary Judgment.

2. On April 23, 2014 Defendants filed their Answer and Affirmative Defenses to Plaintiff's complaint.

3. On July 25, 2016 Defendant received Plaintiff's First Set of Interrogatories, First Requests for Production, and First Requests for Admission dated July 21, 2016.

4. On July 25, 2016 Defendant received Plaintiff's Corrected First Set of Interrogatories, Corrected First Requests for Production, and Corrected First Requests for Admission dated July 22, 2016.

5. On August 22, 2016 Defendant received Plaintiff's Second Set of Interrogatories, Second Requests for Production, and Second Requests for Admission dated August 20, 2016.

## LEGAL ARGUMENT

6. Federal Rules of Civil Procedure Rule 26(c) states:

   **(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.**

7. Under Federal Rule of Civil Procedure 26(c), the Court may enter a protective order whenever "justice requires" in order "to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

8. Specifically, the Plaintiff seeks from Defendant the production of the following documents:

1. Any documents evidencing the identity of the person answering interrogatory #1;
2. Any documents evidencing the identity of the person answering interrogatory #2;
3. policy manuals, procedure manuals, or other documents, which address Defendant's specific policies practices or procedures for retention, dissemination or disposal of data, during each of the *preceding five years*;
4. any documents referenced, discussed, identified or referred to in Plaintiff's first set of interrogatories;
5. a copy of each liability policy issued to Defendant including declaration page and/or endorsements;
6. any and all consumer reports concerning Plaintiff;
7. copies of complaints or petitions in any action filed by or against Defendant in which allegations are similar;
8. Investigative reports which in anyway reference Plaintiff;
9. all written or recorded statements prepared or obtained which in any way reference Plaintiff;
10. every document referencing communications referencing Plaintiff;
11. all documents sent to Plaintiff by Defendant between *between 2013 and present*;
12. records reflecting the financial information of Defendant;

13. all communication between Plaintiff and Defendant *between 2013 and present*;

14. work history of Andrea Hearn;

15. work history of Joseph Dillon;

16. work history of Erik Del'Etoile;

17. all documents evidencing telephone calls between Plaintiff and Defendant;

18. all policy manuals, procedure manuals regarding investigation of violations of the FDCPA and the FCCPA;

19. all policy manuals, procedure manuals regarding collecting past due accounts;

20. All material, including video and audio tapes, pertaining to training by or for Defendant regarding the FDCPA and FCCPA;

21. All internal documents, memoranda, etc. of the Defendant regarding collection notices;

22. (mislabeled as 2nd # 21) Copies of any legal actions filed by Defendant against Plaintiff;

23. (mislabeled as 3rd #21) Any documents evidencing the creditor of any alleged debt;

9. "The Eleventh Circuit has held that the District Court has the responsibility to manage the discovery process in a manner that avoids abuse of the process and prejudice to the parties." *Staup v. Wachovia Bank, N.A*., 2008 WL 1771818, *1 (S.D. Fla., Apr. 16, 2008) (*citing Chudasama v. Mazda Motor Corp*., 123 F.3d 1353 (11th Cir. 1997

10. For a court to consider permitting discovery of financial documents, however, the party seeking the documents "must demonstrate that the information sought is 'relevant,' as Rule 26 defines the term, and nothing else precludes disclosure." *NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC*, 2011 WL 768066, *1 (M.D. Fla. Feb. 28, 2011) (*citing Capone v. Ison*, 2008 WL 2277507, *4 (S.D. Fla. May 30, 2008)). Here, the documents sought by Plaintiff relating to the Defendant's financial affairs have no relevance to the claims and defenses in this action, are confidential and overly broad.

11. Defendant objects to Document Request Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (mislabeled as 2nd #21) and 23 (mislabeled as 3rd #21) as they seek information that does not relate to the allegations contained in the Amended Complaint, are not reasonably calculated to lead to admissible evidence, request privileged documents and seeks information pertaining to the finances of the Defendant. More specifically, Plaintiff seeks to obtain employment records of Defendant's employees not named as Defendants in this action, work product prepared for other clients and the finances of the Defendant. Simply put, the confidential financial information sought is completely irrelevant to this action, and, therefore, the request for production should be quashed.

12. Accordingly, the Court should enter a protective order or in the alternative limit the production to documents not privileged and relevant to the underlying claims regarding only the December 24th letters. *Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 WL 652851, *1 (M.D. Fla. Feb. 14, 2011) ("A subpoena may be quashed if it calls for the production of clearly irrelevant matters."); *Palumbo v.*

*Shulman*, 97 Civ. 4314, 1998 WL 720668, *3 (Oct. 13, 1998) ("a subpoena which calls for the production of irrelevant material, should not be enforced.")

13. Therefore, any alleged right Plaintiff has to the documents requested in Document Request Nos. 3, 5, 7, 10, 12, 14, 15, 16, 18, 19, 20, 21, 22 (mislabeled as 2nd #21) and 23 (mislabeled as 3rd #21) is greatly outweighed by the Defendant's privacy interests in keeping their financial information private, and the Court should quash or modify the production requests accordingly. *See e.g. Netjets Aviation, Inc.*, 2011 WL 768066, *2-3 (quashing subpoena which sought personal financial information of defendant because, to the extent the documents sought have any marginal relevancy to the allegations of the complaint, "such relevancy is outweighed by the sensitive and private nature of these financial records") (citing Fla. R. Civ. P. 26(c)(1)(D)); *Solow v. Conseco, Inc.*, 06 Civ. 5988, 2008 WL 190340, *4-5 (S.D.N.Y. Jan. 18, 2008) (quashing subpoena seeking information relating to the terms of financing, refinancing, loan and debt obligations of non-party where non-party had a privacy interest in maintaining the confidentiality of the information and the documents sought had little or no relevance to the claims and defenses in the action).

14. Additionally, Document Request Nos. 4, 10, 11, 13, 17, 18 and 23 (mislabeled as 3rd #21) are entirely overbroad, and should, at the very least, be limited to information that pertains solely to the December 24th letters.

WHEREFORE, Defendants move this Court for the entry of an Order for Protection against Further Production of Documents and Oral Deposition, and for any such further relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this  20th  day of September, 2016, to all parties listed on the attached service list.

> By:  /s/  Matthew L. Schulis, Esq.
> Matthew L. Schulis, Esq.
> FLORIDA BAR #: 57116
> mschulis@albertellilaw.com
> ALBERTELLI LAW
> 5404 Cypress Center Drive, Suite 300
> TAMPA, FL 33609
> Eservice1: GenLit@albertellilaw.com
> Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com<br>*Pro Se Plaintiff* | |

ALAW #14-128384