UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.

SEP 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant    /

## PLAINTIFF'S MOTION IN LIMINE

**COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. 26(a)(3), F.R.E. 403 and pursuant to F.S. § 90.402 and § 90.403, requests this Honorable Court to exclude certain evidence at trial of this case and files this Motion in Limine, and in support states as follows:

### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

Because Plaintiff's character is not in issue in this case and is not related to any claim or defense, Plaintiff moves that defendant be precluded from denigrating Plaintiff or Plaintiff's status as a private attorney general enforcing public policy; and that Defendants' examination of Plaintiff and arguments be limited to the issues in this case.

Plaintiff's incorporated memorandum of law arguments suggests typical inflammatory, prejudicial, or otherwise improper tactics which should be precluded.

Before the voir dire examination of the jury panel Plaintiff makes this motion in limine. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendants injects these matters in this case through a party, an attorney, or a witness, Defendants will cause irreparable harm to Plaintiff's case that no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiff makes this motion in limine.

## Argument

Intimations as to Plaintiff's character, and inflammatory or prejudicial arguments are typical in FDCPA cases, even though the only issue is whether Defendants violated the Act by their form letters or other actions in violation. Direct or implied attacks on the Plaintiff are improper. Fed. R. Evid. 401, 403, 404.

Plaintiff asks the Court to prohibit Defendants from offering any of the following matters without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

### 1. Deadbeat argument

"One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697. Despite the congressional finding, this defense counsel typically begins his/her memoranda by claiming that, by bringing an FDCPA action, Plaintiff seeks to immunize himself from the collection process and the natural, legitimate consequences of nonpayment of debt. Not only is this immaterial and speculative, but the argument is nonsensical. Bringing an FDCPA enforcement action does not immunize anyone from the underlying debt, which is a separate transaction.

"No section of the Act requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997). *See also* Federal Trade Comm'n v. Check Investors, Inc., 502 F.3d 159 (3d Cir. 2007).

Defendant should be precluded from making any "deadbeat" claims, which Congress itself recognized as a fallacy.

### 2. Plaintiff's motives.

The Act relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. § 1692k(a). Indeed, Congress stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780–781 (9th Cir. 1982). Congress

intended that the FDCPA be enforced by private attorneys general. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Defense counsel may attempt to inflame the jury by claiming that Plaintiff is in this case for the money. By denigrating the motives of Plaintiff, Defendants contravene Congress' express intent that Plaintiff properly has such a motive.

Defendants' argument is, of course, meant to reduce the statutory damage recovery. Nothing in the FDCPA allows the jury to consider Plaintiff's motives in awarding damages. 15 U.S.C. § 1692k. To determine the amount of statutory damages, the jury considers the nature of the violation, the frequency and persistence of the violation, the extent to which the violation was intentional, and the number of violations. § 1692k(b)(1); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1467 (C.D. Cal. 1991).

Thus, Plaintiff's motives are immaterial.

### 3. Other FDCPA claims.

The only issue is whether the Defendants violated the FDCPA, not whether other defendants might have violated the FDCPA. Plaintiff respectfully moves the Court to preclude Defendants from alluding to, in any manner, the existence of FDCPA claims other than the one involved in this case. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues or misleading the jury. Fed. R. Evid. 403, 404, 608, 802. *McKee v. Erikson*, 37 Conn. App. 146, 152–153, 654 A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system); *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Haynes v. Coughlin*, 79 F.3d 285, 291–293 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *Bradley v. Soo Line RR. Co.*, 88 F.R.D. 307, 310 (E.D. Wis. 1980) (evidence that more than one claim filed by same plaintiff against same defendant is prejudicial).

Thus, Defendants should be precluded from alluding to, in any manner, the existence of FDCPA claims other than the one involved in this case

### 4. Existence of debt.

The Defendants are required to comply with the FDCPA whether or not any debt is owed. 15 U.S.C. § 1692a(3), (5),(6). The existence or validity of an underlying debt is not material in an FDCPA action. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Defendants should not be permitted to examine or refer to any other debt (the discredited "deadbeat" argument) or to whether the Plaintiff owes the debt underlying this case. It is simply irrelevant as to whether Defendants violated the FDCPA.

Thus, Defendants should not be permitted to examine or refer to any debt.

### 5. Attorney's motives.

Plaintiff may yet engage legal representation, including at trial, to further his efforts in his status as a private attorney general enforcing public policies as intended by Congress.

FDCPA Defendants often claim that the plaintiff's attorney's fee recovery is the "engine running this suit." That claim is, again, contrary to the intent of Congress that the FDCPA be enforced by private attorneys rather than overburdened public servants. *Graziano v. Harrison*, 950 F.2d 107, 113–114 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general"). *See also Tolentino v. Friedman*, 46 F.3d 645, 651–652 (7th Cir. 1995).

Moreover, the argument is spurious where, as here, it is completely within Defendants power to keep Plaintiff's fees to a minimum. Defendants mount a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). *See also Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992). They cannot be heard to complain when this comes to pass.

Thus, Defendants should be precluded from arguments of attorney's motives.

### Conclusion

To avoid improperly prejudicial and inflammatory references, and to restrict the case to the issue at hand (whether Defendants violated the FDCPA and FCCPA), Plaintiff's motion in limine should be granted.

For these reasons, Plaintiff asks the Court to instruct Defendants and all attorneys not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct defendant and all attorneys to warn and caution each of their witnesses to follow the same instructions.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting his Motion in Limine and excluding certain evidence at trial of this case; and any other relief as deemed equitable and just.

Dated: September 26, 2016

Respectfully Submitted,

_____
John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

_____
John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA