

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

_____ Defendant ____ /

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. Rules 33 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to answer fully and completely each of the questions contained in: Plaintiff's Second set of Interrogatories to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC., and states in support:

### Introduction

On August 20, 2016, Plaintiff served "Plaintiff's Second set of Interrogatories" (attached as "Exhibit A") to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" on Defendants.

Plaintiff served discovery via FedEx #7770-4116-1553 and a copy of proof of receipt with signature on August 22, 2016, is attached as "Exhibit B".

Although Defendants' responses were due on September 24, 2016, they did not serve any responses. Because Defendant did not respond to the discovery request, the Court should compel Defendants to comply.

Plaintiff attempted to reach counsel by telephone on September 22, 2016, to no avail, and thereafter on September 22, 2016 sent an e-mail inquiry attached as "Exhibit C"; receipt of e-mail is attached as "Exhibit D". Plaintiff also received an automated reply indication opposing

counsel was away and would not return until September 26, 2016, attached as "Exhibit E", which is the last day of the discovery period.  Thereafter, on September 22, 2016, Plaintiff sent another e-mail (attached as "Exhibit F") indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline;  receipt of e-mail is attached as "Exhibit G"; Plaintiff received no reply.  Plaintiff has not received Defendants responses to Plaintiff's second set of interrogatories.

Plaintiff has asked for Defendants to provide the interrogatory responses, but Defendants have failed or refused to provide the required responses. Because Defendant did not or refused to respond to the discovery request, the Court should compel Defendants to respond.

As shown *supra*, Plaintiff did attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action, as required by F.R.C.P. 37(a)(1) and L.R. 7.1(a)(3) and as shown in the incorporated certificate of conference.

## Argument

A court may compel responses to discovery if a party did not answer an interrogatory submitted under Rule 33.

This Court should grant Plaintiff's motion to compel for the following reasons: Defendants failed to answer Plaintiff's second set of interrogatory requests. Fed. R. Civ. P. 37(a)(3)(B)(iii); Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case [DE 94]. This Court has Ordered for discovery [DE 81].

Plaintiff did not, and has not, received any answers to his second set of interrogatories.

Plaintiff did attempt in good faith to contact counsel for the Defendant in an attempt to obtain answers to the interrogatories; however, opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the good faith conference prior to filing this motion (See attached "Exhibits B-G").

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

### Conclusion

Because Plaintiff's second set of interrogatory requests are proper and because Defendants have failed or refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

### CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, and evidenced in attached "Exhibits C-G". Opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel defendants to respond to plaintiff's second set of interrogatories and requiring Defendants to answer fully and completely each of the questions contained in; and any other relief as deemed equitable and just.

Dated: September 26, 2016            Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the

Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the

mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

Documents attached:

Exhibit A - 7 Pages

Exhibit B - 1 Page

Exhibit C - 1 Page

Exhibit D -1 Page

Exhibit E - 2 Page

Exhibit F - 1 Pages

Exhibit G - 1 Pages

**Total 14 Pages attached**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

                                           "Exhibit A"

### PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:    Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609.

Via FedEx #7770 4116 1553

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.,* of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### GENERAL INSTRUCTIONS

1.  In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.
2.  If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.
3.  Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able

to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

4.  You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege.  The propounding party is not seeking information which is truly attorney client or attorney work product privileged.  However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged.  If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable.  The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

1.  **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

2.  **"Identify"** when used in connection with documents shall mean the identification    in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

3.  **"Representatives"** include attorneys, employees, agents or other persons acting on your behalf.

4.  To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

5.  In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

6.  If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1.  "You" includes James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. You may also be referenced herein simply as "ALBERTELLI" or "DEFENDANT".

2.  "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and

without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meeting or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

3. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a.) The nature of the document (e.g., letter, memorandum, contract, etc.); (b.) The author or sender of the document; (c.) The recipient of the document; (d.) The date the document was authored, sent, and/or received; and (e.) The reason such document is allegedly privileged.

4. "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

5. "And" as well as "for" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

6. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

7. "Concerning" as used herein, shall include, but not be limited to:" referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

8. The term "ACCOUNT" refers to any alleged account(s) referenced in this action.

## INTERROGATORY INSTRUCTIONS

1. Interrogatories shall be answered in writing under oath (form provided) by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

2. Within 30 days, each question shall be answered separately, fully, and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

3. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

4. The party who is served with the interrogatories shall serve his answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

5. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

6. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

7. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objection party to notify the Clerk and request a hearing on such objections as remain unsettled.

8. Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

9. It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

10. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which is any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

11. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1. Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2. If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving

copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5. You are reasonably to supplement your responses as required by Rule 26(e).

6. Legible copies are requested to be produced in all instances.

7. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8. When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## INTERROGATORIES

### Interrogatory No. 25

In your "Second Affirmative Defense" [DE 97 pg.8] you assert that certain "monies [are] owed

to defendant" where you are the defendant. Please set forth in detail what monies you assert

Plaintiff owes you, why you assert Plaintiff owes you money, how this obligation was created;

describe in detail the debt you assert and how it relates to Plaintiff's claims in this action;

identify the specific documents that support your assertion that plaintiff owes you monies.

ANSWER:


[Remainder of page left blank]

## OATH

I, _____, do hereby depose and state the answers set forth

to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this _____ day of _____, 2016.

_____
Signature

_____
**Print Full Name and Title**

STATE OF: _____

COUNTY OF: _____

The foregoing instrument was acknowledged before me this _____ day of _____,

2016, by _____, who is personally known to me or who

produced _____, as identification and did take an oath.


NOTARY PUBLIC


SIGN: _____

(Seal):

PRINT: _____


My Commission Expires:


Dated: August 20, 2016                    Respectfully Submitted,

_____

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7770 4116 1553, a true original copy of Plaintiff's Second Set of Interrogatories to the defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed August 20, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA



September 24, 2016

Dear Customer:                                              **"Exhibit B"**

The following is the proof-of-delivery for tracking number **777041161553**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | L.GUEST | **Delivery location:** | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| **Service type:** | FedEx Standard Overnight | **Delivery date:** | Aug 22, 2016 08:50 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 777041161553 | **Ship date:** | Aug 20, 2016 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**                                              **Shipper:**
Matthew Schulis, Esq.                                       John Pinson
Albertelli Law                                              526 WESTWOOD RD
5404 Cypress Center Dr.                                     WEST PALM BEACH, FL 33401 US
Ste. 300
TAMPA, FL 33609 US
**Reference**                                               ALP/JEA DR2

Thank you for choosing FedEx.

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |
| **Importance:** | High |

"Exhibit C"

Mr. Schulis,

My second discovery requests were delivered to your office and left with your receptionist on Monday August 22, 2016, and accordingly were due to be received by me yesterday Wednesday, September 21, 2016. As of this evening September 22, 2016,  they have still not been received.

Please advise as to whether you have responded and when or if you have not responded whether you intend to do so.

Yours Truly,

John Pinson

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

Your message                                         "Exhibit D"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests
Sent: Thursday, September 22, 2016 10:40:37 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 10:41:19 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

## "Exhibit E"

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertellilaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.


Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621 | F: (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

2

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 11:00 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |
| **Importance:** | High |

Mr. Schulis,                                                                    **"Exhibit F"**

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 11:11 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

Your message                                            "Exhibit G"

   To: Matthew Schulis
   Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009
   Sent: Thursday, September 22, 2016 11:00:26 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 11:10:44 PM (UTC-05:00) Eastern Time (US & Canada).

1