UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

FILED BY _____ D.C.

SEP 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA, - W.P.B.

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO RESPOND
TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION**

    **COMES NOW**, the Plaintiff *pro se*, John Pinson, pursuant to F.R.C.P. Rules 34 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to respond fully and completely each of the requests contained in: Plaintiff's Second Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC., and states in support:

### Introduction

    On August 20, 2016, Plaintiff served "Plaintiff's Second Requests for Production" (attached as "Exhibit A") to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" on Defendants.

    Plaintiff served discovery via FedEx #7770-4116-1553 and a copy of proof of receipt with signature on August 22, 2016, is attached as "Exhibit B".

    Although Defendants' responses were due on September 24, 2016, they did not serve any responses. Because Defendant did not respond to the discovery request, the Court should compel Defendants to comply.

    Plaintiff attempted to reach counsel by telephone on September 22, 2016, to no avail, and thereafter on September 22, 2016 sent an e-mail inquiry attached as "Exhibit C"; receipt of e-mail is attached as "Exhibit D". Plaintiff also received an automated reply indication opposing

counsel was away and would not return until September 26, 2016, attached as "Exhibit E", which is the last day of the discovery period. Thereafter, on September 22, 2016, Plaintiff sent another e-mail (attached as "Exhibit F") indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline; receipt of e-mail is attached as "Exhibit G"; Plaintiff received no reply. Plaintiff has not received Defendants responses to Plaintiff's second requests for production.

Plaintiff has asked for Defendants to produce documents or provide responses, but Defendants have failed or refused to produce the required documents or responses. Because Defendant did not or refused to produce the required documents or responses to the discovery request, the Court should compel Defendants to respond.

As shown *supra*, Plaintiff did attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action, as required by F.R.C.P. 37(a)(1) and L.R. 7.1(a)(3) and as shown in the incorporated certificate of conference.

## Argument

A court may compel responses to discovery if a party did not answer requests for production submitted under Rule 34.

This Court should grant Plaintiff's motion to compel for the following reasons: Defendants failed to respond Plaintiff's second requests for production. Fed. R. Civ. P. 37(a)(3)(B)(iii); Toma v. City of Weatherford, 846 F.2d 58, 60 (10th Cir. 1988). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case [DE 94]. This Court has Ordered for discovery [DE 81].

Plaintiff did not, and has not, received any response to his second requests for production.

Plaintiff did attempt in good faith to contact counsel for the Defendant in an attempt to obtain responses to his second requests to produce; however, opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline,

Plaintiff was unable to have the good faith conference prior to filing this motion (See attached "Exhibits B-G").

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

## Conclusion

Because Plaintiff's second requests for production are proper and because Defendants have failed or refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, and evidenced in attached "Exhibits C-G". Opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel defendants to respond to plaintiff's second requests for production and requiring Defendants to respond fully and completely to each of the requests contained in; and any other relief as deemed equitable and just.

Dated: September 26, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

    Signed September 26, 2016

                  _____
                  John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

                Documents attached:

                Exhibit A - 5 Pages

                Exhibit B - 1 Page

                Exhibit C - 1 Page

                Exhibit D -1 Page

                Exhibit E - 2 Page

                Exhibit F - 1 Pages

                Exhibit G - 1 Pages

                **Total 12 Pages attached**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

"Exhibit A"

## PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION TO DEFENDANT JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To: Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609..

Via FedEx #7770 4116 1553

Plaintiff, John Pinson, serves these requests for production on defendant ALBERTELLI, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), ALBERTELLI must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contact Plaintiff to make arrangement prior to date Production is due.

### INSTRUCTIONS

1. Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.
2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.
3. For each document that defendant claims is not discoverable, state: (1) the information required by the definition of "document" below; (2) the author's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was

circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.
4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.
5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.
6. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.
7. You are reasonably expected to supplement your responses as required by Rule 26(e).
8. Legible copies are requested to be produced in all instances.
9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.
10. When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:
1. **Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.
2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.
3. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work

sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a) the nature of the document (e.g., letter, memorandum, contract, etc.); (b) the author or sender of the document; (c) the recipient of the document; (d) the date the document was authored, sent, and/or received; and (e) the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.
5. **Identify.** The term "Identify" means that you should state: (a) any and all names, legal, trade or assumed; (b) all addresses used; (c) all telephone and tele-fax numbers used; and, if applicable: (i) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and (ii) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.
6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.
7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.
8. **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.
9. **All/Each.** The terms "all" and "each" should be construed as all and each.
10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
12. **Number.** The use of the singular form of any word includes the plural and vice versa.
13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the

identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.
14. **Data.** The term "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.
15. **Data Field.** The term "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.
16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.
17. **Hardware.** The term "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.
18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.
19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and include any disk, tape, recording, or other informational source, regardless of its physical dimension or size.
20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.
21. **Consumer Report.** The term "Consumer Report" means any report on a consumer generated by a Credit Reporting Agency.
22. **Credit Issuer.** The term "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.
23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.
24. **Describe.** The term "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

### REQUEST FOR PRODUCTION NO. 24

Produce the documents you identified in your response to Interrogatory Number 25.

RESPONSE:

Dated: August 20, 2016                             Respectfully Submitted,

                                                   John Pinson
                                                   526 Westwood Road
                                                   West Palm Beach, Florida 33401
                                                   561-833-4816
                                                   john@pinson.com

### CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7770 4116 1553, a true original copy of Plaintiff's Second Requests For Production to the defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed August 20, 2016

                                                   John Pinson

### Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA



September 24, 2016

Dear Customer:                  "Exhibit B"

The following is the proof-of-delivery for tracking number **777041161553**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | L.GUEST | **Delivery location:** | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| **Service type:** | FedEx Standard Overnight | **Delivery date:** | Aug 22, 2016 08:50 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 777041161553 | **Ship date:** | Aug 20, 2016 |
| | | **Weight:** | 0.5 lbs/0.2 kg |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

**Reference**                             ALP/JEA DR2

Thank you for choosing FedEx.

# John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |
| **Importance:** | High |

```
"Exhibit C"
```

Mr. Schulis,

My second discovery requests were delivered to your office and left with your receptionist on Monday August 22, 2016, and accordingly were due to be received by me yesterday Wednesday, September 21, 2016. As of this evening September 22, 2016, they have still not been received.

Please advise as to whether you have responded and when or if you have not responded whether you intend to do so.

Yours Truly,

John Pinson

1

## John D Pinson

**From:** Matthew Schulis <mschulis@albertellilaw.com>
**To:** John D Pinson
**Sent:** Thursday, September 22, 2016 10:41 PM
**Subject:** Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests

`"Exhibit D"`

Your message

  To: Matthew Schulis
  Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests
  Sent: Thursday, September 22, 2016 10:40:37 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 10:41:19 PM (UTC-05:00) Eastern Time (US & Canada).

1

## John D Pinson

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertlilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

**"Exhibit E"**

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertellilaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.


Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621  | F:  (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

# John D Pinson

**From:** John D Pinson <john@pinson.com>
**Sent:** Thursday, September 22, 2016 11:00 PM
**To:** Matthew Schulis
**Subject:** Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009

**Importance:** High

```
"Exhibit F"
```

Mr. Schulis,

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

1

## John D Pinson

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 11:11 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

Your message                                                                    `"Exhibit G"`

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009
Sent: Thursday, September 22, 2016 11:00:26 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 11:10:44 PM (UTC-05:00) Eastern Time (US & Canada).