FILED BY _____ D.C.

SEP 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

     Defendant     /

### PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES
### TO PLAINTIFF'S CORRECTED FIRST REQUESTS FOR PRODUCTION

**COMES NOW**, the Plaintiff pro se, John Pinson, pursuant to F.R.C.P. Rules 34 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to provide better responses to: Plaintiff's Corrected first Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC, and states in support:

#### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

On July 25, 2016, Plaintiff served "Plaintiff's Corrected first Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" (attached as "Exhibit A") on Defendants. Plaintiff served discovery via FedEx #7768-2660-1991 and a copy of proof of receipt with signature on July 25, 2016, is attached as "Exhibit B". Cover letter attached as "Exhibit C".

Plaintiff attempted to get a response to his requests for production telephone and by e-mail: on August 20, 2016 (attached as "Exhibit D") with read receipt (attached as "Exhibit E"); September 6, 2016 (attached as "Exhibit F"); September 22, 2016 (attached as "Exhibit G") with read receipt (attached as "Exhibit H"). Plaintiff received an e-mail auto reply that opposing counsel would be unavailable (attached as "Exhibit I"). Plaintiff sent a final e-mail

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 1 of 9

Page 001 of 38

September 22,2016 , indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline (attached as "Exhibit J") with read receipt (attached as "Exhibit K").

Plaintiff received "Defendant's Reply to Plaintiff's Corrected First Request for Production" (attached as "Exhibit L") send via FedEx on September 20, 2016 and received by Plaintiff on September 23, 2016,  (see attached "Exhibit M").

*Specifically*, Plaintiff states the responses he received are improper for the following three reasons: formulaic objections; formulaic objections followed by an answer to the request; and answers unconnected to the requests, and he discusses each in turn:

First, in Requests for Production ("RFP") No's.: 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (Mislabeled as the 2nd #21), 23 (Mislabeled as the 3nd #21), the Defendants use the same formulaic objection verbatim in each and every response:

> "Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence."

However, this formulaic objection is improper and is not adequate to voice a successful objection. As the party opposing discovery, Defendants have the burden of proving that the requested discovery should be disallowed. The Defendants should be required to provide better responses.

Second, in RFP's No's: 1, 2, and 11, Defendants recite the formulaic objection noted *supra* followed by an answer to the request, each answer starting with "However, to the extent that this request is not objectionable", followed by in succession:

> No. 1:  "the undersigned counsel is answering Interrogatory #1."
> No. 2: "the undersigned's signature block provides the relevant information."
> No. 11: "the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint ..."

This type of objection and answer is improper, and preserves nothing and serves only to waste the time and resources of the Plaintiff and this Court. Further, this practice leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 2 of 9

Page 002 of 38

of the question has been answered. The Defendants should be required to provide better responses.

Third, in RFP's No's: 5, 6, and 8, Defendants provided answers to each which fail wholesale because they are incongruous with and unconnected to the relevant request, and as such are evasive to the specific request, incomplete, and are thus not sufficient answers.

> *REQUEST FOR PRODUCTION NO. 5:*
> Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's alleged liability in this suit, including declaration page and/or all endorsements.
> *RESPONSE TO REQUEST NO.5:*
> Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.
>
> *REQUEST FOR PRODUCTION NO.6:*
> Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or control, including any historical, electronic, or archived copies.
> *RESPONSE TO REQUEST NO.6:*
> Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.
>
> *REQUEST FOR PRODUCTION NO. 8:*
> Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.
> *RESPONSE TO REQUEST NO.8:*
> Defendant does not possess any documents as requested per Request for Production 8.

These responses are improper and insufficient because they do not specifically address the correlated Request. To the extent Response 6 partially addresses the subject of request 8, Plaintiff cannot be sure that response 8 was intended for request 8 and as such is confusing. The Defendants should be required to provide better responses.

The requested materials are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page **3** of 9

Page 003 of 38

On September 22, 2016, Plaintiff sent an e-mail (attached as "Exhibit J") indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline; receipt of e-mail is attached as "Exhibit K"; Plaintiff received no reply.

