FILED BY _____ D.C.

SEP 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

    Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

## PLAINTIFF'S MOTION FOR CONTINUANCE

Plaintiff *pro se*, John Pinson, asks the Court to continue this case for at least 100 days to allow time to conduct additional discovery.

### INTRODUCTION

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

The deadline for discovery is September 26, 2016; 10 days before calendar call.

This case is set for pre-trial calendar call on October 6, 2016 at 8:30 AM.

Plaintiff asks the Court to extend the calendar call setting 100 days and grant additional time to conduct discovery.

### ARGUMENT

A court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991); Daniel J. Hartwig Assocs., Inc. v. Kanner, 913 F.2d 1213, 1222 (7th Cir. 1990).

Plaintiff needs additional time to secure compel discovery and take depositions because of Defendants obstructionist discovery practices. See Menendez v. Perishable Distribs., Inc., 763 F.2d 1374, 1379-80 (11th Cir. 1985).

This additional discovery is relevant and material to this case because thus far Plaintiff has been denied discovery responses which are adequate. See Perkins v. Am. Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001). Although Plaintiff diligently used the discovery process, he was unable to secure the discovery earlier.

Plaintiff cannot procure this information from any other source.

This request for continuance is not merely for delay, but so that justice may be done.

This request for continuance will not prejudice Defendants because they have been dilatory. See Menendez, 763 F.2d at 1379-80.

Plaintiff will suffer actual and substantial prejudice if this request for continuance is not granted because of denial of due process. Martel v. Cnty. of L.A., 56 F.3d 993, 995 (9th Cir. 1995).

This request for continuance will not unduly inconvenience the Court. See Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990).

## CONCLUSION

For the reasons stated above, Plaintiff asks the Court to continue this case for at least 100 days.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, but pposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting Plaintiff's motion for continuance and continuing this case for at least 100 days; and any other relief as deemed equitable and just.

Dated: September 26, 2016         Respectfully Submitted,

_____
John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816

john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA