# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS



**John Pinson,**

Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

_____Defendant_____/

## PLAINTIFF'S CORRECTED MOTION FOR CONTINUANCE

Plaintiff *pro se*, John Pinson, asks the Court to continue this case for at least 112 days to allow time to conduct discovery and additional discovery.

### INTRODUCTION

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

The deadline for discovery is September 26, 2016; 10 days before calendar call.

This case is set for pre-trial calendar call on October 6, 2016 at 8:30 AM.

Plaintiff asks the Court to extend the calendar call setting for at least 112 days until January 26, 2017 and grant additional time to conduct discovery.

Plaintiff has attached his affidavit ("Exhibit A") in support of his motion and the affidavit states as follows:

1. I make this affidavit in support of my motion for continuance.
2. I have made a diligent effort to propound and secure discovery.
3. I served my first corrected discovery requests on July 22, 2016 via FedEx #7768-2660-1991. ("Exhibit B")
4. My first requests included admissions, interrogatories, and production requests.
5. The receipt FedEx provided indicates that on July 25, 2016 FedEx #7768-2660-1991 receipt was signed for. ("Exhibit B")
6. Responses to my first discovery were due by August 27, 2016.

7.   I attempted to reach opposing counsel by phone unsuccessfully on August 29, 2016.

8.   On August 30, 2016 I questioned lack of timely discovery responses via email with opposing counsel. ("Exhibit C")

9.   A conference call was scheduled for September 1, 2016 but opposing counsel cancelled it 30 minutes before the scheduled call.

10.  The conference call was rescheduled for September 6, 2016.

11.  On the call opposing counsel was heard to say a FedEx had been sent by Defendants containing the Interrogatory responses.

12.  The FedEx received did not contain the Interrogatory responses.

13.  On September 7, 2016 I sent a final e-mail warning that if I did not receive the Interrogatory responses that I would have to file a motion to compel. ("Exhibit D")

14.  I provided every opportunity for Defendants to respond.

15.  On September 19, 2016 I filed my motion to compel Defendants to respond to my first corrected set of interrogatories.

16.  On September 20, 2016 opposing counsel indicated the interrogatory responses were being sent by FedEx to me.

17.  On September 22, 2016 I attempted to reach opposing counsel by phone unsuccessfully.

18.  Then on September 22, 2016 I questioned lack of receipt of FedEx via email. ("Exhibit E")

19.  I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit ")  ("Exhibit K)

20.  Monday September 26, 2016 is the discovery cutoff date.

21.  On September 22, 2016 I sent another e-mail indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline, I would be forced to file my motions without conferring or miss the discovery cutoff deadline. ("Exhibit F")

22.  Late on Friday September 23, 2016 I received the FedEx containing responses to my first set of interrogatories and first requests for production but not containing first requests for admissions responses.

23.  The interrogatories were not answered under oath. ("Exhibit G")

24.  The person(s) answering the interrogatories for the corporate defendants were not identified. ("Exhibit G")

25.  Twenty-two of the interrogatory responses contained formulaic objection lacking specificity. ("Exhibit G")

26.  Ten of the interrogatory responses contained formulaic objection lacking specificity followed by an answer to the request, each answer starting with "Without waiving this objection". ("Exhibit G")

27.  Ten of the interrogatory responses contained unfounded unspecified claims of privilege. ("Exhibit G")

28.  On September 26, 2016 I filed my motion to compel better answers to my first set of interrogatories.

29.  No documents were provided with the requests for production responses. ("Exhibit H")

30.  No documents were identified in the requests for production responses. ("Exhibit H")

31.  No documents were offered for inspection in the requests for production responses. ("Exhibit H")

32.  The requests for production responses were prefaced with a list of non-specific "General Objections". ("Exhibit H")

33.  "General Objections claimed non-specific "Privilege". ("Exhibit H")

34.  No privilege log was provided with the requests for production responses. ("Exhibit H")

35.  Twenty-one of the requests for production responses contained formulaic objection lacking specificity. ("Exhibit H")

36.  Three of the requests for production responses contained formulaic objection followed by an answer to the request, each answer starting with "However, to the extent that this request is not objectionable". ("Exhibit H")

