UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,
    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al
    Defendant  /

FILED BY _____ D.C.

SEP 30 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S EIGHTH MOTION IN LIMINE

**COMES NOW**, the Plaintiff *pro se*, John Pinson, requests this Honorable Court to issue an Order to preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA., and in support states as follows:

### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

Plaintiff has never received Rule 26(a)(1) disclosures from Defendants. Plaintiff's four discovery motions are currently pending before this Court: Plaintiff's Motion to Compel Better Responses to Plaintiff's Corrected First set of Interrogatories; Plaintiff's Motion to Compel Better Responses to Plaintiff's Corrected First Requests for Production; Plaintiff's Motion to Compel Plaintiff's Second set of Interrogatories; Plaintiff's Motion to Compel Plaintiff's Second Requests for Production. Also pending is Plaintiff's Motion for Continuance.

Plaintiff moves the court to preclude all defendants from offering any evidence of a "bona fide error" defense available under the FDCPA and FCCPA.

## Argument

The FDCPA contains a defense to liability if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c). *Booth v. Collection Experts, Inc.* 969 F. Supp. 1161 (E.D. Wis. 1997) (bona fide error defense must be supported by evidence that there was an error and it was unintentional; not enough to show procedures to guard against errors). The Florida Act provides an identical defense for liability under the FCCPA. Fla. Stat. §559.77(3).

*First*, All defendants must be precluded from offering any evidence to support the "bona fide error" defense under either law because, in the case of Defendants, both made a bare bones affirmative defense without any explanation of how such "bona fide error" may have occurred and the surrounding circumstances. Defendants pled without specificity or particularity. In fact, Defendants seem to doubt the circumstances actually occurred saying "if they occurred". Defendants' sixth affirmative defense states:

> Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

In the case of Defendants, although they pled the defense in response to Plaintiff's FDCPA claims (Defendants Answer to Second Amended Verified Complaint and Affirmative Defenses - DE 97 pg.9), its provided no details describing the events surrounding the "bona fide error" on the affirmative defense or in answer to Plaintiff's second amended verified complaint. Defendants pled without specificity or particularity. Additionally, despite Plaintiff's repeated efforts to secure discovery from Defendants specifically on the issue of procedures and policies to avoid violations of the FDCPA and FCCPA, Defendants have failed to adequately respond to Plaintiff's requests and have thwarted Plaintiff's efforts to secure discovery. Plaintiff's four discovery motions are currently pending before this Court: Plaintiff's Motion to Compel Better Responses to Plaintiff's Corrected First set of Interrogatories; Plaintiff's Motion to Compel

Better Responses to Plaintiff's Corrected First Requests for Production; Plaintiff's Motion to Compel Plaintiff's Second set of Interrogatories; Plaintiff's Motion to Compel Plaintiff's Second Requests for Production. Also pending is Plaintiff's Motion for Continuance. The Court should preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA.

*Second*, Defendants failed to disclose the existence of any "bona fide error" evidence in Rule 26(a)(1) or Rule 26(a)(3) disclosures. The Court should preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA.

*Third*, Defendants make a bare bones assertion of "bona fide error" defense and as such fail to plead with particularity. Federal courts have required defendants to plead the FDCPA bona fide error defense with particularity. *See, e.g., Walters v. Performant Recovery, Inc.,* ___ F. Supp.3d ___, 2015 WL 4999796, *4 (D. Conn. Aug. 21, 2015) ("[B]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity. . . . [T]o satisfy Rule 9(b), the defense must articulate `who, what, when, where, and how' the bona fide error occurred."). *See also Youssofi v. Allied Interstate LLC,* 2016 WL 29625, *3 (S.D. Cal. Jan. 4, 2016) ("District courts have held that the affirmative defense of bona fide error must be stated with particularity under Rule 9(b)."); *Wiebe v. Zakheim & Lavrar, P.A.,* 2012 WL 5382181, *2 (M.D. Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."). Defendants fail to satisfy the Rule 9(b) particularity requirement in pleading the bona fide error defense, Defendants failed to provide answers to Plaintiff's discovery requests material to a "bona fide error" defense, and, Defendants have failed to disclose the existence of evidence of "bona fide error" defense evidence in Rule 26(a)(1) or Rule 26(a)(3) disclosures. The Court should preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA.

Because Defendants failed to plead "bona fide error" with specificity or particularity, and because Defendants failed to disclose the existence of any "bona fide error" evidence in Rule 26(a)(1) or Rule 26(a)(3) disclosures, and because Defendants failed to respond to Plaintiff's discovery requests which are material to the issue of "bona fide error", Plaintiff moves the Court to preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: to preclude defendants from offering any evidence of the bona fide error defense under the FDCPA or the FCCPA; and any other relief as deemed equitable and just.

Dated: September 30, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 30, 2016

John Pinson

**Service List**

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA