FILED BY _____ D.C.

SEP 30 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S D. OF FLA. - W.P.B.

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

      _____Defendant_____/

### PLAINTIFF'S SIXTH MOTION IN LIMINE

**COMES NOW**, the Plaintiff *pro se*, John Pinson, requests this Honorable Court to issue an Order to preclude Defendants and their counsel from introducing evidence of Plaintiffs' prior collection lawsuits or other litigation activity, and in support states as follows:

#### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

Plaintiff moves this Court to exclude any evidence offered by Defendants regarding Plaintiff's' prior financial matters, including any previous collection lawsuits or other litigation activity.

#### Argument

Defendants asserted arguments in their motion for summary judgment, and have indicated their intention to present evidence on these topics.

Evidence of Plaintiff's prior collection lawsuits or other litigation activity is not only irrelevant to the current case, but it is extremely prejudicial and is likely to confuse and mislead the jury. As such, this Court should exclude any evidence Defendants' seek to offer regarding Plaintiffs' financial matters outside the dealings with defendants James E Albertelli PA and Albertelli Law Partners LLC. The only legal issues in this case are whether defendants' actions violated the FDCPA and the FCCPA. Defendants' examination of Plaintiff or other witnesses and arguments therefore should be limited only to Defending the legal issues in this case.

Federal Rules of Evidence 402 provides that "[a]ll relevant evidence is admissible" and "[e]vidence which is not relevant is not admissible." *See Physician Care, P.C. v. Caremark, Inc.,* 16 F.Supp.2d 806, 812 (E.D. Mich. 1998); *see also Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994)("Only relevant evidence may be admitted at trial."). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Physician Care, P.C.,* 16 F.Supp.2d at 811 (quoting Federal Rule of Evidence 401). However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence 403; *see also Cobbins v. Tennessee Dept. of Transp.,* 566 F.3d 582 (6th Cir. 2009) (holding evidence of plaintiff's prior case was inadmissible as irrelevant and more prejudicial than probative). Here, evidence of Plaintiff's prior collection lawsuits or other litigation activity is irrelevant and prejudicial. Therefore, all evidence on these topics should be excluded as such.

Alternatively, even if this Court finds that evidence of any of Plaintiff's prior collection lawsuits or other litigation activity is relevant, such evidence would still be unfairly prejudicial, confusing, and misleading to the jury. *DeFelice v. American Inter. Life Assur. Co.,* 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin,* 79 F.3d 285, 291-93 (2d Cir. 1996)

(evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore,* 84 F.3d 964 (7th Cir. 1996) (same); *Lanham v. Whitfield,* 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); If Defendants attempt to introduce evidence of Plaintiffs' prior collection lawsuits or other litigation activity, they would unfairly prejudice Plaintiff's character by inferring that he is somehow a bad person for having been involved in previous financial collection activities. The introduction of prior lawsuits against Plaintiff would require min-trial as to the facts of those lawsuits. Further, the jury's focus would be taken off of the issues in the present case and they would be confused by evidence of other lawsuits.

Defendants' attempt to introduce evidence of Plaintiffs' prior collection lawsuits or other litigation activity, is nothing more than a veiled attempted to interject irrelevant, prejudicial, and inflammatory evidence before the jury, and therefore, any such evidence should be excluded.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: to preclude Defendants and their counsel from introducing evidence of Plaintiffs' prior collection lawsuits or other litigation activity; and any other relief as deemed equitable and just.

Dated: September 30, 2016                    Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 30, 2016

John Pinson

## Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA