FILED BY ____ D.C.

SEP 30 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant_____/

## PLAINTIFF'S FIFTH MOTION IN LIMINE

**COMES NOW**, the Plaintiff *pro se*, John Pinson, requests this Honorable Court to issue an Order to preclude Defendants and their counsel from using improper and prejudicial tactics against Plaintiff's motives, and to restrict the evidence and arguments to the relevant issues (whether Defendants' actions violated the FDCPA, the FCCPA.), and in support states as follows:

### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

Plaintiff moves this Court to preclude Defendants from using improper and prejudicial tactics against Plaintiff's motives.

### Argument

The FDCPA relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public policies expressed therein. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994); 15 U.S.C. 1692k(a). Congress has stated its unequivocal intent "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Further, Congress intended that the FDCPA be enforced by private attorneys general. *See Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Here, Defense counsel may attempt to inflame or provoke the jury by claiming that Plaintiff is only in this case "for the money" or "prevent or hinder" other legal actions. However, by denigrating the motives of Plaintiff, Defendants contravene Congress' express intent that persons such as Plaintiff perform the functions of private attorneys general.

Thus, Plaintiff's motives are immaterial and any speculation about them by defense counsel is improper, prejudicial, and must be avoided. Such reference has no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues, and misleading the jury. *See* Federal Rule of Evidence 403, 404, 608, 802.

Plaintiff respectfully requests that Court grant his motion to preclude Defendants and their counsel from using improper and prejudicial tactics against Plaintiff's motives, and to restrict the evidence and arguments to the relevant issues (whether Defendants' actions violated the FDCPA, the FCCPA.), to prevent severe prejudice to Plaintiff.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: to preclude Defendants and their counsel from using improper and prejudicial tactics against Plaintiff's motives, and to restrict the evidence and arguments to the relevant issues (whether Defendants' actions violated the FDCPA, the FCCPA.); and any other relief as deemed equitable and just.

Dated: September 30, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 30, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA