UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

    Plaintiff

vs

ALBERTELLI LAW PARTNERS LLC, et. al

    Defendant    /

## PLAINTIFF'S FOURTH MOTION IN LIMINE

**COMES NOW**, the Plaintiff *pro se*, John Pinson, requests this Honorable Court to issue an Order to preclude Defendants from offering any evidence of the existence of any debt alleged to be owed by Plaintiff, and in support states as follows:

### Introduction

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

Plaintiff moves the Court to preclude Defendants from offering any evidence of the existence of any debt alleged to be owed by Plaintiff.

### Argument

Similar to the deadbeat argument discussed above in Plaintiff's Motion in Limine dated September 26, 2016, is any argument by Defendants as to the existence of Plaintiff's debts. Defendants are required to comply with the FDCPA whether or not any debt is owed. See 15 U.S.C. §1692a(3),(5),(6). The existence or validity of an underlying debt is not material in an FDCPA action. See *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Defendants should not be allowed to examine or refer to the underlying debt, other than to acknowledge that there was a debt allegedly owed, nor to the fact that the debt may still be owed, nor should they be permitted to refer to any other debts allegedly owed by Plaintiff, either now or in the past. If Defendants address these issues, they will only serve to prejudice and confuse the jury with regard to the legal issues in this case.

Additionally, Plaintiff's debt is irrelevant to the only issues in this case, those are whether Defendants' actions violated the FDCPA and FCCPA.

The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Whether or how much Plaintiff actually owed on the debt is not a factor in the jury's deliberations. Debt collectors must comply with the FDCPA whether Plaintiff owed the underlying debts or not. Therefore, a jury may not consider whether the debt was owed or how much may have been owed when determining whether the debt collectors violated the FDCPA. *See Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Such references have no probative value and clearly would be for the sole purpose of unfair prejudice, confusing the issues or misleading the jury. *See* Fed. R. Evid. 403, 404, 608, 802; *DeFelice v. American Inter. Life Assur. Co.*, 112 F.3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Haynes v. Coughlin*, 79 F.3d 285, 291-93 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Soller v. Moore*, 84 F.3d 964 (7th Cir. 1996) (same); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *McKee v. Erikson*, 37 Conn. App. 146, 152-53, 654 A.2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system).

As such, Plaintiff respectfully requests that Defendants be prohibited from making any reference to the existence and/or amount of Plaintiff's debts or alleged debts

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: to preclude Defendants from offering any evidence of the existence of any debt alleged to be owed by Plaintiff; and any other relief as deemed equitable and just.

Dated: September 30, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 30, 2016

John Pinson

## Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA