

FILED BY _____ D.C.

SEP 30 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

       Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

      Defendant    /

## PLAINTIFF'S THIRD MOTION IN LIMINE

    **COMES NOW**, the Plaintiff *pro se*, John Pinson, requests this Honorable Court to issue an Order to exclude expert opinion testimony from any individual, including Defendants' employees, and in support states as follows:

### Introduction

    This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

    Plaintiff requests this Court exclude expert opinion testimony from any individual, including defendants' employees.

### Argument

    Plaintiff seeks to exclude expert opinion testimony from any person, including defendants' employees, on behalf of any of the defendants. Defendants should not be allowed to rely on expert opinion of any person who was not disclosed in a timely manner pursuant to Federal Rule of Civil Procedure 26(a)(2)(A)-(D). Federal Rule of Civil Procedure 26(a)(2)(D) requires a party, absent stipulation or court order, to disclose the identity of any witness it may use at trial to present evidence under Federal Rule of Civil Procedure 702, 703, or 705, at least 90 days before the date set for trial or for the case to be ready for trial.

    To date, none of the defendants has disclosed the identity of any witness it may use at trial to present evidence under Federal Rule of Civil Procedure 702, 703, or 705—or provided

any of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) or (C). The time for disclosing expert witnesses, and to make the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) or (C), has elapsed in this case. Therefore, defendants should not be allowed to rely on the expert opinion of any person who was not disclosed as an expert in a timely manner, including any of defendants' employees. The Court should exclude expert opinion testimony from any individual, including defendants' employees.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: to exclude expert opinion testimony from any individual, including Defendants' employees; and any other relief as deemed equitable and just.

Dated: September 30, 2016        Respectfully Submitted,

            _____

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 30, 2016        _____

John Pinson

## Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA