FILED BY _____ D.C.

OCT 03 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

     Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

_____Defendant_____/

### PLAINTIFF'S OPPOSITION TO

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER AGAINST

### FURTHER PRODUCTION OF DOCUMENTS AND ORAL DEPOSITION

COMES NOW, the Plaintiff pro se, John Pinson, pursuant to F.R.C.P. Rule 26(b)(5)(A), 26(c), 30(d), 33(b)(1,3), 34(b)(2), 37(a)(4), and L.R. 7.1, who hereby respectfully requests that the Honorable Court deny Defendants motion for protective order against further production of documents and oral deposition [DE 108], and in support thereof states:

### Procedural Background

This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

The operative complaint is Plaintiff's second amended verified complaint [DE 48]. Discovery was Ordered [DE 81] before Defendants were required to answer the complaint. Plaintiff has never filed a motion for summary judgment in this action.

On July 28, 2016, the Court issued an Order [DE 95] for Defendants to Answer to the complaint. On August 5, 2016, Defendants' filed their answer and affirmative defenses [DE 97].

On August 29, 2016, Plaintiff moved to strike Defendants' affirmative defenses [DE 101] because they failed to comply with the minimum pleading requirements of Rule 8, but on September 2, 2016, the Court issued an paperless Order [DE 102] denying the motion without findings of facts or conclusions of law. In both, DE 101 & 102, the docket report shows the

motion improperly captioned as a motion to strike answer, but Plaintiff never moved to strike Defendants answer.

On July 25, 2016, Plaintiff served "Plaintiff's Corrected first Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" (attached as "Exhibit A") on Defendants.

On September 20, 2016, Defendants filed their Motion for Protective Order [DE 108] and motion in limine [DE 109].

On September 23, 2016, Plaintiff received "Defendant's Reply to Plaintiff's Corrected First Request for Production" (attached as "Exhibit B"). On September 26, 2016, Plaintiff filed his motions to compel better responses to: corrected first requests for production (see attached "Exhibit C") and corrected first set of interrogatories (see attached "Exhibit D"), and Plaintiff's motion for continuance.

### Introduction

Defendants motion for protective order is merely another tactical arrow in Defendants' quiver of "strategic non-compliance" tools used improperly to thwart Plaintiff's discovery requests.

Defendants send late responses to Plaintiff's corrected first requests for production, which Plaintiff received twenty-seven days late (27), one business day before the discovery cutoff deadline. Upon receipt and review and after determining the responses were improper and inadequate, Plaintiff was forced to file his motion to compel better responses.

Perhaps anticipating the Plaintiff filing a motion to compel better responses because Defendants knew of the problematic nature of their discovery responses, and in a further move to thwart Plaintiff's efforts to secure discovery, the Defendants continued advancing their obstructionist "strategic non-compliance" as evinced in their motion for protective. Thus demonstrating a pattern and practice of evasive or incomplete disclosure, answer, or response which Rule 37(a)(4) states "must be treated as a failure to disclose, answer, or respond."

Defendants' motion for protective seeks to bar Plaintiff from securing any of his timely first production requests. Plaintiff contends it is an improper use of a protective order to block

discovery of relevant and material documents and information which plaintiff reasonable calculates will lead to the discovery of admissible evidence supporting plaintiff's case.

## Preliminary Matters

Defendants did not attempt to confer with Plaintiff to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 26(c)(1). Because Defendants did not comply with Rule 26(c)(1), the Court should deny Defendants' motion for protective order.

Because Defendants did not attempt to confer with Plaintiff, the parties were unable to resolve their dispute; Defendants filed a motion for protective order asking the Court to enter an order protecting them from Plaintiff's production requests and deposition.

Defendants make two false assertions in their version of the procedural history. *First*, in ¶1 they state, "On April 10, 2014 Plaintiff filed his Motion for Summary Judgment." This assertion is false; as record shows, and, as noted *supra*, Plaintiff has never filed a motion for summary judgment in this action. *Second*, in ¶2 they state, "On April 23, 2014 Defendants filed their Answer and Affirmative Defenses to Plaintiff's complaint. This assertion is false; as record shows, and, as noted supra, On July 28, 2016, the Court issued an Order [DE 95] for Defendants to Answer to the complaint. On August 5, 2016, Defendants' filed their answer and affirmative defenses [DE 97].

In paragraph 8 of their motion for protective order the Defendants set out twenty-three items, they seem to request protection from, yet they fail to identify or discuss why and how each could be barred by a protective order. Since the twenty-three items are essentially Plaintiff's corrected first requests for production and defendants have misstated them, Plaintiff will re-state and address each in turn:

## Defendants' statement in motion for protective order No. 8.1

1. Any documents evidencing the identity of the person answering interrogatory #1;

## Plaintiff's corrected first request for production No. 1

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

## Comments 1:

To bring this request into proper context interrogatory number two states in pertinent part:

> Please state the full name, present address, employer, title, and occupation of all persons providing information and documents responsive to these requests.

Defendants interrogatory responses were not answered under oath and no corporate representative(s) were identified in the response to interrogatory number 1 and no documents were produced in request for production number 1. The effect of not answering under oath renders the discovery request responses mere hearsay inadmissible as evidence.  Counsel knew or should have known that Rule 33 requires answers under oath by a designated officer or agent of the corporation. The production request was reasonable because it is reasonable to request written proof of a corporations' resolution designating of an officer or agent charged with powers to respond to discovery requests, and written proof of identity of the designated individual. Additionally, this identification aids in preparing deposition notices for clarification of information found in the discovery responses. The rules are clear where:

FRCP Rule 33(b)(1) states:

> The interrogatories must be answered: … (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, **by any officer or agent**, who must furnish the information available to the party. (emphasis added)

and, FRCP Rule 33(b)(3) states:

> Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing **under oath**. (emphasis added).

This information is required by the FRCP.

**Defendants' statement in motion for protective order No. 8.2**

2. Any documents evidencing the identity of the person answering interrogatory #2;

**Plaintiff's corrected first request for production No. 2**

Produce document(s) evidencing your answer to interrogatory number two (2).

**Comments 2:**

Defendant has erroneously restated this request. Plaintiff did not ask for "documents evidencing **the identity of the person answering** interrogatory #2". Plaintiff specifically asked for "document(s) evidencing **your answer to** interrogatory number two (2)". To bring this request into proper context interrogatory number two states in pertinent part:

> Please provide the following information: Your Full Name; Your Full Business Name; Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.); Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.)

In this context Plaintiff seeks "document(s) evidencing" the Defendants': "Full Name;" "Full Business Name;" "Business Purpose"; and "Form of Business Organization". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected. This request may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.3**

> 3. policy manuals, procedure manuals, or other documents, which address Defendant's specific policies practices or procedures for retention, dissemination or disposal of data, during each of the *preceding five years*;

**Plaintiff's corrected first request for production No. 3**

> Produce the policy manuals, procedure manuals, or other documents, which address ALBERTELLI's specific policies, practices or procedures for retention, dissemination or disposal of data, during each of the preceding five years

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected. This request may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.4**

> 4. any documents referenced, discussed, identified or referred to in Plaintiff's first set of interrogatories;

**Plaintiff's corrected first request for production No. 4**

> Produce the documents referenced, discussed, identified or referred to in Plaintiff's first set of interrogatories.

**Comments:**

Plaintiff did not preface his request with the word "any", this word has been inserted by Defendants. The Plaintiff prefaced his request with the word "the", being specific requesting "the documents referenced, discussed, identified or referred to in Plaintiff's first set of interrogatories". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected. This request may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.5**

> 5. a copy of each liability policy issued to Defendant including declaration page and/or endorsements;

**Plaintiff's corrected first request for production No. 5**

> Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's alleged liability in this suit, including declaration page and/or all endorsements.

**Comments:**

Defendants conveniently restated this request leaving out "that may cover ALBERTELLI's alleged liability in this suit," This information reasonable, relevant, and is specifically discoverable and discussed *infra* in argument.

**Defendant's statement in motion for protective order No. 8.6**

> 6. any and all consumer reports concerning Plaintiff;

**Plaintiff's corrected first request for production No. 6**

> Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or control, including any historical, electronic, or archived copies.

**Comments:**

Plaintiff did not preface his request with the words "any and all", these words have been inserted by Defendants. The Plaintiff prefaced his request with the word "the", being specific requesting only those "in ALBERTELLI's possession, custody or control". This is a specific request which is relevant and material … Defendants conveniently restated this request leaving out "in ALBERTELLI's possession, custody or control, including any historical, electronic, or archived copies." This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected. This request may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.7**

> 7. copies of complaints or petitions in any action filed by or against Defendant in which allegations are similar;

**Plaintiff's corrected first request for production No. 7**

> Produce copies of complaints or petitions in any action filed by or against ALBERTELLI in which the allegations are similar to those of plaintiff John Pinson in this action.

**Comments:**

Defendants conveniently restated this request leaving out "to those of plaintiff John Pinson in this action." This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected.

**Defendants' statement in motion for protective order No. 8.8**

> 8. Investigative reports which in anyway reference Plaintiff;

**Plaintiff's corrected first request for production No. 8**

> Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.

**Comments:**

Defendants conveniently restated this request leaving out both "prepared or obtained" and ", the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action." This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected.

**Defendants' statement in motion for protective order No. 8.9**

> 9. all written or recorded statements prepared or obtained which in any way reference Plaintiff;

**Plaintiff's corrected first request for production No. 9**

> All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.

**Comments:**

Defendants conveniently restated this request leaving out ", the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action." This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected.

**Defendants' statement in motion for protective order No. 8.10**

> 10. every document referencing communications referencing Plaintiff;

**Plaintiff's corrected first request for production No. 10**

Every document referencing communications between you and any of the other entity or person which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action.

**Comments:**

Defendants conveniently restated this request leaving out "between you and any of the other entity or person which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action." This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. The requested information is not privileged or protected.

**Defendants' statement in motion for protective order No. 8.11**

> 11. all documents sent to Plaintiff by Defendant between between *2013 and present*; (Defendants used the repeating word "between *between*")

**Plaintiff's corrected first request for production No. 11**

> All documents sent to Plaintiff by you between 2013 thru present.

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. Additional non disclosed communications may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.12**

> 12. records reflecting the financial information of Defendant;

**Plaintiff's corrected first request for production No. 12**

> Please provide all records reflecting ALBERTELLI's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 5 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under FRCP 26(b)(1)). Hall v. Harleysville Insurance Co., 164 F.R.D. 172, 173 (E.D. Pa. 1995).]

**Comments:**

In Hall v Harleysville Ins. Co. (1995, ED Pa) 164 FRD 172.: the plaintiffs were entitled to discovery regarding defendants' corporate and personal finances, after court denied defendants' motion for summary judgment. Hall v Harleysville Ins. Co. (1995, ED Pa) 164 FRD 172.

**Defendants' statement in motion for protective order No. 8.13**

> 13. all communication between Plaintiff and Defendant *between 2013 and present*;

**Plaintiff's corrected first request for production No. 13**

> All documents relating or referring to communications between you and Plaintiff between 2013 thru present.

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense. Additional non disclosed communications may show additional violations of FDCPA and FCCPA.

**Defendants' statement in motion for protective order No. 8.14**

> 14. work history of Andrea Hearn;

**Plaintiff's corrected first request for production No. 14**

> Complete work history and full name on Andrea Hearn such as job duties, daily duties and responsibilities within his department.

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.15**

> 15. work history of Joseph Dillon;

**Plaintiff's corrected first request for production No. 15**

> Complete work history and full name on Joseph Dillon such as job duties, daily duties and responsibilities within his department.

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.16**

> 16. work history of Erik Del'Etoile;

**Plaintiff's corrected first request for production No. 16**

> Complete work history and full name on Erik DeL'Etoile such as job duties, daily duties and responsibilities within her department.

**Comments:**

This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.17**

> 17. all documents evidencing telephone calls between Plaintiff and Defendant;

**Plaintiff's corrected first request for production No. 17**

> All documents evidencing telephone messages, log books, or your other regularly maintained records which contain information about communications between ALBERTELLI and Plaintiff from 2013 to present.

**Comments:**

Plaintiff never used the word "calls" in this request, this word has been inserted by Defendants. Defendants conveniently restated this request leaving out "telephone messages, log books, or your other regularly maintained records which contain information about communications between ALBERTELLI and Plaintiff from 2013 to present." Plaintiff seeks limited information material and within scope of the action. The information sought is relevant. The alleged violation occurred in 2013 so the time period is reasonable. This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.18**

> 18. all policy manuals, procedure manuals regarding investigation of violations of the FDCPA and the FCCPA;

**Plaintiff's corrected first request for production No. 18**

> All policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures in the investigation or reinvestigation of violations of the FDCPA, and the FCCPA.

**Comments:**

Defendants conveniently restated this request leaving out "**, or other documents which address your policies, practices, or procedures in the** investigation **or reinvestigation**". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.19**

> 19. all policy manuals, procedure manuals regarding collecting past due accounts;

**Plaintiff's corrected first request for production No. 19**

> All policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting past due accounts.

**Comments:**

Defendants conveniently restated this request leaving out ", or other documents, which address your policies, practices, or procedures when". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.20**

> 20. All material, including video and audio tapes, pertaining to training by or for Defendant regarding the FDCPA and FCCPA;

**Plaintiff's corrected first request for production No. 20**

> All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act, and the Florida Consumer Collection Practices Act.

**Comments:**

Defendants conveniently restated this request leaving out "and its employees". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.21**

> 21. All internal documents, memoranda, etc. of the Defendant regarding collection notices;

**Plaintiff's corrected first request for production No. 21 ...**

> All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**Comments:**

Defendants conveniently restated this request leaving out "regarding **the use of its** collection notices **and collection efforts**". This is relevant and specifically discoverable because defendants have pled "bona fide error" defense.

**Defendants' statement in motion for protective order No. 8.22**

> 22. (mislabeled as 2nd # 21) Copies of any legal actions filed by Defendant against Plaintiff;

**Plaintiff's corrected first request for production No. 22 ...**

> Produce copies of any legal actions ALBERTELLI has filed against Plaintiff.

**Comments:**

This is reasonable because in the offending correspondence that is the basis for this lawsuit the Defendants indicated they had filed a lawsuit against the Mr. Pinson. Plaintiff seeks to see other instances where Defendants were alleged to violate the FDCPA and FCCPA to see if a pattern is established relevant to this action.

**Defendants' statement in motion for protective order No. 8.23**

23. (mislabeled as 3rd #21) Any documents evidencing the creditor of any alleged debt;

**Plaintiff's corrected first request for production No. 23 …**

Produce the documents evidencing the creditor of any alleged debt.