Because Plaintiff was unable to confer with Defendants, the dispute remains unresolved. Because of the urgency of the discovery deadline and because of opposing counsel's unavailability, Plaintiff files his motion without the good faith conference.

As shown supra, Plaintiff did attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action, as required by F.R.C.P. 37(a)(1) and L.R. 7.1(a)(3) and as shown in the incorporated certificate of conference.

## Argument

Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A court may compel responses to discovery if a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (*quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

"The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Convertino v. United States Department of Justice*, 565 F.Supp.2d 10, 12 (D.D.C. 2008). Courts have determined that "[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.' "*Meijer, Inc. v. Warner Chilcott Holdings Co.*, III, Ltd., 245

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 4 of 9

Page 004 of 38

F.R.D. 26, 29–30 (D.D.C. 2007).

Courts have observed that "[i]n accordance with these considerations, courts generally employ a balancing test, weighing the burdensomeness to the [party on which the discovery was served] against the [need of the party which served the discovery] for, and the relevance of, the information being sought." *Flanagan v. Wyndham International Inc.*, 231 F.R.D. 98, 102–03 (D.D.C.2005).

As the party resisting discovery, Defendant has the burden to clarify and explain their objections to provide factual support for such objections. *Doe v. Mercy Health Corporation*, 1993 WL 377064 at 3 (E.D. Penn. 1993); *Martin v. Eaton Publishing Co.*, 85 F.R.D. 312 (E.D. Pa. 1980); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). In order to adequately make a showing, Defendants must file affidavits or provide other evidence that demonstrates that an undue burden exists. *See e.g. Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984). Otherwise, the court cannot adequately rule on the validity of the objections. *Id.* at 58; *accord Panola Land Buyers Ass's v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable). Defendants in the instant case have not specifically stated why the Requests for Production are overbroad and burdensome, and therefore, fail to comply with the Eleventh Circuit's mandate in *Panola*.

*Specifically*, This Court should grant Plaintiff's motion to compel for the following reasons: Defendants' use of formulaic objections; formulaic objections followed by an answer to the request; and answers unconnected to the requests, in Defendants responses to the requests for production.

*First*, By utilizing formulaic objections Defendants did not fully respond RFP No's.: 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (Mislabeled as the 2nd #21), 23 (Mislabeled as the 3nd #21). Fed. R. Civ. P. 37(a)(3)(B)(iv); *see R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18-19 (1st Cir. 1991). Defendants' responses did not state that production would be permitted as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Defendant's objections lack specificity and are merely generalized, vague, or boilerplate objections, and as such do not comply with the F.R.C.P. or the Local Rules and should not be

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page **5** of 9

Page 005 of 38

sustained by this Court. See Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." (emphasis added)); S.D. Fla. L.R. 26.1(g)(3)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.")

The requests are within the scope of discovery permitted by Rule 26(b). The information responsive to this request is relevant and necessary to Plaintiff's case . Relevancy is construed to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 FRD 615, 619 (SD Ind 2002) (*quoting Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351, 98 S Ct 2380, 57 LEd2d 253 (1978)).

If the basis for an objection is lack of relevance, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*; *Sheehan v Kruger*,2012 WL 6049007 (ND Ind). Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Herbert v Lando*, 441 U.S. 153, 177 (1979); *Jefferys v LRP Publications, Inc.*, 184 FRD 262, 263 (ED Pa 1999). Plaintiff contends his discovery requests reasonably calculated to lead to the discovery of admissible evidence. The Defendants should be required to provide better responses.

*Second*, Defendants gave incomplete responses to RFP's No's: 1, 2, and 11, where Defendants recite the formulaic objection noted *supra* followed by an answer to the request. F.R.C. P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case. This type of objection and answer is improper, and leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. The Defendants should be required to provide better responses.

*Third*, Defendants gave incomplete responses to RFP's No's: 5, 6, and 8, where Defendants provided answers to each which fail wholesale because they are incongruous with and unconnected to the relevant request, and as such are evasive to the specific request,

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 – Page **6** of 9

Page 006 of 38

incomplete, and are thus not sufficient answers.  F.R.C.P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case. This type of objection and answer is improper.