37.  Three of the requests for production responses contained answers completely unrelated to the request. ("Exhibit H")

38.  On September 26, 2016 I filed my motion to compel better responses to my first requests for production.

39.  I served my second discovery requests on August 20, 2016 via FedEx #7770-4116-1553. ("Exhibit I")

40.  My second requests included admissions, interrogatories, and production requests.

41.  The receipt FedEx provided indicates that on August 22, 2016 FedEx #7770-4116-1553 receipt was signed for. ("Exhibit I")

42.  Responses to my second discovery were due by September 24, 2016.

43.  I attempted to reach opposing counsel by phone unsuccessfully on September 22, 2016.

44.  On September 22, 2016 I questioned lack of timely discovery responses via email with opposing counsel. ("Exhibit J")

45.  I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit K")

46.  Monday September 26, 2016 is the discovery cutoff date.

47. On September 22, 2016 I sent another e-mail indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline, I would be forced to file my motions without conferring or miss the discovery cutoff deadline. ("Exhibit F")

48. Late on Friday September 23, 2016 I received the FedEx containing responses to my first set of interrogatories and first requests for production but not containing first requests for admissions responses.

49. The September 23, 2016 FedEx I received did not contain responses to my second interrogatories, second requests for production, or second requests for admissions.

50. On September 26, 2016 I filed my motion to compel responses to my second set of interrogatories.

51. On September 26, 2016 I filed my motion to compel responses to my second requests for production.

52. On September 26, 2016 I filed my notice of first admissions deemed admitted.

53. On September 26, 2016 I filed my notice of second admissions deemed admitted.

54. My discovery requests are relevant and material to this case.

55. I need additional time to secure and compel discovery.

56. I need additional time to depose individuals identified in discovery.

57. I have been unable to secure the discovery earlier though I have tried.

58. My request for continuance is not for delay.

59. My request for continuance is made so that justice may be done.

60. I will suffer prejudice by this request for continuance not being granted.

61. I will be denied Due process by this request for continuance not being granted.

62. My request for continuance is not made to unduly inconvenience the Court.

63. I attempted to confer with opposing counsel by telephone and e-mail on September 22, 2016 before filing this motion. ("Exhibit F")

64. I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit K")

## ARGUMENT

A court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991); *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1222 (7th Cir. 1990).

Plaintiff needs additional time to secure and compel discovery and take depositions because of Defendants obstructionist discovery practices. *See Menendez v. Perishable Distribs., Inc.*, 763 F.2d 1374, 1379-80 (11th Cir. 1985). Plaintiff has detailed his efforts to secure

discovery in his attached affidavit ("Exhibit A"). Plaintiff's affidavit also makes a showing of Defendants obstructionist and dilatory discovery practices and false and misleading representations. This compounds with a matter central to Plaintiff's claims in this action, and that us unfair and deceptive practices by Defendants who are represented here by over zealous in-house counsel. As shown in the record, opposing counsels filings of notices of discovery responses served where none were sent or received and certifying documents were sent in a certificate of service where documents were not sent in order to gain a tactical advantage are actions that rise to the level of zealous[1] representation and are objectionable and improper conduct for an officer of the Court.

This additional discovery is relevant and material to this case because thus far Plaintiff has been denied discovery responses which are adequate. *See Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Although Plaintiff diligently used the discovery process, as detailed in his attached affidavit ("Exhibit A"), he was unable to secure the discovery earlier. Plaintiff's affidavit also makes a showing of Defendants' obstructionist and dilatory discovery practices and false and misleading representations to gain a tactical advantage and thwart Plaintiff's advances in securing discovery. Plaintiff's discovery seeks facts admissible as evidence. Plaintiff seeks facts specific to Defendant's affirmative defense of 'bona fide error"; threat of legal action of an entity that did not have a legal right to collect; unfounded expenses that Defendants attempted to collect; Defendants intent; other instances of similar violations by Defendants. So to speak Plaintiff seeks original discovery because though Defendants sent a response to first interrogatories and production requests which were insufficient. Plaintiff states the responses he received are improper for the following reasons: The responses were not answered under oath; formulaic objections; formulaic objections followed by an answer to the request; unfounded claims of privilege; fails to show undue burden; fails to address question relevant to bona fide error defense; fails to discuss document retention and destruction policy. Further, Defendants response to first requests for production produced no records, offered no records for inspection, identified no records, and provided no privilege log. Plaintiff states the responses he received are improper for the following three reasons: formulaic objections;

---

[1] "Although we appreciate and encourage vigorous representation by counsel, we will not tolerate representation that is "zealous" to the point of false or misleading statements." *Branch v. CEMEX, INCORPORATED*, No. 12-20472, Summary Calendar (5th Cir. Mar. 26, 2013). "We remind counsel that "zealous" is derived from "Zealots," the sect that, when besieged by the Roman Legions at Masada, took the extreme action of slaying their own families and then committing suicide rather than surrendering or fighting a losing battle." *Id.* at fn.1

formulaic objections followed by an answer to the request; and answers unconnected to the requests.