**Comments:**

Plaintiff did not preface his request with the word "Any", this word has been inserted by Defendants. The Plaintiff prefaced his request with the word "the", being specific requesting "the documents evidencing". This is a specific request which is relevant and material and will show Defendants asserted a legal action they were not legally entitled to take.

Argument

Although a court has broad discretion to issue a protective order on a showing of good cause, this is not a case in which the Court should do so. See Fed. R. Civ. P. 26(c)(1); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors that a court should consider in granting protective order for discovery). If good cause has been established, the court must weigh the movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The request for protective order should be denied for the following reasons:

*First*, Defendants failed to conference or attempt to conference with Plaintiff before filing their motion. The court can deny the motion if the movant has not conferred properly. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 196-97 (N.D.W.Va.2000); *see also Palumbo v. Shulman*, No. 97 CIV 4314, 1998 WL 720668, at *2 (S.D.N.Y. Oct. 13, 1998) (denying motion because "defendants have not satisfied the prerequisite to making an application for a protective order[,]" which is a certification that a proper meet and confer was conducted prior to the motion's filing). The producing party must attach a certificate to the motion stating

that it conferred or attempted to confer with the other parties in a good-faith effort to resolve the dispute without court action. FRCP 26(c)(l). Defendants failed to include a certificate of conference in their motion. As noted *supra*, because Defendants did not comply with Rule 26(c)(1), the Court should deny Defendants' motion for protective order.

*Second*, Defendants fail to show good cause for issue of the order. A motion for protective order should be filed before the expiration of the time to respond to the discovery request. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 259 (M.D.N.C.2001 ). The producing party must show good cause for a protective order. FRCP 26(c)(l); In *re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir.2011); Shingara v. Skiles, 420 F.3d 301,305-06 (3d Cir.2005). The producing party must support its claim for good cause through specific facts rather than conclusory or stereotypical statements. In *re Terra lnt'l*, 134 F.3d 302,306 (5th Cir.l998); *Culhane v. MSC Cruises (USA), Inc.*, 290 F.R.D. 565,566 (S.D.Fia.2013) The Court should deny Defendants request for a protective order because Defendants have not met their burden of showing that there is good cause for a protective order. See Fed. R. Civ. P. 26(c)(1).

*Third*, the Court should deny Defendants request for a protective order because Defendants waived their objections, privilege, and protection by responding 27 days late to the Plaintiff's discovery requests, and when they raised a "bona fide error" defense in this FDCPA action.

The Defendants failed to object timely to the requests to produce. Plaintiff received the responses 27 days late. If a party resisting discovery does not timely object, it may waive its objections and claims of privilege. *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir.1991); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Enron Corp. Sav. Plan v. Hewitt Assocs.*, 258 F.R.D. 149, 156 (S.D.Tex.2009). The Court should deny Defendants request for a protective order because Defendants failed to object in a timely basis to Plaintiff's discovery requests and Defendants waived their objections and claims of privilege by responding 27 days late.

The Defendants failed to object specific privilege. If a party resisting discovery does not object to a discovery request with an express claim of a specific privilege or describe the

documents or things claimed to be privileged, the party waives the privilege. *See* FRCP 26(b)(5)(A); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 336 (N.D.Ill.2001). The Court should deny Defendants request for a protective order because the Defendants failed to object specific privilege and failed to describe the documents claimed to privileged and in doing so Defendants waived the privilege.

The Defendants withheld materials and failed to list them in a privilege log or specifically identify them as protected work product. If a party resisting discovery withholds materials responsive to a discovery request and does not give notice to the other parties, it may waive any claims of privilege or protection. *See Dorf & Stanton Comms. v. Molson Breweries*, 100 F.3d 919, 923 (Fed.Cir.1996). The Court should deny Defendants request for a protective order because Defendants withheld materials and failed to list them in a privilege log or specifically identify them as protected work product and in doing so Defendants waived the privilege and protection.

Moreover, the Defendants waived their privilege when they raised a "bona fide error" defense in this FDCPA action. The Defendants may waive the privilege by asserting a defense that puts the subject matter of the privileged communication at issue. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1055 (8th Cir.2000); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851,863 (3d Cir.1994). *Anchondo v. Anderson, Crenshaw & Assocs.*, 256 F.R.D. 661, 671-72 (D.N.M. 2009) (in Fair Debt Collection Practices Act case, debt collector waived privilege for legal research it performed when debt collector raised bona-fide-error defense).

*Fourth*, Plaintiff's request to produce each liability policy that may cover alleged liability in this suit is discoverable, relevant and not privileged; this was requested in RFP 5. A Plaintiff may discover any insurance agreement that would either satisfy all or part of a possible judgment or indemnify or reimburse the Defendants for payments made to satisfy the judgment. FRCP 26(a)(1)(A)(iv); *Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154,160 (N.D.Iowa 1994). Federal courts do not recognize an insurer-insured privilege. *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Trust Corp.*, 5 F.3d 1508, 1514 (D.C.Cir.1993). The Court should deny Defendants request for a protective order and order defendants to produce each liability policy that may cover alleged liability in this suit as requested in RFP 5.

*Fifth*, To the extent Defendants attempt claim to privilege, they fail to identify what documents are privileged and failed provide any privilege log.

In *re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n WD Energy Servs.*, 439 F.3d 740, 751 (D.C.Cir.2006) (proponent of privilege must identify particular contextual basis for privilege). In their motion for protective order Defendants fail to make any specific claims of privilege and fail to even use threadbare boiler plate language. In ¶11, Defendants merely state "requests privileged documents" in a laundry list of seven non-specific objections aimed at twenty of Plaintiff's production requests. This is entirely improper in that they fail to indicate which production requests might even yield privileged items.  Rule 26(b)(5) states:

> Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

As to each instance necessary, Defendants have failed to make a claim of privilege expressly and failed to describe the nature of the item not produced or disclosed in a manner enabling the assessment of privilege or protection. To claim privilege Defendants should have provided a privilege log. *See Avery Dennision Corp., v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999). The Log, in essence, catalogs and briefly describes the materials that contain privileged information without revealing the specific contents.

*Sixth*, To the extent Defendants attempt to claim protection of "work product prepared for other clients", they fail to identify what documents are protected and failed provide any privilege log.

The party asserting work-product protection has the burden of establishing its applicability. *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183; *see Kortman v. State Farm Mut. Auto. Ins.*, 247 F.R.D. 561,565 (S.D.Ind.2007) (applicability must be shown on document-by-document basis).

Moreover, by their responses being received 27 day late, Defendants have waived any work-product protection they might have asserted.  A party may waive work-product protection by failing to timely assert it. *Marx v. Kelly, Hart & Hallman, P.C.,* 929 F.2d 8, 12 (1st Cir.1991)

Even if Defendants had properly asserted work-product protection, Plaintiff argues he could discover ordinary work product because of his substantial need and the undue hardship caused by the non-disclosure.

There are two tiers of protection for attorney work product, based on whether the work product is opinion work product or ordinary work product. *In re Cendant Corp. Sees. Litig.,* 343 F.3d at 663. A party may overcome the protection for ordinary work product by establishing a substantial need for the material and an inability to otherwise obtain the substantial equivalent of the material without undue hardship. *See* FRCP 26(b)(3)(A)(ii); *In re Cendant Corp. Sees. Litig.,* 343 F.3d at 663 (substantial need and undue hardship); *PepsiCo v. Baird, Kurtz & Dobson LLP,* 305 F.3d 813,817 (8th Cir.2002) (same); *see also In re Harmonic, Inc. Secs. Litig.,* 245 F.R.D. 424, 429 (N.D.Cal.2007) (when case involves work product of minimal substantive content, such as identity of confidential witnesses, showing of substantial need and undue hardship is comparatively lower).

Under the exception for substantial need and undue hardship, ordinary work product may be discovered when a party shows that (1) it has a substantial need for the materials to prepare its case and (2) it cannot, without undue hardship, obtain the substantial equivalent of the materials any other way. FRCP 26(b)(3)(A)(ii); *see, e.g., Baker v. General Motors Corp.,* 209 F.3d 1054-55 (8th Cir.2000) (no substantial need or undue hardship for documents sought to counter testimony of witness when party already had substantial countering evidence); *Vinson & Elkins,* 124 F.3d at 1307-08 (no substantial need or undue hardship when documents sought would merely reinforce already-known inconsistencies).

***Seventh***, Defendants fail to provide specificity. Defendants generally allege RFP's Nos. 4, 10, 11, 13, 17, 18 and 23 (mislabeled as 3rd #21) are entirely overbroad. Defendants fail to provide the required specificity.

The court cannot adequately rule on the validity of the objections of overbroad without specificity. *Chubb Integrated Systems v. National Bank of Washington,* 103 F.R.D. 52, 58

(D.D.C. 1984); accord *Panola Land Buyers Ass's v. Shuman*, 762 F.2.d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable). Defendants in the instant case have not specifically stated why the Interrogatories are overbroad and burdensome, and therefore, fail to comply with the Eleventh Circuit's mandate in *Panola*. The request for protective order should be denied.

**Eighth**, Plaintiff seeks limited employment records on individual employees which is material to this case because they are listed on the signature block of Defendants' communications aimed at Plaintiff, as appended to his second amended verified complaint [DE 48 "Appendix C" ]. Because Defendants have pled a bona fide error defense in their answer and affirmative defenses [DE 97 sixth defense], the request is relevant, material, and within the scope of this defense.

Defendant makes a bare bones assertion of "bona fide error" defense and as such fail to plead with particularity. Federal courts have required defendants to plead the FDCPA bona fide error defense with particularity. *See, e.g., Walters v. Performant Recovery, Inc.*, ___ F. Supp.3d ___, 2015 WL 4999796, *4 (D. Conn. Aug. 21, 2015) ("[B]ecause the bona fide error defense rests upon mistake, the circumstances surrounding the mistake must be stated with particularity. . . . [T]o satisfy Rule 9(b), the defense must articulate `who, what, when, where, and how' the bona fide error occurred."). *See also Youssofi v. Allied Interstate LLC*, 2016 WL 29625, *3 (S.D. Cal. Jan. 4, 2016) ("District courts have held that the affirmative defense of bona fide error must be stated with particularity under Rule 9(b)."); *Wiebe v. Zakheim & Lavrar, P.A.*, 2012 WL 5382181, *2 (M.D. Fla. Nov. 1, 2012) ("A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)."). Defendants fail to satisfy the Rule 9(b) particularity requirement in pleading the bona fide error defense, and Plaintiff is correct in requesting information aimed at this defense pled.

Defendants cite to *Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 WL 652851, *1 (M.D. Fla. Feb. 14, 2011) but this is not analogous because in *Mederi* a subpoena to produce the Plaintiff's current employment records was at issue; here plaintiff has not subpoenaed any records.

*Ninth*, Defendants fail to provide specificity. Defendants generally allege RFP's Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (mislabeled as 2nd #21) and 23 (mislabeled as 3rd #21) are unreasonable as they seek information that does not relate to the allegations contained in the Amended Complaint. To the extent Defendants have filed an answer and affirmative defenses the requests may be relevant to both the operative complaint with the issues it presents, and also the answer and affirmative defenses and the with it raises. Here Defendants have, among others, raised a "bona fide error" defense. Defendants fail to object with specificity.

As the party resisting discovery, Defendant has the burden to clarify and explain their objections to provide factual support for such objections. *Doe v. Mercy Health Corporation*, 1993 WL 377064 at 3 (E.D. Penn. 1993); *Martin v. Eaton Publishing Co.*, 85 F.R.D. 312 (E.D. Pa. 1980); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980). In order to adequately make a showing, Defendants must file affidavits or provide other evidence that demonstrates that an undue burden exists. *See e.g. Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).  Otherwise, the court cannot adequately rule on the validity of the objections. *Id.* at 58; accord *Panola Land Buyers Ass's v. Shuman*, 762 F.2.d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable). Defendants in the instant case have not specifically stated why the Interrogatories are overbroad and burdensome, and therefore, fail to comply with the Eleventh Circuit's mandate in *Panola*. The request for protective order should be denied.

*Tenth*, Defendants fail to provide specificity. Defendants generally allege RFP's Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (mislabeled as 2nd #21) and 23 (mislabeled as 3rd #21) are not reasonably calculated to lead to admissible evidence. Because Defendants fail to address each request complained about with specificity, the request for protective order should be denied. The specificity requirement was discussed in detail *supra*.

*Eleventh*, Plaintiff's should be allowed to discover certain financial information in Request for production No. 12.

Defendants have complained multiple times about plaintiff's request for limited financial information in ¶ 10-13 of their motion. Plaintiff seeks the information because he wants to be sure Defendants have the capacity to satisfy any judgment rendered in this action including actual damages under FCCPA, and attorney's fees that may arise if Plaintiff secures counsel. Because the information sought is to discover Defendants capacity to satisfy actual damages pled in the complaint, the request is relevant.

A Plaintiff may discover the financial information of a business organization if it is relevant to the issues in the lawsuit. *Yancey v. Hooten*, 180 F.R.D. 203, 215 (D.Conn.1998). Depending on the circumstances of the case, discoverable financial information may include income statements, balance sheets, tax returns, and other forms of information that demonstrate a party's financial condition. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,270 (1981) (information on net worth and financial condition is relevant in determining punitive damages).

Plaintiff's claim of actual damages under FCCPA is analogous to punitive damages in warranted discovery of limited financial information, because of the FCCPA's willfulness standard. Plaintiffs were entitled to discovery regarding defendants' corporate and personal finances, since court, in denying defendants' motion for summary judgment, had determined that plaintiffs had made out possible showing of violation of 15 USCS § 1681n(2), which provides for punitive damages in event of willful conduct. *Hall v Harleysville Ins. Co.* (1995, ED Pa) 164 FRD 172. "willfulness, relevant to punitive damages." *Id.*

Defendants cite to *Solow v. Conseco, Inc.*, 06 Civ. 5988, 2008 WL 190340, *4-5 (S.D.N.Y. Jan. 18, 2008) but this is not analogous because in *Conseco* financial information was sought from a nan party; here Defendants are parties.

Defendants cite to *NetJets Aviation, Inc. v. Peter Sleiman Development Group, LLC,* 2011 WL 768066, *1 (M.D. Fla. Feb. 28, 2011) but this is not analogous because in *Peter Sleiman* Plaintiff sought a broad subpoena directed to a nonparty SunTrust Bank to gain information on a defendant. Here Plaintiff seeks limited information from Defendants and is willing to enter a joint stipulated protective order. Further, in Capone v. Ison, 2008 WL 2277507, *4 (S.D. Fla. May 30, 2008) tax returns were sought; here Plaintiff does not seek tax returns.