*Further*, to the extent Defendants list non specific "General Objections" to Plaintiff's requests for production, these should be disregarded because they are non-specific.

To the extent Defendants may attempt claim privilege, they fail to identify what documents are privilege and did not provide any privilege log.

To the extent Defendants claim affirmative defense of "bona fide error", Plaintiff is well within scope and relevancy  to discover Defendants training materials and records to avoid such errors, Defendants employees records of similar errors, and Defendants history for similar violations.

To the extent Plaintiff seeks information regarding Defendants financial standing, such information is specifically discoverable under FRCP 26(b)(1)). *Hall v. Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995), and is necessary for Plaintiff to calculate Defendants ability to satisfy any judgment rendered.

The requested materials are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

## Conclusion

Because Plaintiff's production requests are proper and because Defendants have refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 – Page **7** of 9

Page 007 of 38

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, and evidenced in attached Exhibits also discussed *supra*. Opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel requiring defendants to provide better responses to: Plaintiff's Corrected first Requests for Production; and any other relief as deemed equitable and just.

Dated: September 26, 2016                         Respectfully Submitted,

_____
John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016                         _____

John Pinson

## Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 8 of 9

Page 008 of 38

**Documents attached:**

Exhibit A - 10 Pages

Exhibit B - 1 Page

Exhibit C - 1 Page

Exhibit D - 1 Page

Exhibit E - 1 Page

Exhibit F - 1 Page

Exhibit G - 1 Page

Exhibit H - 1 Page

Exhibit I - 2 Page

Exhibit J - 1 Page

Exhibit K - 1 Page

Exhibit L - 7 Page

Exhibit M - 1 Page

**Total Pages attached  - 29**

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page **9** of **9**

Page 009 of 38

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

     Plaintiff

vs

                                             "Exhibit A"

ALBERTELLI LAW PARTNERS LLC, et. al

       Defendant     /

## PLAINTIFF'S CORRECTED FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:    Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609..

### Via FedEx #7768-2660-1991

Plaintiff, John Pinson, serves these requests for production on defendant ALBERTELLI, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), ALBERTELLI must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contact Plaintiff to make arrangement prior to date Production is due.

### INSTRUCTIONS

1. Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.
2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.
3. For each document that defendant claims is not discoverable, state: (1) the information required by the definition of "document" below; (2) the author's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was

circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. **Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work

sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a) the nature of the document (e.g., letter, memorandum, contract, etc.); (b) the author or sender of the document; (c) the recipient of the document; (d) the date the document was authored, sent, and/or received; and (e) the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state: (a) any and all names, legal, trade or assumed; (b) all addresses used; (c) all telephone and tele-fax numbers used; and, if applicable: (i) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and (ii) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.

8. **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9. **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the

identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and include any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Consumer Report.** The term "Consumer Report" means any report on a consumer generated by a Credit Reporting Agency.

22. **Credit Issuer.** The term "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

**REQUEST FOR PRODUCTION NO. 1**

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

**REQUEST FOR PRODUCTION NO. 2**

Produce document(s) evidencing your answer to interrogatory number two (2).

**REQUEST FOR PRODUCTION NO. 3**

Produce the policy manuals, procedure manuals, or other documents, which address

ALBERTELLI's specific policies, practices or procedures for retention, dissemination or disposal of

data, during each of the preceding five years

**REQUEST FOR PRODUCTION NO. 4**

Produce the documents referenced, discussed, identified or referred to in Plaintiff's first set of

interrogatories.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's

alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 6**

Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or

control, including any historical, electronic, or archived copies.

**REQUEST FOR PRODUCTION NO. 7**

Produce copies of complaints or petitions in any action filed by or against ALBERTELLI in which the allegations are similar to those of plaintiff John Pinson in this action.


**REQUEST FOR PRODUCTION NO. 8**

Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 9**

All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 10**

Every document referencing communications between you and any of the other entity or person which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11**

All documents sent to Plaintiff by you between 2013 thru present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 12**

Please provide all records reflecting ALBERTELLI's current net worth, gross receipts for the

past 3 years, copies of its Annual Report to Shareholders for each of the preceding 5 years, as

well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8

quarters. [This information is specifically discoverable under FRCP 26(b)(1)). *Hall v.*

*Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995).]