Plaintiff cannot procure this information from any other source. Plaintiff knows of no other party to secure this information from.

This request for continuance is not merely for delay, but so that justice may be done. Plaintiff enters this Court for substantial justice under due process and the rule of law. The delay Plaintiff has experienced thus far is due to Defendants' obstructionist and dilatory discovery practices and false and misleading representations to gain a tactical advantage and thwart Plaintiff's advances in securing discovery. The purpose of this request for continuance is to allow Plaintiff sufficient time to secure discovery through his motions to compel and motions to compel better answers for both production requests and interrogatories. In his discovery requests Plaintiff has asked for documents and information on specific individuals to gain information to calculate questions to be put to them during depositions. Plaintiff is entitled to gain information in preparation for depositions and premature depositions would cause undue burden of extra time, expense, and inconvenience. The information and documents requested would serve to more narrowly taylor subject questions of deposition.

This request for continuance will not prejudice Defendants because they have been dilatory. *See Menendez*, 763 F.2d at 1379-80. Plaintiff's affidavit ("Exhibit A") details his efforts to secure discovery. Plaintiff's affidavit and the record show Defendants pattern and practice of delay. Because of Defendants intentional delays and lack of cooperation in the discovery process, Defendants will not be prejudiced by grant of continuance.

Plaintiff will suffer actual and substantial prejudice if this request for continuance is not granted because of denial of due process. *Martel v. Cnty. of L.A.*, 56 F.3d 993, 995 (9th Cir. 1995). The FDCPA relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. § 1692k(a). Indeed, Congress stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." Baker v. G.C. Servs. Corp., 677 F.2d 775, 780–781 (9th Cir. 1982). Congress intended that the FDCPA be enforced by private attorneys general. Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650 (6th Cir. 1994). Plaintiff moves his FDCPA case forward as private attorneys general to enforce the public policies as intended by Congress. Defendants efforts to resist discovery, to resist Plaintiff's efforts to secure discovery, to use

untoward tactics to gain advantage over Plaintiff are efforts to do the same to Congresses intent as plaintiff stands in this Court in the shoes Congress fashioned for him in 15 U.S.C. §1692.

This request for continuance will not unduly inconvenience the Court. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). The Court has power to control it's docket. Plaintiff's motion is made before trial and before the expiration of the discovery period. Because the motion is made before trial and before the expiration of the discovery period the Court should not be unduly inconvenienced.

## CONCLUSION

For the reasons stated above and statements in Plaintiff's affidavit and exhibits attached, Plaintiff asks the Court to continue this case for at least 112 days.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, but opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion. *See* attached "Exhibit A", "Exhibit F" and "Exhibit K".

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting Plaintiff's motion for continuance and continuing this case for at least 112 days until January 26, 2017 and allowing sufficient time to conduct additional discovery; and any other relief as deemed equitable and just.

Dated: September 26, 2016        Respectfully Submitted,

                                      _____

                                      John Pinson
                                      526 Westwood Road
                                      West Palm Beach, Florida 33401
                                      561-833-4816
                                      john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

_____

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

**AFFIDAVIT OF JOHN PINSON**        "Exhibit A"

**IN SUPPORT OF MOTION FOR CONTINUANCE**

NOW COMES the Affiant, John Pinson of Palm Beach County, Florida who is over the age of 21 years, competent to testify and has not been convicted of a felony or misdemeanor of moral turpitude or any felony criminal offense and declares as follows under penalty of perjury regarding Case No.: 14-80009-CIV-HURLEY/HOPKINS.