Defendants cite to *Goulet v. Mederi Caretenders VS of SW FL, LLC*, 2011 WL 652851, *1 (M.D. Fla. Feb. 14, 2011) but this is not analogous because in *Mederi* a subpoena to produce the Plaintiff's current employment records was at issue; here plaintiff has not subpoenaed any records.

### Conclusion

Based on Plaintiff's detailed analysis above and the Courts common sense, Defendants request should be denied.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: denying Defendants request for an order for protection against further production of documents and oral deposition [DE 108]; and any other relief as deemed equitable and just.

Dated: October 1, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed October 1, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /             **"Exhibit A"**

## PLAINTIFF'S CORRECTED FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:    Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609..

Via FedEx #7768-2660-1991

Plaintiff, John Pinson, serves these requests for production on defendant ALBERTELLI, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), ALBERTELLI must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contact Plaintiff to make arrangement prior to date Production is due.

## INSTRUCTIONS

1.   Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.   For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3.   For each document that defendant claims is not discoverable, state: (1) the information required by the definition of "document" below; (2) the author's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was

circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to ….." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. **Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work

sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a) the nature of the document (e.g., letter, memorandum, contract, etc.); (b) the author or sender of the document; (c) the recipient of the document; (d) the date the document was authored, sent, and/or received; and (e) the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state: (a) any and all names, legal, trade or assumed; (b) all addresses used; (c) all telephone and tele-fax numbers used; and, if applicable: (i) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and (ii) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.

8. **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9. **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the

identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and include any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Consumer Report.** The term "Consumer Report" means any report on a consumer generated by a Credit Reporting Agency.

22. **Credit Issuer.** The term "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

**REQUEST FOR PRODUCTION NO. 1**

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

**REQUEST FOR PRODUCTION NO. 2**

Produce document(s) evidencing your answer to interrogatory number two (2).

**REQUEST FOR PRODUCTION NO. 3**

Produce the policy manuals, procedure manuals, or other documents, which address

ALBERTELLI's specific policies, practices or procedures for retention, dissemination or disposal of

data, during each of the preceding five years

**REQUEST FOR PRODUCTION NO. 4**

Produce the documents referenced, discussed, identified or referred to in Plaintiff's first set of

interrogatories.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's

alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 6**

Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or

control, including any historical, electronic, or archived copies.

## REQUEST FOR PRODUCTION NO. 7

Produce copies of complaints or petitions in any action filed by or against ALBERTELLI in which the allegations are similar to those of plaintiff John Pinson in this action.


## REQUEST FOR PRODUCTION NO. 8

Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 9

All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 10

Every document referencing communications between you and any of the other entity or person which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11**

All documents sent to Plaintiff by you between 2013 thru present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 12**

Please provide all records reflecting ALBERTELLI's current net worth, gross receipts for the past 3 years, copies of its Annual Report to Shareholders for each of the preceding 5 years, as well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8 quarters. [This information is specifically discoverable under FRCP 26(b)(1)). *Hall v. Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995).]

RESPONSE:


**REQUEST FOR PRODUCTION NO. 13**

All documents relating or referring to communications between you and Plaintiff between 2013 thru present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 14**

Complete work history and full name on Andrea Hearn such as job duties, daily duties and responsibilities within his department.

RESPONSE:

## REQUEST FOR PRODUCTION NO. 15

Complete work history and full name on Joseph Dillon such as job duties, daily duties and

responsibilities within his department.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 16

Complete work history and full name on Erik DeL'Etoile such as job duties, daily duties and

responsibilities within her department.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 17

All documents evidencing telephone messages, log books, or your other regularly maintained

records which contain information about communications between ALBERTELLI and Plaintiff

from 2013 to present.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 18

All policy manuals, procedure manuals, or other documents which address your policies,

practices, or procedures in the investigation or reinvestigation of violations of the FDCPA, and

the FCCPA.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19**

All policy manuals, procedure manuals, or other documents, which address your policies,

practices, or procedures when collecting past due accounts.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20**

All material, including video and audio tapes, pertaining to training by or for the Defendant and

its employees regarding the Fair Debt Collection Practices Act, and the Florida Consumer

Collection Practices Act.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection

notices and collection efforts.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**

Produce copies of any legal actions ALBERTELLI has filed against Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**

Produce the documents evidencing the creditor of any alleged debt.

RESPONSE:

Dated: July 22, 2016                          Respectfully Submitted,

_____

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7768-2660-1991,  a true original copy of Plaintiff's Corrected First Requests For Production to the defendant  James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed July 22, 2016

_____

John Pinson

### Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**John Pinson**

      **Plaintiff,**

vs.

**Albertelli Law Partners LLC,**
**A Florida LLC; and**

**"Exhibit B"**

**JAMES E. ALBERTELLI PA,**

**Case No.: 9:14-cv-80009-KLR**

**A Florida Professional Association,**

      **Defendant.**

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S CORRECTED
### FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW

and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli

Law"), by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First

Request for Production as follows:

### PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.     Defendant incorporates the following Preliminary Statements and General

Objections into each objection and/or response contained herein and each

amendment, supplement, or modification to these responses hereafter provided.

2.     Defendant objects to each of the discovery requests to the extent they purport to

require Defendant to supply information or documents that are not in Defendant's

possession, custody, or control.

3.     Defendant objects to each of the discovery requests to the extent they seek

information or documents that are not relevant to the claims or defenses of any

party to the litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.

4.   Defendant objects to each of the discovery requests to the extent they use terms that are vague, ambiguous, and/or argumentative.

5.   Defendant objects to each of the discovery requests to the extent they seek information that is protected by the work product doctrine, attorney-client privilege, litigation privilege, bank examiner privilege, or any other privilege, protection, contractual restriction on disclosure, or immunity applicable under governing law. Defendant does not waive any privilege or immunity from disclosure, including, without limitation, the attorney-client privilege, the accountant-client privilege, the bank examiner privilege, the joint defense or common interest exception to waiver of privilege, or the work product doctrine, which may attach to the information responsive to each discovery request.  Inadvertent production of information that is privileged or otherwise immune from discovery shall not constitute a waiver of any such privilege or a waiver of any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of such information or of Defendant's right to object to the use of such information during any subsequent proceedings.

6.   Defendant is providing its responses herein without waiver of or prejudice to its right at any later time to the following:

a.   all objections as to competency, relevancy, materiality, and  admissibility;

b.   all objections as to vagueness, ambiguity, annoyance, embarrassment, oppression, and undue burden;

       c.     the right to object on any ground to the use or admissibility of any of the documents or information produced herein in any subsequent proceedings, including the trial of this or any other action; and

       d.     the right to object on any ground to any further request for discovery involving or related to any of the present requests or responses.

8.    Defendant expressly reserves the right, without imposing on it any duty not required by the Federal Rules of Civil Procedure, to revise, correct, add to or clarify the objections and responses set forth herein when and if additional information comes to its attention. Failure to object herein shall not constitute a waiver of any objection that Defendant may interpose as to future supplemental responses.

9.    All statements and objections set forth in paragraphs 1-9 above are incorporated in the responses set forth below and qualify Defendant's responses, whether explicitly or implicitly, that Defendant will provide the information sought.

## SPECIFIC RESPONSES TO DISCOVERY REQUEST

**RESPONSE TO REQUEST NO.1:** Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned counsel is answering Interrogatory #1.

**RESPONSE TO REQUEST NO.2:** Defendant objects on the grounds that Plaintiff's request is duplicative, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned's signature block provides the relevant information.

RESPONSE TO REQUEST NO.3:  Defendant objects on the grounds that Plaintiff's request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.4:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.5:  Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.6:  Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.7:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.8:  Defendant does not possess any documents as requested per Request for Production 8.

RESPONSE TO REQUEST NO.9:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.10:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.11:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the Plaintiff is already in possession of the two "December 24[th]" letters attached to Plaintiff's Second Amended Complaint (DE 48) as Exhibit "E".

RESPONSE TO REQUEST NO.12:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.13:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.14:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.15:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.16:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.17:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.18:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.19:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.20:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.21:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.22 *(Mislabeled as the 2nd #21)*:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.23 *(Mislabeled as the 3[nd] #21)*:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So.

2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this __20th__ day of September, 2016, to all parties listed on the attached service list.

By: __/s/ Matthew L. Schulis, Esq.__
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| | |
|---|---|
| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com<br>*Pro Se Plaintiff* | |

ALAW #14-128384

Case 9:14-cv-80009-DTKH   Document 133   Entered on FLSD Docket 10/03/2016   Page 38 of
121
Case 9:14-cv-80009-DTKH   Document 118   Entered on FLSD Docket 09/27/2016   Page 1 of 38

FILED BY _____ D.C.

SEP 26 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

      Plaintiff

                                  **"Exhibit C"**

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

      Defendant      /

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES
## TO PLAINTIFF'S CORRECTED FIRST REQUESTS FOR PRODUCTION

    **COMES NOW**, the Plaintiff pro se, John Pinson, pursuant to F.R.C.P. Rules 34 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to provide better responses to: Plaintiff's Corrected first Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC, and states in support:

### Introduction

    This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

    On July 25, 2016, Plaintiff served "Plaintiff's Corrected first Requests for Production to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" (attached as "Exhibit A") on Defendants. Plaintiff served discovery via FedEx #7768-2660-1991 and a copy of proof of receipt with signature on July 25, 2016, is attached as "Exhibit B". Cover letter attached as "Exhibit C".

    Plaintiff attempted to get a response to his requests for production telephone and by e-mail: on August 20, 2016 (attached as "Exhibit D") with read receipt (attached as "Exhibit E"); September 6, 2016 (attached as "Exhibit F"); September 22, 2016 (attached as "Exhibit G") with read receipt (attached as "Exhibit H"). Plaintiff received an e-mail auto reply that opposing counsel would be unavailable (attached as "Exhibit I"). Plaintiff sent a final e-mail

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 1 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 038 of 121        Page 001 of 38

September 22,2016 , indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline (attached as "Exhibit J") with read receipt (attached as "Exhibit K").

Plaintiff received "Defendant's Reply to Plaintiff's Corrected First Request for Production" (attached as "Exhibit L") send via FedEx on September 20, 2016 and received by Plaintiff on September 23, 2016,  (see attached "Exhibit M").

*Specifically*, Plaintiff states the responses he received are improper for the following three reasons: formulaic objections; formulaic objections followed by an answer to the request; and answers unconnected to the requests, and he discusses each in turn:

First, in Requests for Production ("RFP") No's.: 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (Mislabeled as the 2nd #21), 23 (Mislabeled as the 3nd #21), the Defendants use the same formulaic objection verbatim in each and every response:

> "Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence."

However, this formulaic objection is improper and is not adequate to voice a successful objection. As the party opposing discovery, Defendants have the burden of proving that the requested discovery should be disallowed. The Defendants should be required to provide better responses.

Second, in RFP's No's: 1, 2, and 11, Defendants recite the formulaic objection noted *supra* followed by an answer to the request, each answer starting with "However, to the extent that this request is not objectionable", followed by in succession:

> No. 1:  "the undersigned counsel is answering Interrogatory #1."
> No. 2:  "the undersigned's signature block provides the relevant information."
> No. 11: "the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint ..."

This type of objection and answer is improper, and preserves nothing and serves only to waste the time and resources of the Plaintiff and this Court. Further, this practice leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 2 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 039 of 121          Page 002 of 38

of the question has been answered. The Defendants should be required to provide better responses.

Third, in RFP's No's: 5, 6, and 8, Defendants provided answers to each which fail wholesale because they are incongruous with and unconnected to the relevant request, and as such are evasive to the specific request, incomplete, and are thus not sufficient answers.

> *REQUEST FOR PRODUCTION NO. 5:*
> Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's alleged liability in this suit, including declaration page and/or all endorsements.
> *RESPONSE TO REQUEST NO.5:*
> Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.
>
> *REQUEST FOR PRODUCTION NO.6:*
> Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or control, including any historical, electronic, or archived copies.
> *RESPONSE TO REQUEST NO.6:*
> Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.
>
> *REQUEST FOR PRODUCTION NO. 8:*
> Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.
> *RESPONSE TO REQUEST NO.8:*
> Defendant does not possess any documents as requested per Request for Production 8.

These responses are improper and insufficient because they do not specifically address the correlated Request. To the extent Response 6 partially addresses the subject of request 8, Plaintiff cannot be sure that response 8 was intended for request 8 and as such is confusing. The Defendants should be required to provide better responses.

The requested materials are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 3 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 040 of 121

Page 003 of 38

On September 22, 2016, Plaintiff sent an e-mail (attached as "Exhibit J") indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline;  receipt of e-mail is attached as "Exhibit K"; Plaintiff received no reply.

Because Plaintiff was unable to confer with Defendants, the dispute remains unresolved. Because of the urgency of the discovery deadline and because of opposing counsel's unavailability, Plaintiff files his motion without the good faith conference.

As shown supra, Plaintiff did attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action, as required by F.R.C.P. 37(a)(1) and L.R. 7.1(a)(3) and as shown in the incorporated certificate of conference.

## Argument

Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A court may compel responses to discovery if a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (*quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

"The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Convertino v. United States Department of Justice*, 565 F.Supp.2d 10, 12 (D.D.C. 2008). Courts have determined that "[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.' "*Meijer, Inc. v. Warner Chilcott Holdings Co.*, III, Ltd., 245

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 4 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 041 of 121

Page 004 of 38

F.R.D. 26, 29–30 (D.D.C. 2007).

Courts have observed that "[i]n accordance with these considerations, courts generally employ a balancing test, weighing the burdensomeness to the [party on which the discovery was served] against the [need of the party which served the discovery] for, and the relevance of, the information being sought." *Flanagan v. Wyndham International Inc.*, 231 F.R.D. 98, 102–03 (D.D.C.2005).

As the party resisting discovery, Defendant has the burden to clarify and explain their objections to provide factual support for such objections. *Doe v. Mercy Health Corporation*, 1993 WL 377064 at 3 (E.D. Penn. 1993); *Martin v. Eaton Publishing Co.*, 85 F.R.D. 312 (E.D. Pa. 1980); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). In order to adequately make a showing, Defendants must file affidavits or provide other evidence that demonstrates that an undue burden exists. *See e.g. Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984). Otherwise, the court cannot adequately rule on the validity of the objections. *Id.* at 58; *accord Panola Land Buyers Ass's v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable). Defendants in the instant case have not specifically stated why the Requests for Production are overbroad and burdensome, and therefore, fail to comply with the Eleventh Circuit's mandate in *Panola*.


*Specifically*, This Court should grant Plaintiff's motion to compel for the following reasons: Defendants' use of formulaic objections; formulaic objections followed by an answer to the request; and answers unconnected to the requests, in Defendants responses to the requests for production.