RESPONSE:


**REQUEST FOR PRODUCTION NO. 13**

All documents relating or referring to communications between you and Plaintiff between 2013

thru present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 14**

Complete work history and full name on Andrea Hearn such as job duties, daily duties and

responsibilities within his department.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15**

Complete work history and full name on Joseph Dillon such as job duties, daily duties and responsibilities within his department.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 16**

Complete work history and full name on Erik DeL'Etoile such as job duties, daily duties and responsibilities within her department.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 17**

All documents evidencing telephone messages, log books, or your other regularly maintained records which contain information about communications between ALBERTELLI and Plaintiff from 2013 to present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 18**

All policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures in the investigation or reinvestigation of violations of the FDCPA, and the FCCPA.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19**

All policy manuals, procedure manuals, or other documents, which address your policies,

practices, or procedures when collecting past due accounts.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 20**

All material, including video and audio tapes, pertaining to training by or for the Defendant and

its employees regarding the Fair Debt Collection Practices Act, and the Florida Consumer

Collection Practices Act.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 21**

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection

notices and collection efforts.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 21**

Produce copies of any legal actions ALBERTELLI has filed against Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**

Produce the documents evidencing the creditor of any alleged debt.

RESPONSE:

Dated: July 22, 2016                    Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7768-2660-1991, a true original copy of
Plaintiff's Corrected First Requests For Production to the defendant James E Albertelli PA
individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC,
collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center
Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed July 22, 2016

John Pinson

## Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA



September 19, 2016

"Exhibit B"

Dear Customer:

The following is the proof-of-delivery for tracking number **776826601991**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | L.GUEST | **Delivery location:** | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| **Service type:** | FedEx Standard Overnight | **Delivery date:** | Jul 25, 2016 08:51 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 776826601991 | **Ship date:** | Jul 22, 2016 |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US
**Reference**

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR1 rev

Thank you for choosing FedEx.

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via FedEx 7768-2660-1991*

"Exhibit C"

July 22, 2016

Matthew Schulis Esq.
Albertelli Law
5404 Cypress Center Dr., Ste. 300
Tampa, FL 33609

**Re:** Pinson v. Albertelli Law Partners LLC, et. al.
Case No.: 9:14-civ-80009

*Enclosed - Corrected Discovery Requests dated July 22, 2016*

Mr. Schulis:

Yesterday, I sent you my first set of discovery. After sending it, I realized I made a formatting error on the document titles, therefore, to avoid any questions or misunderstandings I have corrected the first set of discovery.

**Please disregard the erroneous discovery dated July 21, 2016.**

Per the above captioned, enclosed you will find the following corrected items pertaining thereto:

1. Plaintiff's Corrected First Set of Interrogatories dated July 22, 2016;
2. Plaintiff's Corrected First Requests For Production dated July 22, 2016;
3. Plaintiff's Corrected First Requests for Admission dated July 22, 2016.

Thanking you for your kind understanding and timely attention here, I am

Yours Sincerely,

John Pinson

JP:
Enc. 3
Via: FedEx 7768-2660-1991

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, August 30, 2016 4:31 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |
| **Importance:** | High |

```
         "Exhibit D"
```

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Tuesday, August 30, 2016 4:33 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |

Your message                                        "Exhibit E"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
Sent: Tuesday, August 30, 2016 4:30:52 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Tuesday, August 30, 2016 4:32:31 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 06, 2016 2:45 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery conversation follow-up. |

| | |
|---|---|
| **Importance:** | High |

`"Exhibit F"`

Mr. Schulis,

This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12949 - Release Date: 09/05/16

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:51 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |
| **Importance:** | High |

"Exhibit G"

Mr. Schulis,

On Tuesday, September 20, 2016, you indicated you were sending by FedEx the very late responses to my first discovery requests which were due to be received by me by August 27, 2016 . As of this evening September 22, 2016, they have not been received. Tampa is only four hours away? Did you send them?