1.  I make this affidavit in support of my motion for continuance.

2.  I have made a diligent effort to propound and secure discovery.

3.  I served my first corrected discovery requests on July 22, 2016 via FedEx #7768-2660-1991. ("Exhibit B")

4.  My first requests included admissions, interrogatories, and production requests.

5.  The receipt FedEx provided indicates that on July 25, 2016 FedEx #7768-2660-1991 receipt was signed for. ("Exhibit B")

6.  Responses to my first discovery were due by August 27, 2016.

7.  I attempted to reach opposing counsel by phone unsuccessfully on August 29, 2016.

8.  On August 30, 2016 I questioned lack of timely discovery responses via email with opposing counsel. ("Exhibit C")

9.  A conference call was scheduled for September 1, 2016 but opposing counsel cancelled it 30 minutes before the scheduled call.

10. The conference call was rescheduled for September 6, 2016.

11. On the call opposing counsel was heard to say a FedEx had been sent by Defendants containing the Interrogatory responses.

12. The FedEx received did not contain the Interrogatory responses.

13. On September 7, 2016 I sent a final e-mail warning that if I did not receive the Interrogatory responses that I would have to file a motion to compel. ("Exhibit D")

14. I provided every opportunity for Defendants to respond.

15. On September 19, 2016 I filed my motion to compel Defendants to respond to my first

corrected set of interrogatories.

16. On September 20, 2016 opposing counsel indicated the interrogatory responses were being sent by FedEx to me.

17. On September 22, 2016 I attempted to reach opposing counsel by phone unsuccessfully.

18. Then on September 22, 2016 I questioned lack of receipt of FedEx via email. ("Exhibit E")

19. I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit ")  ("Exhibit K")

20. Monday September 26, 2016 is the discovery cutoff date.

21. On September 22, 2016 I sent another e-mail indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline, I would be forced to file my motions without conferring or miss the discovery cutoff deadline. ("Exhibit F")

22. Late on Friday September 23, 2016 I received the FedEx containing responses to my first set of interrogatories and first requests for production but not containing first requests for admissions responses.

23. The interrogatories were not answered under oath. ("Exhibit G")

24. The person(s) answering the interrogatories for the corporate defendants were not identified. ("Exhibit G")

25. Twenty-two of the interrogatory responses contained formulaic objection lacking specificity. ("Exhibit G")

26. Ten of the interrogatory responses contained formulaic objection lacking specificity followed by an answer to the request, each answer starting with "Without waiving this objection". ("Exhibit G")

27. Ten of the interrogatory responses contained unfounded unspecified claims of privilege. ("Exhibit G")

28. On September 26, 2016 I filed my motion to compel better answers to my first set of interrogatories.

29. No documents were provided with the requests for production responses. ("Exhibit H")

30. No documents were identified in the requests for production responses. ("Exhibit H")

31. No documents were offered for inspection in the requests for production responses. ("Exhibit H")

32. The requests for production responses were prefaced with a list of non-specific "General Objections". ("Exhibit H")

33. "General Objections claimed non-specific "Privilege". ("Exhibit H")

34. No privilege log was provided with the requests for production responses. ("Exhibit H")

35. Twenty-one of the requests for production responses contained formulaic objection lacking specificity. ("Exhibit H")

36. Three of the requests for production responses contained formulaic objection followed by an answer to the request, each answer starting with "However, to the extent that this request is not objectionable". ("Exhibit H")

37. Three of the requests for production responses contained answers completely unrelated to the request. ("Exhibit H")

38. On September 26, 2016 I filed my motion to compel better responses to my first requests for production.

39. I served my second discovery requests on August 20, 2016 via FedEx #7770-4116-1553. ("Exhibit I")

40. My second requests included admissions, interrogatories, and production requests.

41. The receipt FedEx provided indicates that on August 22, 2016 FedEx #7770-4116-1553 receipt was signed for. ("Exhibit I")

42. Responses to my second discovery were due by September 24, 2016.

43. I attempted to reach opposing counsel by phone unsuccessfully on September 22, 2016.

44. On September 22, 2016 I questioned lack of timely discovery responses via email with opposing counsel. ("Exhibit J")

45. I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit K")

46. Monday September 26, 2016 is the discovery cutoff date.

47. On September 22, 2016 I sent another e-mail indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline, I would be forced to file my motions without conferring or miss the discovery cutoff deadline. ("Exhibit F")

48. Late on Friday September 23, 2016 I received the FedEx containing responses to my <u>first</u> set of interrogatories and <u>first</u> requests for production but <u>not containing first</u> requests for admissions responses.