*First*, By utilizing formulaic objections Defendants did not fully respond RFP No's.: 1, 2, 3, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 (Mislabeled as the 2nd #21), 23 (Mislabeled as the 3nd #21). Fed. R. Civ. P. 37(a)(3)(B)(iv); *see R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18-19 (1st Cir. 1991). Defendants' responses did not state that production would be permitted as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Defendant's objections lack specificity and are merely generalized, vague, or boilerplate objections, and as such do not comply with the F.R.C.P. or the Local Rules and should not be

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 5 of 9

Plaintiff's Opposition to Protective Order and exhibits  - Page 042 of 121

Page 005 of 38

sustained by this Court. See Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." (emphasis added)); S.D. Fla. L.R. 26.1(g)(3)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.")

The requests are within the scope of discovery permitted by Rule 26(b). The information responsive to this request is relevant and necessary to Plaintiff's case . Relevancy is construed to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 FRD 615, 619 (SD Ind 2002) (*quoting Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351, 98 S Ct 2380, 57 LEd2d 253 (1978)).

If the basis for an objection is lack of relevance, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*; *Sheehan v Kruger*,2012 WL 6049007 (ND Ind). Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Herbert v Lando*, 441 U.S. 153, 177 (1979); *Jefferys v LRP Publications, Inc.*, 184 FRD 262, 263 (ED Pa 1999). Plaintiff contends his discovery requests reasonably calculated to lead to the discovery of admissible evidence. The Defendants should be required to provide better responses.

*Second*, Defendants gave incomplete responses to RFP's No's: 1, 2, and 11, where Defendants recite the formulaic objection noted *supra* followed by an answer to the request. F.R.C. P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case. This type of objection and answer is improper, and leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. The Defendants should be required to provide better responses.

*Third*, Defendants gave incomplete responses to RFP's No's: 5, 6, and 8, where Defendants provided answers to each which fail wholesale because they are incongruous with and unconnected to the relevant request, and as such are evasive to the specific request,

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 6 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 043 of 121

Page 006 of 38

incomplete, and are thus not sufficient answers. F.R.C.P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case. This type of objection and answer is improper.

*Further*, to the extent Defendants list non specific "General Objections" to Plaintiff's requests for production, these should be disregarded because they are non-specific.

To the extent Defendants may attempt claim privilege, they fail to identify what documents are privilege and did not provide any privilege log.

To the extent Defendants claim affirmative defense of "bona fide error", Plaintiff is well within scope and relevancy to discover Defendants training materials and records to avoid such errors, Defendants employees records of similar errors, and Defendants history for similar violations.

To the extent Plaintiff seeks information regarding Defendants financial standing, such information is specifically discoverable under FRCP 26(b)(1)). *Hall v. Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995), and is necessary for Plaintiff to calculate Defendants ability to satisfy any judgment rendered.

The requested materials are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

## Conclusion

Because Plaintiff's production requests are proper and because Defendants have refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 7 of 9

Page 007 of 38

Plaintiff's Opposition to Protective Order and exhibits   - Page 044 of 121

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, and evidenced in attached Exhibits also discussed *supra*. Opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion.

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel requiring defendants to provide better responses to: Plaintiff's Corrected first Requests for Production; and any other relief as deemed equitable and just.

Dated: September 26, 2016

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page 8 of 9

Plaintiff's Opposition to Protective Order and exhibits   - Page 045 of 121

Page 008 of 38

**Documents attached:**

Exhibit A - 10 Pages

Exhibit B - 1 Page

Exhibit C - 1 Page

Exhibit D - 1 Page

Exhibit E - 1 Page

Exhibit F - 1 Page

Exhibit G - 1 Page

Exhibit H - 1 Page

Exhibit I - 2 Page

Exhibit J - 1 Page

Exhibit K - 1 Page

Exhibit L - 7 Page

Exhibit M - 1 Page

**Total Pages attached  - 29**

Plaintiff's Motion to Compel Better Responses to Corrected First Requests for Production – Case No.: 14-cv-80009 - Page **9** of **9**

Page 009 of 38

Plaintiff's Opposition to Protective Order and exhibits   - Page 046 of 121

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

John Pinson,

      Plaintiff

                                          **"Exhibit A"**

vs

ALBERTELLI LAW PARTNERS LLC, et. al

      Defendant     /

## PLAINTIFF'S CORRECTED FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
## JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:    Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609..

### Via FedEx #7768-2660-1991

Plaintiff, John Pinson, serves these requests for production on defendant ALBERTELLI, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(a), ALBERTELLI must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request. The documents must be produced within 30 days of service of this request, to Plaintiff by US Mail, or at a location and time previously agreed to between Plaintiff and Defendant's counsel; to comply with this request for production defense counsel shall contact Plaintiff to make arrangement prior to date Production is due.

## INSTRUCTIONS

1. Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that defendant asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that defendant claims is not discoverable, state: (1) the information required by the definition of "document" below; (2) the author's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was

circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

6. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

7. You are reasonably expected to supplement your responses as required by Rule 26(e).

8. Legible copies are requested to be produced in all instances.

9. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

10. When you are asked to "List all documents and the location thereof relating or referring to ....." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. **Parties.** The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. **Person.** The term "person" means any natural person, any business, a legal or governmental entity, an association, any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

3. **Document.** The term "document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) and includes computer records in any format. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes "any tangible things" as that term is used in Rule 34(a). Further, "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work

sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a) the nature of the document (e.g., letter, memorandum, contract, etc.); (b) the author or sender of the document; (c) the recipient of the document; (d) the date the document was authored, sent, and/or received; and (e) the reason such document is allegedly privileged.

4. **Communication.** The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. **Identify.** The term "Identify" means that you should state: (a) any and all names, legal, trade or assumed; (b) all addresses used; (c) all telephone and tele-fax numbers used; and, if applicable: (i) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and (ii) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

6. **Identify (person).** When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

7. **Identify (document).** When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.

8. **Relating.** The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

9. **All/Each.** The terms "all" and "each" should be construed as all and each.

10. **Any.** The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **And/Or.** The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. **Number.** The use of the singular form of any word includes the plural and vice versa.

13. **Audit Trail.** The term "Audit Trail" means a complete, detailed listing of each addition, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the

identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken. The term "audit trail" also includes the definition provided for the phrase in the FederBush, Federal Trade Commission and Formal Staff Opinion Letter, March 10, 1983.

14. **Data.** The term "Data" means the physical symbols in the broadest sense, that represent information, regardless of whether the information is oral, written or otherwise recorded.

15. **Data Field.** The term "Data field" means any single or group of character(s), number(s), symbol(s) or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character or Boolean format.

16. **Database or Databank.** The term "Database" or "databank" means any grouping or collection of data fields maintained, in any format or order, in any permanent or temporary recorded form.

17. **Hardware.** The term "Hardware" means the physical components of a computer or any device capable of maintaining recorded data.

18. **Software.** The term "Software" means the entire set of computer programs, procedures, documentation, or other recorded instructions which guide a mechanical device or human in the operation of the computer or mechanical device.

19. **Computer.** The term "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recordings or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recordings, of any kind, in condensed format, and include any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

20. **Format.** The term "Format" means the general makeup or general plan of organization or arrangement of data.

21. **Consumer Report.** The term "Consumer Report" means any report on a consumer generated by a Credit Reporting Agency.

22. **Credit Issuer.** The term "Credit issuer" means any person who extends, purchases or takes assignments of credit to any consumer(s), as the whole or part of their business, regardless of the nature of the arrangement between the consumer and the person issuing credit.

23. **Explain.** The term "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

24. **Describe.** The term "Describe" means to represent or give an account of in words.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce, to the Plaintiff, for inspection and copying on the 30th day

following service hereof the following in accordance with Rule 34 of the Federal Rules of Civil

Procedure:

**REQUEST FOR PRODUCTION NO. 1**

Produce document(s) evidencing the identity of the person answering interrogatory number one (1).

**REQUEST FOR PRODUCTION NO. 2**

Produce document(s) evidencing your answer to interrogatory number two (2).

**REQUEST FOR PRODUCTION NO. 3**

Produce the policy manuals, procedure manuals, or other documents, which address

ALBERTELLI's specific policies, practices or procedures for retention, dissemination or disposal of

data, during each of the preceding five years

**REQUEST FOR PRODUCTION NO. 4**

Produce the documents referenced, discussed, identified or referred to in Plaintiff's first set of

interrogatories.

**REQUEST FOR PRODUCTION NO. 5**

Produce a copy of each liability policy issued to ALBERTELLI that may cover ALBERTELLI's

alleged liability in this suit, including declaration page and/or all endorsements.

**REQUEST FOR PRODUCTION NO. 6**

Produce the consumer reports concerning John Pinson in ALBERTELLI's possession, custody or

control, including any historical, electronic, or archived copies.

Plaintiff's First Requests For Production to Albertelli - No. 9:14-cv-80009 - Page 5 of 10
Plaintiff's Opposition to Protective Order and exhibits   - Page 051 of 121
Page 014 of 38

**REQUEST FOR PRODUCTION NO. 7**

Produce copies of complaints or petitions in any action filed by or against ALBERTELLI in which the allegations are similar to those of plaintiff John Pinson in this action.

**REQUEST FOR PRODUCTION NO. 8**

Investigative reports prepared or obtained which in any way reference Plaintiff, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's identity or any allegations for defenses asserted in this action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9**

All written or recorded statements prepared or obtained which in any way reference Plaintiff, the Plaintiff's Social Security number, the Plaintiff's true identity for any allegations or defenses asserted in this action.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10**

Every document referencing communications between you and any of the other entity or person which in any way references Plaintiff, the Plaintiff's Social Security numbers or other identifiers, or any allegation or defense asserted in this action.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 11

All documents sent to Plaintiff by you between 2013 thru present.

RESPONSE:


### REQUEST FOR PRODUCTION NO. 12

Please provide all records reflecting ALBERTELLI's current net worth, gross receipts for the

past 3 years, copies of its Annual Report to Shareholders for each of the preceding 5 years, as

well as the Quarterly Profit And Loss Statements, and Balance Sheets for each of the preceding 8

quarters. [This information is specifically discoverable under FRCP 26(b)(1)). *Hall v.*

*Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995).]

RESPONSE:


### REQUEST FOR PRODUCTION NO. 13

All documents relating or referring to communications between you and Plaintiff between 2013

thru present.

RESPONSE:


### REQUEST FOR PRODUCTION NO. 14

Complete work history and full name on Andrea Hearn such as job duties, daily duties and

responsibilities within his department.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15**

Complete work history and full name on Joseph Dillon such as job duties, daily duties and
responsibilities within his department.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 16**

Complete work history and full name on Erik DeL'Etoile such as job duties, daily duties and
responsibilities within her department.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 17**

All documents evidencing telephone messages, log books, or your other regularly maintained
records which contain information about communications between ALBERTELLI and Plaintiff
from 2013 to present.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 18**

All policy manuals, procedure manuals, or other documents which address your policies,
practices, or procedures in the investigation or reinvestigation of violations of the FDCPA, and
the FCCPA.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19**

All policy manuals, procedure manuals, or other documents, which address your policies,

practices, or procedures when collecting past due accounts.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 20**

All material, including video and audio tapes, pertaining to training by or for the Defendant and

its employees regarding the Fair Debt Collection Practices Act, and the Florida Consumer

Collection Practices Act.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 21**

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection

notices and collection efforts.

RESPONSE:


**REQUEST FOR PRODUCTION NO. 21**

Produce copies of any legal actions ALBERTELLI has filed against Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21**

Produce the documents evidencing the creditor of any alleged debt.

RESPONSE:

Dated: July 22, 2016                    Respectfully Submitted,


John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7768-2660-1991, a true original copy of Plaintiff's Corrected First Requests For Production to the defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed July 22, 2016


John Pinson

## Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA



September 19,2016

"Exhibit B"

Dear Customer:

The following is the proof-of-delivery for tracking number **776826601991**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | L.GUEST | **Delivery location:** | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| **Service type:** | FedEx Standard Overnight | **Delivery date:** | Jul 25, 2016 08:51 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 776826601991 | **Ship date:** | Jul 22, 2016 |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US
**Reference**

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR1 rev

Thank you for choosing FedEx.

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via FedEx 7768-2660-1991*

"Exhibit C"

July 22, 2016

Matthew Schulis Esq.
Albertelli Law
5404 Cypress Center Dr., Ste. 300
Tampa, FL 33609

**Re:**   Pinson v. Albertelli Law Partners LLC, et. al.
Case No.: 9:14-civ-80009

*Enclosed - Corrected Discovery Requests dated July 22, 2016*

Mr. Schulis:

Yesterday, I sent you my first set of discovery. After sending it, I realized I made a formatting error on the document titles, therefore, to avoid any questions or misunderstandings I have corrected the first set of discovery.

**Please disregard the erroneous discovery dated July 21, 2016.**

Per the above captioned, enclosed you will find the following corrected items pertaining thereto:

1. Plaintiff's Corrected First Set of Interrogatories dated July 22, 2016;
2. Plaintiff's Corrected First Requests For Production dated July 22, 2016;
3. Plaintiff's Corrected First Requests for Admission dated July 22, 2016.

Thanking you for your kind understanding and timely attention here, I am

Yours Sincerely,

John Pinson

JP:
Enc   3
Via:   FedEx 7768-2660-1991

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, August 30, 2016 4:31 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |
| **Importance:** | High |

"Exhibit D"

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for Plaintiff's first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016, today's mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Tuesday, August 30, 2016 4:33 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |

Your message                                             **"Exhibit E"**

  To: Matthew Schulis
  Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
  Sent: Tuesday, August 30, 2016 4:30:52 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Tuesday, August 30, 2016 4:32:31 PM (UTC-05:00) Eastern Time (US & Canada).

1

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 06, 2016 2:45 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery conversation follow-up. |
| **Importance:** | High |

"Exhibit F"

Mr. Schulis,

This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

---

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12949 - Release Date: 09/05/16

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:51 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |
| **Importance:** | High |

# "Exhibit G"

Mr. Schulis,

On Tuesday, September 20, 2016, you indicated you were sending by FedEx the very late responses to my first discovery requests which were due to be received by me by August 27, 2016 . As of this evening September 22, 2016, they have not been received. Tampa is only four hours away? Did you send them?

Please advise as to whether you have in fact sent them and when or if you have not sent them whether you intend to do so.

Yours truly,

John Pinson

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 10:52 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |

Your message                                                        `"Exhibit H"`

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests
Sent: Thursday, September 22, 2016 10:50:53 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 10:52:20 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

## "Exhibit I"

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertelliaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com  and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.


Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621 | F: (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

2

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 11:00 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |
| **Importance:** | High |

### "Exhibit J"

Mr. Schulis,

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 11:11 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

Your message                                            "Exhibit K"

  To: Matthew Schulis
  Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009
  Sent: Thursday, September 22, 2016 11:00:26 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 11:10:44 PM (UTC-05:00) Eastern Time (US & Canada).

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

John Pinson

       Plaintiff,

vs.

Albertelli Law Partners LLC,
A Florida LLC; and

JAMES E. ALBERTELLI PA,

A Florida Professional Association,

       Defendant.

_____/

"Exhibit L"

Case No.: 9:14-cv-80009-KLR

## DEFENDANT'S REPLY TO PLAINTIFF'S CORRECTED FIRST REQUEST FOR PRODUCTION

COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW and successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli Law"), by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First Request for Production as follows:

### PRELIMINARY STATEMENTS AND GENERAL OBJECTIONS

1.    Defendant incorporates the following Preliminary Statements and General Objections into each objection and/or response contained herein and each amendment, supplement, or modification to these responses hereafter provided.

2.    Defendant objects to each of the discovery requests to the extent they purport to require Defendant to supply information or documents that are not in Defendant's possession, custody, or control.

3.    Defendant objects to each of the discovery requests to the extent they seek information or documents that are not relevant to the claims or defenses of any

party to the litigation nor are they reasonably calculated to lead to the discovery of admissible evidence.

4.  Defendant objects to each of the discovery requests to the extent they use terms that are vague, ambiguous, and/or argumentative.

5.  Defendant objects to each of the discovery requests to the extent they seek information that is protected by the work product doctrine, attorney-client privilege, litigation privilege, bank examiner privilege, or any other privilege, protection, contractual restriction on disclosure, or immunity applicable under governing law. Defendant does not waive any privilege or immunity from disclosure, including, without limitation, the attorney-client privilege, the accountant-client privilege, the bank examiner privilege, the joint defense or common interest exception to waiver of privilege, or the work product doctrine, which may attach to the information responsive to each discovery request. Inadvertent production of information that is privileged or otherwise immune from discovery shall not constitute a waiver of any such privilege or a waiver of any other grounds for objecting to discovery with respect to such information or of Defendant's right to object to the use of such information or of Defendant's right to object to the use of such information during any subsequent proceedings.

6.  Defendant is providing its responses herein without waiver of or prejudice to its right at any later time to the following:

    a.  all objections as to competency, relevancy, materiality, and admissibility;

    b.  all objections as to vagueness, ambiguity, annoyance, embarrassment, oppression, and undue burden;

c.      the right to object on any ground to the use or admissibility of any of the documents or information produced herein in any subsequent proceedings, including the trial of this or any other action; and

d.      the right to object on any ground to any further request for discovery involving or related to any of the present requests or responses.

8.      Defendant expressly reserves the right, without imposing on it any duty not required by the Federal Rules of Civil Procedure, to revise, correct, add to or clarify the objections and responses set forth herein when and if additional information comes to its attention. Failure to object herein shall not constitute a waiver of any objection that Defendant may interpose as to future supplemental responses.

9.      All statements and objections set forth in paragraphs 1-9 above are incorporated in the responses set forth below and qualify Defendant's responses, whether explicitly or implicitly, that Defendant will provide the information sought.

## SPECIFIC RESPONSES TO DISCOVERY REQUEST

RESPONSE TO REQUEST NO.1: Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned counsel is answering Interrogatory #1.

RESPONSE TO REQUEST NO.2: Defendant objects on the grounds that Plaintiff's request is duplicative, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the undersigned's signature block provides the relevant information.

RESPONSE TO REQUEST NO.3:  Defendant objects on the grounds that Plaintiff's request is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible or relevant evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.4:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.5:  Defendant does not possess any "consumer reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.6:  Defendant does not possess any "investigative reports" as defined in the Plaintiff's Corrected First Request for Production.

RESPONSE TO REQUEST NO.7:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.8:  Defendant does not possess any documents as requested per Request for Production 8.

RESPONSE TO REQUEST NO.9:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.10:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.11:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper). However, to the extent that this request is not objectionable, the Plaintiff is already in possession of the two "December 24th" letters attached to Plaintiff's Second Amended Complaint (DE 48) as Exhibit "E".

RESPONSE TO REQUEST NO.12:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.13:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.14:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.15:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.16:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.17:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.18:  Defendant objects on the grounds that Plaintiff's request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.19:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.20:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.21:  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.22 (*Mislabeled as the 2nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So. 2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

RESPONSE TO REQUEST NO.23 (*Mislabeled as the 3nd #21*):  Defendant objects on the grounds that Plaintiff's request is overbroad, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. *See Caribbean Sys., Inc. v. Security Control Sys., Inc.*, 486 So.

2d 654 (Fla. 3d DCA 1986) (finding request for "all" documents between parties overbroad and improper).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this __20th__ day of September, 2016, to all parties listed on the attached service list.

By: __/s/ Matthew L. Schulis, Esq.__
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| John Pinson | |
| --- | --- |
| 526 Westwood Road | |
| West Palm Beach, Florida 33401 | |
| 561-833-4816 | |
| john@pinson.com | |
| *Pro Se Plaintiff* | |

ALAW #14-128384



"Exhibit M"

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

     Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

     Defendant   /

**"Exhibit D"**

FILED BY ___ D.C.
SEP 27 2016

## PLAINTIFF'S CORRECTED MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S CORRECTED FIRST SET OF INTERROGATORIES

    **COMES NOW**, the Plaintiff pro se, John Pinson, pursuant to F.R.C.P. Rules 33 and 37, who hereby respectfully requests that the Honorable Court to issue an order to compel requiring Defendants to provide better responses to: Plaintiff's Corrected first set of Interrogatories to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC, and states in support:

### Introduction

    This action commenced on January 6, 2014. Plaintiff sues defendants James E Albertelli PA and Albertelli Law Partners LLC for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; and of the Florida Consumer Collection Practices Act (FCCPA) FLA. STAT. §559 (Part VI).

    On July 25, 2016, Plaintiff served "Plaintiff's Corrected first set of Interrogatories to Defendant James E Albertelli PA individually and James E Albertelli PA as Successor by Merger to Albertelli Law Partners LLC" (attached as "Exhibit A") on Defendants. Plaintiff served discovery via FedEx #7768-2660-1991 and a copy of proof of receipt with signature on July 25, 2016, is attached as "Exhibit B". Cover letter attached as "Exhibit C".

    Plaintiff attempted to get a response to his first set of interrogatories telephone and by e-mail: on August 20, 2016 (attached as "Exhibit D") with read receipt (attached as "Exhibit E"); September 6, 2016 (attached as "Exhibit F"); September 22, 2016 (attached as "Exhibit G") with read receipt (attached as "Exhibit H"). Plaintiff received an e-mail auto reply that opposing counsel would be unavailable (attached as "Exhibit I"). Plaintiff sent a final e-mail

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First Set of Interrogatories – Case No.: 14-cv-80009 - Page 1 of 12

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 076 of 121

Page 001 of 46

September 22,2016 , indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline (attached as "Exhibit J") with read receipt (attached as "Exhibit K").

Plaintiff received "Defendant's Reply to Plaintiff's Interrogatories" (attached as "Exhibit L") send via FedEx on September 20, 2016 and received by Plaintiff on September 23, 2016,  (see attached "Exhibit  M").

*Specifically*, Plaintiff states the responses he received are improper for the following reasons: The responses were not answered under oath; formulaic objections; formulaic objections followed by an answer to the request; unfounded claims of privilege; fails to show undue burden; fails to address question relevant to bona fide error defense; fails to discuss document retention and destruction policy; responses untimely and objections deemed waived, and he discusses each in turn:

*First*, the responses were not answered under oath as required by FRCP 33(b)(3) which states:

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."

Because the interrogatories are not answered under oath they are not admissible as evidence. Defendants should be required to answer interrogatories under oath. Further, counsel seems to intimate he is answering interrogatories which if signed by him under oath would render him deposable by Plaintiff. See answer to interrogatory number 1 which states:

"See the undersigned individual with assistance of Defendant's counsel. All communications must be directed to Defendant's counsel"

This is not a proper answer. Interrogatories should be answered under oath.

*Second*, in Interrogatories No's.: 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 the Defendants use the similar formulaic objection in each and every response without specifying the grounds for the objection. For example:

"Objection, overbroad and not reasonably calculated to lead to the discovery of

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page **2** of **12**

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits  - Page 077 of 121          Page 002 of 46

admissible evidence."

However, this formulaic objection is improper and is not adequate to voice a successful objection. As the party opposing discovery, Defendants have the burden of proving that the requested discovery should be disallowed. The Defendants should be required to provide better responses.

*Third*, in Interrogatories No's: 6, 7, 8, 11, 12, 13, 14, 15, 19, and 24, Defendants recite the formulaic objection noted *supra* followed by an answer to the request, each answer starting with "Without waiving this objection". For example:

> No. 6: "Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege- no statements were provided to the Defendant."
> No. 7: "Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege-the relevant documents were previously filed and attached to the complaint and amended complaint."
> No. 8: "Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege- Plaintiff's Appendix "B" attached to Plaintiff's Second Amended Complaint (DE 48); Plaintiff's Appendix "E" attached to Plaintiff's Second Amended Complaint (DE 48)."

This type of objection and answer is improper, and preserves nothing and serves only to waste the time and resources of the Plaintiff and this Court. Further, this practice leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. The Defendants should be required to provide better responses.

*Fourth*, in Interrogatories No's: 4, 5, 6, 7, 8, 14, 21, 22, 23, and 24 contain Defendants unfounded claims of privilege.  For example in No 21:

> "Objection- Attorney-Client privilege and Attorney Work Product privilege."

Defendants fail to make specific claims of privilege and instead use boiler plate language. Defendants should be required to provide better answers.

*Fifth*, In response No 15, Defendants fail to show any basis for an objection of

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No : 14-cv-80009 - Page 3 of 12

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 078 of 121                    Page 003 of 46

"Burden". Generally one might consider life a burden. This is not a proper objection and Defendants should be required to provide a better response.

*Sixth*, In Interrogatories No. 11, 16, 18, 19, and 23 the Defendants should be required to provide better responses because they have alleged "bona fide error" defense in their affirmative defenses and plaintiff's interrogatories are relevant and within scope of this defense. Defendants should be required to provide a better response

*Seventh*, because of the nature of this case Defendants should be required to answer Interrogatory 20 discussing their records retention and destruction policy. Defendants should be required to provide a better response.

*Finally*, Defendants did not answer Plaintiff's interrogatories timely, they were answered substantially late. FRCP 33(b)(4) states:

> "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." (emphasis added").

Defendants cannot show good cause for their delay. Defendants actions are clearly dilatory, and obstructionist. Further, the interrogatory responses were not answered under oath and are useless to Plaintiff as evidence. Because Defendants interrogatory responses were substantially untimely due to Defendants resistance to Plaintiff's discovery requests, all objections contained in the responses are deemed waived. The Court should uphold Defendants interrogatory response objections as waived and defendants should be required to provide better responses.

These requests are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

On September 22, 2016, Plaintiff sent an e-mail (attached as "Exhibit J") indicating that if the discovery responses were not received or were insufficient that because of the discovery cutoff the time will be too short to confer by telephone before the Monday filing deadline and Plaintiff would be forced to file his motion without conferring or miss the discovery cutoff deadline; receipt of e-mail is attached as "Exhibit K"; Plaintiff received no reply.

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page **4** of **12**

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 079 of 121                          Page 004 of 46

Because Plaintiff was unable to confer with Defendants, the dispute remains unresolved. Because of the urgency of the discovery deadline and because of opposing counsel's unavailability, Plaintiff files his motion without the good faith conference.

As shown supra, Plaintiff did attempt to confer with Defendants in a good-faith effort to resolve the dispute without court action, as required by F.R.C.P. 37(a)(1) and L.R. 7.1(a)(3) and as shown in the incorporated certificate of conference.

### Argument

Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A court may compel responses to discovery if a party did not respond or permit inspection under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

The district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (*quoting Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

"The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Convertino v. United States Department of Justice*, 565 F.Supp.2d 10, 12 (D.D.C. 2008). Courts have determined that "[a] showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.' "*Meijer, Inc. v. Warner Chilcott Holdings Co.*, III, Ltd., 245 F.R.D. 26, 29–30 (D.D.C. 2007).

Courts have observed that "[i]n accordance with these considerations, courts generally employ a balancing test, weighing the burdensomeness to the [party on which the discovery was served] against the [need of the party which served the discovery] for, and the relevance of, the information being sought." *Flanagan v. Wyndham International Inc.*, 231 F.R.D. 98,

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page 5 of 12

Case No.: 14-cv-80009                                                                 Page 005 of 46
Plaintiff's Opposition to Protective Order and exhibits   - Page 080 of 121

Case 9:14-cv-80009-DTKH   Document 133   Entered on FLSD Docket 10/03/2016   Page 81 of
Case 9:14-cv-80009-DTKH   Document 124   Entered on FLSD Docket 09/28/2016   Page 6 of 46
121

102–03 (D.D.C.2005).

As the party resisting discovery, Defendant has the burden to clarify and explain their objections to provide factual support for such objections. *Doe v. Mercy Health Corporation*, 1993 WL 377064 at 3 (E.D. Penn. 1993); *Martin v. Eaton Publishing Co.*, 85 F.R.D. 312 (E.D. Pa. 1980); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980). In order to adequately make a showing, Defendants must file affidavits or provide other evidence that demonstrates that an undue burden exists. *See e.g. Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).  Otherwise, the court cannot adequately rule on the validity of the objections. *Id.* at 58; *accord Panola Land Buyers Ass's v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (holding that a party objecting to discovery must specifically show how each discovery request is overly broad or burdensome in order for the court to understand why the discovery requests are objectionable). Defendants in the instant case have not specifically stated why the Interrogatories are overbroad and burdensome, and therefore, fail to comply with the Eleventh Circuit's mandate in *Panola*.

*Specifically*, Plaintiff states the responses he received are improper for the following reasons: The responses were not answered under oath; formulaic objections; formulaic objections followed by an answer to the request; unfounded claims of privilege; fails to show undue burden; fails to address question relevant to bona fide error defense; fails to discuss document retention and destruction policy; and, responses untimely and objections deemed waived.

*First*, the responses were not answered under oath as required by FRCP 33(b)(3) which states: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Because the interrogatories were not answered under oath they are not admissible as evidence. Opposing counsel knows this and should have properly submitted the responses – but he did not! Further, counsel seems to intimate he is answering interrogatories which if signed by him under oath would render him deposable by Plaintiff. See answer to interrogatory number 1 which states: "See the undersigned individual with assistance of Defendant's counsel. All communications must be directed to Defendant's counsel". This is not a proper answer. Interrogatories should be answered under oath. The Defendants should be required to answer the interrogatories under oath as required by FRCP 33(b)(2).