Please advise as to whether you have in fact sent them and when or if you have not sent them whether you intend to do so.

Yours truly,

John Pinson

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 10:52 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |

Your message

`"Exhibit H"`

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests
Sent: Thursday, September 22, 2016 10:50:53 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 10:52:20 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

## "Exhibit I"

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertelliaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.

Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621 | F: (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

2

**John D Pinson**

**From:**       John D Pinson <john@pinson.com>
**Sent:**       Thursday, September 22, 2016 11:00 PM
**To:**         Matthew Schulis
**Subject:**    Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009

**Importance:**   High

<p align="center" style="font-family:monospace; font-size:1.5em;">"Exhibit J"</p>

Mr. Schulis,

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 11:11 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

Your message

"Exhibit K"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009
Sent: Thursday, September 22, 2016 11:00:26 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 11:10:44 PM (UTC-05:00) Eastern Time (US & Canada).

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson

      Plaintiff,

vs.

Albertelli Law Partners LLC,
A Florida LLC; and

JAMES E. ALBERTELLI PA,

A Florida Professional Association,

      Defendant.

_____/

"Exhibit L"

Case No.: 9:14-cv-80009-KLR

## DEFENDANT'S REPLY TO PLAINTIFF'S CORRECTED
## FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW

and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli

Law"), by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First

Request for Production as follows:

## PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.     Defendant incorporates the following Preliminary Statements and General
Objections into each objection and/or response contained herein and each
amendment, supplement, or modification to these responses hereafter provided.

2.     Defendant objects to each of the discovery requests to the extent they purport to
require Defendant to supply information or documents that are not in Defendant's
possession, custody, or control.

3.     Defendant objects to each of the discovery requests to the extent they seek
information or documents that are not relevant to the claims or defenses of any

party to the litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to each of the discovery requests to the extent they use terms that are vague, ambiguous, and/or argumentative.

5.      Defendant objects to each of the discovery requests to the extent they seek information that is protected by the work product doctrine, attorney-client privilege, litigation privilege, bank examiner privilege, or any other privilege, protection, contractual restriction on disclosure, or immunity applicable under governing law. Defendant does not waive any privilege or immunity from disclosure, including, without limitation, the attorney-client privilege, the accountant-client privilege, the bank examiner privilege, the joint defense or common interest exception to waiver of privilege, or the work product doctrine, which may attach to the information responsive to each discovery request. Inadvertent production of information that is privileged or otherwise immune from discovery shall not constitute a waiver of any such privilege or a waiver of any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of such information or of Defendant's right to object to the use of such information during any subsequent proceedings.

6.      Defendant is providing its responses herein without waiver of or prejudice to its right at any later time to the following:

      a.      all objections as to competency, relevancy, materiality, and admissibility;

      b.      all objections as to vagueness, ambiguity, annoyance, embarrassment, oppression, and undue burden;

c.    the right to object on any ground to the use or admissibility of any of the documents or information produced herein in any subsequent proceedings, including the trial of this or any other action; and

d.    the right to object on any ground to any further request for discovery involving or related to any of the present requests or responses.

8.    Defendant expressly reserves the right, without imposing on it any duty not required by the Federal Rules of Civil Procedure, to revise, correct, add to or clarify the objections and responses set forth herein when and if additional information comes to its attention. Failure to object herein shall not constitute a waiver of any objection that Defendant may interpose as to future supplemental responses.

9.    All statements and objections set forth in paragraphs 1-9 above are incorporated in the responses set forth below and qualify Defendant's responses, whether explicitly or implicitly, that Defendant will provide the information sought.

### SPECIFIC RESPONSES TO DISCOVERY REQUEST

RESPONSE TO REQUEST NO.1:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned counsel is answering Interrogatory #1.

RESPONSE TO REQUEST NO.2:  Defendant objects on the grounds that Plaintiff's request is duplicative, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned's signature block provides the relevant information.