49. The September 23, 2016 FedEx I received <u>did not contain</u> responses to my second interrogatories, second requests for production, or second requests for admissions.

50. On September 26, 2016 I filed my motion to compel responses to my second set of interrogatories.

51. On September 26, 2016 I filed my motion to compel responses to my second requests for production.

52. On September 26, 2016 I filed my notice of first admissions deemed admitted.

53. On September 26, 2016 I filed my notice of second admissions deemed admitted.

54. My discovery requests are relevant and material to this case.

55. I need additional time to secure and compel discovery.

56. I need additional time to depose individuals identified in discovery.

57. I have been unable to secure the discovery earlier though I have tried.

58. My request for continuance is not for delay.

59. My request for continuance is made so that justice may be done.

60. I will suffer prejudice by this request for continuance not being granted.

61. I will be denied Due process by this request for continuance not being granted.

62. My request for continuance is not made to unduly inconvenience the Court.

63. I attempted to confer with opposing counsel by telephone and e-mail on September 22, 2016 before filing this motion. ("Exhibit F")

64. I received an e-mail auto response indicating opposing counsel was away and unavailable until September 26, 2016. ("Exhibit K")

**NOTARY'S VERIFICATION**

STATE OF FLORIDA                              §

COUNTY OF PALM BEACH              §

On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence.

AFFIRMATION

I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true and correct, and the basis of these beliefs is my own direct personal knowledge of the statements described herein.

Further the Affiant sayeth naught.

Signed in Palm Beach County, Florida

September 26, 2016

_____

John Pinson

Name of Notary  Deborah S Gambarrotti

Signature of Notary  Deborah S Gambarrotti        seal

DEBORAH S. GAMBARROTTI
Notary Public - State of Florida
My Comm. Expires Aug 6, 2017
Commission # FF 038814



September 19,2016

"Exhibit B"

Dear Customer:

The following is the proof-of-delivery for tracking number **776826601991**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | L.GUEST | Delivery location: | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| Service type: | FedEx Standard Overnight | Delivery date: | Jul 25, 2016 08:51 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 776826601991 | Ship date: | Jul 22, 2016 |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US
**Reference**

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR1 rev

Thank you for choosing FedEx.

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, August 30, 2016 4:31 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |
| **Importance:** | High |

`"Exhibit C"`

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Wednesday, September 07, 2016 3:29 PM |
| **To:** | Matthew Schulis |
| **Subject:** | FW: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |
| **Attachments:** | Pinson- Response to 1st Set Admissions.pdf; Pinson- Response to 2nd Set Admissions.pdf; Pinson- Response to 1st RFP.pdf |
| | |
| **Importance:** | High |

"Exhibit D"

Mr. Schulis,

Your responses to my first set of corrected discovery requests were due to be received by me by August 27, 2016. As you know from my August 30, 2016, e-mail, they were never received by me by mail. On September 1, 2016, you e-mailed me copies of your responses to my first corrected production requests and first corrected admission requests but you did not e-mail me your responses to my first corrected Interrogatory requests.

In review of the contents of the FedEx # 7771 3322 3192 that I received from you after our conversation yesterday, the FedEx envelope did not contain your responses to my first corrected Interrogatory requests which were due to be received by me by August 27, 2016, thus you have not provided me with nor served me a copy of your responses to my first corrected Interrogatory requests.

Because I have not received your responses to my first corrected Interrogatory requests, please e-mail me them today and serve them on me properly or I will consider your lack of response and lack of cooperation in resolving this discovery dispute directly between us to be an obstructive discovery tactic on your part, and I will be forced to seek the relief from the Court that I am entitled to.

Your timely response is requested.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, September 01, 2016 5:04 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Attached please find electronic copies of the Discovery Responses of which duplicate hard copies were sent FedEx today.

Additionally, I have confirmed 2PM tomorrow with my client.

I look forward to hopefully resolving this matter tomorrow afternoon.

Please feel free to contact me with any questions or concerns.

1

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** <u>(813) 221-4743</u> ext. 2621  | **F:**  <u>(813) 221-9171</u>

**E:** <u>mschulis@Albertellilaw.com</u>

2

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE**  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Thursday, September 01, 2016 4:37 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Please email them now or I will consider that you did not have the.