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page **6 of 12**

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 081 of 121          Page 006 of 46

*Second*, in Interrogatories No's.: 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 the Defendants use the similar formulaic objection in each and every response without specifying the grounds for the objection. For example: "Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence." Defendants fail to stste the grounds for the objections with specificity as required by FRCP 33(b)(4).

Defendant's objections lack specificity and are merely generalized, vague, or boilerplate objections, and as such do not comply with the F.R.C.P. or the Local Rules and should not be sustained by this Court. See Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); S.D. Fla. L.R. 26.1(g)(3)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds.")

The party opposing discovery has the burden of proving that the requested discovery should be disallowed. *Carrigan v K2M Inc.*, 2011 WL 1790423 at *4 (CD Ill), *citing Etienne v Wolverine Tube, Inc.*, 185 FRD 653, 656 (D Kan 1999); *Golden Valley Microwave Foods, Inc. v Weaver Popcorn Co.*, 132 FRD 204, 207 (ND Ind 1990); *Flag Fables, Inc. v Jean Ann's Country Flags and Crafts, Inc.*, 730 FSupp 1165, 1186 (D Mass 1989). The objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant. *See*, for example, *Telco Group Inc v Ameritrade Inc.*, 2006 WL 560635 (D Neb); *Roesberg v Johns-Manville Corp.*, 85 FRD 292, 297 (D Pa 1980).

The interrogatories are within the scope of discovery permitted by Rule 26(b). The information responsive to this request is relevant and necessary to Plaintiff's case . Relevancy is construed to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez  v. DaimlerChrysler Corp.*, 206 FRD 615, 619 (SD Ind 2002) (*quoting Oppenheimer Fund, Inc. v Sanders*, 437 US 340, 351, 98 S Ct 2380, 57 LEd2d 253 (1978)).

If the basis for an objection is lack of relevance, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*; *Sheehan v Kruger*,2012 WL 6049007 (ND Ind). Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Herbert v Lando*, 441 U.S. 153, 177

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page 7 of 12

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 082 of 121                    Page 007 of 46

(1979); *Jefferys v LRP Publications, Inc.*, 184 FRD 262, 263 (ED Pa 1999). Plaintiff contends his discovery requests are reasonably calculated to lead to the discovery of admissible evidence. The Defendants should be required to provide better responses.

Third, in Interrogatories No's: 6, 7, 8, 11, 12, 13, 14, 15, 19, and 24, Defendants recite the formulaic objection noted supra followed by an answer to the request, each answer starting with "Without waiving this objection". Defendants recite the formulaic objection noted supra followed by an answer to the request. F.R.C. P. 37(a)(4). The request is within the scope of discovery permitted by Rule 26(b). The information responsive to this request is necessary to this case. This type of objection and answer is improper, and leaves Plaintiff uncertain as to whether the question actually has been fully answered or whether only a portion of the question has been answered. The Defendants should be required to provide better responses.

Fourth, in Interrogatories No's: 4, 5, 6, 7, 8, 14, 21, 22, 23, and 24 contain Defendants unfounded claims of privilege.  For example in No 21: "Objection- Attorney-Client privilege and Attorney Work Product privilege." Defendants fail to make specific claims of privilege and instead use boiler plate language. Defendants should be required to provide better answers. There are several problems with this objection. First and foremost, Defendant failed to provide a privilege log as required by Rule 26. Second, the documents can be redacted, thereby easily resolving privacy issues. Third, a joint stipulated protective order can be entered into between the parties with Court approval that is sufficient to safeguard privacy information. Plaintiff raised submitting a joint stipulated protective order with opposing counsel but his suggestion was ignored and any discussion was refused.

When issues of privilege arise, the common accepted solution is the Privilege Log. *See Avery Dennison Corp., v. Four Pillars*, 190 F.R.D. 1 (D.D.C. 1999). The Log, in essence, catalogs and briefly describes the materials that contain privileged information without revealing the specific contents. Defendants fail to provide any privilege log with their discovery responses. The Defendants should be required to provide better responses and/or a privilege log.

*Fifth*, In response No 15, Defendants fail to show any basis for an objection of "Burden". This is not a proper objection and Defendants should be required to provide a better response.

Central to this suit is Defendants communications in which they assert to represent a party that has in writing disavowed ownership of debt. Defendants should be required to identify the alleged owner of the debt they attempted to collect on. Defendants in their communications

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-80009 - Page 8 of 12

Case No.: 14-cv-80009                                                              Page 008 of 46
Plaintiff's Opposition to Protective Order and exhibits  - Page 083 of 121

attempted to take a legal action they are not legally entitled to take, and discovery of the facts requested will narrow the issues for trial and are essential for Plaintiff to make his case.

With an objection of undue burden as the Defendants have asserted, the Defendants must substantiate their objection with affidavits or other evidence revealing the nature and extent of the burden. *See ANGEL Learning Inc v Houghton Mifflin Harcourt Publishing Co.*, 2010 WL 2243367 at \*2-3, *citing Box v A&P Tea Co.*, 772 F2d 1372, 1379 n.5 (7th Cir 1985).

If Defendants party fails to sustain its burden, Rule 37 allows the Court to enter an order compelling the party to comply with discovery requests. FRCP 37. *See, Gateway Sys., Inc. v Chesapeake Sys. Solutions, Inc.*, 2011 WL 1312168 (ND Ill). Because the Defendants make an ungrounded objection of burden, the court should order Defendants to comply completely with the request.

*Sixth*, In Interrogatories No. 11, 16, 18, 19, and 23 the Defendants should be required to provide better responses because they have alleged "bona fide error" defense in their affirmative defenses and plaintiff's interrogatories are relevant and within scope of this defense. These interrogatory responses are essential to building Plaintiffs case and in addressing Defendants affirmative defense pled. Defendants should be required to provide a better response to those discovery requests aimed at matters material to a bona fide error defense.

*Seventh*, because of the nature of this case Defendants should be required to answer Interrogatory 20 discussing their records retention and destruction policy. This case centers around written communications between the parties. Because Defendants assert "bona fide error" defense as an affirmative defense, the Plaintiff should be able to discover communications regarding Plaintiff that may have materially affected Defendants actions. Further, because the case centers around communications, ascertaining Defendants record retention and destruction policy and practices is relevant and material, and may be used to more narrowly tailored deposition of identified employees of Defendants. Defendants should be required to provide a better response regarding document retention and destruction policies.

*Finally*, Defendants did not answer Plaintiff's interrogatories timely, they were answered substantially late. FRCP 33(b)(4) states: "The grounds for objecting to an interrogatory must be stated with specificity. **Any ground not stated in a timely objection is waived** unless the court, for good cause, excuses the failure." (emphasis added").

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page **9** of 12

Case No.: 14-cv-80009

Plaintiff's Opposition to Protective Order and exhibits   - Page 084 of 121                    Page 009 of 46

Defendants cannot show good cause for their delay. Defendants actions are clearly dilatory, and obstructionist. Further, the interrogatory responses were not answered under oath and are useless to Plaintiff as evidence. Because Defendants interrogatory responses were substantially untimely due to Defendants resistance to Plaintiff's discovery requests, all objections contained in the responses are deemed waived FRCP 33(b)(4). The Court should uphold Defendants interrogatory response objections as waived under FRCP 33(b)(4) and defendants should be required to provide better responses.

To the extent Defendants claim affirmative defense of "bona fide error", Plaintiff is well within scope and relevancy to discover Defendants information regarding training materials and records to avoid such errors, Defendants employees records of similar errors, and Defendants history for similar violations.

To the extent Plaintiff seeks information regarding Defendants financial standing, such information is specifically discoverable under FRCP 26(b)(1)). *Hall v. Harleysville Insurance Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995), and is necessary for Plaintiff to calculate Defendants ability to satisfy any judgment rendered.

The requested Interrogatories are relevant, proper, required for the preparation of the Plaintiff's case and should be answered; they do not seek information that is subject to any privilege or work product protection. Because Defendants answers are insufficient and objections are improper, the Court should compel Defendants to properly respond to the Plaintiff's discovery requests.

Plaintiff asks the Court to impose sanctions on Defendants for their refusal to comply with the discovery request. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff asks the Court to award a reasonable sum as the court sees just to be deposited into the Courts general operating fund.

The sanction requested is the least severe sanction available to remedy the wrong.

## Conclusion

Because Plaintiff's Interrogatories are proper and because Defendants have refused to comply with the rules, the Court should compel Defendants to respond adequately and should award sanctions against Defendants payable into the courts general operating fund and any other proper relief.

## <u>CERTIFICATE OF GOOD FAITH</u>

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page 10 of 12

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits  - Page 085 of 121                    Page 010 of 46

Pursuant to Local Rule 7.1(a)(3), Plaintiff *pro se* hereby certifies that he attempted to confer with opposing counsel via telephone and e-mail as detailed *supra*, and evidenced in attached Exhibits also discussed *supra*. Opposing counsel Mr. Schulis is out of the office and unavailable and because of the urgency of the discovery cutoff deadline, Plaintiff was unable to have the required good faith conference prior to filing this motion. *See* "Exhibits I & K"

**WHEREFORE**, the Plaintiff *pro se*, John Pinson, respectfully moves this Honorable Court to issue an Order: granting plaintiff's motion to compel requiring defendants to provide better responses to: Plaintiff's Corrected first set of Interrogatories; and any other relief as deemed equitable and just.

Dated: September 26, 2016      Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Court, and is served by CM/ECF upon entry into the docket on all counsel, by the mandatory CM/ECF system, on the Service List below.

Signed September 26, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
mschulis@albertellilaw.com
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
Tel: 813-221-4743x 2621
Fax: 813-221-9171
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page 11 of 12

Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 086 of 121      Page 011 of 46

**Documents attached:**

Exhibit A - 13 Pages

Exhibit B - 1 Page

Exhibit C - 1 Page

Exhibit D - 1 Page

Exhibit E - 1 Page

Exhibit F - 1 Page

Exhibit G - 1 Page

Exhibit H - 1 Page

Exhibit I - 2 Pages

Exhibit J - 1 Page

Exhibit K - 1 Page

Exhibit L - 9 Pages

Exhibit M - 1 Page

**Total Pages attached  - 34**

Plaintiff's Corrected Motion to Compel Better Responses to Corrected First set of Interrogatories – Case No.: 14-cv-80009 - Page **12** of **12**

Case No.: 14-cv-80009                                                                              Page 012 of 46
Plaintiff's Opposition to Protective Order and exhibits   - Page 087 of 121

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### CASE NO.: 14-80009-CIV-HURLEY/HOPKINS

**John Pinson,**

      Plaintiff

vs

**ALBERTELLI LAW PARTNERS LLC, et. al**

    Defendant    /

"Exhibit A"

## PLAINTIFF'S CORRECTED FIRST SET OF INTERROGATORIES TO DEFENDANT JAMES E ALBERTELLI PA INDIVIDUALLY AND JAMES E ALBERTELLI PA AS SUCCESSOR BY MERGER TO ALBERTELLI LAW PARTNERS LLC

To:    Defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively and hereinafter referred to as "ALBERTELLI", through its attorney of record, Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609.

### Via FedEx #7768-2660-1991

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories propounded by Plaintiff herein within thirty (30) days from service hereof in accordance with the provisions of Rule 33, *et seq.,* of the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## <u>GENERAL INSTRUCTIONS</u>

1. In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

2. If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

3. Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able

to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

4. You are advised that the propounding party understands the attorney client privilege and the attorney work product privilege. The propounding party is not seeking information which is truly attorney client or attorney work product privileged. However, your response will be considered insufficient and a motion to compel will be filed if you respond generally that the information sought is attorney client or attorney work product privileged. If in response to a particular interrogatory or request there is some information which is privileged and some information which is not privileged a general objection is not acceptable. The propounding party is seeking only non-privileged information and documents.

## CONDITIONS

1. **"Identify"** when used in connection with natural persons shall mean the full name, and present business address, if known, and otherwise present home address, and city of residence, if known.

2. **"Identify"** when used in connection with documents shall mean the identification in form adequate for a specific demand production, e.g. by author, addressee, title, date and custodian. Unless otherwise indicated, documents to be identified shall include both documents in your possession, custody, and control and other documents of which you or your representatives have knowledge.

3. **"Representatives"** include attorneys, employees, agents or other persons acting on your behalf.

4. To the extent that you claim a privilege with respect to any interrogatory, please state with particularity the nature of the title of the information, document or thing and the ground or grounds of the privilege which you claim with respect to each.

5. In answering the following interrogatories please furnish all information which is available to you, including not only information from your personal knowledge but also information in the possession of your attorney or agent.

6. If the answer to any interrogatory requires a source of information which is claimed to be outside your possession, custody and control identify who has possession and control of such information.

## DEFINITIONS

1. "You" includes James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(ies) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated. You may also be referenced herein simply as "ALBERTELLI" or "DEFENDANT".

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and

Plaintiff's First Set of Interrogatories to Albertelli – No. 9:14-cv-80009 - Page 2 of 13
Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 089 of 121                    Page 014 of 46

without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meeting or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns, invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, tele-faxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photo static or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

3. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state: (a.) The nature of the document (e.g., letter, memorandum, contract, etc.); (b.) The author or sender of the document; (c.) The recipient of the document; (d.) The date the document was authored, sent, and/or received; and (e.) The reason such document is allegedly privileged.

4. "Person" includes all natural persons, as well as artificial persons of any kind, including without limitation corporations, professional associations, limited liability companies, general and limited partnerships, trusts, estates, unincorporated associates, or other groups separately identified no matter how organized.

5. "And" as well as "for" shall be construed either conjunctively or disjunctively so as to bring within the scope of the request any documents that might otherwise be considered outside the scope.

6. Wherever appropriate, the singular form of a word shall be interpreted in the plural and vice versa so long as to bring within the scope of the request any documents that might otherwise be considered outside its scope.

7. "Concerning" as used herein, shall include, but not be limited to:" referring to, relating to, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting, summarizing, mentioning, recording, evidencing, supporting, contradicting or rebutting, directly or by inference.

8. The term "ACCOUNT" refers to any alleged account(s) referenced in this action.

## INTERROGATORY INSTRUCTIONS

1. Interrogatories shall be answered in writing under oath (form provided) by the party upon who served, if any individual, or, if a public or private corporation a partnership or association, by an officer or agent, who shall furnish all information available to the party.

2. Within 30 days, each question shall be answered separately, fully, and responsively in the space provided following the interrogatory or, if insufficient, on additional pages or retyped pages repeating each interrogatory in full followed by the answer, in such manner that the final document shall have each interrogatory immediately succeeded by the separate answer.