RESPONSE TO REQUEST NO.3:  Defendant objects on the grounds that Plaintiff's request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.4:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.5:  Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.6:  Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.7:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.8:  Defendant does not possess any documents as requested per Request for Production 8.

RESPONSE TO REQUEST NO.9:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.10:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.11:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint (DE 48) as Exhibit "E".

RESPONSE TO REQUEST NO.12:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.13:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.14:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.15:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.16:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.17:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.18:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.19:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.20:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.21:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.22 (*Mislabeled as the 2nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.23 (*Mislabeled as the 3nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So.

2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this  20th  day of September, 2016, to all parties listed on the attached service list.

By:  /s/  Matthew L. Schulis, Esq.
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| John Pinson | |
| --- | --- |
| 526 Westwood Road | |
| West Palm Beach, Florida 33401 | |
| 561-833-4816 | |
| john@pinson.com | |
| *Pro Se Plaintiff* | |

ALAW #14-128384



**FedEx**

Shipping | Tracking | Manage | Learn | ✱ FedEx Office ®

My Profile  My FedEx Rewards  Support  Locations  English  Search or tracking number

👤 John Pinson

### Albertelli Schulis

Ship date:
Tue 9/20/2016

⬤⬤⬤⬤▶
**Delivered**
Signature not required

Actual delivery:
Fri 9/23/2016 3:12 pm

Albertelli Law
Dan Lin
Suite 300
5404 Cypress Center Drive
Tampa, FL US 33609
813 221-4743

John Pinson
526 Westwood Road
WEST PALM BEACH, FL US 33401
561 833-4816

## "Exhibit M"

### Travel History

| ▲ Date/Time | Activity | Location |
|---|---|---|
| — 9/23/2016 - Friday | | |
| 3:12 pm | Delivered | WEST PALM BEACH, FL |
| | Left at side door. Package delivered to recipient address - release authorized | |
| 8:14 am | On FedEx vehicle for delivery | RIVIERA BEACH, FL |
| 8:42 am | At local FedEx facility | RIVIERA BEACH, FL |
| — 9/22/2016 - Thursday | | |
| 9:33 am | At local FedEx facility | RIVIERA BEACH, FL |
| 8:54 am | At local FedEx facility | RIVIERA BEACH, FL |
| | Package not due for delivery | |
| 8:06 am | At local FedEx facility | RIVIERA BEACH, FL |
| 6:28 am | At destination sort facility | WEST PALM BEACH, FL |
| 3:37 am | Departed FedEx location | MEMPHIS, TN |
| — 9/21/2016 - Wednesday | | |
| 8:27 am | Arrived at FedEx location | MEMPHIS, TN |
| — 9/20/2016 - Tuesday | | |
| 11:49 pm | At local FedEx facility | TAMPA, FL |
| 8:47 pm | Left FedEx origin facility | TAMPA, FL |
| 8:39 pm | Picked up | TAMPA, FL |
| 3:30 pm | Shipment information sent to FedEx | |

### Shipment Facts

| | | | |
|---|---|---|---|
| Tracking number | 777274386618 | Service | FedEx Express Saver |
| Reference | 14-128384 | Weight | 0.5 lbs / 0.23 kgs |
| Delivery attempts | 1 | Delivered To | Residence |
| Total pieces | 1 | Total shipment weight | 0.5 lbs / 0.23 kgs |
| Terms | Not Available | Shipper reference | 14-128384 |
| Packaging | FedEx Envelope | Special handling section | Deliver Weekday, Residential Delivery |
| Standard transit | 9/23/2016 by 8:00 pm | | |

**FedEx**

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support

**Company Information**
About FedEx
Careers
Investor Relations
Subscribe to FedEx email

**Featured Services**
FedEx Delivery Manager
FedEx SameDay
FedEx Home Delivery
FedEx TechConnect
Healthcare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
FedEx Compatible
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx CrossBorder
FedEx SupplyChain

**Follow FedEx**
f  t  ▶  in

🌐 United States - English

© FedEx 1995-2016

Global Home | Site Map | fedex.com Terms of Use | Security and Pri...

Ask FedEx ◀

9/26/2016 1:01 PM