We can reschedule for 2 PM Tuesday.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Thursday, September 01, 2016 4:11 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Mr. Pinson,

I sincerely apologize but due to the inclement weather on the west coast of Florida due to Hurricane Hermione and the resulting interruptions to cell service/utilities my client is unable to make the call this afternoon.

Are you amendable to rescheduling our call to tomorrow? Do you have any availability after 2PM tomorrow?

On a side note- I have resent the discovery docs via FedEx to ensure delivery and you should receive them no later than Tuesday given the Labor Day holiday.

3

Please advise as to your availability tomorrow.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** (813) 221-4743 ext. 2621 | **F:** (813) 221-9171

**E:** mschulis@Albertellilaw.com

4

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: <u>servealaw@albertellilaw.com</u>

**From:** Matthew Schulis
**Sent:** Thursday, September 01, 2016 9:43 AM
**To:** 'John D Pinson' <<u>john@pinson.com</u>>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Mr. Pinson,

Let's schedule today's call for 4:45PM if that works for your schedule. Please call in to our conference line at:  # 401-283-5123  PIN # 92436.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**
**O:** <u>(813) 221-4743</u> ext. 2621  | **F:**  <u>(813) 221-9171</u>
**E:** <u>mschulis@Albertlilaw.com</u>

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT** and **is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Wednesday, August 31, 2016 4:11 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery

Mr. Schulis,

I may be available between 1-2:30 or after 4:30 tomorrow September 1st to call you.

We can discuss any new proposals your client has to offer since they would not move off certain positions in the past. We can also discuss the status of your discovery responses. They failed to arrive in today's August 31 mail delivery and are overdue. Yesterday I asked you if you sent them or not and you failed to address the question -  your response to that question would be appreciated.

Please advise times I can call you tomorrow. Please provide your direct dial number.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

**From:** Matthew Schulis [mailto:mschulis@albertellilaw.com]
**Sent:** Tuesday, August 30, 2016 4:55 PM
**To:** 'John D Pinson'
**Subject:** RE: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

*The following confidential communication is intended only for settlement purposes and as an expression of a willingness to consider a compromise. It may not be used for any other purposes. The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.*

6

Mr. Pinson,

Do you have any availability for a phone call on Thursday afternoon September 1, 2016 to discuss the potential for settlement?

I know following the settlement conference there was discussions regarding the proposed settlement agreements but progress seems to have halted.

Please let me know your availability for a call on Thursday to hopefully resolve this matter.

Please feel free to contact me with any questions or concerns.

Cordially,



**Matthew L. Schulis, Esq. | Associate Attorney- General Litigation & Bankruptcy**

**O:** (813) 221-4743 ext. 2621  | **F:**  (813) 221-9171

**E:** mschulis@Albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.

**This communication, together with any attachments hereto or links contained herein contains ATTORNEY-CLIENT COMMUNICATION and/or ATTORNEY WORK-PRODUCT and is PRIVILEGED & CONFIDENTIAL within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R. Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.**
**NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE** The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

**From:** John D Pinson [mailto:john@pinson.com]
**Sent:** Tuesday, August 30, 2016 4:31 PM
**To:** Matthew Schulis <mschulis@albertellilaw.com>
**Subject:** Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
**Importance:** High

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12933 - Release Date: 09/02/16

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12963 - Release Date: 09/07/16

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:51 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |
| **Importance:** | High |

## "Exhibit E"

Mr. Schulis,

On Tuesday, September 20, 2016, you indicated you were sending by FedEx the very late responses to my first discovery requests which were due to be received by me by August 27, 2016 . As of this evening September 22, 2016, they have not been received. Tampa is only four hours away? Did you send them?

Please advise as to whether you have in fact sent them and when or if you have not sent them whether you intend to do so.

Yours truly,

John Pinson

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 11:00 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

**Importance:**    High

## "Exhibit F"

Mr. Schulis,

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson

      Plaintiff,

vs.

Albertelli Law Partners LLC,
A Florida LLC; and

JAMES E. ALBERTELLI PA,

A Florida Professional Association,

      Defendant.