3. If, in any interrogatory, a copy of a paper or document is requested, a complete and legible copy shall be annexed to the answer. If the copy of the report of an expert witness or a treating physician, it shall be the exact copy of the entire report or reports rendered by the witness or physician, regardless of the form in which rendered.

4. The party who is served with the interrogatories shall serve his answers thereto by mail or delivery in hand, upon the party propounding them within thirty (30) days after service of such interrogatories, or within thirty (30) days after the return day, whichever date is later or as instructed by the Court.

5. The answers shall be served, together with the original and one copy of the interrogatories, upon the propounding party if copies of papers are annexed to answers, they need to annex to only one set.

6. If any interrogatory propounded herein is objected to, the answering party shall, nevertheless, make timely answer to all questions to which there is no objection.

7. If objections are made to any interrogatories herein, it is the responsibility of counsel for the objecting party to initiate and attempt in good faith to settle the objections by agreement and to notify the Clerk if the objects are settled by agreement. If counsel is unable to settle objections, it is the responsibility of counsel for the objection party to notify the Clerk and request a hearing on such objections as remain unsettled.

8. Where an objection to an interrogatory has been withdrawn by agreement of counsel or has been overruled by the Court, the answer to such interrogatory shall be served within ten (10) days thereafter.

9. It is not grounds for refusal to answer a particular question that the testimony would be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence and does not violate any privilege.

10. In order to answer the following interrogatories, you are to make such inquiry of your agents employees, attorneys accountants, or other persons over whom you exercise control with respect to the subject matter, and examine all records, files and documents in your possession, custody or control or that of your agents, employees, attorneys, accountants, or other persons over whom you exercise control with respect to the subject matter, which is any way concern the matter deal with by these interrogatories so as to enable you to make complete and true answers to them.

11. If you cannot answer any of these interrogatories fully and responsively, you are to answer them to the best of your ability, stating the specific reason or reasons for your inability to be more thorough or precise.

## DOCUMENT INSTRUCTIONS

1. Unless otherwise specified, each request is for documents in your possession, custody or control, or that of your agents, representatives, including with limitation, accountants, attorneys, employers and investigators wherever located. As to any document relating to the matters described herein which is not in your possession, custody or control, but which you know to exist, you are requested to identify such document (including where applicable the date, general description, the author and address) and indicate to the best of your ability its present or last known location or custodian.

2. If you consider any document called for in this request to be privileged from production, you are to include in your written response a list of such documents, including the type of document, the date, identification of the author, addressee, and those shown as receiving

copies thereof, a description of the subject matter, and a statement of the ground upon which each such documents is considered privileged.

3. If objection is made to a part of a particular request, that part shall be specified, and documents shall be produced for all parts of the request for which objection is not made.

4. All documents which are produced shall be produced as they are kept in usual course of business and be organized and labeled to correspond with the categories in the request to which they are responsive.

5. You are reasonably to supplement your responses as required by Rule 26(e).

6. Legible copies are requested to be produced in all instances.

7. If no documents exist in response to any request, state affirmatively that no documents exist in response to that request.

8. When you are asked to "List all documents and the location thereof relating or referring to ....." It means any documents in your control or possession, or in the control or possession of your attorney or previously in your control or possession of your attorney.

## **INTERROGATORIES**

### **Interrogatory No. 1**

Please state the full name, present address, employer, title, and occupation of all persons providing information and documents responsive to these requests.

ANSWER:

### **Interrogatory No. 2**

Please provide the following information: Your Full Name; Your Full Business Name; Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.); Form of Business Organization (e.g. corporation, partnership, LLC, sole proprietorship, etc.).

ANSWER:

### **Interrogatory No. 3**

Please identify all individuals known to you or your attorney who are witnesses to the events described in Plaintiff's complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each such person, please provide a brief summary of facts to which each might or could testify. Also for each such person, please state the following:

a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

c) Please explain and describe your understanding of their knowledge of such facts.

ANSWER:


**Interrogatory No. 4**

Please identify each employee or non-employee expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

ANSWER:


**Interrogatory No. 5**

Please identify all individuals known to you or your attorney who are not witnesses, but who you have reason to believe have knowledge pertinent to the events at issues as alleged in the complaint, and provide a brief summary of the facts to which each such person could testify. For each person, please state the following:

a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;

c) Please explain and describe your understanding of their knowledge of such facts.

ANSWER:

### Interrogatory No. 6

Please state whether any of the individuals listed in the answers to the preceding interrogatories have given any statement(s) to you and, if so, please identify the individual giving the statement, identify the individual to whom the statement was given, the date of the statement, and whether or not the statement was written or recorded and, if it was written or recorded, identify the individual presently in possession of it.

ANSWER:


### Interrogatory No. 7

Please list, explain, and describe documents known to you or believed by you to exist concerning the communications and events described in Plaintiffs complaint or concerning any event which is the subject of any defense you have raised or may raise in this lawsuit.

ANSWER:


### Interrogatory No. 8

Please list each exhibit which you may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by any expert witness on your behalf.

ANSWER:


### Interrogatory No. 9

For each paragraph of Plaintiff's complaint which you deny the allegations, please explain and describe any facts which you believe may support each denial.

ANSWER:

**Interrogatory No. 10**

Have you ever been involved in any other legal action, either as a Defendant or a Plaintiff where allegations were raised concerning violations of the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act? If so, please state:

a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of any attorneys representing each party;

b) A description of the nature of each such action; and

c) The result of each such action, whether there was an appeal and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

ANSWER:


**Interrogatory No. 11**

Please explain and describe any complaints or reprimands you have had about any individual who engaged in any communication with Plaintiff, regardless of the nature of the complaint(s) or reprimand(s).

ANSWER:



**Interrogatory No. 12**

Please list, describe, and explain in detail each item imposed upon any alleged account of the Plaintiff on which you were attempting to collect, the amount of each charge imposed, the date of each charge imposed, the nature of each charge imposed, and the legal basis for each charge imposed which in any way added to the amount allegedly due by Plaintiff.

Plaintiff's First Set of Interrogatories to Albertelli – No. 9:14-cv-80009 - Page **8** of 13
Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 095 of 121                    Page 020 of 46

ANSWER:


**Interrogatory No. 13**

Please list, describe, and explain the legal basis you believe you had for the attempted collection of any alleged debt from the Plaintiff.

ANSWER:


**Interrogatory No. 14**

Please list, describe, and explain the terms of any agreement or contract you had with any alleged original creditor, successor creditor and/or any other debt collector and identify any creditor or collector.

ANSWER:


**Interrogatory No. 15**

Please identify any alleged creditor and describe the timing and chain of events leading to alleged creditor's acquiring any alleged dent of Plaintiff starting from starting from the origination of alleged debt, and identify the documents evidencing the chain of events from origination to acquisition.

ANSWER:


**Interrogatory No. 16**

Please list, describe, and explain your policies and procedures to comply with the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act.

ANSWER:

**Interrogatory No. 17**

Please list, describe, and explain each and every instance in which you violated any portion of the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act with regards to Plaintiff from January 2013 to the present.

ANSWER:

**Interrogatory No. 18**

Please provide the training program ALBERTELLI provides its employees in regards to circumventing the FDCPA and the FCCPA.

ANSWER:

**Interrogatory No. 19**

Please show how ALBERTELLI complied with FL. Stat. 559.715.

ANSWER:

**Interrogatory No. 20**

Describe ALBERTELLI's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related any way to this lawsuit, have ever been destroyed or are no longer in your custody.  For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or

Plaintiff's First Set of Interrogatories to Albertelli – No. 9:14-cv-80009 - Page 10 of 13
Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 097 of 121
Page 022 of 46

to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

ANSWER:

**Interrogatory No. 21**

ALBERTELLI or Attorney. Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when, and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

ANSWER:

**Interrogatory No. 22**

If you answered any of the Plaintiff's Requests for Admission with anything other than an unqualified admission, list every individual reason why you did so, describe each factual position and identify all documents which support your answer.

ANSWER:

**Interrogatory No. 23**

Please describe in detail your exact procedures of reviewing information contained in your files before signing or sending a communication to a consumer or before taking any legal action against a consumer, and identify the supervisor or responsible party for compliance with your procedures and applicable consumer protections laws.

ANSWER:

**Interrogatory No. 24**

Plaintiff's First Set of Interrogatories to Albertelli – No. 9:14-cv-80009 - Page 11 of 13
Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 098 of 121                    Page 023 of 46

Please set forth in detail why you assert Albertelli Law Partners LLC was not a debt collector toward Plaintiff.

ANSWER:

## <u>OATH</u>

I, _____, do hereby depose and state the answers set forth to the foregoing Interrogatories are true and correct to the best of my knowledge and belief.

Dated this _____ day of _____, 2016.

_____
Signature

_____
**Print Full Name and Title**

STATE OF: _____

COUNTY OF: _____

The foregoing instrument was acknowledged before me this _____ day of _____, 2016, by _____, who is personally known to me or who produced _____, as identification and did take an oath.

NOTARY PUBLIC

SIGN: _____

PRINT: _____               (Seal):

My Commission Expires:

Plaintiff's First Set of Interrogatories to Albertelli – No. 9:14-cv-80009 - Page 12 of 13
Case No.: 14-cv-80009
Plaintiff's Opposition to Protective Order and exhibits   - Page 099 of 121                    Page 024 of 46

Dated: July 22, 2016                    Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-833-4816
john@pinson.com

## CERTIFICATE OF SERVICE

This shall certify that today I served, via FedEx #7768-2660-1991, a true original copy of Plaintiff's First Set of Interrogatories to the defendant James E Albertelli PA individually and James E Albertelli PA as successor by merger to Albertelli Law Partners LLC, collectively, c/o it's attorney Matthew L. Schulis, Esq. of Albertelli Law, 5404 Cypress Center Drive, Suite 300, Tampa, FL 33609., as listed on the Service List below.

Signed July 22, 2016

John Pinson

### Service List

Matthew L. Schulis, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, FL 33609
*Attorney for Defendants:*
Albertelli Law Partners LLC
James E Albertelli PA



September 19, 2016

Dear Customer:

The following is the proof-of-delivery for tracking number **776826601991**.

"Exhibit B"

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | L.GUEST | **Delivery location:** | 5404 CYPRESS CENTER DR. |
| | | | TAMPA, FL 33609 |
| **Service type:** | FedEx Standard Overnight | **Delivery date:** | Jul 25, 2016 08:51 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |

## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 776826601991 | **Ship date:** | Jul 22, 2016 |

**Recipient:**
Matthew Schulis, Esq.
Albertelli Law
5404 Cypress Center Dr.
Ste. 300
TAMPA, FL 33609 US

**Reference**

**Shipper:**
John Pinson
526 WESTWOOD RD
WEST PALM BEACH, FL 33401 US

ALP/JEA DR1 rev

Thank you for choosing FedEx.

**John Pinson**
526 Westwood Road
West Palm Beach, Florida 33401

*Via FedEx 7768-2660-1991*

"Exhibit C"

July 22, 2016

Matthew Schulis Esq.
Albertelli Law
5404 Cypress Center Dr., Ste. 300
Tampa, FL 33609

     **Re:**  Pinson v. Albertelli Law Partners LLC, et. al.
          Case No.: 9:14-civ-80009

*Enclosed - Corrected Discovery Requests dated July 22, 2016*

Mr. Schulis:

     Yesterday, I sent you my first set of discovery. After sending it, I realized I made a formatting error on the document titles, therefore, to avoid any questions or misunderstandings I have corrected the first set of discovery.

     **Please disregard the erroneous discovery dated July 21, 2016.**

     Per the above captioned, enclosed you will find the following corrected items pertaining thereto:

1. Plaintiff's Corrected First Set of Interrogatories dated July 22, 2016;
2. Plaintiff's Corrected First Requests For Production dated July 22, 2016;
3. Plaintiff's Corrected First Requests for Admission dated July 22, 2016.

     Thanking you for your kind understanding and timely attention here, I am

          Yours Sincerely,

          John Pinson

JP.
Enc: 3
Via:    FedEx 7768-2660-1991

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, August 30, 2016 4:31 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |

| | |
|---|---|
| **Importance:** | High |

"Exhibit D"

Mr. Schulis,

Regarding the above captioned matter, my FedEx receipt indicates your office received and signed for **Plaintiff**'s first set of discovery on July 25, 2016.

Thirty days from that receipt date is August 24, and adding three days for mailing makes August 27, 2016 the day your discovery responses should have been served/received by me.

Today is August 31, 2016,  todays' mail delivery has already occurred, and I still have not received you clients responses to my first discovery requests.

Please advise soonest if you have sent discovery responses, and if so when they were send and by what delivery method. If you have not sent them please let me know why and when you intend to send them.

This is a time sensitive matter and your immediate attention will be greatly appreciated to avoid court intervention.

Cordially,

John Pinson
561-833-4816
john@pinson.com

1

## John D Pinson

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Tuesday, August 30, 2016 4:33 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery |

Your message                                                    "Exhibit E"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery
Sent: Tuesday, August 30, 2016 4:30:52 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Tuesday, August 30, 2016 4:32:31 PM (UTC-05:00) Eastern Time (US & Canada).

1

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Tuesday, September 06, 2016 2:45 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - Discovery conversation follow-up. |
| **Importance:** | High |

"Exhibit F"

Mr. Schulis,

This shall confirm our conversation today at 2 PM regarding Defendants discovery requests. To date, I have not received any discovery requests from your office despite you indicating you sent them. You have no traceable proof that you sent them or that they were received. You have filed a motion to deem admissions admitted and I contend this is unfounded. I have requested you withdraw your motion to deem admissions admitted. You indicated your need to look into this matter and we agreed you will respond to me regarding your findings by close of business Thursday September 8, 2016. In the event you do not withdraw your motion I will be forced to take next steps. The record shows instances of your firm failing to send filings to me and previously I had to seek an order for you to serve all filings on me. Your summary judgment motion shows one date you certify you sent this dispositive motion to me yet the envelope clearly shows a date four days later. I wish to resolve this dispute directly without court intervention. I look forward to your favorable response.

Sincerely,

John Pinson
561-833-4816
john@pinson.com

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2016.0.7752 / Virus Database: 4649/12949 - Release Date: 09/05/16

1

**John D Pinson**

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 10:51 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |
| **Importance:** | High |

"Exhibit G"

Mr. Schulis,

On Tuesday, September 20, 2016, you indicated you were sending by FedEx the very late responses to my first discovery requests which were due to be received by me by August 27, 2016 . As of this evening September 22, 2016, they have not been received. Tampa is only four hours away? Did you send them?

Please advise as to whether you have in fact sent them and when or if you have not sent them whether you intend to do so.