_____/

"Exhibit G"

Case No.: 9:14-cv-80009-KLR

## DEFENDANT'S REPLY TO PLAINTIFF'S CORRECTED
## FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW

and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli

Law"), by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First

Request for Production as follows:

### PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.      Defendant incorporates the following Preliminary Statements and General
Objections into each objection and/or response contained herein and each
amendment, supplement, or modification to these responses hereafter provided.

2.      Defendant objects to each of the discovery requests to the extent they purport to
require Defendant to supply information or documents that are not in Defendant's
possession, custody, or control.

3.      Defendant objects to each of the discovery requests to the extent they seek
information or documents that are not relevant to the claims or defenses of any

party to the litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to each of the discovery requests to the extent they use terms that are vague, ambiguous, and/or argumentative.

5. Defendant objects to each of the discovery requests to the extent they seek information that is protected by the work product doctrine, attorney-client privilege, litigation privilege, bank examiner privilege, or any other privilege, protection, contractual restriction on disclosure, or immunity applicable under governing law. Defendant does not waive any privilege or immunity from disclosure, including, without limitation, the attorney-client privilege, the accountant-client privilege, the bank examiner privilege, the joint defense or common interest exception to waiver of privilege, or the work product doctrine, which may attach to the information responsive to each discovery request. Inadvertent production of information that is privileged or otherwise immune from discovery shall not constitute a waiver of any such privilege or a waiver of any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of such information or of Defendant's right to object to the use of such information during any subsequent proceedings.

6. Defendant is providing its responses herein without waiver of or prejudice to its right at any later time to the following:

   a. all objections as to competency, relevancy, materiality, and admissibility;

   b. all objections as to vagueness, ambiguity, annoyance, embarrassment, oppression, and undue burden;

c.      the right to object on any ground to the use or admissibility of any of the

documents or information produced herein in any subsequent proceedings,

including the trial of this or any other action; and

d.      the right to object on any ground to any further request for discovery

involving or related to any of the present requests or responses.

8.    Defendant expressly reserves the right, without imposing on it any duty not required

by the Federal Rules of Civil Procedure, to revise, correct, add to or clarify the

objections and responses set forth herein when and if additional information comes

to its attention. Failure to object herein shall not constitute a waiver of any objection

that Defendant may interpose as to future supplemental responses.

9.    All statements and objections set forth in paragraphs 1-9 above are incorporated in

the responses set forth below and qualify Defendant's responses, whether explicitly

or implicitly, that Defendant will provide the information sought.

## SPECIFIC RESPONSES TO DISCOVERY REQUEST

RESPONSE TO REQUEST NO.1:  Defendant objects on the grounds that Plaintiff's request is
overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See
Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding
request for "all" documents between parties overbroad and improper). However, to the extent that
this request is not objectionable, the undersigned counsel is answering Interrogatory #1.

RESPONSE TO REQUEST NO.2:  Defendant objects on the grounds that Plaintiff's request is
duplicative, overbroad, and not reasonably calculated to lead to the discovery of admissible
evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA
1986) (finding request for "all" documents between parties overbroad and improper). However, to
the extent that this request is not objectionable, the undersigned's signature block provides the
relevant information.

RESPONSE TO REQUEST NO.3: Defendant objects on the grounds that Plaintiff's request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.4: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.5: Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.6: Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.7: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.8: Defendant does not possess any documents as requested per Request for Production 8.

RESPONSE TO REQUEST NO.9: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.10: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.11:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint (DE 48) as Exhibit "E".

RESPONSE TO REQUEST NO.12:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.13:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.14:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.15:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.16:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.17: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.18: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.19: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.20: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.21: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.22 (*Mislabeled as the 2nd #21*): Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.23 (*Mislabeled as the 3nd #21*): Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So.

2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this __20th__ day of September, 2016, to all parties listed on the attached service list.

By: __/s/ Matthew L. Schulis, Esq.__
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| | |
|---|---|
| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com<br>*Pro Se Plaintiff* | |

ALAW #14-128384

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson

      **Plaintiff,**

vs.

Albertelli Law Partners LLC,
A Florida LLC; and

JAMES E. ALBERTELLI PA,

A Florida Professional Association,

      **Defendant.**

_____/

                                 "Exhibit H"

                            **Case No.: 9:14-cv-80009-KLR**

## DEFENDANT'S REPLY TO PLAINTIFF'S CORRECTED
## FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW

and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli

Law"), by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First

Request for Production as follows:

### PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.     Defendant incorporates the following Preliminary Statements and General

Objections into each objection and/or response contained herein and each

amendment, supplement, or modification to these responses hereafter provided.