Yours truly,

John Pinson

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 10:52 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests |

Your message                                              "Exhibit H"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 1st Discovery Requests
Sent: Thursday, September 22, 2016 10:50:53 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 10:52:20 PM (UTC-05:00) Eastern Time (US & Canada).

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **Sent:** | Thursday, September 22, 2016 10:41 PM |
| **To:** | John D Pinson |
| **Subject:** | Automatic reply: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 - 2nd Discovery Requests |

"Exhibit I"

I will be out of the office Thursday September 22, 2016 and Friday September 23, 2016 and will be returning to the office on Monday September 26, 2016.

While out, I will have limited access to email however I will attempt to address any urgent matters upon my return to the office. Upon my return I will return messages in the order in which they are recieved.

If you need immeadiate assistance with General Litigation matters please contact Timothy Goodwin at tgoodwin@albertellilaw.com, Julie McDowell at jmcdowell@albertellilaw.com or Scott Acosta at sacosta@albertellilaw.com and they can attempt to assist you with your matter.

If you need immeadiate assistance with Bankruptcy matters please contact BKLit@albertellilaw.com and they can attempt to assist you with your matter.

Please take notice that I do NOT consent to the entry of any proposed agreed orders or as to my availability for any dates proposed by email unless I respond directly to you indicating otherwise.


Cordially,

Matthew L. Schulis, Esq.
Associate Attorney- General Litigation & Bankruptcy
ALBERTELLI LAW
O: (813) 221-4743 ext. 2621  | F:  (813) 221-9171
E: mschulis@albertellilaw.com

This communication, together with any attachments hereto or links contained herein, is intended for the use of the intended recipient(s) only and may contain information that is confidential or legally protected. If you are not the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify the sender immediately by return e-mail message and delete all copies of the original communication, along with any attachments hereto or links herein, from your system. THIS LAW FIRM MAY BE DEEMED A "DEBT COLLECTOR" UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY AND ALL INFORMATION OBTAINED MAY BE USED FOR THE PURPOSE OF COLLECTING A DEBT. CIRCULAR 230 NOTICE: To comply with U.S. Treasury Department and IRS regulations, we are required to advise you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments to this email, is not intended or written to be used, and cannot be used, by any person for the purpose of (i) avoiding penalties under U.S. Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this e-mail or attachment.
The following communication is privileged within the meaning and intent of Fed. R. Evid. 408 and Fla. Stat. § 90.408 and other applicable law and may not be deemed as an admission against interest pursuant to Fed. R.

1

Evid. 801(d)(2), Fla. Stat. § 90.408, Fed R. Bankr. Proc. 9017, or otherwise, or as a waiver of any rights.

NOTICE REGARDING DESIGNATED EMAIL ADDRESS FOR SERVICE  The email address from which this email was sent is for correspondence only.  It has not been designated for service of documents and pleadings and any attempted service to this address will be considered a nullity.  The designated email address for service to Albertelli Law is as follows: servealaw@albertellilaw.com

2

---

## John D Pinson

| | |
|---|---|
| **From:** | John D Pinson <john@pinson.com> |
| **Sent:** | Thursday, September 22, 2016 11:00 PM |
| **To:** | Matthew Schulis |
| **Subject:** | Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |
| **Importance:** | High |

"Exhibit J"

Mr. Schulis,

Despite my many efforts to gain discovery responses, I have not received Albertellis' responses to my first or second sets of discovery – exceedingly late the first set being due August 27, 2016, and the second set being due September 21, 2016.

Because I have not received the discovery responses which were due, I am unable to make any determinations for pre-trial stipulations, and because the discovery period ends Monday September 26, 2016, I intend to move for a continuance. The continuance will allow sufficient time for ensuring that I receive answers to discovery with or without court intervention.

If I receive the discovery responses and they are found to be insufficient, I will be forced to compel better answers. If they do arrive tomorrow, Friday, or thereafter, the time will be too short to confer with you by telephone before the Monday filing deadline.

If the discovery responses fail to arrive, I will be forced to motion to compel discovery responses again on the Monday deadline.

Please respond before end of business Friday indicating whether there is any objection to or concurrence with my intended motion for continuance, so that I may properly draft the motion for the relief I am entitled to.

Yours truly,

John Pinson

1

**John D Pinson**

| | |
|---|---|
| **From:** | Matthew Schulis <mschulis@albertellilaw.com> |
| **To:** | John D Pinson |
| **Sent:** | Thursday, September 22, 2016 11:11 PM |
| **Subject:** | Read: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009 |

Your message                                           "Exhibit K"

To: Matthew Schulis
Subject: Pinson v Albertelli Law Partners LLC - Case No.: 9:14-cv-80009
Sent: Thursday, September 22, 2016 11:00:26 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 22, 2016 11:10:44 PM (UTC-05:00) Eastern Time (US & Canada).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

John Pinson

     **Plaintiff,**

vs.

Albertelli Law Partners LLC,
A Florida LLC; and

**JAMES E. ALBERTELLI PA,**          **Case No.: 9:14-cv-80009-KLR**

A Florida Professional Association,

     **Defendant.**                      **"Exhibit L"**

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S INTERROGATORIES

     COMES NOW Defendant, JAMES E. ALBERTELLI P.A. d/b/a ALBERTELLI LAW and

successor by merger to ALBERTELLI LAW PARTNERS LLC, (hereinafter "Albertelli Law"),

by and through their undersigned attorney, files its reply to the Plaintiff's Corrected First Set of

Interrogatories as follows:

     1.     Please state the full name, present address, employer, title, and occupation of all
persons providing information and documents responsive to these requests.

     **ANSWER:**

     See the undersigned individual with assistance of Defendant's counsel. All
communications must be directed to Defendant's counsel.

     2.     Please provide the following information: Your Full Name; Your Full Business
Name; Your Business Purpose (e.g. Creditor, Lender, Collection Agency, etc.);
Form of Business Organization (e.g. corporation, partnership, LLC, sole
proprietorship, etc.).

     **ANSWER:**

Objection, asked & answered above. Additionally, not relevant, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

3.  Please identify all individuals known to you or your attorney who are witnesses to the events described in Plaintiffs complaint or to any event which is the subject of any defense you have raised to this lawsuit. For each such person, please provide a brief summary of facts to which each might or could testify. Also for each such person, please state the following).

    a.  Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;
    b.  If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit
    c.  Please explain and describe your understanding of their knowledge of such facts.

    **ANSWER:**

    Objection, overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff's attached exhibits constituting the two "December 24th letters" speak for themselves.

4.  Please identify each employee or non-employee expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit.

    **ANSWER:**

    Objection- Attorney Work Product Privileged. Additionally, objection- overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

5.  Please identify all individuals known to you or your attorney who are not witnesses, but who you have reason to believe have knowledge pertinent to the events at issues as alleged in the complaint, and provide a brief summary of the facts to which each such person could testify. For each person, please state the following:

    a.  Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;
    b.  If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart A above, please describe the nature of their involvement in this lawsuit;
    c.  Please explain and describe your understanding of their knowledge of such facts.

**ANSWER:**

Objection- Attorney Work Product Privileged. Additionally, objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

6.  Please state whether any of the individuals listed in the answers to the preceding interrogatories have given any statement(s) to you and, if so, please identify the individual giving the statement, identify the individual to whom the statement was given, the date of the statement, and whether or not the statement was written or recorded and, if it was written or recorded, identify the individual presently in possession of it.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege- no statements were provided to the Defendant.

7.  Please list, explain, and describe documents known to you or believed by you to exist concerning the communications and events described in Plaintiffs complaint or concerning any event which is the subject of any defense you have raised or may raise in this lawsuit.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege-the relevant documents were previously filed and attached to the complaint and amended complaint.

8.  Please list each exhibit which you may attempt to introduce as evidence at the trial of this case, or which has been used or referred to by any expert witness on your behalf.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the aforementioned objection and/or Attorney-Client privilege and Attorney Work Product privilege- Plaintiff's Appendix "B" attached to Plaintiff's Second Amended Complaint (DE 48); Plaintiff's Appendix "E" attached to Plaintiff's Second Amended Complaint (DE 48).

9.    For each paragraph of Plaintiffs complaint which you deny the allegations, please explain and describe any facts which you believe may support each denial.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

10.   Have you ever been involved in any other legal action, either as a Defendant or a Plaintiff where allegations were raised concerning violations of the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act? If so, please state:

    a.  The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of any attorneys representing each party;

    b.  A description of the nature of each such action; and

    c.  The result of each such action, whether there was an appeal and the result of the appeal, and whether such case was reported and the name, volume number, and page citation of the report.

**ANSWER:**

Objection, overbroad not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

11.   Please explain and describe any complaints or reprimands you have had about any individual who engaged in any communication with Plaintiff, regardless of the nature of the complaint(s) or reprimand(s).

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, no complaints or reprimands.

12.   Please list, describe, and explain in detail each item imposed upon any alleged account of the Plaintiff on which you were attempting to collect, the amount of each charge imposed, the date of each charge imposed, the nature of each charge imposed, and the legal basis for each charge imposed which in any way added to the amount allegedly due by Plaintiff.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, none applicable.

13.   Please list, describe, and explain the legal basis you believe you had for the attempted collection of any alleged debt from the Plaintiff.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant is a law firm that received a mortgage foreclosure referral regarding the Plaintiff and the January 1, 2012 default on the mortgage and note executed December 23, 2005 and recorded on January 10, 2006 in Official Records Book 19781 at Page 360 of the Public Records of Palm Beach County, Florida which mortgaged the real and personal property ("Property") described therein.

14.   Please list, describe, and explain the terms of any agreement or contract you had with any alleged original creditor, successor creditor and/or any other debt collector and identify any creditor or collector.

**ANSWER:**

Objection, Attorney-Client privilege. Additionally, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant is a law firm that received a mortgage foreclosure referral from JPMorgan Chase Bank, N.A. regarding the Plaintiff.

15.   Please identify any alleged creditor and describe the timing and chain of events leading to alleged creditor's acquiring any alleged dent of Plaintiff starting from starting from the origination of alleged debt, and identify the documents evidencing the chain of events from origination to acquisition.

**ANSWER:**

Objection, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant is a law firm that received a mortgage foreclosure referral was previously referred to Choice Legal and then transferred to the Defendant on August 6, 2013 regarding the Plaintiff and the January 1, 2012 default on the mortgage and note executed December 23, 2005 and recorded on January 10, 2006 in Official Records Book 19781 at Page 360 of the Public Records of Palm Beach County, Florida which mortgaged the real and personal property ("Property") described therein. During the transfer of the referral the Plaintiff sent the debt validation request (Plaintiff's Appendix "B" attached to Plaintiff's Second Amended Complaint (DE 48)) to the Defendant.

16.   Please list, describe, and explain your policies and procedures to comply with the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act.

**ANSWER:**

Objection, overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

17. Please list, describe, and explain each and every instance in which you violated any portion of the Fair Debt Collection Practices Act and/or the Florida Consumer Collection Practices Act with regards to Plaintiff from January 2013 to the present.

**ANSWER:**

Objection, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

18. Please provide the training program ALBERTELLI provides its employees in regards to circumventing the FDCPA and the FCCPA.

**ANSWER:**

Objection, overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's policies and procedures are protected proprietary information not subject to disclosure in this action.

19. Please show how ALBERTELLI complied with FL. Stat. 559.715.

**ANSWER:**

Objection, overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant received Plaintiff's debt validation request (Plaintiff's Appendix "B" attached to Plaintiff's Second Amended Complaint (DE 48)) and responded as required pursuant to pursuant to 15 U.S.C. § 1692g.

20. Describe ALBERTELLI's procedure and policy with respect to the maintenance, preservation, and destruction of documents, stating in your Answer whether any documents or things relating to any information Requested in these interrogatories, or related any way to this lawsuit, have ever been destroyed or are no longer in your custody. For each such document, please identify the document, how, when and why each document was destroyed or otherwise left your control, the identity of any person who participated in any way in the destruction and/or action for destroying the document or to transfer it out of your control or custody; and if the document still exists, identify the person now having control or custody of the document.

**ANSWER:**

Objection, this request is not reasonably calculated to lead to the discovery of admissible evidence.

21.     ALBERTELLI or Attorney. Please Identify each person who has had any contact or communication on your behalf or with you regarding Plaintiff, state where, how, when, and with whom said contact or communication occurred and in detail and with particularity the substance thereof.

**ANSWER:**

Objection- Attorney-Client privilege and Attorney Work Product privilege. Additionally, objection-this request is not reasonably calculated to lead to the discovery of admissible evidence.

22.     If you answered any of the Plaintiffs Requests for Admission with anything other than an unqualified admission, list every individual reason why you did so, describe each factual position and identify all documents which support your answer.

**ANSWER:**

Objection- Attorney Work Product privilege and objection-this request is not reasonably calculated to lead to the discovery of admissible evidence.

23.     Please describe in detail your exact procedures of reviewing information contained in your files before signing or sending a communication to a consumer or before taking any legal action against a consumer, and identify the supervisor or responsible party for compliance with your procedures and applicable consumer protections laws.

**ANSWER:**

Objection- Attorney-Client privilege and Attorney Work Product privilege. Additionally, objection-this request is not reasonably calculated to lead to the discovery of admissible evidence.

24.     Please set forth in detail why you assert Albertelli Law Partners LLC was not a debt collector toward Plaintiff.

**ANSWER:**

Objection-this request is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant received Plaintiff's debt validation request (Plaintiff's Appendix "B" attached to Plaintiff's Second Amended Complaint (DE 48)) and responded as required pursuant to pursuant to 15 U.S.C. § 1692g. The alleged communications- the "December 24[th]

letters" indicate "We May Be Considered a debt collector." However, as required responses under to 15 U.S.C. § 1692g the alleged communications were not "attempt to collect a debt".

Respectfully submitted,

By:   /s/  Matthew L. Schulis, Esq.
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

CM/ECF, FedEx (Tracking No.: 777274365816) and/or via email this   20th   day of September,

2016, to all parties listed on the attached service list.

By:   /s/  Matthew L. Schulis, Esq.
Matthew L. Schulis, Esq.
FLORIDA BAR #: 57116
mschulis@albertellilaw.com
ALBERTELLI LAW
5404 Cypress Center Drive, Suite 300
TAMPA, FL 33609
Eservice1: GenLit@albertellilaw.com
Eservice2: servealaw@albertellilaw.com

## SERVICE LIST

| | |
|---|---|
| John Pinson<br>526 Westwood Road<br>West Palm Beach, Florida 33401<br>561-833-4816<br>john@pinson.com<br>*Pro Se Plaintiff* | |

ALAW #14-128384



"Exhibit M"