2.     Defendant objects to each of the discovery requests to the extent they purport to

require Defendant to supply information or documents that are not in Defendant's

possession, custody, or control.

3.     Defendant objects to each of the discovery requests to the extent they seek

information or documents that are not relevant to the claims or defenses of any

party to the litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to each of the discovery requests to the extent they use terms that are vague, ambiguous, and/or argumentative.

5.      Defendant objects to each of the discovery requests to the extent they seek information that is protected by the work product doctrine, attorney-client privilege, litigation privilege, bank examiner privilege, or any other privilege, protection, contractual restriction on disclosure, or immunity applicable under governing law. Defendant does not waive any privilege or immunity from disclosure, including, without limitation, the attorney-client privilege, the accountant-client privilege, the bank examiner privilege, the joint defense or common interest exception to waiver of privilege, or the work product doctrine, which may attach to the information responsive to each discovery request. Inadvertent production of information that is privileged or otherwise immune from discovery shall not constitute a waiver of any such privilege or a waiver of any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of such information or of Defendant's right to object to the use of such information during any subsequent proceedings.

6.      Defendant is providing its responses herein without waiver of or prejudice to its right at any later time to the following:

    a.      all objections as to competency, relevancy, materiality, and admissibility;

    b.      all objections as to vagueness, ambiguity, annoyance, embarrassment, oppression, and undue burden;

c.     the right to object on any ground to the use or admissibility of any of the documents or information produced herein in any subsequent proceedings, including the trial of this or any other action; and

d.     the right to object on any ground to any further request for discovery involving or related to any of the present requests or responses.

8.     Defendant expressly reserves the right, without imposing on it any duty not required by the Federal Rules of Civil Procedure, to revise, correct, add to or clarify the objections and responses set forth herein when and if additional information comes to its attention. Failure to object herein shall not constitute a waiver of any objection that Defendant may interpose as to future supplemental responses.

9.     All statements and objections set forth in paragraphs 1-9 above are incorporated in the responses set forth below and qualify Defendant's responses, whether explicitly or implicitly, that Defendant will provide the information sought.

## **SPECIFIC RESPONSES TO DISCOVERY REQUEST**

RESPONSE TO REQUEST NO.1: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned counsel is answering Interrogatory #1.

RESPONSE TO REQUEST NO.2: Defendant objects on the grounds that Plaintiff's request is duplicative, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned's signature block provides the relevant information.

RESPONSE TO REQUEST NO.3:  Defendant objects on the grounds that Plaintiff's request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.4:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.5:  Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.6:  Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.7:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.8:  Defendant does not possess any documents as requested per Request for Production 8.

RESPONSE TO REQUEST NO.9:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.10:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.11: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint (DE 48) as Exhibit "E".

RESPONSE TO REQUEST NO.12: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.13: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.14: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.15: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.16: Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.17:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.18:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.19:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.20:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.21:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.22 (*Mislabeled as the 2nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.23 (*Mislabeled as the 3nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So.

2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this __20th__ day of September, 2016, to all parties listed on the attached service list.

By: _/s/ Matthew L. Schulis, Esq._____
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| | |
|---|---|
| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com<br>*Pro Se Plaintiff* | |

ALAW #14-128384



September 24,2016

"Exhibit I"

Dear Customer:

The following is the proof-of-delivery for tracking number **777041161553**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | L.GUEST | Delivery location: | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| Service type: | FedEx Standard Overnight | Delivery date: | Aug 22, 2016 08:50 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 777041161553 | Ship date: | Aug 20, 2016 |
| | | Weight: | 0.5 lbs/0.2 kg |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US
**Reference**

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR2

Thank you for choosing FedEx.

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |
| **Importance:** | High |

## "Exhibit J"

Mr. Schulis,

My second discovery requests were delivered to your office and left with your receptionist on Monday August 22, 2016, and accordingly were due to be received by me yesterday Wednesday, September 21, 2016. As of this evening September 22, 2016,  they have still not been received.

Please advise as to whether you have responded and when or if you have not responded whether you intend to do so.

Yours Truly,

John Pinson

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

## "Exhibit K"

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertelliaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com  and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.


Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621  | F:  (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com